## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA SANTAMARIA,<br>parent and next friend of L.A., a minor<br>2401 Ontario Road, NW, #101<br>Washington, D.C. 20009<br><br>and<br><br>CHAMISA ARMSTEAD,<br>parent and next friend of D.A., a minor<br>11 Galveston Place, SW, #1<br>Washington, D.C. 20032<br><br>and<br><br>TIFFANIE LITTLE,<br>parent and next friend of T.B., a minor<br>2701 Robinson Place, SE, #102<br>Washington, D.C. 20020<br><br>and<br><br>MELISA BOYD,<br>parent and next friend of P.B., a minor<br>2424 Elvans Road, SE, #303<br>Washington, D.C. 20020<br><br>and<br><br>LUNETTE RUSSELL,<br>parent and next friend of K.B., a minor<br>5581 Chillum Place, NE<br>Washington, D.C. 20011<br><br>and<br><br>KAREN FISHER,<br>parent and next friend of L.F., a minor<br>148 Wayne Place, SE, #101<br>Washington, D.C. 20032 | Civil Action No. |

1

and                                          )
                                             )
KEISHA GANTT,                                )
parent and next friend of S.G., a minor      )
1325 5th Street, NW                          )
Washington, D.C. 20001                       )
                                             )
and                                          )
                                             )
MARGARET A. MORGAN,                          )
parent and next friend of J.H., a minor      )
2308 Good Hope Road, SE, #102                )
Washington, D.C. 20020                       )
                                             )
and                                          )
                                             )
CATHY JOHNSON,                               )
parent and next friend of M.J., a minor      )
1424 W Street, NW                            )
Washington, D.C. 20009                       )
                                             )
and                                          )
                                             )
GUADALUPE VAQUERO,                           )
parent and next friend of P.J., a minor      )
203 16th Street, NE, #3                       )
Washington, D.C.  20002                      )
                                             )
and                                          )
                                             )
PAMELA KING,                                 )
parent and next friend of D.K., a minor      )
1224 Congress Street, SE                     )
Washington, D.C. 20032                       )
                                             )
and                                          )
                                             )
WILLIAM MARROW,                              )
parent and next friend of A.M., a minor      )
1011 14th Street, SE, #11                     )
Washington, D.C.  20003                      )
                                             )
and                                          )

2

LISA MILLER,                                    )
parent and next friend of S.M., a minor        )
600 46th Place, SE, #21                         )
Washington, D.C. 20019                          )
                                               )
and                                            )
                                               )
JEAN ABDUR RASHID,                             )
parent and next friend of J.M., a minor        )
631 Condon Terrace, SE                         )
Washington, D.C. 20032                         )
                                               )
and                                            )
                                               )
JEAUNEL PARTRIDGE,                             )
parent and next friend of J.P., a minor        )
4530 Quarles Street, NE                         )
Washington, D.C. 20019                          )
                                               )
and                                            )
                                               )
THERESA BROWN,                                 )
parents and next friend of A.P., a minor       )
3074 Stanton Road, SE, #2A                     )
Washington, D.C. 20020                          )
                                               )
and                                            )
                                               )
KAREN TATE,                                    )
parent and next friend of M.T., a minor        )
5013 Ayers Place, SE                            )
Washington, D.C. 20019                          )
                                               )
and                                            )
                                               )
JASMINE THOMAS,                                )
parent and next friend of J.T., a minor        )
2238 Alice Avenue                               )
Oxen Hill, MD 20745                             )
                                               )
and                                            )
                                               )

3

JASMINE THOMAS,                                    )
parent and next friend of J.T., a minor            )
2238 Alice Avenue                                  )
Oxen Hill, MD 20745                                )
                                                   )
and                                                )
                                                   )
TERRY JOHNSON,                                     )
parent and next friend of R.W., a minor            )
737 Irving Street, NW                              )
Washington, D.C.  20020                            )
                                                   )
and                                                )
                                                   )
JEANETTE WILLIAMS,                                 )
parent and next friend of K.W., a minor            )
1440 Eastern Avenue, NE                            )
Washington, D.C.  20019                            )
                                                   )
and                                                )
                                                   )
GEORGE MARSHALL and                                )
BARBARA YOUNG,                                     )
parents and next friends of S.Y., a minor          )
2000 Savannah Terrace, SE, #J                      )
Washington, D.C.  20020                            )
                                                   )
                Plaintiffs,                        )
                                                   )
        v.                                         )
                                                   )
THE DISTRICT OF COLUMBIA                           )
A Municipal Corporation                            )
One Judiciary Square                               )
441 Fourth Street, NW                              )
Washington, D.C.  20001                            )
                                                   )
serve:                                             )
                                                   )
ANTHONY L. WILLIAMS, Mayor                         )
District of Columbia                               )
1350 Pennsylvania Avenue, NW, 5th Floor            )
Washington, D.C.  20004                            )

4



serve:

ROBERT SPAGNOLETTI
Attorney General
District of Columbia
1350 Pennsylvania Avenue, NW, Suite 409
Washington, D.C. 20004

serve:

CLIFFORD JANEY (officially)
Superintendent, D.C. Public Schools
825 North Capitol Street, NE
Suite # 9026
Washington, D.C. 20002

                          Defendants.

