# EXHIBIT 2

## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## DUE PROCESS HEARING REQUEST

- This form may be used to give notice to the District of Columbia Public School and / or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to their child.

- Notice must be sent to Student Hearing Office of the District of Columbia, 825 North Capital Street, NE, 8th Floor, Washington, and DC 20002. Fax number (202) 442-5556.

> Federal law requires that when a parent or representative request mediation, it shall be offered to the parties at no cost. Mediation may be beneficial in your case. Please indicate your decision:
>
> ____ I REQUEST MEDIATION ____ I REQUEST MEDIATION AND A HEARING ____ [ X] REQUEST A HEARING

### STUDENT FOR WHOM MEDIATION / DUE PROCESS HEARING IS REQUESTED

| | |
|---|---|
| Student Name: DeAngelo Armstead | Present School of Attendance: P.R. Harris |
| Date of Birth: 07/08/89 | Home School: (Neighborhood school where child is registered) |
| Address: 11 Galveston Place, SW Washington, DC 20032 | |

District of Columbia Public Schools

ENTITY AGAINST WHICH COMPLAINT IS MADE: _____

DCPS and/or D.C. Charter School
(Specify which charter school, if applicable)

## INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name:    Chamisa Armstead

Address:   11 Galveston Place, SW Apt. 1., Washington, DC 20032

Phone: (H) 202-562-0692   (W) N/A _____ (F) _____

Relationship to Student: __X__ Parent ____ Self ____ Legal Guardian ____ Parent Surrogate ____ Public Agency

## PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable)

Name:    Roxanne D. Neloms, Esquire _____

Address: 1220 L Street, NW, Suite 700;   Washington, DC 20005 _____

Phone:   (W) 202-742-2000 _____ (F)  202-742-2098 _____

1.  Please indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if requested) and three (3) dates within the next thirty-five (35) days when you, your representative and witnesses are available for the hearing (if requested). Every effort will be made to accommodate your availability to the extent possible.

Hearing:                                    Mediation:

1) July 25, 2005 _____        1) _____

2) July 26, 2005 _____        2) _____

3) July 27, 2005 _____        3) _____


### STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
### REQUEST FOR MEDIATION / HEARING


2.  Special Accommodation Requests for Mediation / Due Process Hearing (please be specific)

- Interpreter

    __    Foreign Language ( _____ )

    __    Sign Language ( _____ )

    __    Other ( _____ )


- Special Communication ( _____ )

- Special Accommodation for Disability ( _____ )

- Other ( _____ )


3.  In accordance with the Individuals with Disabilities Act (IDEA), please answer below:

**Describe the nature of the problem.**

By and through counsel, Chamisa Armstead, in accordance with section 300.507, initiates this hearing on matters relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of FAPE to the child.

**Failure to adhere to a March 2005 Hearing Officer's Determination:**
According to the March 2005 HOD, DCPS agreed to convene a MDT meeting within 15 school days of the completion of the evaluations. The parent agreed to attend a meeting scheduled for June 15, 2005 to review the evaluations and completed the provisions of the aforementioned HOD. However, at that MDT meeting DCPS failed to allow the parent to participate in the meeting. Because the IEP is the cornerstone of special education, it is fundamental to the process that a parent be allowed to participate in the development. DeAngelo has failed a total of four times without intervention on behalf of DCPS. A complete review of all educational records and evaluations is necessary to ensuring that some form of educational assistance. DCPS further failed to review the evaluations, develop an IEP as necessary and discuss and determine placement and compensatory services.

**Failure to evaluate in all areas of suspected disability:**

**Sec. 300.532     Evaluation procedures**

Each public agency shall ensure, at a minimum, that the following requirements are met:

(g) The child is assessed in all areas related to the suspected disability, including, if appropriate, health, vision, hearing, social and emotional status, general intelligence, academic performance, communicative status, and motor abilities.

(h) In evaluating each child with a disability under Secs. 300.531-300.536, the evaluation is sufficiently comprehensive to identify all of the child's special education and related services needs, whether or not commonly linked to the disability category in which the child has been classified.

DeAngelo suffered a breakdown for which he was hospitalized after the completion of his psycho-educational.   The parent attempted to request that this evaluation be completed and her request was rejected by DCPS. DCPS has an affirmative obligation to locate and identify those student's in need of services.

