# EXHIBIT 3

## REQUEST FOR HEARING

➢ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**
➢ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION   ___ I REQUEST MEDIATION AND A HEARING   _X_ I REQUEST A HEARING

### STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: <u>Tyrone Barnes</u>          DOB: <u>6-11-92</u>

Address:     <u>2701 Robinson Place, SE, #102, Wash., DC 20020</u>

Present School of Attendance: <u>Johnson JHS- DC Public Schools</u>        Home School: <u>Johnson JHS- DC Public Schools</u>
                                                                         (Neighborhood school where child is registered)

COMPLAINT IS MADE AGAINST:    <u>District of Columbia Public Schools (DCPS)</u>

INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name:     <u>Tiffanie Little (mother)</u>

Address:  <u>2701 Robinson Place, SE, #102, Wash., DC 20020</u>

Phone:  (H) <u>202-889-5745</u>  (W) _____ (Fax) _____

Relationship to Student: _X_ Parent ___ Self ___Legal Guardian ___ Parent Surrogate ___ Public Agency

PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: <u>Delores Scott McKnight</u>              Phone: (W) <u>202-742-2000</u>           (Fax) <u>202-742-2098</u>

Address:  <u>James E. Brown & Associates, PLLC, 1220 L Street, NW, Suite 700, Washington, DC 20005</u>

.    You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:  <u>July 19, 2005  (both)</u>          <u>July 20, 2005  (both)</u>        <u>July 21 (both)</u>

Mediation: _____      _____    _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

    Interpreter
    ___ Foreign Language _____
    ___ Sign Language _____
    ___ Other _____

Special Communications _____
Special Accommodation for Disability _____
Other _____

In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
(You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem:**

A. **Inappropriate IEP– IEP fails to Indicate Present Levels of Performance Subtest Scores for Reading and Math, IEP Fails to Provide for required Speech Language Services, IEP Fails to address Student's ADHD and IEP Fails to Provide Educational Benefits** – Tyrone Barnes is a 13-year-old, 7th-grade student with Specific Learning Disabilities. His IEP provides him with 25 hours of specialized instruction and no related services. However, Tyrone has not made any measurable progress. He is significantly below grade level—performing at the second grade. Tyrone has a history of hyperactivity and having a short attention span. Tyrone was tested at Howard University where he was diagnosed with Attention Deficit Hyperactivity Disorder. Ms. Little provided DCPS with a copy of Children's ADHD report.

B. **Inappropriate Placement** – Johnson JHS fails to provide Tyrone with the 25 hours of specialized instructions as mandated by his IEP. On December 8, 2004, Ms. Little wrote to school officials requesting that Tyrone be provided with the specialized instruction. During a classroom observation she noted that many of his academic teachers were unaware of the content of the IEP in connection with the goals and objectives in the areas of math, English, Written Expression and Language Arts, as evidenced by Tyrone's failing grades this entire school year.

C. **Denial of FAPE - Compensatory Education**: Tyrone Barnes is entitled to receive compensatory education by his multidisciplinary team for DCPS' failure to provide his with FAPE as a result of the above-stated violation(s) of the IDEA and DCPS Board Rules.

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

1. Whether the IEP is appropriate when it fails to: (a) Indicate Present Levels of Performance Subtest Scores for Reading and Math, (b) fails to Provide for required Speech Language Services, (c) fails to address Student's ADHD and (d) fails to Provide Educational Benefits.

2. Whether the current placement is appropriate when student is not receiving the 25 hours of specialized instruction and has failing grades.

3. Whether Tyrone Barnes is entitled to a discussion of compensatory education due to DCPS' failure to comply with the IDEA and the DCMR.

**Describe relevant facts relating to the problem:** See Nature of the Problem: Numbers 1-3.

**State how you would like to see the problem resolved:**

1. A finding that the IEP is inappropriate as it fails to: (a) Indicate Present Levels of Performance Subtest Scores for Reading and Math, (b) fails to Provide for required Speech Language Services, (c) fails to address Student's ADHD and (d) fails to Provide Educational Benefits.

2. A finding that the current placement is inappropriate as it failed to provide the student with required 25 hours of specialized instruction and the student is failing.

3. A finding that Tyrone Barnes is entitled to a discussion of compensatory education by a Multi-Disciplinary Team.

4. DCPS shall fund the parent's independent evaluations for all necessary evaluations in connection with evaluating student in all suspected areas, per the Parent's June 2005 Request to Evaluate.

