# EXHIBIT 4

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

| | |
|---|---|
| Melisa Boyd on behalf of | ) |
| Paradise Boyd, DOB: 11/30/93, a minor | ) |
| 2424 Elvans Rd., SE, #303 | ) |
| Washington, DC 20020 | ) |
| | ) |
| Attending School:     Moten Elementary School | ) |
| Home School:          Moten Elementary School | ) |
| | ) |
| v. | ) |
| | ) |
| District of Columbia Public Schools | ) |
| 825 North Capitol, Street, NE Sixth Floor | ) |
| Washington, DC 20002 | ) |
| | ) |

## Due Process Complaint Notice

### A. BACKGROUND INFORMATION.

1. The student's name is Paradise Boyd (hereinafter "P.B."), her date of birth is November 30, 1993, and her address is 2424 Elvans Rd., SE, #303, Washington, DC 20020.

2. P.B.'s parent is her mother Ms. Melisa Boyd (hereinafter "parent" or "Complainant"). Her address is 2424 Elvans Rd., SE, #303, Washington, DC 20020.

3. District of Columbia Public Schools (hereinafter "DCPS") is the local and state educational agency (hereinafter LEA / SEA) responsible for providing a Free and Appropriate Public Education (hereinafter "FAPE") to P.B.

4. During the 2004-2005 school year, P.B. was registered as an attending student at Moten Elementary School (hereinafter "Moten"), located in the District of Columbia. Moten is also P.B.'s home school.

5. On February 25, 2005, DCPS convened a multi-disciplinary team ("hereinafter "MDT") meeting and developed an Individualized Education Program (hereinafter "IEP") classifying P.B. as speech and language impaired and entitling her to thirty minutes of speech and language therapy per week.

## B. FACTS AND REASONS FOR THE COMPLAINT

### I.    Failure to Comprehensively Assess in Area of Written Language Expression.

6.  The Complainant re-alleges paragraphs 1 thru 5.

7.  DCPS completed a psychological-educational evaluation/assessment for P.B. on or about December 17, 2004. That evaluation/assessment did not include a comprehensive assessment of P.B.'s achievement in the area of written language expression, only spelling was tested.

8.  P.B.'s report card for the 2004-2005 school year reveals unsatisfactory marks in various areas of written language expression such as writing detailed narratives; writing research reports; writing instructions; using correct grammar; and writing process.

9.  DCPS, as the LEA and SEA, is obligated to assess in all areas of suspected disability and such assessments are to be comprehensive enough to identify all of the student's educational needs. Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (b) (2) & (3); D.C. Mun. Regs. tit. 5 § 3005.9 (g) & (h); 34 C.F.R. Sec. 300.532 (g) & (h).

10. In this case, the psychological-educational that DCPS completed for P.B. on or about December 17, 2004, does not comprehensively assess P.B.'s achievement for written language expression, a subject area in which she is struggling academically.

11. DCPS' failure to comprehensively assess P.B. in written language expression has resulted in a denial of a FAPE.

### II.    Inappropriate Individualized Educational Program – Failure to Include Academic Goals

12. The Complainant re-alleges paragraphs 1-11.

13. DCPS completed a speech and language evaluation/assessment for P.B. on or about February 17, 2005. The report from that assessment indicates that P.B.'s language interferes with school performance in the area of academic achievement.

14. P.B.'s IEP developed on February 25, 2005, does not contain any goals relating to academics. i.e. reading, writing or mathematics.

15. The parent asserts that given the finding in the speech and language assessment, specialized instruction is required to address the impact that P.B.'s language deficits have on her academic achievement. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d) (1)

(A) (i) (II) (aa) (IEP must contain "a statement of measurable annual goals, including academic and functional goals designed to meet the child's needs that result from the child's disability to enable the child to be involved in and make progress in the general education curriculum"); <u>D.C. Mun. Regs. tit. 5 § 3009.1 (c) (1)</u>; <u>34 C.F.R. Sec. 300.347(a) (2) (i)</u>.

### III.    Failure to Provide the Parent with Written Notice Regarding DCPS's failure to Comprehensively Assess in Written Langauge Expression.

