# EXHIBIT 5

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A. **INFORMATION ABOUT THE STUDENT:**

Name of the Student: _Keith Butler_   Date of Birth: _January 27th, 1988_

Address: _5581 Chillum Place, NE, Washington, DC 20011_

Present School of Attendance: _The Sunrise Academy_

Parent/Guardian of the Student: ___Mrs. Lunette Russell and Mr. Williams Edwards___

B. **Legal Representative/Attorney (if applicable):**

Name: ___Roxanne Neloms, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) __202-742-2000__ (Fax) __202-742-2097__ (e-mail) _____

Will attorney / legal representative attend the resolution session?    X Yes       ☐ No

C. **Complaint Made Against (check all that apply):**

X DCPS school (name of the school if different from page one)
☐ Charter school (name of the charter school if different from page one) _____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

D. **Resolution Session Meeting Between Parent and LEA:**

X I wish to waive the Resolution Session Meeting.

E. **Mediation Process:**

I am requesting an administrative due process hearing <u>only</u> at this time.

F. **Facts and Reasons for the Complaint:**

   I. Nature of the Problem.

1. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Order of the Independent Hearing Officer Dated August 18th, 2005 and Reconvene the Student's MDT/IEP Meeting to do, Among Other Things, Review and Revise the Student's Individualized Educational Program as Necessary, and Discuss and Determine Placement.</u> An administrative due process hearing was held for the student on August 1st, 2005. As a result of that hearing, the impartial due process hearing officer presiding over that matter, issued a decision, on or about August 18th, 2005, in which DCPS was ordered to do, among other things, the following: "within fifteen (15) school days of the issuance of this Order convene a multidisciplinary team/individualized educational program (MDT/IEP) meeting to review and revise the student's IEP as appropriate, and discuss and determine placement." <u>See</u> Order dated August 18th, 2005. To date, over thirty (30) days have passed and DCPS has yet to comply with the Order of the independent hearing officer.

II. Issues presented.

2

1. Whether or Not DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the August 18th, 2005 Order of the independent hearing officer.

### IV. Relief Sought.

**WHEREFORE**, the parent, by and through counsel, pursuant to the Conciliation Agreement entered into on May 12th, 1981 between the U.S. Department of Education and the District of Columbia Public Schools, hereby requests the following relief:

1. A finding that DCPS denied the student a Free and Appropriate Public Education by failing to Comply with the August 18th, 2005 Order of the independent hearing officer;

2. DCPS agrees to place and fund the student with transportation, for the remainder of the 2005-2006 School Year, at the Sunrise Academy;

3. DCPS, within ten (10) calendar days agrees to reconvene the student's SEP/MDT/IEP Meeting, at the Sunrise Academy to determine what evaluations, if any, are needed for the student, revise and develop an IEP for the student, and discuss and determine what amount of compensatory education if any, the student is owed. If additional evaluations are recommended, then the following provisions shall apply:

    a. DCPS, if the student is recommended to receive additional evaluations at the SEP/MDT/IEP Meeting, agrees to fund all recommended evaluations for the student;

    b. DCPS, within five (5) business days upon receipt of the last of the evaluations, agrees to reconvene the student's MDT/IEP Meeting, at the Sunrise Academy, to review the student's evaluations, revise and update the student's IEP as necessary, and discuss and determine what amount of compensatory education, if any, the student is owed;

4. DCPS agrees to fund all compensatory education for the student that is recommended at the MDT/IEP Meeting;

5. All meetings shall be scheduled through counsel for the parent, Roxanne Neloms, Esq. or Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

7. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities</u>, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

10. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

11. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

14. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

15. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

16. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

4

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher at the Sunrise Academy; 2) a representative of the local education agency with decision making authority, 3) a certified and licensed person who can interpret the data, if necessary 4) any person(s) who conducted any assessments on the student, and 5) any service providers for the student at the Sunrise Academy;

19. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

20. A finding that the parent is the prevailing party in this action.

## G. Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H. Signature:

_____  9/20/05
Legal Representative / Advocate (if applicable)   Date

Mail, fax or deliver this complaint notice to:
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

