# EXHIBIT 6



**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  <u>INFORMATION ABOUT THE STUDENT:</u>

Name of the Student:   Leilani Fisher   Date of Birth: May 22nd, 1993

Address:  148 Wayne Place, SE,  #101, Washington, DC 20032

Present School of Attendance: Neval Thomas Elementary School

Parent/Guardian of the Student: ___Ms. Karen Fisher___

## B.    Legal Representative/Attorney (if applicable):

Name: ____Roxanne Neloms, Esq.____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097___ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐Non-public    school    or    residential    treatment    facility    (name) _____

☐Parent

## D.    Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.    Mediation Process:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

## F.    Facts and Reasons for the Complaint:

### I.    Nature of the Problem.

1. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the May 23<u>rd</u>, 2005 Order of the Independent Hearing Officer.</u>  An administrative due process hearing was held for the student on or about May 10th, 2005.  As a result of that hearing, the impartial due process hearing officer, issued a decision on or about May 23rd, 2005, in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, fund the parent's independent vineland adaptive assessment, social history assessment, occupational therapy assessment, and neuropsychological evaluation.  See Order dated May 23rd, 2005.

The Order went on to state that DCPS, within fifteen (15) business days of receipt of the last of the evaluations is to convene the student's BLMDT/IEP Meeting, to determine eligibility for special education and its related services, if eligible,

develop an appropriate IEP, discuss placement, and discuss placement for the 2005-2006 school years.

Copies of the student's vineland adaptive assessment, social history assessment, occupational therapy assessment, and neuropsychological evaluation were forwarded, along with a letter, to DCPS on or about September 2nd, 2005. See Correspondence dated September 2nd, 2005. Counsel for the parent, in that same letter, pursuant to the terms of the Order, requested that DCPS reconvene the student's BLMDT/IEP Meeting within fifteen (15) business days. Id. DCPS never responded.

A second letter was sent by the parent's counsel on September 22nd, 2005. See Correspondence dated September 22nd, 2005. Counsel for the parent, in that same letter informed DCPS that the parent, in the event DCPS failed to comply with the Order of the independent hearing officer, intended to file an administrative due process hearing complaint. DCPS, for a second time, failed to respond. To date, DCPS has yet to take any steps to comply with the Order of the independent hearing officer.

2. DCPS Denied the Student with a Free and Appropriate Public Education by Failing To Timely Determine the Student's Eligibility for Special Education and Its Related Services. The student, at all times relevant to the filing of this complaint, has been enrolled with the District of Columbia Public Schools "DCPS"). The student, as a result of her inability to learn, has been retained on no less than three (3) occasions.

The student, as a result of her inability to learn, was referred by her parent, on or about January 27th, 2005, for special education eligibility. DCPS, according to the applicable rules and regulations, has 120 days to evaluate the student, determine her eligibility for special education and its related services, if eligible, develop an appropriate IEP, and discuss and determine placement. As such, in the instant matter, DCPS was under an obligation to evaluate the student, and do, among other things, determine her eligibility for special education and its related services no later than April 27th, 2005. Here, DCPS failed to do this.

Specifically, well over 120 days have passed and DCPS has yet to make a determination as to the student's eligibility for special education and its related services.

3. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, and Develop an Appropriate IEP. According to the Individuals with Disabilities Education Improvement Act, DCPS, as the local and state education agency, is to ensure that an appropriate IEP developed for each child who may require special education and its related services within its

jurisdiction. In the instant matter, it is clear DCPS has failed to comply with the requirements of the statute.

Specifically, the student, according to several evaluations conducted on her is eligible to receive special education and its related services as a student with, among other things, a learning disability, emotional disturbance, and possibly mental retardation. DCPS, despite being in possession of these evaluations, and knowing the student's history of academic failure, has yet to take any steps to comply with develop an appropriate IEP for the student despite the fact they are in possession of evaluations that suggest the student is in need of those services.

4. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Place the Student in an Appropriate Placement.</u> The student's current placement at Kenilworth Elementary School is inappropriate and unable to meet the student's special education needs.

More specifically, the student, has been retained on no less than three (3) occasions. DCPS, despite having evaluations that recommended the student to receive special education instruction and related services, has taken no steps to provide the student with any instruction or services. This includes DCPS' failure to have the student placed in a small classroom setting that would enable the student to learn. DCPS' failure to have the student placed in an appropriate special education program amounts to a denial of a Free and Appropriate Public Education.

5. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct the Student's Remaining Speech and Language Evaluation and Auditory Evaluation.</u> According to the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec., 101, § 614, the District of Columbia Public Schools ("DCPS") is to evaluate a student in all areas of suspected disabilities. In the instant matter, it is clear, DCPS has failed to do this.

Here, a neuropsychological evaluation was conducted on the student on or about June 13th, 2005. In the neuropsychological evaluation it was recommended that the student receive a speech and language evaluation and auditory assessment in order to rule out is she is in need of speech and language services or have a problem with hearing. Counsel for the parent, on or about July 22nd, 2005, wrote to DCPS requesting both evaluations, to date, DCPS has yet to respond to either request. DCPS' failure to conduct either the speech and language evaluation and auditory evaluation amounts to a denial of a Free and Appropriate Public Education.