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald,

James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive,

and Other Relief respectfully represent unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.      This is an action for full reimbursement of attorneys' fees and costs

incurred by Plaintiffs in their claims against the Defendants pursuant to the Individuals

with Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendants have failed

to carry out their legal duty to fully reimburse those fees and costs to Plaintiffs, the

prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood will be

unable to obtain the full reimbursement due them.

5

**JURISDICTION**

2.    This Court has jurisdiction pursuant to:

    a.    42 U.S.C. 1983 *et seq.*, inasmuch as Section 1983 provides a civil remedy for acts taken under color of law that subject any citizen of the United States or person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws;

    b.    The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA"); The Rehabilitation Act ("Section 504"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

    c.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**PARTIES**

4.    Plaintiffs are children eligible to receive special education from the District of Columbia as defined by the IDEIA and Section 504, as well as their parents or guardians, who, at all times relevant to this action, were residents of the District of Columbia, and who prevailed in administrative hearings held pursuant to the IDEIA. The parents bring this action on behalf of the children and in their own right, and the individual Plaintiffs are designated as follows:

    a.    At all times relevant hereto, Luis Aguilar was a student in the District of

6

Columbia Public Schools' ("DCPS") Special Education Program. On or about September

2, 2005, Plaintiff filed a Due Process Complaint, alleging that DCPS failed to convene an

MDT meeting, failed to conduct an annual review of the Individualized Educational

Program ("IEP"), and failed to conduct reevaluations. For relief, Plaintiff requested that

DCPS be ordered to fund the student's placement, with transportation, to the Center for

Life Enrichment; that DCPS convene an MDT meeting within 30 days to review and

revise the student's IEP and determine if any reevaluations are warranted; that, if

warranted, reevaluations be completed within 15 school days; and that if reevaluations are

recommended, DCPS convene another MDT meeting after completion of the last

evaluation to review and revise the student's IEP, determine compensatory education that

may be due, and identify an appropriate placement. On or about October 28, 2005,

Plaintiff appeared before an Impartial Hearing Officer, who ordered that DCPS reconvene

an MDT meeting by December 2, 2005 to review all current evaluations, update the

student's IEP, and discuss placement alternatives. Plaintiff is the prevailing party as that

term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement

of attorneys' fees and costs in the amount of $6,586.39 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has

refused to reimburse the parent for her attorneys' fees and costs, alleging that the case

was continued, and $6,586.39 is still due and owing from the Defendant. Copies of the

Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet

are attached hereto as EXHIBIT 1.

      b.     At all times relevant hereto, DeAngelo Armstead was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

June 24, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

DCPS failed to convene an MDT meeting within 15 school days of the completion of

evaluations, in accordance with a March 2005 Hearing Officer's Determination ("HOD"),

failed to allow the parent to participate in the meeting; failed to evaluate the student in all

areas of suspected disability; and failed to determine placement for the student. For relief,

Plaintiff requested that DCPS provide, or fund, a clinical psychological evaluation; and

convene an MDT/Eligibility meeting to determine eligibility and develop an

Individualized Educational Program ("IEP"), if warranted. On or about August 1, 2005,

Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to reconvene

an MDT/IEP meeting within 15 business days of issuance of the HOD to review the

student's evaluations, determine if additional evaluations are warranted, determine

eligibility and, if necessary, develop an IEP, discuss and determine placement, and

discuss and determine compensatory education and develop a plan, if warranted. Plaintiff

is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted

an invoice for reimbursement of attorneys' fees and costs in the amount of $7,593.60 in

accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4

and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and

costs, alleging that there was no finding of denial of a free appropriate public education

("FAPE") by DCPS, and $7,593.60 is still due and owing from the Defendant. Copies of

the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute

Sheet are attached hereto as EXHIBIT 2.

c.       At all times relevant hereto, Tyrone Barnes was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 10, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that DCPS failed to indicate Present Levels of Performance on the student's Individualized Educational Program ("IEP"), provide the required speech-language services, address the student's ADHD on the IEP, and provide appropriate placement. For relief, Plaintiff requested that DCPS fund the student's independent evaluations for all necessary evaluations in all suspected areas; and convene an MDT/Eligibility meeting within ten days of receiving all evaluations to discuss the evaluations, develop a behavior intervention plan, develop an IEP, discuss compensatory education, and develop a compensatory education plan, if necessary. On or about August 23, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to reconvene an MDT/IEP meeting at Johnson Junior High School within fifteen days of issuance of the Hearing Officer's Determination ("HOD") to review and revise the student's IEP, as necessary, and to ensure that the Present Levels of Performance are included in the IEP. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $7,909.67 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and costs, alleging that there was no finding of denial of FAPE by DCPS, and $7,909.67 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as EXHIBIT 3.