**Failure to provide access to educational records:**

Along with the request for evaluations, the parent also requested access to the student's educational file. To this date, the parent has not received copies of records nor a response to the request.

**Additional Facts**

The parent asserts that if additional facts come to his/her attention prior to the due process hearing in this matter, those facts are permitted to be heard insofar as they relate to FAPE for this student, without the need to amend the due process hearing request, so long as there is no prejudice to DCPS and the best interest of the child is furthered.

**Describe issues to be addressed at the mediation and / or hearing.**

Whether DCPS failed to comply with the March 2005 Hearing Officer's Determination?

Whether DCPS denied the DeAngelo access to a free and appropriate education when it failed to allow the parent to participate in a MDT/eligibility meeting?

Did the District of Columbia Public Schools ("DCPS") deny DeAngelo access to a free and appropriate education when it failed to assess the student in all areas of suspected disabilities?

**Describe relevant facts relating to the problem.**

Please see section under Nature of the Problem.

**How would you like to see the problem corrected?**

1.  DCPS shall provide the following evaluations: clinical psychological evaluation as practically as possible or fund independent evaluations.

2.  Upon receipt of the last completed evaluation, DCPS shall convene a MDT eligibility meeting and, if DeAngelo is found eligible, develop an IEP and place the student in an appropriate program or school, with the parent's participation.

3.  DCPS shall send all notices of meetings through counsel for the parent, via facsimile on 202-742-2098, with copies to the parent by no later than 48-hours prior to convening any meetings.

4.  DCPS shall send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

5.  DCPS shall send all correspondences, records, and notices of meeting to counsel for the parent, via facsimile on 202-742-2098, with copies to the parent, in the parent's native language.

6.  Pursuant to IDEA and its implementing regulations, **34 CFR 300.1**, and **5 DCMR 3000**, DCPS shall ensure that the rights of this student and parent are protected, and consistent with the Hearing Officer's preamble to all due process hearing that: "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child" and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

7.  Parent's rights in regard to compensatory services shall be reserved.

_____    June 24, 2005_____
Signature of Applicant/Parent                                Date


**MAIL, FAX OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**825 North Capital Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number (202) 442-5556**

| For Office Use Only: | |
| --- | --- |
| Case Number: _____ | Date of Received: _____ |
| Student ID#: _____ | Attorney Assigned: _____ |
| H/M Schedule: _____ | Special Education Record Received: _____ |

(In the Matter of DA  DOB 7/8/89  HOD August 18, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of DeAngelo Armstead ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth:  July 8, 1989 ) | |
| ) | **HEARING OFFICER'S DECISION** |
| ) | |
| Petitioner, ) | Hearing Date: August 1, 2005 |
| ) | |
| v. ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| ) | |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| Attending School: P.R. Harris ) | |
| Respondent. ) | |
| ) | |

Counsel for Student:

> Roxanne Neloms, Esq.
> 1220 L Street NW #700
> Washington, DC  20005

Counsel for DCPS:

> Stephanie Ramjohn Moore, Esq.
> Lenore Verra, Esq.
> Office of General Counsel
> 825 North Capitol St. NE
> Washington, DC  20002

## JURISDICATION:

A Due Process Hearing was convened on August 1, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed June 28, 2005. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

(In the Matter of DA DOB 7/8/89 HOD August 18, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (DA 1-12 and DCPS 1) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student is currently and attends Patricia Roberts Harris School. (P. R. Harris).

A Hearing Officer's Determination (HOD) issued on March 30, 2005, which required DCPS within 30 days calendar days of the HOD to conduct evaluations and convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting within 15 school days of receipt of the evaluations to review the evaluations, determine eligibility, and if the student was found eligible develop an IEP, discuss compensatory education, determine placement and issue a notice of placement. (DA 3)

DCPS conducted the evaluations, including a psycho-educational, and made attempts to convene the MDT/IEP meeting within the prescribed time frame. The meeting was finally convened on June 15, 2005. The parent attended the meeting with her educational advocate. The advocate stated that prior to reviewing the evaluations that she was requesting a clinical evaluation of the student. The parent became disruptive and the meeting did not proceed. The meeting was stopped the meeting because the level of aggression between the participants. DCPS has yet to reconvene the meeting. (Ms. Garrett's testimony)