5. DCPS shall immediately convene an eligibility MDT within 10 days of receiving all evaluations to discuss the evaluations, develop a behavior intervention plan, develop an IEP, if appropriate, or issue a Notice of Ineligibility, issue a Prior Notice of Placement, if found eligible, on the 5/30 public/private timeline, discuss compensatory education and develop a compensatory education plan, if appropriate.

6. DCPS, agrees to provide the student with compensatory education for the delay in this case.

7. *If the proof offered at the due process hearing differs from the description of the nature of the problems, as stated herein, relating to the proposed or refused initiation or change, including facts relating to the problem, and the proposed solution herein of the problem, to the extent known and available to the parent at the time of the drafting of this complaint, the parent requests that 34 C.F.R. 300.507(c)(4) shall apply and the parent hereby amends the complaint (hearing request) to conform to the proof at and during the hearing.*

8. DCPS shall provide the parent with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement with the assessment, programming or placement that the parent may have.

9. DCPS shall provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than 16 business hours prior to any meeting in which the parent is entitled to attend and/or participate.

10. DCPS shall schedule all meetings through counsel for the parent via facsimile on 202-742-2000, with copies to the parent by no later than 16 business hours prior to convening any meetings.

11. DCPS shall send all notices to counsel for the parent with copies of such to the parent.

_____     _____June 10, 2005_____
Signature of Applicant/Parent (Required)          Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002          FAX: (202) 442-5556**

---

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                    Revised 02/01/2003