16. The Complainant re-alleges paragraphs 1-15.

17. As the respective LEA and SEA, DCPS is obligated to provide the parent with written notice regarding its failure to comprehensively assess P.B.'s achievement in written language expression.  See <u>Individuals with Disabilities Education Improvement Act of 2004</u>, Pub. L. No. 108-446, Sec. 101, § 614(b)(1) and § 615 (b)(3), (b)(4), and (c); <u>D.C. Mun. Regs. tit. 5 § 3024-3025</u>; Hoing <u>v. Doe</u>, 484 U.S. 305, 327 (1988) (In <u>Hoing</u> the Supreme Court of the United States concluded that the clear intent of Congress was to make parental involvement the cornerstone of the process under the IDEA.  In so finding, the Court stressed the importance of a parent's right to be notified of each step of a child's educational development: "Envisioning the IEP as the centerpiece of the statute's education system for disabled children, and aware that schools had all too often denied such children appropriate educations without in any way consulting the parents; Congress repeatedly emphasized through the Act the importance and indeed the necessity of parental participation in both the development of the IEP and any subsequent assessments of its effectiveness. Accordingly, the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate." <u>Id</u>. at 311-12); <u>34 C.F.R. Sec. 300.503</u>.

18. As of the date of this complaint, DCPS has failed to provide the parent with written notice regarding its failure to have conducted a comprehensive assessment of P.B.'s achievement in the area of written language expression.

### C.  RELIEF REQUESTED

**WHEREFORE**, the parent, by and through counsel, requests the following relief:

19. A finding that DCPS denied P.B. a FAPE by inappropriately failing to comprehensively assess P.B. in area of written expression;

20. A finding that DCPS denied P.B. a FAPE by inappropriately failed to include academic goals in P.B.'s IEP developed on February 25, 2005;

21. A finding that DCPS denied P.B. a FAPE be inappropriately providing the parent with written notice of DCPS's refusal to comprehensively assess P.B. in the area of written language expression;

22. That DCPS shall convene an MDT meeting within ten business days to develop appropriate academic annual goals for P.B.; determine any compensatory education due and identify an appropriate placement with placement to be made within five business days if for a public school or within thirty calendar days if for a non-public school;

23. That DCPS shall fund an independent written language assessment for P.B. and / or conduct researched based intervention in the area of written language to be completed within sixty calendar days;

24. That DCPS shall convene and MDT meeting within ten business days of either receiving the independent written language assessment ordered above or completing the researched based interventions, which ever occurs last;

25. That the purpose of the meeting shall be to review the written language assessment and /or the outcome of the research based interventions to determine if a change in disability classification or services is warranted and if so, to revise P.B.'s IEP, discuss and determine any compensatory education due, and identify an appropriate placement with placement to be made within five (5) business days if for a public school or within thirty calendar days if for a non-public school;

26. That DCPS agrees to pay parent's counsel reasonable attorney's fees and related costs incurred in the matter;

27. That all meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

28. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

29. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

30. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

29. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

31. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

32. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

33. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

34. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

35. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

36. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the

student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

37. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u> constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

38. A finding that the parent is the prevailing party in this action.

Respectfully submitted,

_____
Miguel A. Hull, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005
202-742-2015
Counsel for the Parent

## CERTIFCATE OF SERVICE

I, Miguel A. Hull, Esq., hereby certify that the facts alleged in this complaint, to the best of my knowledge and belief, are true and correct.  I further certify that a copy of the parent's administrative due process complaint was served to the District of Columbia Public Schools' Office of Student Hearings, via facsimile, at 202-442-5556.