5

# District of Columbia Public Schools

Office of Management Services
Tonya M. Butler-Truesdale, Esquire, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556
**Confidential**

RECEIVED JAN 0 9 2006 STUDENT HEARING OFFICE

KEITH BUTLER, STUDENT        )
                             )
Date of Birth: January 27, 29998 )
                             )
Petitioner,                  )  Hearing Date: November 14, 2005
                             )
v.                           )
                             )
THE DISTRICT OF COLUMBIA     )
PUBLIC SCHOOLS               )
                             )
                             )
                             )
                             )  Held at: 825 North Capitol Street, N.E.
Respondents.                 )  8th Floor
                             )  Washington, D.C. 20002

## INTERIM HEARING OFFICER'S DECISION

| | |
|---|---|
| Parents: | Mrs. Lunette Russell and Mr. William Edwards
1440 Eastern Avenue, NE
Washington, D.C. 20019 |
| Counsel for Petitioner: | Christopher L. West, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202)742-2098 |
| Counsel for DCPS: | Charles McCullough, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002 |

*In the Matter of K. B.*

### I.  JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to Public Law 108-446, the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

### II.  DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

### III.  FIVE-DAY DISCLOSURE

Petitioner: No witnesses were present or called to testify.  Disclosures labeled KB1-KB23 were presented.

Respondent: No witnesses were present or called to testify because the parties Disclosure labeled DCPS-01 were presented.

### IV.  STATEMENT OF THE CASE

On September 20, 2005, a due process Hearing Request was requested by Petitioner. The Student Hearing Office of DCPS scheduled a Due Process Hearing for November 14, 2005, at 9:00am at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. The Hearing convened as scheduled. Petitioner alleges that DCPS failed to comply with an August 18, 2005 Hearing Officer Determination requiring DCPS to reconvene a MDT/IEP meeting to review and revise Petitioner's IEP, as necessary, and discuss and determine. Attorney Advisor Charles McCullough appeared in person for DCPS.  Attorney Christopher West appeared in person on behalf of Petitioner.

### V.  FINDINGS OF FACT

DCPS conceded and proffered that a meeting needed to be convened for Petitioner and offered to convene the meeting within fifteen to twenty school days to discuss all of Petitioner's requests.

Due to the already existing forty-seven delay in convening a meeting which a previous HOD required to be held no later than September 8, 2005, this hearing officer requested that DCPS counsel attempt to secure a date specific from placement specialist before the November 14, 2005 meeting was adjourned.  DCPS counsel attempted but was unable to

2

*In the Matter of K.B.*

secure a date from placement specialist. An initial interim order and verbal directive was given requiring that the meeting be held no later than November 24, 2005. To date no status reports have been received from Petitioner or Respondent to advise this Hearing Officer of the convening of a meeting.

VI. **ORDER**

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and representations of the parties' counsel at the hearing, this 8th day of January 2006, it is hereby

**ORDERED**, that DCPS shall convene an MDT/IEP meeting within five school days of this Order if a meeting has yet to be convened consistent with the Initial Interim Order.

**IT IS ALSO ORDERED**, that the purpose of the meeting shall be to discuss appropriateness of the current placement, review and revise the IEP if necessary and discuss any existing placement considerations for the 2006-2007 school year and determine if additional evaluations are warranted.

**IT IS ALSO ORDERED**, that DCPS shall issue a prior notice of placement pursuant to the August of 2005 Hearing Officer Determination issued by Hearing Officer Coles B. Ruff.

**IT IS ALSO ORDERED**, that if a subsequent change of placement is warranted to a DCPS public school, DCPS shall have five (5) calendar days to issue the prior notice of placement. If placement is to a non-public or private school, DCPS shall have thirty (30) calendar days and if placement is to a residential facility DCPS shall have sixty (60) calendar days to issue the prior notice of placement.

**IT IS ALSO ORDERED**, that all meetings will be scheduled through parent's counsel and, DCPS will be granted a day for day extension for any delay caused by counsel for the parent/guardian, the parent/guardian, the student, or the educational advocate.

**IT IS ALSO ORDERED**, that the team shall determine whether compensatory education is warranted from September 8, 2005 to the date the IEP meeting is convened.