6. <u>Denial of a Free and Appropriate Public Education  - Failure to Timely Provide the Student with his Special Education Instruction and Related Services.</u> Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No.  3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. <u>See, e.g., Manchester Sch. Dist. v. Christopher B.</u>, 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In <u>Manchester</u>, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, the student was referred for special education eligibility, on or about January 27th, 2005. DCPS, according to the applicable rules and regulations, was to evaluate the student convene his BLMDT/IEP Meeting, determine his eligibility for special education eligibility, if eligible, develop an appropriate IEP, and determine placement within 120 days or April 27th, 2005. DCPS failed to do this. Indeed, to date, the student has yet to develop an appropriate IEP, locate an appropriate special education program, or begin providing the student with special education instruction for well over five (5) months. DCPS' failure to timely provide the student with his special education instruction, amounts to a denial of a Free and Appropriate Public Education.

## II. Issues presented.

1. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the May 23rd, 2005 Order of the Independent Hearing Officer;

2. Whether or Not DCPS Denied the Student with a Free and Appropriate Public

Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct the Student's Recommended Speech and Language and Auditory Evaluations;

3. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Develop an Appropriate Individualized Educational Program;

4. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Place the Student in an Appropriate Special Education Program;

5. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct the Student's Remaining Speech and Language Evaluation and Auditory Evaluation; and

6. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services.

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the May 23rd, 2005 Order of the Independent Hearing Officer;

2. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct the Student's Recommended Speech and Language and Auditory Evaluations;

3. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Develop an Appropriate Individualized Educational Program;

4. A Finding That DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Place the

Student in an Appropriate Special Education Program;

5. A Finding That DCPS DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004)_Pub. L. No. 108-446 Sec. 101, § 614 and Conduct the Student's Remaining Speech and Language Evaluation and Auditory Evaluation; and

6. A Finding That DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services.

7. DCPS, on an interim basis, agrees to place and fund the student, with transportation, at the Rock Creek Academy, Pathways School of Maryland, the Sunrise Academy, or High Roads Upper School of Prince George's County; or the High Roads School of Washington, DC;

8. DCPS, agrees to fund the parent's independent speech and language and auditory evaluations;

9. DCPS, within ten (10) business days upon receipt of the last of the student's evaluations, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, discuss and determine if a change in placement is necessary;

10. If a change in placement is necessary, DCPS shall have five (5) school days to issue a Prior Notice of Placement to a DCPS public school, and thirty (30) calendar days to issue a Prior Notice of Placement to a non-public or private school;

11. DCPS agrees to fund, for three (3) years, four (4) hours a week of individualized tutoring;

12. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

13. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

14. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities</u>, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

15. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

16. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

17. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

18. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

19. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

20. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due

process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

21. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

22. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

23. A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

## H.    **Signature:**

_____    10/13/05
Legal Representative / Advocate (if applicable)    Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