9

     d.     At all times relevant hereto, Paradise Boyd was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 18, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that DCPS failed to evaluate the student in all areas of suspected disability, provide an appropriate Individualized Educational Program ("IEP") by failing to include academic goals in the IEP, and provide the parent with written notice regarding DCPS' failure to provide comprehensive evaluation. For relief, Plaintiff requested that DCPS convene an MDT meeting within ten business days to develop appropriate academic annual goals, determine any compensatory education due, and identify appropriate placement; within 60 days, fund an independent written language assessment and/or conduct research-based intervention in the area of written language; and convene an MDT meeting, within ten business days of receipt of the independent evaluation or completion of the research-based interventions, to review the written language assessment and/or the outcome of the research-based interventions to determine if a change in disability classification or services is warranted, to revise the student's IEP, to discuss and determine any compensatory education due, and to identify an appropriate placement. On or about September 16, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to reconvene an MDT/IEP meeting within fifteen days of the issuance of the HOD to review all current evaluations, including the written expression subtest, to include a revision of academic goals, to review and revise the student's IEP, and to provide compensatory education and develop a compensatory education plan to include all additional services in the revised IEP. Plaintiff is the prevailing party as that term is

defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of
attorneys' fees and costs in the amount of $7,705.87 in accordance with the DCPS'
requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has
refused to reimburse the parent for her attorneys' fees and costs, alleging that there was
no finding of denial of FAPE by DCPS, and $7,705.87 is still due and owing from the
Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"),
Invoice, and Dispute Sheet are attached hereto as EXHIBIT 4.

      e.      At all times relevant hereto, Keith Butler was a student in the District of
Columbia Public Schools' ("DCPS") Special Education Program. On or about September
20, 2005, Plaintiff filed a hearing request, alleging that DCPS failed to comply with a
Hearing Officer's Determination ("HOD"), dated August 18, 2005, that required DCPS to
reconvene an MDT/IEP meeting to review and revise the student's Individualized
Educational Program ("IEP"), and discuss and determine placement. For relief, Plaintiff
requested that DCPS place and fund the student at the Sunrise Academy for the remainder
of the 2005-2006 school year, with transportation; reconvene the student's
SEPT/MDT/IEP meeting to determine what evaluations are needed, revise and develop
an IEP for the student, and discuss and determine what amount of compensatory, if any,
the student is owed; fund additional evaluations, if needed; and if additional evaluations
are needed, reconvene an MDT/IEP meeting within five business days of receipt of the
last evaluation to review the evaluations, revise and update the student's IEP, and discuss
and determine what amount of compensatory education is needed. On or about November
14, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to

reconvene an MDT/IEP meeting within five school days of the issuance of the Hearing

Officer's Determination ("HOD") to discuss the appropriateness of the current placement,

review and revise the IEP, discuss any placement considerations for the 2006-2007 school

year, and determine if additional evaluations are warranted; issue a Prior Notice of

Placement; and determine whether compensatory education is warranted from September

8, 2005 to the date the IEP meeting is convened. Plaintiff is the prevailing party as that

term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement

of attorneys' fees and costs in the amount of $6,149.57 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has

refused to reimburse the parent for her attorneys' fees and costs, alleging that there was

no final HOD, and $6,149.57 is still due and owing from the Defendant. Copies of the

Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet

are attached hereto as EXHIBIT 5.

      f.     At all times relevant hereto, Leilani Fisher was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about October

13, 2005, Plaintiff filed a hearing request, alleging that DCPS failed to comply with a

Hearing Officer's Determination ("HOD"), dated May 23, 2005, by failing to convene an

MDT/IEP meeting to review all evaluations, determine eligibility, develop an appropriate

Individualized Educational Program ("IEP"), and discuss placement; failing to make a

timely determination regarding the student's eligibility for special education services;

failing to develop an appropriate IEP for the student; failing to provide an appropriate

placement; failing to conduct the student's remaining speech-language and auditory

evaluations; and failing to provide timely special education instruction and related services. For relief, Plaintiff requested that DCPS place and fund the student on an interim basis, at the Rock Creek Academy, Pathways School, Sunrise Academy, or High Roads Upper School, with transportation; fund the student's independent speech-language and auditory evaluations; convene within ten business days of receipt of the last of the evaluations to review all evaluations, revise the student's IEP, and discuss and determine if a change in placement is necessary; and fund four hours of individualized tutoring each week for three years. On or about December 8, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to reconvene an MDT/Eligibility meeting to review all evaluations and determine the student's eligibility for special education services. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $11,509.39 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $11,509.39 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as EXHIBIT 6.

g.     At all times relevant hereto, Steven Gantt was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 26, 2005, Plaintiff filed a hearing request, alleging that DCPS failed to conduct a recommended and requested neuropsychological evaluation and a recommended Functional Behavior Assessment, and failed to include a Behavior Intervention Plan