The student's psycho-educational evaluation recommended a social history be conducted but did not recommend a clinical psychological evaluation. (DA 10)

At the MDT meeting the team began discussing the background on the student and the parent's questions about the student. The DCPS staff did not allow the parent to raise her concerns about the student in the meeting. The meeting began to become argumentative and the parent and the advocate left the meeting because it became apparent to them that nothing was going to be accomplished. DCPS later sent a copy of the MDT meeting notes to the parent's advocate. The first paragraph of the meeting notes were written prior to the parent advocate leaving the meeting. The educational advocate later questioned the contents of the remainder of the meeting notes because they contained details of meeting in which the parent did not participate. (Ms. Griffin's testimony)

## ISSUE(S):

Did DCPS deny the student FAPE by:

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

(In the Matter of DA  DOB 7/8/89  HOD August 18, 2005)

1. Failing to comply with March 30, 2005, HOD by not allowing the parent to participate in the eligibility meeting, not completing an IEP and not discussing and determining placement and compensatory services
2. Failing to evaluate the student in all areas of disability. i.e. a clinical psychological evaluation, and
3. Failing to determine placement for the student.

## CONTENTIONS OF THE PARTIES:

DCPS counsel asserted that DCPS complied with the HOD by conducting the evaluations and convening the meeting. The meeting was discontinued by the parent's advocate.

The parent's counsel asserted the parent was not allowed to participate in the MDT/IEP meeting.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

1. Did DCPS deny the student FAPE by failing to comply with March 30, 2005, HOD by not allowing the parent to participate in the eligibility meeting, not completing an IEP and not discussing and determining placement and compensatory services?  Conclusion: DCPS sustained its burden of proof.

Although DCPS has conducted the evaluations required by the HOD and convened the meeting.  Although the meeting became argumentative the meeting was not completed because the parent and advocate left the meeting. The Hearing Officer concludes DCPS was not in violation because of its substantial compliance with the HOD.

2. Did DCPS deny the student FAPE by failing to evaluate the student in all areas of disability. i.e. a clinical psychological evaluation. Conclusion: DCPS sustained its burden of proof.

The HOD requires that evaluations recommended by the initial evaluations be conducted. There has been no meeting to review the student's evaluations and the psycho-educational does not recommend a clinical psychological. Because there has been no discussion of the initial evaluations and there is no recommendation for a clinical evaluation yet, the Hearing Officer concludes there is no violation in this regard.

3. Did DCPS deny the student FAPE by failing to determine placement for the student? Conclusion: DCPS sustained its burden of proof. Because there has yet to be a full meeting to determine if the student is eligible it is premature to make a determination that the student was denied an appropriate placement.

3

(In the Matter of DA  DOB 7/8/89  HOD August 18, 2005)

## ORDER:

1. DCPS is the prevailing party in this matter.

2. DCPS shall, within fifteen (15) business days of issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations, determine if additional evaluations are warranted, determine eligibility and if the student is eligible develop an IEP, discuss and determine placement and discuss and determine compensatory education and develop a plan if warranted.

3. If the student is eligible DCPS shall issue a prior notice of placement within five (5) business days of the MDT meeting if the recommended placement is public and within thirty (30) calendar days of the meeting if a private placement is recommended.

4. Scheduling of MDT/IEP meeting is to be arranged through parent's counsel. The parties shall determine whether the MDT/IEP meeting should be conducted at 825 North Capitol Street, NW, given the occurrences of the attempted MDT/IEP meeting.

5. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, his parent and/or representative(s).

(In the Matter of        DOB:        HOD: August   , 2005)

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: August    , 2005**

Issued: *Aug 18, 2005*

(In the Matter of  DA  DOB 7/8/89   HOD August 18, 2005)

## In the MATTER OF DeAngelo Armstead V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| DA 1-12 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

6

(In the Matter of DA DOB 7/8/89 HOD August 18, 2005)

## In the MATTER OF DeAngelo Armstead V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 6/28/05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 7/5/05 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(In the Matter of DA DOB 7/8/89 HOD August 18, 2005)