4

```
                          *********************
                          ***   TX REPORT   ***
                          *********************


          TRANSMISSION OK

          TX/RX NO            2428
          CONNECTION TEL                      94425556
          CONNECTION ID
          ST. TIME            06/17 17:42
          USAGE T             00'44
          PGS. SENT              5
          RESULT              OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | **Attorneys at Law** | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel Hull | Washington, DC 20005 | Marshall Lammers° |
| Christopher L. West | Telephone: (202) 742-2000 | Delores Scott McKnight |
| Tilman L. Gerald | Facsimile: (202) 742-2098 | |

\* Admitted in Maryland Only        e-mail: Admin@Jeblaw.biz        ! Admitted in Bolivia Only

# *FAX COVER SHEET*

TO:        Student Hearing Office

FROM:    Delores Scott McKnight, Esq.

DATE:    6-17-05

FAX NO:    (202) 442-5556

SUBJECT:    Hearing Request for: Tyrone Barnes - DOB: 6/11/92

NUMBER OF PAGES INCLUDING COVER SHEET: 5

COMMENTS: Hearing Request for above-referenced student is attached. Thank you.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| Tyrone Barnes ("Student") ) | **HEARING OFFICER'S DECISION**[1] |
| Date of Birth: June 11, 1992 ) | |
| Petitioner, ) | Hearing Date: August 23, 2005 |
| v. ) | Held at: 825 North Capitol Street, NW |
| ) | 8th Floor |
| ) | Washington, DC 20002 |
| District of Columbia Public Schools ) | |
| 825 North Capitol Street, NW ) | Attending School: |
| Washington, DC 20002 ) | Johnson JHS |
| ("DCPS" or "District") ) | |
| ) | Hearing Request: |
| Respondent. ) | June 10, 2005 |

Counsel for Guardian:       Delores S. McKnight, Esq.
                            1220 L Street.
                            Suite 700
                            Washington, D.C. 20005

Counsel for DCPS:           Karen J. Herbert, Esq.
                            District of Columbia Public Schools,
                            9th Floor
                            825 North Capitol Street, NW
                            Washington, DC 20002

---

[1] An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Hearing Officer's Determination as a public record.

## INDEX OF NAMES

### Tyrone Barnes v. DCPS

| | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| Special Education Coordinator, DCPS | Ms. Vivian Jennings |
| Education Advocate | Ms. Michelle Moody |
| CHILD AND CHILD'S DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Ms. Tiffanie P. Little |
| Child/Parent's Representative | Delores Scott McKnight, Esq. |
| School System's Representative | Karen J. Herbert, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

2

## INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## IMPARTIAL DUE PROCESS HEARING

**INTRODUCTION:**

    A Due Process Hearing was convened on July 23, 2005 and was continued on the agreement of the parties to August 22, 2005. The Hearing was held at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant to a hearing request submitted by counsel for the parent dated June 10, 2005.

**ISSUE:**

    Whether DCPS developed an appropriate IEP fort the student?

**JURISDICTION:**

    The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the *Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145,* effective October 21, 1998.

**DUE PROCESS RIGHTS:**

    Counsel for the parent waived a formal reading of the due process rights.

**FINDINGS OF FACT:**

    1.    The student has been determined eligible for special education with a specific learning disability. An IEP was developed for him on June 3, 2004 by the Turner Elementary School requiring that he receive 20 hours of specialized instruction and that 64% of the time he was to be out of a general education setting.[2] The IEP does not list any related services to be offered to the student. The mother signed the IEP agreeing with its contents.[3]

    2.    Instead of Turner, the student attended Johnson JHS for the 2004-2005 school year. Ms. Vivian Jenkins, Special Education Coordinator at Johnson testified that Johnson implemented the IEP that Turner had developed. Ms. Jennings testified that she started dealing with the student upon his enrollment at Johnson. She testified that previously the student had received the related services of speech and language services, but this was no longer in his IEP from Turner.

    3.    Ms. Jennings testified that on June 1, 2005, an IEP was developed at Johnson. The IEP increased the amount of special education instruction the student was to receive to 25 hours a week and that he would be out of a general education setting 77% of the time. No related services are listed in the

---

[2]    DCPS-02

[3]    Id., Cover Page

IEP and the mother signed the IEP agreeing with its contents.[4] Ms. Jennings testified that the hours of special education instruction was increased at the request of the mother.

4.    Ms. Jennings testified that the student received special education for his academic areas: reading math, English/written expression and science. At the June 1, 2005 IEP meeting, the mother raised a concern about the student not going to reading, but instead he went to PE class.[5] Ms. Jennings testified that the student did this on his own, because his schedule required him to go to reading and not PE and that he was not transferred out of reading.