Miguel A. Hull, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2008
Counsel for the Parent

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*

## CONFIDENTIAL

**Charles R. Jones, Esq., Due Process Hearing Officer**
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of** ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| **PARADISE BOYD, Student,** ) | **HEARING OFFICER'S DECISION** |
| **Date of Birth: 11-30-93** ) | |
| ) | |
| **Petitioner,** ) | Hearing Date: September 16, 2005 |
| ) | |
| **vs.** ) | |
| ) | Held at: 825 North Capitol Street, NE |
| **The District of Columbia Public Schools,** ) | Eighth Floor |
| **Attending School: Moten ES** ) | Washington, D.C. 20002 |
| **Respondent.** ) | |

## DECISION AND ORDER

**2005 SEP 26 AM 11: 39**
**DC PUBLIC SCHOOLS SYSTEM**

**Parent(s):**
Melisa Boyd
2424 Elvans Road, SE. #303
Washington, D.C. 20020

**Counsel for Parent:**
Miquel A Hull, Esq.
James E. Bown & Associates, PLLC
1220 L. Street, N.W.
Suite 700
Washington, D.C. 20005

**Counsel for School:**
Tiffany Puckett, Attorney- Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *OFFICE OF COMPLIANCE*

### Special Education Due Process Hearing

## I. INTRODUCTION

On July 18, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Miquel A. Hull, Esq. The request alleges DCPS failed to provide evaluated the student in all areas of suspected disability and failed to provide an appropriate IEP.

A Due Process Hearing was convened on September 16, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., and 8th Floor, Washington, D.C. 20002. Tiffany Puckett, Esq., Attorney-Advisor, represented DCPS. Miquel A. Hull, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated September 9, 2005: PB-1 through PB-16. On behalf of DCPS: Disclosure Letter dated September 9, 2005: DCPS-01 through DCPS-13. Parent's counsel waived a formal reading of the Due Process Rights. Witnesses for DCPS: Katrina White Sneed, Charlene Quander, Diana Stovall, Rashida Young, and Imani Coleman. Witnesses for Parent: Melisa Boyd.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108–446, The Individuals with Disabilities Education Improvement Act of 2004*, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to evaluate the student in all areas of suspected disabilities and by failing to provide an appropriate IEP?

## IV.    SUMMARY OF RELEVANT EVIDENCE

This case involves allegations that DCPS failed to assess the student in all areas of suspected disabilities and failed to provide an appropriate IEP. According to parent's counsel, DCPS failed to evaluate the student in the area of written language expression and failed to include academic goals, which resulted, it is alleged, in the development of an inappropriate IEP. DCPS argues that the parent participated in the development of the IEP, as she attended the meeting and signed the IEP indicating she approved of its contents. DCPS, further alleged, that the student had made academic progress at Moten ES. Additionally, DCPS alleges that Paradise had been provided extra educational services by enrolling Paradise in a Supplemental Services Program.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    Paradise Boyd is an eleven- (11) year old District of Columbia resident and a student enrolled into Moten Elementary School.

2.    Paradise Boyd is eligible for special education and related services. Her most recent IEP dated February 25, 2005 indicated that Paradise's disability classification is Speech and Language Impaired (SLI)[1]

3.    Katrina White Sneed, Special Education Coordinator at Moten ES, testified and concluded that DCPS performed a Psycho-Educational Evaluation, Social History and Speech and Language Evaluation. The student was determined to be eligible for special education services as Speech and Language Impaired.

4.    Katrina White Sneed also concluded that Paradise Boyd was receiving educational benefit at Molten ES.[2]

3.

---

[1] Exhibit: DCPS-07.
[2] Testimony of Katrina White Sneed.

5.      Paradise Boyd was enrolled at Molten ES for the 2004-2005 school years. Previously, Paradise was enrolled in several different schools and she had been consistently moved from school to school. As a result of these movements, Paradise had an unstable educational history and environment. She had been retained.

6.      DCPS had provided additional time and extra resources to Paradise. She participated in a Supplemental Service Program, which included math and reading. This program resulted in significant educational progress, as she increased her reading score from 2.1 to 2.8.

7.      The Psycho-Educational Evaluation was administered to Paradise on December 17, 2004, which included eleven subtests of the Winchester Intelligence Scale for Children -Fourth Edition (WISC IV). The Full Scale IQ indicated that Paradise's cognitive ability is within the Low Average range of intellectual functioning.[3]

8.      Charlene Squander, Principal at Molten ES, testified and concluded Paradise had made academic progress at Molten ES. She attributed her progress to the extra resources that DCPS had made available to Paradise and, equally important, Paradise consistently going to one school for a complete year.[4]

9.      Diana Stovall, DCPS school psychologist, administered the Psycho-Educational Evaluation. Ms. Stovall indicated that the written expression testing was unintentionally omitted. The test was completed, as an addendum.[5]

10.      Melissa Boyd, parent of Paradise Boyd, was concerned about Paradise's educational progress. The parent indicated that Paradise had made progress, but she was still "quite a bit below grade level".[6]

4.