**IT IS ALSO ORDERED**, that both Petitioner and Respondent shall submit status reports within then calendar days of the issuance of this Order to advise this Hearing Officer of the status of Petitioner's IEP ordered by Interim Order on November 14, 2005 and to request a Final Order if appropriate.

*In the Matter of K.B.*

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

_____    January 8, 2006
Tonya M. Butler-Truesdale, Esquire    Date
Hearing Officer

Issued: __11/9/06__
Student Hearing Office, DCPS

4

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### FACSIMILE SHEET

Date: 1/9/06

TO: C. West

FROM: STUDENT HEARING OFFICE

RE: Butler, Keith / HOD

TOTAL NUMBER OF PAGES, INCLUDING COVER:

COMMENTS:

**CONFIDENTIALITY NTOICE:** The Information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

**OFFICE OF GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Keith Butler
   DOB: 1/27/98
   Date of Determination (HOD/SA): 1/9/06
   Parent/Guardian Name: Lunette Russell & William Edwards
   Parent/Guardian Address: 1440 Eastern Ave., NE, WDC 20019
   Current School: Coolidge SHS
   Home School: Coolidge SHS

3. **Invoice Information**
   Invoice Number: 06-040
   Date Request Submitted: 1/12/06
   Date(s) Services Rendered: 8/19/05 to 9/22/05
   Amount of Payment Request: $ 6,149.57

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_/s/ James E. Brown_               January 12, 2006
Signature                          Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Keith Butler

January 10, 2006
In Reference To:   Keith Butler
Invoice #11201

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/19/2005 DD | Reviewed the students file and last IEP and HOD | | 1.50<br>185.00/hr | 277.50 |
| 8/29/2005 DD | Reviewed file and the students latest HOD | | 0.67<br>185.00/hr | 123.95 |
| WB | Drafted letter to private school SunRise Academy re: scheduling of MDT/IEP and any meetings | | 0.50<br>110.00/hr | 55.00 |
| WB | Drafted letter to parent re: case status and correspondence sent to SunRise Academy | | 0.42<br>110.00/hr | 46.20 |
| 8/31/2005 DH | Discussion with the mother regarding the status of the student's case. | | 0.17<br>350.00/hr | 59.50 |
| 9/20/2005 DH | Review the student's educational file to determine complaince with the expressed written terms of the order of the independent hearing officer, conduct educational research regarding remedies available to the parent, draft administrative due process hearing complaint for Ms. Neloms' review. | | 2.00<br>350.00/hr | 700.00 |
| RN | Review the administrative due process hearing complaint drafted by Mr. Hill. | | 0.33<br>365.00/hr | 120.45 |
| 9/22/2005 KD | Drafted letter to parent/enclosed copy of HR-Complaint/copy to advc and file/added to case notes/posted deadline dates to Outlook and Desk Calendars | | 0.50<br>110.00/hr | 55.00 |

Keith Butler                                                                                               Page   2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/22/2005 | DH | Discussion with the mother regarding the DCPS' violation of the order, draft and send letter to DCPS informing them of noncompliance and the parent's intent to file a due process hearing. director at the Pines regarding the Pines intention to discharge the student. | 0.17<br>350.00/hr | 59.50 |
| 10/28/2005 | DD | Reviewed file for complaint file | 0.83<br>185.00/hr | 153.55 |
|  | KD | Drafted letter to parent/enclosed copy of HN/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.42<br>110.00/hr | 46.20 |
| 11/4/2005 | KD | Assist attorney to prepare disclosure to DCPS | 1.00<br>110.00/hr | 110.00 |
|  | DH | Prepare disclosure to DCPS | 1.00<br>365.00/hr | 365.00 |
| 11/5/2005 | DH | Draft and send letter to school and DCPS regarding the student's MDT/IEP Meeting. | 0.33<br>350.00/hr | 115.50 |
| 11/8/2005 | CW | Reviewed request for hearing, prior HOD in preparation for hearing; teleconference with parent and discussed status of meeting in preparation for hearing | 1.00<br>365.00/hr | 365.00 |
|  | WB | Drafted letter to parent re: case status w/ Notice of IEP/MDT Meeting | 0.50<br>110.00/hr | 55.00 |
| 11/10/2005 | CW | Reviewed request for hearing; conference with parent and reviewed witness questions in preparation for hearing | 1.00<br>365.00/hr | 365.00 |
| 11/13/2005 | DH | Prepare for the student's administrative due process hearing request. | 2.50<br>350.00/hr | 875.00 |
| 11/14/2005 | CW | Appearance to 825 North Capital for due process hearing to address DCPS' violation of the IDEIA | 2.50<br>365.00/hr | 912.50 |
|  | DH | Prepare and appear at the student's administrative due process hearing. | 3.00<br>350.00/hr | 1,050.00 |
|  |  | For professional services rendered | 20.34 | $5,909.85 |