9

```
*********************
***    TX REPORT    ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3111 |
| CONNECTION TEL | 92024425556 |
| CONNECTION ID | |
| ST. TIME | 10/13 20:02 |
| USAGE T | 01'30 |
| PGS. SENT | 10 |
| RESULT | OK |

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ○ | 1220 L Street, NW | Roxanne D. Neloi ; |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott Mck ight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Onl

# *FAX COVER SHEET*

TO: Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE:   October 13th, 2005

FAX NO: 202-442-5556

SUBJECT: L.F., DOB: 5/22/93

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 10

COMMENTS:   Administrative due process hearing complaint. Thank you for your assistance

---

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of  ie
addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. 3rown
and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| Leilani Fisher ("Student") | ) | **HEARING OFFICER'S DECISION**[1] |
| Date of Birth: May 22, 1993 | ) | |
| Petitioner, | ) | Hearing Dates: December 8, 2005 |
| v. | ) | Held at: 825 North Capitol Street, NW |
| | ) | 8th Floor |
| | ) | Washington, DC 20002 |
| District of Columbia Public Schools | ) | |
| 825 North Capitol Street, NW | ) | Attending School: |
| Washington, DC 20002 | ) | Neval Thomas ES |
| ("DCPS" or "District") | ) | |
| | ) | Due Process Complaint Notice: |
| Respondent. | ) | October 13, 2005 |

Counsel for Parent:        Christopher L. West, Esq.
                          1220 L Street, N.W.
                          Suite 700
                           Washington, D.C. 20005

Counsel for DCPS:         Tiffany Puckett, Esq.
                          District of Columbia Public Schools,
                          9th Floor
                          825 North Capitol Street, NW
                          Washington, DC 20002

---

[1]    An index of names is attached hereto for the benefit of the parties. The index will permit
the parties to identify specific witnesses and other relevant persons. The index is
designed to be detached before release of this Hearing Officer's Determination as a
public record.

# INDEX OF NAMES

Leilani Fisher v. DCPS

| Parent | Ms. Karen Fisher |
|---|---|
| Parent/Student's Representative | Christopher L. West, Esq. |
| Student's Education Advocate | Mr. Kevin Carter |
| School System's Representative | Tiffany Puckett, Esq. |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

## INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## IMPARTIAL DUE PROCESS HEARING

**INTRODUCTION:**

    A Due Process Hearing was convened on December 8, 2005. The Hearing was held at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant to a Complaint submitted by counsel for the parent dated October 13, 2005.

**ISSUE:**

    As discussed on the record, the single issue is:

    Whether DCPS denied the student FAPE by not convening an MDT meeting in accordance with an HOD issued May 23, 2005?

**JURISDICTION:**

    The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Improvement Act* (I.D.E.I.A.), 20 U.S.C. 1400, et. seq. and the *Rules of the Board of Education of the District of Columbia.*

**DUE PROCESS RIGHTS:**

    Counsel for the parent waived a formal reading of the due process rights.

**FINDINGS OF FACT:**

    1.    A Hearing Officer's Determination (" HOD") was issued on May 23, 2005 that authorized the parent to obtain an independent Vineland Adaptive Assessment, Social History, Occupational Therapy Evaluation and a Neuropsychological Evaluation at DCPS expense. DCPS was then directed to conduct a BLMDT meeting within 15 business days of receipt of the independent evaluations to determine the student's eligibility for special education services. All communications and notices were to be sent through the parent's counsel.[2]

    2.    On July 22, 2005, the parent, through counsel, sent DCPS a letter addressed to Ms. Mary Lee Phillips, Interim Chief of Special Education Reform, stating that a copy of a neuropsychological evaluation and a social work evaluation were enclosed.[3] The neuropsychological evaluation is dated June 13, 2005 and, among other things, recommended that an auditory examination be conducted.[4] The social history evaluation is dated June 28, 2005 and stated that the student "could benefit from an

---

    [2]    LF-7
    [3]    LF-8
    [4]    LF-12

updated speech and language evaluation" and that the student "could benefit from individual counseling."[5]

3.    By letter dated September 2, 2005 addressed to the DCPS Acting Director, Office of Mediation and Compliance, the parent sent DCPS a letter stating that enclosed were a copy of the student's adaptive vineland,[6] social history,[7] occupational therapy[8] and neuropsychological assessments.[9] The parent also requested in this letter for DCPS to convene an MDT/IEP meeting within 15 business days.[10]

4.    The parent, through counsel, filed a Due Process Hearing Complaint ("Complaint") on October 13, 2005[11] contending, among other things, that DCPS had failed to comply with the HOD and failed to convene an MDT/IEP meeting to review all evaluations. The Due Process Hearing went forward on December 8, 2005. At the Hearing, parent's counsel stated on the record that the relief that the parent now requests is to convene an MDT meeting, with the parent and her representative present to review the student's evaluations and to discuss and determine the student's eligibility for special education services.