13

("BIP") in the student's Individualized Educational Program ("IEP"). For relief, Plaintiff requested that DCPS complete or fund a neuropsychological evaluation and Functional Behavior Assessment within 15 days from the date of the Resolution Session meeting to review outstanding evaluations, revise and update the student's IEP, develop a BIP, discuss and determine if a change in placement is warranted, and develop a compensatory education plan; reconvene an MDT/IEP meeting within ten business days of receipt of the last evaluation to review the evaluations, determine eligibility, develop an appropriate IEP, and discuss and determine placement; and provide four hours of one-on-one tutoring services per week. On or about October 20, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to reconvene an MDT/IEP meeting at the Rock Creek Academy by January 31, 2006 to review the most recent Functional Behavior Assessment and revise the student's BIP; and to provide the Hearing Officer with a status report within ten school days after the MDT/IEP meeting to alert the Hearing Officer of the team's determination and request a final order. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $11,163.18 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and costs, alleging that there was no final HOD, and $11,163.18 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as EXHIBIT 7.

      h.    At all times relevant hereto, Jamal Houck was a student in the District of

14

Columbia Public Schools' ("DCPS") Special Education Program. On or about October 7, 2005, Plaintiff filed a hearing request, alleging that DCPS failed to comply with a Hearing Officer's Determination ("HOD"), dated August 22, 2005, that ordered DCPS to convene an MDT/IEP meeting to discuss and determine placement; and that DCPS failed to timely provide specialized instructions and related services. For relief, Plaintiff requested that DCPS fund the student's placement at the Episcopal Center for Children for the remainder of the 2005-2006 school year; reconvene an MDT/IEP meeting within five business days, with the appropriate persons present, to review the student's current evaluations, revise and update the student's IEP, and develop a compensatory education plan; and fund 1,100 hours of compensatory education, including specialized instruction, speech and language therapy, psychological counseling, and occupational therapy services. On or about December 5, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to reconvene another BLMDT meeting, after completion of the terms agreed to at a November 16, 2005 BLMDT meeting, to finalize the student's compensatory education services. After the meeting, if necessary, a due process hearing will be scheduled by the parent in consultation with DCPS to resolve any disputed issues regarding compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $9,524.20 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and costs, alleging that there was no finding of denial of FAPE by DCPS, and $9,524.20 is still due and owing from the Defendant.

15

Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as EXHIBIT 8.

       i.      At all times relevant hereto, Marvin Johnson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 29, 2005, Plaintiff filed a hearing request, alleging that DCPS failed to convene an MDT meeting to review the results of independent assessments, revise the student's educational program, and discuss compensatory education, as ordered in an August 31, 2005 Hearing Officer's Determination ("HOD"); and failed to implement the student's Individualized Educational Program ("IEP"). For relief, Plaintiff requested that DCPS convene an MDT meeting within ten calendar days to review evaluations, revise the IEP, discuss placement, and discuss compensatory education; secure the participation of all necessary IEP team members at the MDT meeting, including the appropriate personnel required to review the assessments and develop a program for the student; and implement or fund compensatory education in the form of individual tutoring and counseling, at one hour of make-up related services and up to five hours of tutoring each week for one month. On or about December 16, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to convene an MDT meeting within 15 school days of issuance of the Hearing Officer's Determination ("HOD") to determine when the special education services commenced during the 2005-2006 school year, and if the special education services commenced after the school year began, DCPS is to provide compensatory education. DCPS was also ordered to review the encounter tracking forms on counseling services to determine if DCPS provided the one hour of counseling each week; if not,

DCPS is to make up the shortfall. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $6,387.31 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and costs, alleging that there was no finding of denial of FAPE by DCPS, and $6,387.31 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as EXHIBIT 9.

j.    At all times relevant hereto, Patricio Juarez was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 14, 2005, Plaintiff filed a hearing request, alleging that DCPS failed to conduct initial assessments. For relief, Plaintiff requested that DCPS fund comprehensive initial assessments for the student, including a psychoeducational, social history, formal classroom observation, and any other evaluations recommended; convene an MDT meeting within ten business days of receiving the last of the evaluations to review the evaluations, determine eligibility, develop an Individualized Educational Program ("IEP"), identify a placement, if the student is found to be eligible, and determine compensatory education; and provide all reports not previously provided to parent's counsel at least two business days prior to the MDT meeting. On or about July 25, 2005, August 31, 2005, and October 24, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to perform, within 30 days of the issuance of the Hearing Officer's Determination ("HOD"), a psychoeducational, a social history, and any other

17

evaluations suggested by the psychoeducational evaluation. DCPS also was ordered to convene, within fifteen days of receipt of the last evaluation, an MDT meeting to review all evaluations and determine the student's eligibility for special education services. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $14,716.45 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and costs, alleging that there was no finding of denial of FAPE by DCPS, and $14,716.45 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as EXHIBIT 10.