# INDEX OF NAMES

## In the MATTER OF DeAngelo Armstead V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Ms. Tracie Garrett * |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Roxanne Neloms, Esq. |
| | |
| School System's Representative | Lenore Verra, Esq. |
| Parent's Educational Advocate | |
| Parent's Educational Advocate | Ms. Comesha Griffin |
| | |
| * Participated by telephone | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

8

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### *FACSIMILE SHEET*

Date: 8-18-05

TO: Neloms

FROM: STUDENT HEARING OFFICE

RE: HOD- DeAngelo Armsteаd

TOTAL NUMBER OF PAGES, INCLUDING COVER:


COMMENTS:


*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:                JAMES E. BROWN
    Federal Tax ID No.:      52-1500760
    D.C. Bar No.:            61622

2.  **Student Information**
    Name:                        DeAngelo Armstead
    DOB:                         7/8/89
    Date of Determination (HOD/SA):   8/18/05
    Parent/Guardian Name:        Chamisa Armstead
    Parent/Guardian Address:     11 Galveston Pl., SW, #1, WDC 20032
    Current School:              PR Harris ES
    Home School:                 PR Harris ES

3.  **Invoice Information**
    Invoice Number:              05-401
    Date Request Submitted:      9/23/05
    Date(s) Services Rendered    4/11/05 to 8/31/05
    Amount of Payment Request    $ 7,593.60

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____                    September 23, 2005
Signature                                            Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
DeAngelo Armstead
11 Galvestopn Place SE
Apartment # 1
Washington DC 20032


September 06, 2005
In Reference To:  DeAngelo Armstead

Invoice #10940


Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/11/2005 | RN | Phone call from parent; informed that testing had been completed on student. | 0.08 350.00/hr | 28.00 |
| 4/14/2005 | RN | Phone call to parent; student had emergency crisis; left msg. | 0.08 350.00/hr | 28.00 |
| 4/20/2005 | CMM | Phone call from parent with update it information | 0.25 105.00/hr | 26.25 |
| 4/22/2005 | RN | Phone call from parent regarding completion of evaluations for the student. | 0.17 350.00/hr | 59.50 |
| 4/25/2005 | RN | Phone call to parent; explained that information had not been completed on the student; advised parent to contact this office when she is unsure of activity by DCPS. | 0.25 350.00/hr | 87.50 |
| 5/5/2005 | CMM | Prepared and sent independent evaluation referral to Interdynamics, Inc. | 1.00 105.00/hr | 105.00 |
| | CMM | Prepared and sent independent evaluation referral to Comprehensive Speech and Language Services | 1.00 105.00/hr | 105.00 |
| 5/6/2005 | CMM | Drafted case status letter to parent | 0.42 105.00/hr | 44.10 |
| 5/10/2005 | RN | Phone call from parent regarding a proposed MDT meeting. | 0.17 350.00/hr | 59.50 |

DeAngelo Armstead                                                                              Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/11/2005 | RN | Phone call to school requesting information; told by Garret that no meeting was being held. | 0.17 350.00/hr | 59.50 |
| 5/17/2005 | RN | Conference with Ms. Drayton; indicated that a meeting is to place for studnet.  Explained that no information had been provided on student's behalf.  She requested that I contact her if no information is received by COB | 0.58 350.00/hr | 203.00 |
| 5/23/2005 | CG | Reviewed discharge summary ( dated 04/15/05) from Mental Health Services | 0.25 175.00/hr | 43.75 |
| 5/24/2005 | RN | Conference with DCPS staff; discussed with assistant prinicpal Ms. Drayton; school agreed to forward the information for meeting. | 0.25 350.00/hr | 87.50 |
| | RN | Review of speech language, vineland, and psycho educational regarding student evaluations. | 1.58 350.00/hr | 553.00 |
| 5/25/2005 | CMM | Assist attorney in sending correspondence to Special Education Coordinator at P.R. Harris, EC | 0.17 105.00/hr | 17.85 |
| | RN | Draft letter to school regarding meeting and evaluations. | 0.42 350.00/hr | 147.00 |
| 6/3/2005 | CG | Reviewed Speech / Language report dated 04/11/05: Exp74:R:74:CoreL:67 | 0.42 175.00/hr | 73.50 |
| | CG | Reviewed Vineland dated: 03/22/05 | 0.42 175.00/hr | 73.50 |
| | CG | Reviewed Psychological evaluation report dated: 03/25/05 | 0.42 175.00/hr | 73.50 |
| | CG | Reviewed dated: 03/10/05 KABC-II 5 pages: Sequential: 88: Learning Grt: 75: Planning: 75: Knowledge: 75: | 0.42 175.00/hr | 73.50 |
| 6/6/2005 | RN | Records review of evaluations provided by DCPS; psyhco-educational and social history for the student. | 1.25 350.00/hr | 437.50 |
| 6/8/2005 | RN | Phone call to the parent about the proposed meeting and evaluations for the student. | 0.17 350.00/hr | 59.50 |
| 6/9/2005 | RN | Draft letter to school confirming meeting for student. | 0.42 350.00/hr | 147.00 |
| 6/10/2005 | CMM | Drafted letter to parent with MDT confirmation meeting letter sent to school | 0.50 105.00/hr | 52.50 |
| 6/14/2005 | CG | Reviewed Speech / Language report for eligibility meeting | 0.58 175.00/hr | 101.50 |