5.    The parent also had concerns about the Present Levels of Performance ("PLOP") that the IEP required. The copy of the June 1, 2005 IEP that the parent produced[6] did not reveal the PLOP; however, the IEP that DCPS disclosed[7] does include the PLOP.

6.    The parent testified that she expressed her concerns about the lack of services that the student was receiving in her letter dated December 8, 2004.[8] The letter is not addressed to any particular person. Ms. Jennings testified that she did not receive the letter. No confirmation that the letter was received by DCPS was disclosed.

7.    The parent also expressed a concern that the student should have been in a small classroom setting and that this was discussed at the June 3, 2004 IEP meeting at Turner by Mr. Hunter, the student's general education teacher there.[9] She also went on to testify that some of the student's classes at Johnson were small. The mother also testified that she did not request counseling at the June 1, 2005 IEP meeting and that she signed the IEP agreeing to its contents.

8.    Ms. Michelle Moody testified at the Hearing on behalf of the parent. Ms. Moody serves as the student's educational advocate. Ms. Moody testified that she had a concern with the IEP because there are no Present Levels of Performance ("PLOP") included in the copy she reviewed that the mother had provided. Furthermore, she testified that although the student is in the 8th grade, he is functioning at a 2nd grade level in reading. She testified that counseling was needed for the student because he is going into the 8th grade and reading at such a low leer.

## DECISION AND CONCLUSIONS OF LAW:

1.    Based on the evidence, two IEPs are relevant; an IEP developed by Turner ES on June 3, 2004 requiring 20 hours of specialized instruction and the 2nd IEP developed by Johnson ES requiring 25 hours of specialized instruction. The parent signed both IEPs. Furthermore, the increase in the number of hours in the Johnson IEP was at the request of the mother. Neither IEP had related services mentioned.

---

[4]  DCPS-01
[5]  TB-13
[6]  TB-14
[7]  DCPS-01
[8]  TB-17
[9]  TB-20

4

2.      There is a discrepancy in the June 1, 2005 IEP.  Apparently, the copy that the mother received did not include the PLOP; however, DCPS did prepare an IEP with the PLOP included, but for the PLOP, the IEPs disclosed by the parties are identical.  There is no evidence in the record as to why the IEPs are not the same in all respects.

3.      The mother testified that the student went to PE rather than the reading class he was supposed to be attending, however, there is no evidence that the student was directed to do so or that his scheduled was revised; however, it appears he did so on his own.

4.      Based on the record, there is no basis to conclude that DCPS denied the student FAPE; however, in view of the problem with the mother having an incomplete IEP, an MDT meeting should be held to ensure that the IEP the mother has is the same as that being implemented by Johnson.

**ORDER:**

1.      Within 15 school days of issuance of this HOD, DCPS will convene an MDT/IEP meeting at Johnson to review and revise the student's IEP, as necessary and ensure that the PLOP are included.

2.      The scheduling of the MDT/IEP meeting will be through parent's counsel and a delay on the part of the parent, counsel for the parent or the student will extend any applicable time line by one day for each day of delay.

**APPEAL PROCESS:**

This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

David R. Smith, Esq.
Impartial Hearing Officer

Date: 9-6-05

Issued: 09-6-05

5

## INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### IMPARTIAL DUE PROCESS HEARING

| | |
|---|---|
| In the Matter of ) | **CERTIFICATION OF RECORD** |
| ) | |
| Tyrone Barnes, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| District of Columbia Public Schools ) | |
| 825 North Capitol Street, NW ) | |
| Washington, DC 20002 ) | |
| ("DCPS" or "District") ) | |
| Respondent. ) | |
| —————————————————— ) | |

I, David R. Smith, Impartial Due Process Hearing Officer in this matter, DO

HEREBY CERTIFY that the attached Record of Proceeding itemizes the record in

the above-entitled matter as of this date, consisting of the items admitted into evidence,

including disclosure exhibits and the audio tape recording of the Due Process Hearing.

EXECUTED this ____ day of _____, 2005.

_____
DUE PROCESS HEARING OFFICER

6

_09/06/2005  16:09    2024425556    STUDENT HEARINGS OFF    PAGE  08/08

## MATTER OF TYRONE BARNES V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 6-10-05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 7-29-05 | Notice of Due Process Hearing |
| 7-18-05 | DCPS Disclosure Exhibits: |
| 7-23-05 | Audio recordings of hearings |
| 8-16-05 | Parent Disclosure Exhibits: TB-1 through TB-25 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

7