---

[3] Exhibit: PB-15.
[4] Testimony of Charlene Quander.
[5] Testimony of Diana Stovall.
[6] Testimony of Melisa Boyd.

## VI.  DECISION AND CONCLUSION OF LAW

In this case, DCPS has sustained its burden of proof. The issue is whether DCPS failed to provide a free appropriate public education by failing to evaluate the student in written expression. While DCPS did not evaluate the student in written expression a preponderance of the evidence indicates that the failure was an unintentional oversight, which had been cured by DCPS. The DCPS school psychologist was a credible witness. Further, Paradise had received educational benefit at Molten ES, as her level of reading increased in the second advisory period. This educational progress was as direct result of extra programs and resources DCPS provided to Paradise Boyd. Under this set of circumstances, DCPS has provided this student a free appropriate public education (FAPE).

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1)  **Petitioner's request for relief is GRANTED in part and DENIED in part.**

2)  **Petitioner's request to find a denial of FAPE is DENIED.**

3)  **Petitioner's request to convene a MDT/IEP is GRANTED.**

4)  **DCPS shall, within fifteen- (15) school days of the issuance of the HOD, convene a MDT/IEP meeting to review all current evaluations including the written expression subtest and to include a revision of academic goals, review and revise the student's IEP.**

5)  **DCPS shall provide compensatory education and develop a Compensatory Education Plan to include all additionally services in the revised IEP. The Plan shall include appropriate hours, form and format.**

6)  All communications and notices shall be sent through the parent's counsel.

7)  Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

## VII.    APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION.** Appeals may be made to a court of competent jurisdiction within thirty- (30) days from the date this decision was issued.

_____          Date Filed: ___09-26-05___
Charles R. Jones, Esq., Hearing Officer

Date Issued: ___9/26/2005___

6.



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1.    Attorney Information**
Law Firm:             JAMES E. BROWN & ASSOCIATES, PLLC
Attorney:             JAMES E. BROWN
Federal Tax ID No.:   52-1500760
D.C. Bar No.:         61622

**2.    Student Information**
Name:                      Paradise Boyd
DOB:                       11/30/93
Date of Determination (HOD/SA):   9/26/05
Parent/Guardian Name:      Melisa Boyd
Parent/Guardian Address:   2424 Elvans Rd., SE, #303, WDC 20020
Current School:            Moten ES
Home School:               Moten ES

**3.    Invoice Information**
Invoice Number:          05-453
Date Request Submitted:  10/31/05
Date(s) Services Rendered  7/11/05 to 10/3/05
Amount of Payment Request  $ 7,705.87

**4.    Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____              October 31, 2005
Signature                                  Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Paradise Boyd
Melissa Boyd
2424 Elvans Rd, SE
Apartment # 302
Washington DC 20020


October 03, 2005
In Reference To:     Paradise Boyd
                     DOB: 11/30/93
                     Moten ES

Invoice #10985

        Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 7/11/2005 JF | Consultation with parent and legal assistant, research and case preparation. | 1.58 350.00/hr | 553.00 |
| AAG | Drafted letter to parent | 0.80 105.00/hr | 84.00 |
| AAG | Conference with parent to discuss opening case and child's educational needs. | 1.58 105.00/hr | 165.90 |
| 7/12/2005 JF | Drafted letter to parent regarding strategies to expect from now on and possible Due Process Hearing Request that may be file by Attorney, also advised her about a letter that was sent to school. | 0.58 350.00/hr | 203.00 |
| MH | Prepared draft of due process hearing request to DCPS. Conducted research on issues raised, drafted claims. | 2.17 350.00/hr | 759.50 |
| 7/15/2005 JF | Received and reviewed Complaint filed by child's attorney, contacted parent regarding resolution meeting | 0.75 350.00/hr | 262.50 |
| MH | Prepared final draft of due process hearing request to DCPS. Conducted additional research on issues raised, and finalized drafted claims. | 0.92 350.00/hr | 322.00 |
| 7/20/2005 HR | Draft case status letter to parent detailing the hearing requested and sent letter via mail and via facsimile per parents request. | 0.58 105.00/hr | 60.90 |
| HR | Phone call to parent informing them of the hearing requested and updated case status report regarding phone call. | 0.25 105.00/hr | 26.25 |