Additional Charges :

| Date | Description | Amount |
|---|---|---|
| 8/30/2005 | Facsimile: HOD letter to Sunrise Academy. | 9.00 |
| 9/20/2005 | Facsimile HR to SHO | 7.00 |
| 9/22/2005 | Copied: HR complaint for parent and advocate. | 4.00 |
|  | Postage; letter to parent re: HR complaint. | 0.60 |

Keith Butler                                                                                              Page    3

                                                                                                          Amount

| Date | Description | Amount |
|---|---|---|
| 10/28/2005 | Postage; letter to parent re: HN. | 0.37 |
|  | Copied: HN letter for parent and advocate. | 1.00 |
| 11/4/2005 | Copied: Disclosure for SHO and OGC. | 82.00 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 11/5/2005 | Facsimile: letter to Sunrise. | 2.00 |
| 11/8/2005 | Postage; letter to parent (Notice of IEP/MDT Meeting) | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 11/14/2005 | Sedan taxi service to and from DCPS for hearing | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $239.72 |
|  | Total amount of this bill | $6,149.57 |



**District of Columbia Public Schools**
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | |
|---|---|---|---|
| Attorney Firm | James E. Brown & Associates, PLLC | Dates of Service | 8/19/2005 to 11/14/2005 |
| Studen | Keith   Butler | OGC Control | 4361 |
| Date Received | 1/12/2006 | HOD Docket Nu | |
| HOD DATE | 1/9/2006 | Attorney Invoice | 06-040 |
| Funding Fiscal Year: | 2006 | | |

1) Application Review
    a) Application complete     Y
        Certification Signed     Y
    b) HOD/SA Attached     Y

| 2) Allocation of invoice | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $6,149.57 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $0.00 | $0.00 |
| TOTALS | $6,149.57 | $0.00 |

Amount Approved Before Partial Paymen     $0.00
Partial Payment     $0.00
Total Amount Approved     $0.00

Processed By: Attorney Fee Invoice Processing Team
Approved By: _____

# Attorney Dispute Sheet

| Attorney Firm | James E. Brown & As | | | HOD Date | | | 1/9/2006 | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Student | Keith | Butler | | Attorney Fee Cap Amount | | | $4,000.00 | | | |

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4361 | | Cost | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 4361 | | Expert'/Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 4361 | 8/19/2005 11/14/2005 | Fee | | No final HOD | $6,149. | 1 | $6,149.57 | $0.00 | 0 | $0.00 | 1 | $6,149.57 |
| **Totals** | | | | | | | $6,149.57 | | | $0.00 | | $6,149.57 |

**Attorney Charges**

| | |
|---|---|
| Invoiced Attorney Fee Amount | $6,149.57 |
| Disputed Attorney Fee Amount | $6,149.57 |
| Pre-Cap Approved Attorney Fee Amoun | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 |
| Approved Attorney Fees | $0.00 |

**Expert/Advocate Charge**

| | |
|---|---|
| Total Invoiced Expert Charges | $0.00 |
| Disputed Expert Fee | $0.00 |
| Approved Expert Fee | $0.00 |
| **Attorney Expenses** | |
| Invoiced Attorney Expenses | $0.00 |
| Disputed Attorney Expenses | $0.00 |
| Approved Expense | $0.00 |

| | |
|---|---|
| Approved Invoice Prior to Prepayment | $0.00 |
| Partial Payment: | $0.00 |
| Total Invoice Approve | $0.00 |