4.    On October 14, 2005, DCPS held a resolution meeting as a result of the Complaint that had been filed. Notes were taken of this meeting.[12] The notes state that it was the purpose of the meeting to review the independent evaluations that had been conducted. The notes also state that the meeting was to serve as Resolution Session meeting, and that the parent was invited to attend the meeting, but was not present; consequently, the meeting was rescheduled to Thursday, October 20, 2005 at 11:00 a.m.

5.    On October 20, 2005, the meeting was reconvened as scheduled. The parent participated in this meeting by telephone, her advocate, Mr. Kevin Carter was present as well as representatives of DCPS: Dr. Katherine Marshall, psychologist, Ms. Learay McRae, teacher, Ms. Ruth Barnes, principal, Ms. Elizabeth Oregimi, special education teacher, Ms. Marnie Cato, speech pathologist and Ms. Tamara Dukes, social worker.

6.    Mr. Carter, testifying for the parent, stated on the record that when the October 20th meeting began, Ms. Tamara Dukes said that the meeting was to be an eligibility meeting as well as a resolution session meeting since the parent had filed a Due Process Complaint. Mr. Carter testified however that the notice to the parent about the meeting does not state that it was to be an eligibility meeting, but only a resolution session meeting to discuss the complaint. The notice does in fact state that the meeting was to be a resolution session meeting.[13]

---

[5]    LF-13
[6]    LF-15
[7]    LF-8
[8]    LF-14
[9]    It is noted that there is a neuropsychological evaluation attached to the letter that is the same as LF-12.
[10]    LF-10
[11]    LF-02
[12]    DCPS-01
[13]    LF-19

4

7.    Mr. Carter testified he went to the meeting not aware that it was to be an eligibility meeting in addition to the resolution session meeting. He informed the team that he could only be there 1 hour. Mr. Carter also informed the team that the neuropsychological evaluation had been conducted and based on this and a Vineland Adaptive Assessment, he felt that the student was eligible for special education. Mr. Carter testified that the team discussed the Complaint at the meeting, but that after he informed the team of the neuropsychological evaluation, he was informed that DCPS was not aware of the neuropsychological evaluation so all agreed to reschedule the meeting to October 25, 2005 in order for DCPS to have time to review the neuropsychological evaluation and then prepare a written report.

8.    Mr. Carter testified that he made it clear that he wanted the review of the neuropsychological evaluation completed and a copy provided to him at least 24 hours before the meeting, but he later agreed that it would be provided to him by 5:00 p.m. on October 24, 2005. The meeting was then rescheduled for 9:00 a.m. on October 25, 2005. Mr. Carter also testified that he made it clear that the meeting was conditioned on his receiving the written review of the neuropsychological evaluation by 5:00 p.m. on October 24, 2005. However, he testified that he remained in his office until approximately 5:40 p.m. and had not received the review. He testified that since he had not received the review he then concluded that the meeting would not go forward the next day.

9.    Mr. Carter testified that he was told the next day by his office that the written review of the neuropsychological report had been received around 7:00 p.m. on the evening of October 24, 2005. Mr. Carter testified that he did not call to state that he was not going to attend the meeting because he assumed the meeting was not going forward since he had not received the neuropsychological review. Mr. Carter also said that he did not call the parent because he thought that the parent understood not to go to the meeting unless the review had been completed.

10.    Ms. Darcy Parris testified at the Hearing on behalf of DCPS. Ms. Parris is the special education coordinator at the Neval Thomas ES. She testified that DCPS had agreed to provide a written review of the evaluation to Mr. Carter the evening before the next meeting that was agreed to go forward on October 25, 2005. Ms. Parris testified that she gave Mr. Carter a notice confirming the meeting for the 25th.[14]

11.    Ms. Parris testified that it was not her responsibility to provide Mr. Carter with the written review of the neuropsychological evaluation, but that Dr. Katherine Marshall, the psychologist was to do this. Dr. Marshall prepared her review finding that the student does not have a specific learning disability.[15] Although Dr. Marshall's evaluation is not dated, it appears that it was faxed to Mr. Carter on October 24, 2005 at 7:36 p.m.[16]

12.    Ms. Parris testified that the meeting was reconvened on October 25, 2005. The participants included herself, the parent, who was physically present, Ms. Sabra Thompson, reading resources teacher, Ms. Ruth Barnes, the principal, Dr. Marshall, psychologist, Dr. Mario Coleman, psychologist, Ms. Dona Washington, special education coordinator and Ms. V. Randolph, occupational

---

[14]    LF-21; the notice is titled "Resolution Session Confirmation."
[15]    LF-22
[16]    LF-22; DCPS-18

therapist, who participated by telephone.[17]  Mr. Carter was not at this meeting.  Ms. Paris testified that the parent attempted to contact him, but was not successful.

13.    Ms. Parris testified that the team discussed the following evaluations at the October 25th meeting: OT, Speech and Language, Neuropsychological, Social History and Psychological Educational. The team did not review a Vineland Adaptive Assessment because they did not have one to review.  The Adaptive Vineland was listed in the letter dated September 2, 2005 (LF-10).  Ms. Parris testified that as a result of the meeting, the team concluded that the student was not eligible for special education and recommended after school tutoring, and individual and group counseling to address the student's self-esteem issues.  In this regard, Ms. Parris testified that Neval Thomas has an after school program that the student could participate in and a tutor available during the school day.  Ms. Parris testified that the parent made no comments about the recommendation.  Following the meeting, a prior notice was issued stating that the student was not eligible for special education, but the team remained open to discussing the student's progress.[18]