      k.    At all times relevant hereto, Denzel King was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 28, 2005, Plaintiff filed a hearing request, alleging that DCPS failed to conduct a neuropsychological evaluation as requested by the parent, failed to develop an appropriate Individualized Educational Program ("IEP"). For relief, Plaintiff requested that DCPS fund the student's independent neuropsychological evaluation; convene an MDT/IEP meeting within ten business days of receipt of the neuropsychological evaluation to review all evaluations, revise the student's IEP as necessary, and discuss and determine if a placement change is necessary; and provide compensatory education in the form of one-on-one tutoring for four hours each week for one year. On or about November 28, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to conduct a

neuropsychological evaluation within 30 calendar days of issuance of the Hearing

Officer's Determination ("HOD") or fund an independent neuropsychological evaluation;

convene an MDT meeting by January 13, 2006 to review the evaluation, review and

revise the student's IEP, and discuss and determine placement; and provide Plaintiff's

attorney with a full copy of the student's IEP by December 13, 2005. Plaintiff is the

prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an

invoice for reimbursement of attorneys' fees and costs in the amount of $5,897.53 in

accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4

and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and

costs, alleging that Plaintiff's attorney was not licensed to practice law in D.C., and

$5,897.53 is still due and owing from the Defendant. Copies of the Hearing Request,

Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached

hereto as EXHIBIT 11.

l.      At all times relevant hereto, Amin Marrow was a student in Friendship-

Edison Public Charter School's ("FEPCS") Special Education Program in the District of

Columbia. On or about June 6, 2005, Plaintiff filed a hearing request, alleging that the

District of Columbia Public Schools ("DCPS") and FEPCS failed to conduct assessments

recommended by the MDT team and which were otherwise warranted; to develop a

Behavior Intervention Plan ("BIP") which were warranted based on disciplinary actions

that were taken by the school; identify a placement and/or include the parent in the

placement decision; and appropriately identify the disability of, and program for, the

student. For relief, Plaintiff requested that DCPS and/or FEPCS complete a Functional

Behavior Assessment and audiological assessment for the student, convene an MDT meeting within five school days of the completion of the evaluations, identify a suitable placement with parental participation, award the student not less than 892 hours of compensatory education, and develop a compensatory education plan. On or about September 8, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered FEPCS to fund independent evaluations, including a Functional Behavior Assessment and assessments to determine the student's central auditory processing; and DCPS to convene an MDT/IEP meeting to review the evaluations, review and revise the student's IEP, develop a BIP, discuss and determine placement, and discuss compensatory education and develop and compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $24,864.56 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $24,864.56 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as EXHIBIT 12.

m.    At all times relevant hereto, Shaun Miller was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 18, 2005, Plaintiff filed a hearing request, alleging that DCPS failed to convene a complete IEP team on April 6, 2005 to review the student's program, convene a meeting at the parent's request to address concerns, provide the student with Extended School Year

("ESY") services as required in the Individualized Educational Program ("IEP"), and

identify an appropriate placement for the student for the 2005-2006 school year. For

relief, Plaintiff requested that DCPS convene a meeting within ten days at Kelly Miller

Middle School and ensure the participation of a general education teacher, the student's

special education teacher, all related services providers and/or classroom assistants for the

student, and the suitable representatives from the public agency and DCPS-proposed

placements; fund a suitable private placement for the student with transportation and/or

home instruction until the student's doctor determines that home instruction is no longer

needed; and provide compensatory education, including a summer program for the

summer of 2006. On or about October 11, 2005, Plaintiff appeared before an Impartial

Hearing Officer, who ordered DCPS to provide or fund appropriate home-schooling

services to the student for a period of three months to enable the student to attend Eastern

Senior High School; and to convene, within 15 business days after the completion of the

home-schooling program, an MDT/IEP meeting to review all current evaluations and

home-schooling records, review and revise the student's IEP, and discuss and determine

an appropriate educational placement for the 2005-2006 school year. Plaintiff is the

prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an

invoice for reimbursement of attorneys' fees and costs in the amount of $10,099.23 in

accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4

and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and

costs, alleging that there was no finding of denial of FAPE by DCPS, and $10,099.23 is

still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's

Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as EXHIBIT 13.

      n.     At all times relevant hereto, Jonathan Muse was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 25, 2005, Plaintiff filed a hearing request, alleging that DCPS failed to convene an MDT meeting in a timely manner, as required by a June 2005 settlement agreement. For relief, Plaintiff requested that DCPS provide compensatory education in the form of one-on-one after-school tutoring for 15 hours per week of specialized instruction; and convene an MDT meeting within ten business days to develop appropriate Present Levels of Performance and annual goals for math, reading, and written language, and to determine placement. On or about October 24, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to convene a BLMDT/IEP/Placement meeting at Hart Middle School to review and discuss assessment reports, determine if the student is still eligible for special education services, determine if additional assessments are needed, revise the student's Individualized Educational Program ("IEP"), and discuss and decide placement. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $5,657.77 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and costs, alleging that there was no finding of denial of FAPE by DCPS, and $5,657.77 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as EXHIBIT 14.