DeAngelo Armstead                                                                                      Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/15/2005 | CG | Attended MDT/IEP @ P.R. Harris | 2.00 175.00/hr | 350.00 |
|  | RN | Discussion with the advocate; the MDT team failed to allow the parent to move forward at the IEP meeting. | 0.58 350.00/hr | 203.00 |
|  | CG | Discussion with the attorney; the MDT team failed to allow the parent to move forward at the IEP meeting. | 0.58 175.00/hr | 101.50 |
| 6/24/2005 | RN | Prepared and file due process hearing request to DCPS; reviewed case file and determine whether the SEA complied with IDEA.  Research of issues. | 2.00 350.00/hr | 700.00 |
| 6/27/2005 | CMM | Review and discuss hearing filed with attorney. Prepared and sent hearing request via hand delivery | 0.50 105.00/hr | 52.50 |
| 6/28/2005 | CG | Draft letter to school about reconvening a meeting | 0.42 175.00/hr | 73.50 |
|  | CMM | Drafted letter to parent/enclosed speech and language evaluation | 0.50 105.00/hr | 52.50 |
| 6/30/2005 | CG | Draft letter to school about incorrect notes faxed | 0.42 175.00/hr | 73.50 |
| 7/1/2005 | CMM | Drafted letter to parent/enclosed hearing request file 6/27/05/copy for advocate | 0.50 105.00/hr | 52.50 |
| 7/25/2005 | RN | Preparation of five day disclosures for legal assistant; reviewed file for exhibit list. | 1.00 350.00/hr | 350.00 |
|  | RN | Review of DCPS five day disclosures. | 0.25 350.00/hr | 87.50 |
|  | CMM | Assisted attorney to prepare disclosure to DCPS | 1.50 105.00/hr | 157.50 |
| 7/26/2005 | CMM | Phone call to parent to confirm attendance and inform of hearing new location | 0.17 105.00/hr | 17.85 |
|  | CMM | Drafted letter to parent with new location of hearing | 0.50 105.00/hr | 52.50 |
| 7/29/2005 | RN | Preparation for hearing; review of documents and development of open/closing statement; direct and cross examination; review of disclosures. | 2.00 350.00/hr | 700.00 |
| 8/1/2005 | CG | Prepared for upcoming hearing meeting ( Reviewed Last MDT Notes June, reviewed status report for June2005; reveiwed IEP) | 1.00 175.00/hr | 175.00 |

DeAngelo Armstead                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/1/2005 | CG | Appearance to Whittier for due process hearing | 2.25 175.00/hr | 393.75 |
|  | RN | Appearance to Whittier for due process hearing | 2.25 350.00/hr | 787.50 |
| 8/16/2005 | RN | Drafted letter for tutorial services | 0.42 350.00/hr | 147.00 |
| 8/17/2005 | CMM | Assist attorney in sending supplemental services application for tutorial services | 0.17 105.00/hr | 17.85 |
| 8/29/2005 | CMM | Drafted letter to parent/enclosed HOD issued 8/18/05 | 0.58 105.00/hr | 60.90 |
|  |  | For professional services rendered | 31.03 | $7,352.80 |