# District of Columbia Public Schools
## OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9ᵗʰ Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                    JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:                    JAMES E. BROWN
    Federal Tax ID No.:          52-1500760
    D.C. Bar No.:                61622

2.  **Student Information**
    Name:                        Tyrone Barnes
    DOB:                         6/11/92
    Date of Determination (HOD/SA):  9/6/05
    Parent/Guardian Name:        Tiffanie Little
    Parent/Guardian Address:     2701 Robinson Pl., SE, #102, 20020
    Current School:              Johnson JHS
    Home School:                 Johnson JHS

3.  **Invoice Information**
    Invoice Number:              05-402
    Date Request Submitted:      9/23/05
    Date(s) Services Rendered    6/6/05 to 9/6/05
    Amount of Payment Request    $ 7,909.67

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E Brown_                      September 23, 2005
Signature                           Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Tyrone Barnes
Tifannie Little
2701 Robinson Place, SE
Apartment # 102
Washington DC 20020


September 15, 2005
In Reference To:    Tyrone Barnes
                    DOB: 6/11/92
                    School: Johnson JHS
                    Attending School: Johnson JHS

Invoice #10958

        Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/6/2005 | DSM | Consultation with parent and legal assistant, research and case preparation. | 1.54 350.00/hr | 539.00 |
| | AAG | Conference with parent to discuss opening case and child's educational needs. | 1.54 105.00/hr | 161.70 |
| 6/7/2005 | AAG | Drafted letter to parent | 0.72 105.00/hr | 75.60 |
| 6/13/2005 | DSM | Prepared  due process hearing request to DCPS | 2.00 350.00/hr | 700.00 |
| 6/14/2005 | WD | Reviewed intake.  IEP, assessments, etc. | 0.75 175.00/hr | 131.25 |
| 6/23/2005 | WB | Drafted letter requesting records from Johnson JHS and DCPS | 0.50 105.00/hr | 52.50 |
| | WB | Requested evaluations from Johnson JHS and DCPS | 0.50 105.00/hr | 52.50 |
| 6/29/2005 | WB | Drafted letter to parent w/ HR filed on 6/17/05 enclosed | 0.42 105.00/hr | 44.10 |
| 6/30/2005 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 7/25/05 @ 11:00 am | 0.42 105.00/hr | 44.10 |

Tyrone Barnes

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/30/2005 | WB | Conference with parent re: case status | 0.17 105.00/hr | 17.85 |
| 7/5/2005 | WB | Drafted letter to parent re: case status, records and reevaluations requests from Johnson JHS and DCPS | 0.50 105.00/hr | 52.50 |
| | WB | Requested reevaluations from Johnson JHS and DCPS (REVISED) | 0.50 105.00/hr | 52.50 |
| | WB | Drafted letter requesting records from Johnson JHS and DCPS (REVISED) | 0.50 105.00/hr | 52.50 |
| 7/18/2005 | DSM | Prepare disclosure to DCPS | 2.00 350.00/hr | 700.00 |
| | WB | Conference with parent re: case status and upcoming hearing on 7/25/05 @ 11:00 am | 0.17 105.00/hr | 17.85 |
| | WB | Assisted attorney to prepare disclosure to DCPS | 1.50 105.00/hr | 157.50 |
| 7/19/2005 | WD | Reviewed hearing request. | 0.58 175.00/hr | 101.50 |
| 7/22/2005 | DSM | Ret.d Phone call to mother re: Monday's hearing. | 0.17 350.00/hr | 59.50 |
| | DSM | Prepared for Due Process Hearing | 1.50 350.00/hr | 525.00 |
| | DSM | Researched legal issues and defenses in preparation for hearing on 7/25. | 0.50 350.00/hr | 175.00 |
| | MM | Prepared for Due Process Hearing | 1.00 150.00/hr | 150.00 |
| 7/25/2005 | DSM | Telephone call to DCPS attorney advisor, Herbert, seeking continuance of today's hearing due to mother's illness. | 0.17 350.00/hr | 59.50 |
| | DSM | Phone call to Ms. Little re: continuing today's hearing due to her illness | 0.08 350.00/hr | 28.00 |
| | DSM | Phone call from mother, Ms. Little re: not being able to attend hearing due to illness. | 0.08 350.00/hr | 28.00 |
| | DSM | Drafted and faxed Motion for Continuance for July 25 hearing to SHO in light of mother's illness.  Requested new hearing date. | 0.42 350.00/hr | 147.00 |
| 8/4/2005 | MM | File review and developed  monthly case status report for hearing request notice. | 1.00 150.00/hr | 150.00 |

Tyrone Barnes                                                                        Page    3

|            |     |                                                                                  | Hrs/Rate          | Amount   |
|------------|-----|----------------------------------------------------------------------------------|-------------------|----------|
| 8/4/2005   | MM  | Reviewed mdt notes dated 6/1/05 and documented information                        | 0.50 150.00/hr    | 75.00    |
|            | MM  | Reviewed Speech / Language report dated 5/13/04                                   | 0.42 150.00/hr    | 63.00    |
|            | MM  | Reviewed Psychological evaluation report dated 5/11/04                            | 0.58 150.00/hr    | 87.00    |
| 8/5/2005   | WB  | Drafted letter to parent w/ Interim Order issued on 7/29/05 enclosed              | 0.50 105.00/hr    | 52.50    |
|            | WB  | Drafted letter to parent w/ enclosed copy of IEP (6/1/05) received from Johnson JHS | 0.50 105.00/hr  | 52.50    |
| 8/16/2005  | WB  | Conference with parent re: case status and upcoming hearing on 8/23/05 @ 3:00 pm (TWICE) | 0.33 105.00/hr | 34.65 |