Paradise Boyd

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/21/2005 | HR | Draft letter requesting evaluations at Moten Elementary School, sent letter via facsimile to the school, the Office of Special Education, and the Office of the General Counsel. | 0.83 105.00/hr | 87.15 |
| | HR | Drafted letter requesting records at Moten Elementary School sent letter via facsimile to the school, the Office of Special Education, and the Office of the General Counsel. | 0.83 105.00/hr | 87.15 |
| 7/29/2005 | GMH | Reviewed evaluation, Sp & language, dated 2/4/05 | 0.50 175.00/hr | 87.50 |
| | GMH | Reviewed evaluation, Psycho Ed, dated 12/17/04 | 0.83 175.00/hr | 145.25 |
| | GMH | Records review, Report card and Progress Reports, dated Spring 05 | 0.78 175.00/hr | 136.50 |
| | GMH | Reviewed IEP , dated 02-25-05 | 0.67 175.00/hr | 117.25 |
| | GMH | Reviewed IEP and advised the attorney, MDT Notes dated 12/7/05 | 0.67 175.00/hr | 117.25 |
| 8/1/2005 | MH | Attended Resolution Meeting at Moten with parent and child's advocate | 1.33 350.00/hr | 465.50 |
| | JF | Attended Resolution Meeting at Moten EC with parent. | 1.33 350.00/hr | 465.50 |
| | GMH | Reviewed IEP and advised the attorney, for meeting prep. | 0.67 175.00/hr | 117.25 |
| | GMH | Reviewed evaluation, psycho educational, for meeting prep. | 0.83 175.00/hr | 145.25 |
| | GMH | Conference with school staff, parent, Attorney Hull, and advocate Fernandez @ Moten ES | 2.50 175.00/hr | 437.50 |
| 8/15/2005 | HR | Draft letter to the Student Hearing Office requesting a hearing date be scheduled, sent letter via facsimile and sent letter to the Office of the General Counsel. | 0.50 105.00/hr | 52.50 |
| 8/24/2005 | HR | Updated students master file with records received and placed in chronological order. | 0.50 105.00/hr | 52.50 |
| | HR | Draft memo to attorney and advocate informing them of records received | 0.25 105.00/hr | 26.25 |
| 8/30/2005 | HR | Researched case status to check if hearing date has been scheduled and draft memo to attorney and advocate regarding pending hearing date. | 0.33 105.00/hr | 34.65 |

Paradise Boyd                                                                                                    Page    3

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/7/2005 MH | Reviewed file to determine case status and plan for this new school year and pending hearing. | | 0.25<br>350.00/hr | 87.50 |
| 9/9/2005 YA | Assist attorney to prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel | | 1.58<br>105.00/hr | 165.90 |
| MH | Prepare disclosure to DCPS with assistance from paralegal. Reviewed entire file and identified potential exhibits and witnesses; prepared exhibit packet and cover letter; and supervised delivery to DCPS counsel. | | 1.58<br>350.00/hr | 553.00 |
| 9/15/2005 HR | Phone call to parent twice regarding hearing | | 0.17<br>105.00/hr | 17.85 |
| MH | Prepared for Due Process Hearing. Reviewed DCPS and parent's disclosure materials, conducted research on issues raised, discussed issues with parent, and prepared possible witness questions and legal arguments for hearing. | | 1.17<br>350.00/hr | 409.50 |
| 9/16/2005 MH | Appearance to 825 North Capital for due process hearing | | 1.17<br>350.00/hr | 409.50 |
| 9/28/2005 MH | Reviewed HOD received in office. Developed case strategy in light of order. | | 1.17<br>350.00/hr | 409.50 |
| MH | Reviewed HOD received this week and planed case strategy in light of order in the HOD. | | 0.25<br>350.00/hr | 87.50 |
| 9/29/2005 HR | Draft letter to parent detailing the hearing officer's determination | | 0.50<br>105.00/hr | 52.50 |
| HR | Draft letter to Moten Elementary School requesting an MDT/IEP meeting per the hearing officer's determination issued. sent letter with order to the school, to the Office of Mediation and Compliance, and the Office of the General Counsel. | | 0.83<br>105.00/hr | 87.15 |
| | For professional services rendered | | 31.23 | $7,291.90 |
| | Additional Charges : | | | |
| 7/11/2005 | Postage; letter to parent | | | 0.37 |
| | Copied documents- intake | | | 35.00 |
| | Copied documents | | | 0.50 |
| 7/20/2005 | Facsimile to Parent: Hearing request with letter | | | 8.00 |
| | Facsimile to Parent: Hearing request with letter | | | 8.00 |