14.    Ms. Parris testified that although she did not get a call from Mr. Carter that the meeting for October 25, 2005 should not go forward, she was contacted after the meeting by the parent's counsel that the meeting should not have gone forward.[19]

15.    The parent testified that she may have received a copy of the neuropsychological review by mail prior to the meeting on October 5, 2005, but she did not recall what it was.  With regard to the meeting on the 25th of October, she testified that she did go to the meeting, but evidently, said little at the meeting.[20]

## DECISION AND CONCLUSIONS OF LAW:

1.    The parent filed the Complaint contending that DCPS failed to comply with a May 23, 2005 HOD to conduct specified evaluations and then convene an MDT meeting within 15 business days thereafter to determine the student's eligibility for special education services and therefore denied the student a Free and Appropriate Public Education ("FAPE") as required by 34 C.F.R. §300.300.  The obligation to provide FAPE includes identifying, locating and evaluating children in all areas of suspected disabilities 34 C.F.R. §300.125 and determining the student's eligibility for special education and related services and if eligible, develop an IEP, 34 C.F.R. §300.340and determining an appropriate placement 34 C.F.R. §300.552, et. seq.

2.    Based on the record, evaluations were provided to DCPS by the parent on two separate occasions; July 22, 2005 and September 2, 205; however, it was not clear from the record as to when DCPS received a neuropsychological evaluation.  Even though the letters of parent's counsel refer to it, the record reflects that as of October 20, 2005, DCPS was not aware of the evaluation and therefore, Mr. Carter provided a copy to the team assembled on October 20, 2005 so that the team could determine the student's eligibility for special education services.  Accordingly, the only date certain as to when DCPS actually received the last independent evaluation, i.e. the neuropsychological evaluation, was October

---

[17]    LF-02
[18]    DCPS-03
[19]    LF-26
[20]    LF-02

20, 2005. Therefore, the record does not support a failure of DCPS to convene the MDT meeting within 15 business days of receipt of the last evaluation because convening the meeting on October 25, 2005 would have been within the required 15 business days of October 20, 2005.

     3.     Additionally, as testified to by Mr. Carter, the meetings that went forward on October 20, 2005 and October 25, 2005 were not identified as MDT meetings, but clearly identified as resolution session meetings to discuss the complaint. Although it would be reasonable to conduct both a resolution session meeting and an MDT meeting at the same time, the parent and her representative should have been on notice of such; otherwise, the parent was only placed on notice as to what the notice of the meeting stated; a resolution session to discuss the complaint. Such a meeting could lead to the conducting of an MDT/Eligibility meeting, however, the purpose of the meeting should be clear to all parties.

     4.     The record shows that the meeting that initially went forward on October 20, 2005 had to be rescheduled to October 25, 2005 to enable DCPS time to conduct a review of a neuropsychological evaluations that had been independently obtained by the parent. The meeting was scheduled for 9:00 a.m. on October 25, 2005; however, the parent's educational advocate, who requested that DCPS review the neuropsychological evaluation, did not attend the meeting. Based on the record, the team agreed to provide Mr. Carter with the review before 5:00 p.m. on the evening of October 24, 2005. However, the review was not sent to Mr. Carter until around 7:00 p.m. that evening, after Mr. Carter had left the office. Although the meeting notes do not specify when Mr. Carter was to receive the review, his testimony is deemed credible, that it was clear when he left the meeting on October 20, 2005 that the review was to be sent to him by 5:00 p.m. on the 24th.

     5.     Ms. Parris testified that it was not her responsibility to forward the review, but that of Dr. Marshall. Under the circumstances, it was reasonable for Mr. Carter to conclude that the meeting was not going forward since he had not received the review by 5:00 p.m.

     6.     Had DCPS identified the purpose of the meeting on the 25th as an MDT/Eligibility meeting in addition to a resolution session meeting and timely provided the written review of the neuropsychological evaluation, it would have been reasonable for DCPS to proceed with the meeting on the 25th. This would have been because the parent was physically present and apparently did not voice an objection to proceed, notwithstanding the absence of her advocate, who she tried to call.

     7.     The Rules of the D.C. Board of Education, Section 3030.3 requires that DCPS shall bear the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student and to provide the student with FAPE. Based on the record, there is insufficient evidence that DCPS has denied the student FAPE and accordingly, it is determined that DCPS has met its burden. However, since all review are now available, it is necessary to convene an MDT/Eligibility meeting to determine the student's eligibility for special education.