o.    At all times relevant hereto, James Partridge was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 9,

2005, Plaintiff filed a hearing request, alleging that DCPS failed to complete a Level 3

vocational assessment, and to comprehensively evaluate/reevaluate the student to

determine his special education needs. For relief, Plaintiff requested that DCPS fax to

Plaintiff's counsel copies of the student's evaluations within five calendar days; fund all

requested evaluations if the evaluations are not faxed within five calendar days or are not

completed; reconvene the MDT/IEP meeting within ten business days to revise and

update the student's Individualized Educational Program ("IEP"), discuss and develop a

compensatory education plan, and discuss and determine if the student requires a change

in placement; provide or fund four hours a week of tutoring until the student demonstrates

age-appropriate proficiency in all areas affected by his disabilities or until the student

turns 22. On or about August 31, 2005, Plaintiff appeared before an Impartial Hearing

Officer, who ordered DCPS to conduct a vocational assessment within 20 school days of

the issuance of the Hearing Officer's Determination ("HOD") and convene an MDT

meeting within ten calendar days thereafter to review all evaluations and make

appropriate adjustments to the student's IEP. Plaintiff is the prevailing party as that term

is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of

attorneys' fees and costs in the amount of $9,093.31 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has

refused to reimburse the parent for her attorneys' fees and costs, alleging that there was

no final HOD issued, and $9,093.31 is still due and owing from the Defendant. Copies of

the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute

Sheet are attached hereto as EXHIBIT 15.

     p.     At all times relevant hereto, April Penny was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about June 14,

2005, Plaintiff filed a hearing request, alleging that DCPS failed to provide an appropriate

educational placement for the student. For relief, Plaintiff requested that DCPS issue a

Prior Notice of Placement to the Oaks Treatment Center in Texas, complete the student's

Interstate Compact Agreement, and provide the parent with a due process hearing within

20 calendar days of a request on any issue arising out of the noncompliance with DCPS'

obligations hereunder or any disagreement with the assessment, programming, or

placement that the parent may have. On or about July 21, 2005, Plaintiff appeared before

an Impartial Hearing Officer, who ordered DCPS to convene an MDT/IEP/Placement

meeting within 30 calendar days of the issuance of the Hearing Officer's Determination

("HOD") to review all current evaluations, review and revise the student's Individualized

Educational Program ("IEP"), and discuss and determine an appropriate residential

placement for the 2005-2006 school year; and to issue a Notice of Placement at the

placement meeting. Plaintiff is the prevailing party as that term is defined by law.

Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and

costs in the amount of $8,205.22 in accordance with the DCPS' requirements in Board of

Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the

parent for her attorneys' fees and costs, alleging that there was no finding of denial of

FAPE by DCPS, and $8,205.22 is still due and owing from the Defendant. Copies of the

Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet
are attached hereto as EXHIBIT 16.

      q.     At all times relevant hereto, Michael Tate was a student in the District
of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 27,
2005, Plaintiff filed a hearing request, alleging that DCPS failed to identify a location for
Extended School Year ("ESY") services, convene an appropriate IEP team by failing to
provide a suitable representative of the public agency, and identify an appropriate
placement with parental participation for the 2005-2006 school year. For relief, Plaintiff
requested that DCPS continue to fund the private placement of the student at High Road
Upper School through the 2005-2006 school year, and provide compensatory education in
the amount of 180 hours for the 2005 summer and 990 hours for the 2004-2005 school
year. On or about August 31, 2005, Plaintiff appeared before an Impartial Hearing
Officer, who ordered DCPS to convene an MDT/IEP meeting within 15 school days of
the issuance of the Hearing Officer's Determination ("HOD") to determine if the student
is in need of residential placement. Plaintiff is the prevailing party as that term is defined
by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys'
fees and costs in the amount of $7,392.43 in accordance with the DCPS' requirements in
Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to
reimburse the parent for her attorneys' fees and costs, alleging that there was no finding
of denial of FAPE by DCPS, and $7,392.43 is still due and owing from the Defendant.
Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and
Dispute Sheet are attached hereto as EXHIBIT 17.

r.    At all times relevant hereto, Jerry Thomas was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 4, 2005, Plaintiff filed a hearing request, alleging that DCPS failed to provide an appropriate Individualized Educational Program ("IEP") for the student by not providing for the student's current level of functioning and failed to comprehensively evaluate the student. For relief, Plaintiff requested that DCPS provide the student with the Vineland Adaptive Behavior Scales; develop a compensatory education plan; fund the parent's request for compensatory education services; provide the parent with a due process hearing within 20 calendar days of a request on any issues arising out of DCPS' noncompliance with its obligations or on any disagreement with the programming, assessment or placement of the student; and ensure that a FAPE is available to the student, including special education, transportation, and other related services necessary to meet the student's needs. On or about July 15, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to convene an MDT/IEP meeting prior to August 22, 2005 to review the evaluations, determine if additional evaluations are warranted, and review and revise the student's IEP to include appropriate Present Levels of Performance. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $6,461.34 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and costs, alleging that there was no finding of denial of FAPE by DCPS, and $6,461.34 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing

Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as
EXHIBIT 18.

s.    At all times relevant hereto, Joseph Thomas was a student in the District
of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 4,
2005, Plaintiff filed a hearing request, alleging that DCPS failed to provide an appropriate
Individualized Educational Program ("IEP") that included Present Levels of Performance,
and to comprehensively evaluate the student by providing a Functional Behavior
Assessment and a Behavior Intervention Plan ("BIP"). For relief, Plaintiff requested that
the IEP be found to be inappropriate, and that DCPS provide the student with a
Functional Behavior Assessment and Intervention Behavior Plan; develop a
compensatory education plan; fund the parent's request for compensatory education
services; provide the parent with a due process hearing within 20 calendar days of a
request on any issues arising out of DCPS' noncompliance with its obligations or on any
disagreement with the programming; and ensure that a FAPE is available to the student,
including special education, transportation, and other related services necessary to meet
the student's needs. On or about July 15, 2005, Plaintiff appeared before an Impartial
Hearing Officer, who ordered DCPS to convene an MDT/IEP meeting prior to August 22,
2005 to review and revise the student's IEP to include appropriate Present Levels of
Performance, and review the Functional Behavior Assessment and Behavior Intervention
Plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney
timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount
of $6,664.09 in accordance with the DCPS' requirements in Board of Education Rule 5

27

DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for her

attorneys' fees and costs, alleging that there was no finding of denial of FAPE by DCPS,

and $6,664.09 is still due and owing from the Defendant. Copies of the Hearing Request,

Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached

hereto as EXHIBIT 19.

   t.  At all times relevant hereto, Robert West was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about August 17,

2005, Plaintiff filed a hearing request, alleging that DCPS failed to develop an

appropriate Individualized Educational Program ("IEP") for the student; failed to provide

compensatory education for the student despite past denials of FAPE; failed to provide an

appropriate placement for the student and/or designate appropriate location for services;

failed to comply with a Hearing Officer's Determination ("HOD"), dated June 2, 2005,

requiring DCPS to conduct a psychiatric evaluation; and failed to conduct a Functional

Behavior Assessment for the student. For relief, Plaintiff requested that DCPS amend the

student's IEP to include one hour of group counseling and one hour of individualized

counseling per week; amend the student's IEP to include Present Levels of Performance

in all services areas, math goals and objectives, measurable goals and objectives in all

areas, accommodations and modifications as recommended in the 2005 speech-language

assessment, and a new disability classification of ED/LD/OHI; provide the student with

compensatory counseling and instructional services; conduct a psychiatric evaluation

within 15 calendar days and/or a comprehensive Functional Behavior Assessment by

October 1, 2005; and convene an MDT meeting within ten calendar days of completion of

the assessment to review the assessment, revise the IEP, discuss compensatory education, and discuss and determine placement; provide compensatory education for other denials of FAPE. On or about October 17, 2005 and November 18, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to perform or fund a psychiatric evaluation; and convene a BLMDT/IEP/Placement meeting within ten school days after completion of the assessments to review and discuss the assessment report to determine if the student is still eligible for special education services, determine if additional assessments are necessary, revise the student's IEP based on the evaluation review, and discuss and decide placement. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted invoices for reimbursement of attorneys' fees and costs in the amounts of $9,353.70 and $4,698.58, in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $9,353.70 and $4,698.58 are still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determinations ("HOD"), Invoices, and Dispute Sheets are attached hereto as EXHIBIT 20.

u.      At all times relevant hereto, Kayron Williams was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 29, 2005, Plaintiff filed a hearing request, alleging that DCPS failed to comply with a May 24, 2005 settlement agreement to reconvene an MDT/IEP meeting to discuss and determine placement, and failed to place the student in an appropriate special education program. For relief, Plaintiff requested that DCPS place and fund the student at Pathways

29

School with transportation, reconvene an MDT/IEP meeting within five business days to review all outstanding evaluations and develop an appropriate Individualized Educational Program ("IEP"), and fund three years of compensatory education services. On or about October 25, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered DCPS to determine and discuss the form, amount, and delivery of compensatory education at the next regularly scheduled MDT meeting. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $5,727.87 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parent for her attorneys' fees and costs, alleging that there was no finding of denial of FAPE by DCPS, and $5,727.87 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as EXHIBIT 21.

v.     At all times relevant hereto, Shaniqua Young was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 16, 2005, Plaintiffs filed a hearing request, alleging that DCPS failed to comply with a May 12, 2005 settlement agreement, pursuant to which DCPS agreed to convene a meeting within 30 calendar days and conduct evaluations by the end of the school year; failed to develop an appropriate Individualized Educational Program ("IEP") by failing to include the Present Levels of Performance, a Behavior Intervention Plan ("BIP"), measurable goals, and accommodations; failed to revise the May 2002 IEP in a timely manner; failed to implement the IEP and/or provide related services; and failed to reevaluate the student.