Additional Charges :

| | | |
|---|---|---|
| 5/6/2005 | Postage; case status update letter to the parent. | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 5/19/2005 | Copied: School evaluation for advocate. | 8.00 |
| 5/25/2005 | Facsimile: letter re: dates for MDT to PR Harris. | 2.00 |
| 6/8/2005 | Facsimile:  Letter for IEP. | 2.00 |
| 6/10/2005 | Copied: MDT meeting confirmation letter for parent. | 0.75 |
|  | Postage; IEP and MDT confirmation letter to parent | 0.37 |
| 6/14/2005 | Facsimile: First amended HR to P.R. Harris. | 11.00 |
|  | Copied documents(P/MT/AF-Speech/Leg.) | 10.00 |
| 6/27/2005 | Messenger Service to and from DCPS (Hearing Request) | 20.00 |
|  | Copied: Due process HR for SHO, advocate, and parent. | 3.75 |
|  | Facsimile: HR to SHO. | 5.00 |
| 6/28/2005 | Copied documents; letter to parent | 0.50 |
|  | Postage; SPL evaluation letter to parent. | 0.60 |
| 7/1/2005 | Postage; HR letter to parent. | 0.37 |
|  | Copied: HR letter for parent and advocate. | 2.50 |

DeAngelo Armstead                                                                    Page    5

                                                                                    Amount

| Date | Description | Amount |
|------|-------------|--------|
| 7/15/2005 | Postage; HND letter to parent. | 0.37 |
| | Copied: HND letter for parent. | 0.50 |
| 7/25/2005 | Copied: Disclosure for SHO and OGC. | 33.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/26/2005 | Postage; letter to parent re: notice of new location of hearing. | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 8/17/2005 | Postage; letter to parent re: tutorial services. | 0.60 |
| 8/18/2005 | Facsimile Received from DCPS; HOD | 9.00 |
| | Copied documents; HOD | 9.00 |
| 8/26/2005 | Facsimile response to letter of invitation to PR Harris EC | 2.00 |
| 8/29/2005 | Postage; letter to parent re: HOD. | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 8/31/2005 | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $240.80 |
| | Total amount of this bill | $7,593.60 |



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | |
|---|---|---|---|
| Attorney Firm | James E. Brown & Associates, PLLC | Dates of Service | 4/11/2005   8/31/2005 |
| Student | DeAngelo   Armstead | OGC Control | 3670 |
| Date Received | 9/23/2005 | HOD Docket Nu | |
| HOD DATE | 8/18/2005 | Attorney Invoice | 05-401 |
| Funding Fiscal Year: | 2005 | | |

1) Application Review

   a) Application complete       Y
   b) Certification Signed       Y
   c) HOD/SA Attached       Y

| 2) Allocation of invoice | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $7,352.80 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $240.80 | $0.00 |
| TOTALS | $7,593.60 | $0.00 |

| | |
|---|---|
| Amount Approved Before Partial Payment | $0.00 |
| Partial Payment | $0.00 |
| Total Amount Approved | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

**Attorney Firm:** James E. Brown & A          **HOD Date:**          8/18/2005

**Student:**     DeAngelo   Armstead       **Attorney Fee Cap Amount:**   $4,000.00

| OGC | Date of Dispute | Dispute Type: | Dispute d Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approve d Rate | Time | Approve d Amount | Dispute d Time | Dispute d Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3670 | | Cost | | No Denial of FAPE | $240.80 | 1 | $240.80 | $0.00 | 0 | $0.00 | 1 | $240.80 |
| 3670 | | Cost | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 3670 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 3670 | | Fee | | No Denial of FAPE | $7,352. | 1 | $7,352.80 | $0.00 | 0 | $0.00 | 1 | $7,352.80 |
| 3670 | | Fee | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| **Totals** | | | | | | | $7,593.60 | | | $0.00 | | $7,593.60 |

| Attorney Charges | | Expert/Advocate Charges | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $7,352.80 | Total Invoiced Expert Charges: | $0.00 |
| Disputed Attorney Fee Amount | $7,352.80 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | Attorney Expenses | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $240.80 |
| | | Disputed Attorney Expenses | $240.80 |
| Approved Invoice Prior to Prepayments | $0.00 | Approved Expense | $0.00 |
| Partial Payment: | $0.00 | | |
| Total Invoice Approve | $0.00 | | |