|            | WB  | Drafted letter to parent w/ HDN enclosed for hearing on 8/23/05 @ 3:00 pm         | 0.50 105.00/hr    | 52.50    |
|            | DSM | Prepare disclosure to DCPS                                                        | 0.50 350.00/hr    | 175.00   |
|            | WB  | Assisted attorney to prepare disclosure to DCPS                                   | 1.67 105.00/hr    | 175.35   |
| 8/22/2005  | DSM | Pre-hearing conference with adovocate M. Moody.                                   | 0.33 350.00/hr    | 115.50   |
|            | MM  | Prepared for Due Process Hearing and discussion with attorney McKnight            | 2.00 150.00/hr    | 300.00   |
|            | DSM | Prepared for Due Process Hearing                                                  | 1.50 350.00/hr    | 525.00   |
|            | MM  | File review and developed  monthly case status report and devleoped report regarding most recnt communication with the paren and the school and the next step  in the case. | 0.58 150.00/hr | 87.00 |
| 8/23/2005  | DSM | Appearance to 825 North Capital for due process hearing                           | 3.00 350.00/hr    | 1,050.00 |
|            | MM  | Appearance to 825 North Capital for due process hearing                           | 3.00 150.00/hr    | 450.00   |
| 9/6/2005   | DSM | Reviewed HOD.                                                                     | 0.17 350.00/hr    | 59.50    |
|            |     | For professional services rendered                                                | 35.31             | $7,629.45 |

Tyrone Barnes                                                                    Page    4

    Additional Charges :

|  |  | Amount |
|---|---|---|
| 6/6/2005 | Copied: documents; intake documents | 29.50 |
| 6/7/2005 | Postage; letter to parent | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 6/29/2005 | Postage; letter to parent | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 6/30/2005 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent | 0.37 |
| 7/16/2005 | Facsimile: records and reevaluations request to Johnson JHS, Office of Especial ed, and OGC. | 21.00 |
| 7/18/2005 | Copied: Disclosure for DCPS. | 70.50 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 8/5/2005 | Postage; letter to parent (w/ enclosed copy of IEP (6/1/05) received from Johnson JHS) | 0.37 |
|  | Postage; letter to parent (w/ Interim Order issued on 7/29/05) | 0.37 |
| 8/16/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Postage; letter to parent re: HDN. | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
|  | Copied: Disclosure for DCPS. | 85.00 |
| 8/23/2005 | Sedan taxi service to and from  DCPS for hearing | 14.00 |
| 9/6/2005 | Facsimile Received from DCPS; HOD | 8.00 |
|  | Copied documents; HOD | 8.00 |
|  | Total costs | $280.22 |
|  | Total amount of this bill | $7,909.67 |



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | | |
|---|---|---|---|---|
| **Attorney Firm** | James E. Brown & Associates, PLLC | **Dates of Service** | 6/6/2005   1   9/6/2005 | |
| **Student** | Tyrone      Barnes | **OGC Control** | 3671 | |
| **Date Received** | 9/23/2005 | **HOD Docket Nu** | | |
| **HOD DATE** | 9/6/2005 | **Attorney Invoice** | 05-402 | |
| **Funding Fiscal Year:** | 2005 | | | |

1) **Application Review**

   a) Application complete    Y
   b) Certification Signed    Y
   c) HOD/SA Attached    Y

| 2) Allocation of invoice | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $7,629.45 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $280.22 | $0.00 |
| TOTALS | $7,909.67 | $0.00 |

| | |
|---|---|
| **Amount Approved Before Partial Payment** | $0.00 |
| **Partial Payment** | $0.00 |
| **Total Amount Approved** | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

**Attorney Firm:**   James E. Brown & A

**HOD Date:**   9/6/2005

**Student:**   Tyrone   Barnes

**Attorney Fee Cap Amount:**   $4,000.00

| OGC | Date of Dispute | Dispute Type: | Dispute d Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approve d Rate | Time | Approve d Amount | Dispute d Time | Dispute d Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3671 | | Cost | | No Denial of FAPE | $280.22 | 1 | $280.22 | $0.00 | 0 | $0.00 | 1 | $280.22 |
| 3671 | | Cost | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 3671 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 3671 | | Fee | | No Denial of FAPE | $7,629. | 1 | $7,629.45 | $0.00 | 0 | $0.00 | 1 | $7,629.45 |
| 3671 | | Fee | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |

**Totals**          $7,909.67        $0.00       $7,909.67

**Attorney Charges**

| | |
|---|---|
| Invoiced Attorney Fee Amount | $7,629.45 |
| Disputed Attorney Fee Amount | $7,629.45 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 |
| Approved Attorney Fees | $0.00 |

**Expert/Advocate Charges**

| | |
|---|---|
| Total Invoiced Expert Charges: | $0.00 |
| Disputed Expert Fee | $0.00 |
| Approved Expert Fee | $0.00 |

**Attorney Expenses**

| | |
|---|---|
| Invoiced Attorney Expenses | $280.22 |
| Disputed Attorney Expenses | $280.22 |
| Approved Expense | $0.00 |

| | |
|---|---|
| Approved Invoice Prior to Prepayments | $0.00 |
| Partial Payment: | $0.00 |
| Total Invoice Approve | $0.00 |