Paradise Boyd

Page    4

<u>Amount</u>

| Date | Description | Amount |
|---|---|---|
| 7/20/2005 | Postage; case status letter to parent. | 0.60 |
| | Copied: HR letter for parent. | 2.00 |
| 8/10/2005 | Facsimile: Records request to Moten ES, OSE, and OGC. | 15.00 |
| 8/15/2005 | Facsimile; letter requesting hearing to SHO/OGC | 4.00 |
| 9/9/2005 | Facsimile disclosures to OGC, SHO | 176.00 |
| | Facsimile letter to DCPS re: hearing scheduled | 3.00 |
| 9/12/2005 | Copies - Disclosure to OGC | 21.75 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 9/16/2005 | Sedan taxi service to DCPS for hearing | 8.00 |
| 9/26/2005 | Facsimile Received from DCPS; HOD | 7.00 |
| | Copied documents; HOD | 7.00 |
| 9/29/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| 10/3/2005 | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $413.97 |
| | Total amount of this bill | $7,705.87 |



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | | | |
|---|---|---|---|---|---|
| **Attorney Firm** | James E. Brown & Associates, PLLC | | **Dates of Service** | 7/11/2005 | 10/3/2005 |
| **Student** | Paradise    Boyd | | **OGC Control** | 4012 | |
| **Date Received** | 10/31/2005 | | **HOD Docket Nu** | | |
| **HOD DATE** | 9/26/2005 | | **Attorney Invoice** | 05-453 | |
| **Funding Fiscal Year:** | 2005 | | | | |

1) **Application Review**

   a) Application complete      Y
   b) Certification Signed      Y
   c) HOD/SA Attached       Y

| 2) Allocation of invoice | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $7,291.90 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $413.97 | $0.00 |
| TOTALS | $7,705.87 | $0.00 |

| | |
|---|---|
| **Amount Approved Before Partial Payment** | $0.00 |
| **Partial Payment** | $0.00 |
| **Total Amount Approved** | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

**Attorney Firm:** James E. Brown & A

**HOD Date:** 9/26/2005

**Student:** Paradise    Boyd

**Attorney Fee Cap Amount:** $4,000.00

| OGC | Date of Dispute | Dispute Type: | Dispute d Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approve d Rate | Time | Approve d Amount | Dispute d Time | Dispute d Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4012 | | Cost | | No Denial of FAPE | $413.97 | 1 | $413.97 | $0.00 | 0 | $0.00 | 1 | $413.97 |
| 4012 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 4012 | | Fee | | No Denial of FAPE | $7,291. | 1 | $7,291.90 | $0.00 | 0 | $0.00 | 1 | $7,291.90 |
| **Totals** | | | | | | | $7,705.87 | | | $0.00 | | $7,705.87 |

| Attorney Charges | | Expert/Advocate Charges | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $7,291.90 | Total Invoiced Expert Charges: | $0.00 |
| Disputed Attorney Fee Amount | $7,291.90 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | Attorney Expenses | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $413.97 |
| | | Disputed Attorney Expenses | $413.97 |
| | | Approved Expense | $0.00 |
| Approved Invoice Prior to Prepayments | $0.00 | | |
| Partial Payment: | $0.00 | | |
| Total Invoice Approve | $0.00 | | |