**ORDER:**

  1.      Within 30 days of the issuance of this HOD, DCPS shall convene an MDT/Eligibility meeting to determine review all evaluations and determine the student's eligibility for special education services.

  2.      The scheduling of meetings shall be through parent's counsel. Any delay in any timeline or scheduling of a meeting by the parent, student or parent's counsel shall extend any timeline by one day for each day of delay.

**APPEAL PROCESS:**

  **This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.**


Date: 12-19-05

Issued: 12-19-05

David R. Smith, Esq.
Impartial Hearing Officer

8

# INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## IMPARTIAL DUE PROCESS HEARING

| | | |
|---|---|---|
| In the Matter of | ) | **CERTIFICATION OF RECORD** |
| | ) | |
| Leilani Fisher | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| District of Columbia Public Schools | ) | |
| 825 North Capitol Street, NW | ) | |
| Washington, DC 20002 | ) | |
| ("DCPS" or "District") | ) | |
| Respondent. | ) | |

I, David R. Smith, Impartial Due Process Hearing Officer in this matter, DO

HEREBY CERTIFY that the attached Record of Proceeding itemizes the record in

the above-entitled matter as of this date, consisting of the items admitted into evidence,

including disclosure exhibits and the audio tape recording of the Due Process Hearing.

EXECUTED this 19th day of December, 2005.

_____
DUE PROCESS HEARING OFFICER

9

## MATTER OF LEILANI FISHER V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 10-13-05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 11-10-05 | Notice of Hearing |
| 12-1-05 | DCPS Disclosure Exhibits: DCPS-01 through DCPS-18 |
| 12-8-05 | Audio recordings of hearings |
| 12-1-05 | Parent Disclosure Exhibits: LF-01 through LF-38 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

# District of Columbia Public Schools
## *Office of Compliance*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: *12-19-05*

TO: *C. West*

FROM: STUDENT HEARING OFFICE

RE: *HOD - Leilani Fisher*

TOTAL NUMBER OF PAGES, INCLUDING COVER:


COMMENTS:


*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:                          JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:                          JAMES E. BROWN
   Federal Tax ID No.:                52-1500760
   D.C. Bar No.:                      61622

2. **Student Information**
   Name:                              Leilani Fisher
   DOB:                               5/22/93
   Date of Determination (HOD/SA):    12/19/05
   Parent/Guardian Name:              Karen Fisher
   Parent/Guardian Address:           148 Wayne Pl., SE, #101, WDC 20032
   Current School:                    Neval Thomas ES
   Home School:                       Simmons ES

3. **Invoice Information**
   Invoice Number:                    06-005
   Date Request Submitted:            1/12/06
   Date(s) Services Rendered          5/24/05 to 12/8/05
   Amount of Payment Request          $ 11,509.39

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____                    January 12, 2006
Signature                                    Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Leileni Fisher
Karen Fisher
148 Wayne Place, SE
Apt # 101
Washington DC 20032


January 05, 2006
In Reference To:    Leileni Fisher
                    DOB: 5/22/93
                    School: Simmons ES

Invoice #11160

         Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/24/2005 | KD | Drafted letter to parent/enclosed copy of 5-23-05 HOD/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
|  | KD | Requested evaluations to RCA | 0.58 110.00/hr | 63.80 |
|  | KD | Drafted letter to parent/enclosed copy of Indpndt Eval Rqst to RCA/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
|  | KD | Reviewed 5-23-05 HOD and added deadline issues to Outlook Calendar | 0.17 110.00/hr | 18.70 |
| 6/2/2005 | KD | Requested evaluations to Interdynamics w/enclosures | 0.67 110.00/hr | 73.70 |
|  | KD | Drafted letter to parent/enclosed copy of Indpndt Eval Rqst to Interdynamics/copy to advc and file/added to case notes | 0.42 110.00/hr | 46.20 |
| 6/8/2005 | DD | Reviewed file and request for adapative vineland | 1.50 185.00/hr | 277.50 |
| 6/9/2005 | KD | Phone call to Interdynamics re status of evals requested on 6-2-05 | 0.08 110.00/hr | 8.80 |

Leileni Fisher                                                                                    Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 6/15/2005 KD | Phone call to Interdynamics and to Atty Hill re eval rqst status | 0.08<br>110.00/hr | 8.80 |
| 6/22/2005 KD | Reviewed Case File and 5-23-05 HOD and provided Case Status review to Atty and File/added to case notes | 0.42<br>110.00/hr | 46.20 |
| KD | Drafted letter to parent/enclosed copy of Ltr from Interdynamics re scheduling of evals/copy to advc and file/added to case notes | 0.42<br>110.00/hr | 46.20 |
| 6/27/2005 DD | Reviewed file and correspondence from interdynamics | 0.83<br>185.00/hr | 153.55 |
| 7/5/2005 DD | reviewed file and evaluations | 0.67<br>185.00/hr | 123.95 |
| 7/7/2005 DH | Receive and review the student's neuropsychological evaluation. | 0.83<br>350.00/hr | 290.50 |
| 7/13/2005 KD | Drafted letter to parent/enclosed copy of 6-13-05 Neuropsych eval/copy to advc and file/added to case notes | 0.42<br>110.00/hr | 46.20 |
| 7/22/2005 DH | Draft letter, for Ms. Neloms' review, providing DCPS of the student's social history evaluation, and request for a speech and language evaluation. | 0.25<br>350.00/hr | 87.50 |
| DH | Receive and review the student's social history evaluation. | 0.25<br>350.00/hr | 87.50 |
| RN | Review letter, drafted by Mr. Hill, providing DCPS of the student's social history evaluation, and request for a speech and language evaluation. | 0.08<br>365.00/hr | 29.20 |