30

For relief, Plaintiffs requested that DCPS fund independent assessments, including psychoeducational, social history, speech-language, and clinical evaluations; schedule an MDT meeting within 15 calendar days of the receipt of the last evaluation to review the evaluations, revise the student's program, and discuss compensatory education and placement; issue a Notice of Placement to an appropriate program; and provide compensatory relief for the period of May 20, 2002 through the date of the revised IEP by providing the student with one hour of service for every hour of service that she should have received. On or about July 22, 2005, Plaintiffs appeared before an Impartial Hearing Officer, who ordered DCPS to conduct psychoeducational, speech-language, social history, and clinical psychological evaluations within 45 calendar days of the issuance of the Hearing Officer's Determination ("HOD"); convene an MDT/IEP meeting within 15 school days of completion of the assessment to review the evaluations and determine if the student is eligible for special education services; develop an IEP; and discuss and determine placement, if applicable. Plaintiffs are the prevailing parties as that term is defined by law. Plaintiffs' attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $4,813.85 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. DCPS has refused to reimburse the parents for their attorneys' fees and costs, alleging that there was no finding of denial of FAPE by DCPS, and $4,813.85 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), Invoice, and Dispute Sheet are attached hereto as EXHIBIT 22.

      5.      The District of Columbia is a municipal corporation that receives federal

31

financial assistance and, therefore, is required to comply with the IDEIA, Section 504 and this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866 (D.D.C. 1972).

6.      Clifford Janey is the Superintendent of the District of Columbia Public School System ("DCPS") and the Chief State Officer, and, as such, is responsible for ensuring that all disabled children in the District of Columbia receive a free appropriate public education ("FAPE") and that their rights to equal protection and due process of law are protected. Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

7.      Between August 26, 2005 and January 12, 2006, Plaintiffs timely submitted their claims for reimbursement of reasonable attorneys' fees and costs to Defendants.

8.      That according to Defendants' Guidelines for the Payment of Attorney Fees in IDEA Matters, claims for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 90 days of submission.

9.      That more than 90 days have elapsed since Plaintiffs' timely submission of claims for reimbursement of reasonable attorneys' fees and costs to Defendants. Therefore, Plaintiffs' claims are considered denied by Defendants.

10.     That Defendants have refused and failed to pay Plaintiffs' Attorney Fee Applications without reason.

11.     That Defendants refuse to make full reimbursement of Plaintiffs' reasonable attorneys' fees and costs.

12.     That Defendants knowingly, intentionally, and in contravention of settled law substitute their own subjective standards for those articulated by this Court and the IDEA in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs.

13.     That Defendants asserted that payment was denied because there were no findings of denial of FAPE by Defendants or there were no final Hearing Officer's Determinations ("HOD") issued.

14.     That in accordance with the law, all HODs are final and all HODs referred to herein are final.

15.     That Plaintiffs are entitled to recover reasonable attorneys' fees as long as they prevail, regardless of whether there is a finding of denial of FAPE.

16.     That a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and the defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Selected Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 603-04 (2001)).

17.     That, in accordance with the law, Plaintiffs herein are prevailing parties.

18.     That Plaintiffs, such as those herein, who prevail under the IDEIA, 20 U.S.C. § 1400 *et seq.*, in an administrative proceeding or in a court action against the Defendants, may recover "reasonable" attorneys' fees.

19.     That the amount of attorneys fees awarded "shall be based on rates

33

prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

20.    That the rate for "reasonable" attorneys' fees has been set by cases decided in the District of Columbia. *See, e.g., Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

21.    That the attorney's current billing rates, as evidenced by the invoices attached as EXHIBITS hereto, are reasonably consistent with the prevailing market rate and the hours claimed were reasonable and necessary rather than excessive as claimed by Defendants.

22.    That Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

23.    That in all instances herein, the Defendants' refusal to pay and/or denial of Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

24.    That this Court and the IDEIA clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties, such as the Plaintiffs herein.

25.    That Defendants have summarily refused to pay Plaintiffs' applications for all costs associated with their cases.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.    Enter an Order directing Defendants to pay any and all reimbursements to the Plaintiffs as and for Attorneys' Fees in the sum of $198,175.11.

34

2.    Enter an Order directing Defendants to pay any and all reimbursements to the Plaintiffs as and for Costs.

3.    Award each Plaintiff pre-judgment interest on each award.

4.    Award to Plaintiffs pursuant to 42 U.S.C. 1983 *et seq*., the attorneys' fees and costs incurred in prosecuting the instant lawsuit.

5.    Awarding such other relief as may be just and proper.

Respectfully Submitted,

Tilman L. Gerald, Esq.
Bar No.: 928796
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
Attorney for Plaintiffs

35