| 7/26/2005 RN | Review letter drafted by Mr. Hill, providing DCPS with a copy of the student's educational evaluation, and request for additional assessments. | 0.08<br>365.00/hr | 29.20 |
| 8/1/2005 KD | Drafted letter to parent/enclosed copies of Evals and Atty's 7-22-05 Ltr to DCPS/copy to advc and file/added to case notes/mailed copy ot Kevin Carter | 0.42<br>110.00/hr | 46.20 |
| 8/4/2005 DD | Reviewed  neuropsychological evaluation and file | 1.83<br>185.00/hr | 338.55 |
| 8/11/2005 DH | Receive and review the student's adaptive vineland assessment. | 0.42<br>350.00/hr | 147.00 |

Leileni Fisher                                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/11/2005 | KD | Phone call to Interdynamics re status of OT eval | 0.08<br>110.00/hr | 8.80 |
| 8/17/2005 | DH | Draft and send letter to Mary Lee Phillips, regarding the status of the parent's requested evaluations. | 0.17<br>350.00/hr | 59.50 |
| 8/22/2005 | KD | Phone call to Interdynamics re status of evals | 0.08<br>110.00/hr | 8.80 |
| 8/23/2005 | KD | Drafted letter to parent/enclosed copy of Atty's 8-17-05 Ltr to DCPS rqstng copies of evals/copy to advc and file/added to case notes | 0.42<br>110.00/hr | 46.20 |
| 8/24/2005 | KD | Phone call to Interdynamics re status of evals | 0.08<br>110.00/hr | 8.80 |
| 8/26/2005 | KD | Phone call to Interdynamics re status of evals requested | 0.08<br>110.00/hr | 8.80 |
| 8/30/2005 | WB | Discussion with Ms. Howell of Interdynamics, Inc. re: pending independent Occupational Therapy evaluation | 0.25<br>110.00/hr | 27.50 |
| 8/31/2005 | KD | Phone call to Interdynamics re status of OT eval | 0.08<br>110.00/hr | 8.80 |
| 9/2/2005 | WB | Discussion with Ms. Zegowitz of Interdynamics, Inc. re: pending Occupational Therapy Evaluation | 0.25<br>110.00/hr | 27.50 |
|  | BDL | Drafted letter to parent with copy of the letter sent to Acting Director. | 0.42<br>110.00/hr | 46.20 |
|  | DH | Draft and send letter to DCPS providing a copy of all completed evaluations on the student and request to reconvene. | 0.25<br>350.00/hr | 87.50 |
|  | DH | Receive and review the student's occupational therapy evaluation. | 0.42<br>350.00/hr | 147.00 |
| 9/22/2005 | DH | Draft letter to special education coordinator requesting that DCPS comply with the order and schedule the student's MDT/IEP Meeting. | 0.17<br>350.00/hr | 59.50 |
| 9/23/2005 | DH | Draft and file notice of noncompliance and the parent's intent to file a due process hearing. | 0.17<br>350.00/hr | 59.50 |
| 9/27/2005 | KD | Drafted letter to parent/enclosed copy of Atty's 9-22-05 Ltr to DCPS re MDT or HR to be filed/copy to advc and file/added to case notes | 0.42<br>110.00/hr | 46.20 |

Leileni Fisher                                                                                        Page    4

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/27/2005 | DH | Draft due process hearing complaint, take to Ms. Neloms for her review. | 2.00<br>350.00/hr | 700.00 |
| | RN | Review due process hearing complaint drafted by Mr. Hill. | 0.33<br>365.00/hr | 120.45 |
| 10/4/2005 | KD | Phone call from parent re case status | 0.08<br>110.00/hr | 8.80 |
| | KD | typed email memo to Atty Hill re call from parent re case status | 0.08<br>110.00/hr | 8.80 |
| 10/5/2005 | KD | Drafted letter to parent/enclosed copy of HR-Complaint/copy to advc and file/added to case notes/posted deadline date to Outlook and Desk Calendars | 0.50<br>110.00/hr | 55.00 |
| 10/7/2005 | KD | Prepared and sent placement package to RCA | 0.75<br>110.00/hr | 82.50 |
| | KD | Prepared and sent placement package to Prospect | 0.42<br>110.00/hr | 46.20 |
| | KD | Prepared and sent placement package to Pathways | 0.42<br>110.00/hr | 46.20 |
| | KD | Drafted letter to parent/enclosed copies of Plcmnt Ref Ltrs/copy to advc and file/added to case notes | 0.42<br>110.00/hr | 46.20 |
| 10/20/2005 | KC | Appearance at Nevel Thomas ES for Resolution Meeting. | 2.00<br>185.00/hr | 370.00 |
| | KC | Reviewed student's administrative complaint & neuropsychological evaluation in preparation for Resolution Meeting. | 1.00<br>185.00/hr | 185.00 |
| 11/3/2005 | DH | Discussion with mother regarding case status. | 0.25<br>350.00/hr | 87.50 |
| 11/8/2005 | CMM | Drafted letter to parent with hearing information | 0.50<br>110.00/hr | 55.00 |
| | CMM | Phone call to parent to notify and confirm hearing attendance | 0.17<br>110.00/hr | 18.70 |
| 11/12/2005 | DH | Conduct educational research, draft notice to strike DCPS' response to the parent's complaint as being insufficient. | 3.00<br>350.00/hr | 1,050.00 |

Leileni Fisher                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/14/2005 | CMM | Drafted status letter to parent | 0.50<br>110.00/hr | 55.00 |
| 11/25/2005 | MT | File Review and sent letter to parent/student | 0.17<br>130.00/hr | 22.10 |
| 12/1/2005 | DH | Review the student's educational file, prepare five-day disclosures for the lead attorney's review. | 1.50<br>350.00/hr | 525.00 |
|  | DH | Reviewed five-day disclosures prepared by Mr. Hill | 0.33<br>350.00/hr | 115.50 |
|  | WB | Conference with parent re: case status and upcoming hearing on 12/8/05 @ 1:00 pm | 0.17<br>110.00/hr | 18.70 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 1.75<br>110.00/hr | 192.50 |
| 12/7/2005 | DH | Prepare for the student's administrative due process hearing. | 2.50<br>350.00/hr | 875.00 |
|  | CW | Reviewed request for hearing, prior HODs, psychoeducational evaluaiton, MDT meeting notes, and IEP in preparation for hearing; conference with parent, advocate and reviewed witness questions in preparation for hearing | 2.25<br>365.00/hr | 821.25 |
| 12/8/2005 | KC | Prepared for Due Process Hearing | 0.75<br>185.00/hr | 138.75 |
|  | KC | Appearance to 825 North Capital for due process hearing | 2.00<br>185.00/hr | 370.00 |
|  | DH | Prepare for and appear at the student's administrative due process hearing. | 4.00<br>350.00/hr | 1,400.00 |
|  | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Office Smith to address DCPS' violation of the IDEIA | 2.17<br>365.00/hr | 792.05 |
|  |  | For professional services rendered | 44.61 | $10,918.45 |

Additional Charges :

| 5/23/2005 | Copied documents; HOD | 6.00 |
|---|---|---|
|  | Facsimile Received from DCPS; HOD | 6.00 |

Leileni Fisher                                                                                    Page    6

                                                                                                       Amount

5/24/2005 Postage; Evaluation request to HOD and RCA to parent.                                          0.83

          Copied documents(RCA-Indpnt.eval rqst.w/Enclsrs)                                              28.00

          Postage;  Independent evaluations request to RCA.                                              7.90

          Copied: Independent evaluation request and HOD letter for parent and advocate.                5.00

          Facsimile- Indpnt eval rast and Cvr Ltr                                                       6.00

 6/2/2005 Copied: Independent evaluation request for Interdyanamics, parent and advocate.              29.75

          Facsimile: Independent evaluation request to OGC and OSE.                                      6.00

          Postage;  Independent evaluation to Interdynamics.                                            3.95

          Postage;  Independent evaluation request letter to parent.                                    0.37

6/22/2005 Postage; Evaluations letter to parent                                                         0.37

          Copied: Evaluations letter for parent and advocate.                                           0.75

6/23/2005 Copied: Letter from Interdynamics for attorney.                                               0.50

7/13/2005 Copied documents-6-13-05 Indpnt Neuro Psych eval and CVR LTR                                  5.50

          Postage; Neuro Psych evaluation letter to parent.                                             0.60

 8/1/2005 Copied: Evaluations for parent, advocate, and K.C.                                           12.00

          Postage; letter to parent re: evaluations.                                                    0.83

8/17/2005 facsimile: Letter to OSE.                                                                      2.00

8/23/2005 Postage; letter to parent re: copies of evaluations requesr.                                  0.37

          Copied: evaluations request for parent and advocate.                                          1.50

 9/2/2005 Copied: evaluations.                                                                          8.00

          Postage;  letter.                                                                             1.52

          Facsimile letter re: evals to OMC                                                             2.00

9/22/2005 Facsimile letter to OMC                                                                       2.00

Leileni Fisher                                                                              Page    7

                                                                                           <u>Amount</u>

| | | |
|---|---|---:|
| 9/27/2005 | Postage; letter to parent re: MDT or HR to be filed. | 0.37 |
| | Copied: letter for parent and advocate re: HR to be filed. | 1.50 |
| 10/5/2005 | Postage; letter to parent re: HR-Complaint. | 0.37 |
| | Copied: HR-Complaint for parent and advocate. | 6.00 |
| 10/7/2005 | Postage; letter to parent re: placement. | 0.37 |
| | Postage; placement package to RCA, Pathways, and Prospect. | 11.85 |
| | Copied: placement package for RCA, Pathways, and Prospect. Placement letter for parent and advocate. | 115.00 |
| 10/20/2005 | Copied status report+ MDT meeting notes | 1.50 |
| 10/25/2005 | Facsimile: letter to OSE and school. | 26.00 |
| 11/8/2005 | Postage; letter to parent re: HND. | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 11/12/2005 | Facsimile: motion to strike to SHO and OGC. | 42.00 |
| 11/14/2005 | Copied: case status letter for parent. | 0.25 |
| 11/15/2005 | Postage; letter to parent | 0.37 |
| 11/25/2005 | Postage; letter to parent | 0.37 |
| 12/1/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: Disclosure for DCPS. | 75.00 |
| 12/8/2005 | Sedan taxi service to   DCPS for hearing.(2attny, and adv.) | 8.00 |
| | Copied: IEP for adv. | 46.50 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $590.94 |
| | Total amount of this bill | $11,509.39 |



**District of Columbia Public Schools**
**OFFICE OF THE GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | |
|---|---|---|---|
| Attorney Firm | James E. Brown & Associates, PLLC | Dates of Service | 5/24/2005 to 12/8/2005 |
| Studen | Leilani    Fisher | OGC Control | 4326 |
| Date Received | 1/12/2006 | HOD Docket Nu | |
| HOD DATE | 12/19/2005 | Attorney Invoice | 06-005 |
| Funding Fiscal Year: | 2006 | | |

1) Application Review

   a)  **Application complete**     Y
       **Certification Signed**    Y
   b)  **HOD/SA Attached**    Y

2) Allocation of invoice

| | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $10,918.45 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $590.94 | $0.00 |
| **TOTALS** | $11,509.39 | $0.00 |

| | |
|---|---|
| Amount Approved Before Partial Paymen | $0.00 |
| Partial Payment | $0.00 |
| Total Amount Approved | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By: