# EXHIBIT 8

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: __Jamal Houck__ Date of Birth: August 17th, 1999

Address: _5186 Eastern Avenue, NE, #204, Washingt_

Present School of Attendance: The High Roads Upper School

Parent/Guardian of the Student: _____Ms. Margaret Hines___

**B.**     **Legal Representative/Attorney (if applicable):**

Name: ____Roxanne Neloms, Esq.____

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__ (e-mail) _____

Will attorney / legal representative attend the resolution session?     **X** Yes     ☐ No

**C.**     **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

☐Charter school (name of the charter school if different from page one)_____

☐Non-public school or residential treatment facility (name) _____

☐Parent

**D.**     **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.**     **Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.**     **Facts and Reasons for the Complaint:**

**I.     Nature of the Problem.**

1. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 22nd, 2005 Order of the Independent Hearing Officer.</u> An administrative due process hearing was held for the student on or about August 2nd, 2005. As a result of that hearing, the impartial due process hearing officer issued a decision on August 22nd, 2005, in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, "within 45 calendar days of placement, DCPS shall convene an MDT/IEP Meeting to discuss and determine placement." See Order dated August 22nd, 2005. The student was placed at the Episcopal Center that same day, via that same Order. Id.

On October 1st, 2005, counsel for the parent sent a letter to DCPS requesting that DCPS comply with the order of the independent hearing officer, and reconvene the student's MDT/IEP Meeting or risk having the parent file an administrative due

process hearing.  See Correspondence dated October 1st, 2005.  DCPS never responded.  To date, DCPS has yet to comply with the order of the independent hearing officer.

2. <u>Denial of a Free and Appropriate Public Education  - Failure to Provide the Student with his Special Education Instruction and Related Services.</u> Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir.  1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H.  by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir.  1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No.  3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. <u>See, e.g., Manchester Sch. Dist. v. Christopher B.,</u> 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years.  In <u>Manchester,</u> the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, the student, for all of the 2004-2005 school year, was awaiting placement in an appropriate program from DCPS.  Indeed, as a result of several settlement agreements and orders, the issue of the amount of compensatory education the student was owed, was to be discussed at the student's administrative due process hearing.  As stated earlier, because DCPS is in violation of no less than the fourth administrative order and/or settlement agreement, no MDT/IEP Meeting has been held in which a discussion has taken place about the exact amount of compensatory education the student is owed.

## II. Issues presented.

1. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 22nd, 2005, Order of the Independent Hearing Officer; and

2. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services.

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 22nd, 2005 Order of the Independent Hearing Officer;

2. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services;

3. DCPS, for the remainder of the 2005-2006 school year, agrees to fund the student's placement at the Episcopal Center for children with transportation;

4. DCPS, within five (5) business days, agrees to reconvene the student's MDT/IEP Meeting, with the appropriate persons present, to review the student's most current evaluations, revise and update the student's IEP as necessary, and develop a compensatory education plan;

5. DCPS agrees to fund eleven hundred (1,100) hours of compensatory education services for the student to include specialized instruction, speech and language therapy, psychological counsel, and occupational therapy services;

6. DCPS, forty-eight (48) hours prior to the reconvening of the MDT/IEP Meeting, agrees to fax to counsel for the parent, Roxanne Neloms or Domiento C.R. Hill, copies of all of the student's related services logs, encounter tracking logs, and IEP Progress Reports, prior to the MDT/IEP Meeting;

7. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational

program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities</u>, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

10. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

11. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

13. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

14. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

17. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

18. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

## H.    Signature:

Roxanne Nelons (by)                    10/6/05
Legal Representative / Advocate (if applicable)            Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

```
*********************
***    TX REPORT    ***
*********************


TRANSMISSION OK

TX/RX NO              2830
CONNECTION TEL                    92024425556
CONNECTION ID
ST. TIME             10/06 16:55
USAGE T              01'00
PGS. SENT            7
RESULT               OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Nelor s |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott Mcl night |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammer : |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Oι ' ,

# *FAX COVER SHEET*

TO: Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE:   October 6th, 2005

FAX NO: 202-442-5556

SUBJECT: J.H., DOB: 8/17/99

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 7

COMMENTS: Administrative due process hearing complaint. Thank you for your assistance

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use   ' the
addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James : _ Brown
and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# District of Columbia Public Schools
## State Enforcement & Investigation Division
## Confidential

**FREDERICK E. WOODS,** Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Jamal Houck** | ) | |
| **Date of Birth: 08/17/99** | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: October 7, 2005 |
| | ) | Hearing Date: December 5, 2005 |
| **The District of Columbia Public Schools,** | ) | Held at: 825 North Capitol Street, N.E. |
| **Home School: Birney Elementary School** | ) | Eighth Floor |
| **Attending: Episcopal Center for Children** | ) | Washington, D.C. 20002 |
| | ) | |
| Respondent. | ) | |

| | |
|---|---|
| **Parent:** | **Margaret A. Morgan, Grandmother**<br>**2308 Good Hope Road S.E.**<br>**Apt. # 102**<br>**Washington, D.C. 20020** |
| **Counsel for the Parent/Student:** | **Miguel A. Hull, Esq.**<br>**James E. Brown & Associates, PLLC**<br>**Attorneys at Law**<br>**1220 L Street N.W., Suite 700**<br>**Washington, D.C. 20005** |
| **District of Columbia Public Schools:** | **Charles A. McCullough, II, Esq.**<br>**Attorney Advisor**<br>**Office of the General Counsel, DCPS**<br>**825 North Capitol Street, N.E., 9th Floor**<br>**Washington, D.C. 20002** |

1

## I.  JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.  DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.  FIVE-DAY DISCLOSURES

Petitioner: Admitted, without objection, a disclosure letter filed 11/28/05 that lists thirteen witnesses and attached sixty one exhibits sequentially labeled JH-01 through JH-61. One witness was present: Donte Davis, the student's advocate. One witness briefly participated by-phone: Margaret Morgan, the student's grandmother. No witnesses were called to testify because the case was continued without a finding that J.H. was denied a FAPE.

Respondent: Admitted, without objection, a disclosure letter filed 11/28/05 that lists ten witnesses and attached three exhibits sequentially labeled DCPS-01 through DCPS-03. No witnesses were present. And no witnesses were called to testify because the case was continued without a finding that J.H. was denied a FAPE.

## IV.  STATEMENT OF THE CASE

Jamal Houck (J.H.), born 08/07/99, age 6-years 3-months, is a child with a disability receiving a special education and related services as a 1st grade, 100% out-of-general education, Multiple Disabled (MD)—Speech-Language Impaired (SLI), Developmentally Delayed (DD), and Emotional Disturbed (ED), student attending Episcopal Center for Children in the District of Columbia. (R. at JH-03.)

Parent's counsel Miguel A. Hull alleged in the parent's 10/07/05 Due Process Hearing Request that DCPS violated the IDEIA and denied J.H. a Free Appropriate Public Education (FAPE) by failing to comply with his 08/22/05 Hearing Officer's Decision (HOD); and failing to timely provide his specialized instruction and related services. (R. at JH-12, 28.)

DCPS responded stating that it complied with the student's 08/22/05 HOD, and that a FAPE is provided the student through his current IEP and placement. (R. at JH-09.) And DCPS asked that the parent's complaint be dismissed because at the parties' IDEIA required 11/02/05 Resolution Meeting the parent agreed to withdraw the hearing request

2

once the settlement terms were implemented. (R. at DCPS-02.) DCPS asserts the terms were being implemented as evinced by the student's 11/26/05 BLMDT Meeting Notes. (R. at JH-02.)

The Student Hearing Office, DCPS, scheduled the Due Process Hearing, for 3:00 p.m., Monday, December 5, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Charles A. McCullough, II appeared in-person for DCPS. Attorney Miguel A. Hull appeared in-person for J.H. who was not present; and his mother who was not present. No testimony was taken.

After considering arguments for and against dismissing the case instead of dismissing the case the hearing officer continued it until after J.H. receives the evaluations requested on 11/16/05 and after the parties' schedule and attend a BLMDT Meeting to review the evaluation results and finalize their Compensatory Education discussions. This is done without a finding that J.H. was denied a FAPE.

## VI.    PRELIMINARY MATTER:

**Domiento C.R. Hill signed the Due Process Hearing Attendance Sheet as an Attorney for the student practicing law under the D.C.C.A. Rule 49 (c) (8) exception. However, on the parent's 11/28/05 Five Day Disclosure Letter he is listed as a witnesses. And at the student's 11/02/05 Resolution Meeting he participated in that meeting as the student's education advocate. DCPS objected to his participation in the hearing as a lawyer because he is not licensed to practice law in the District of Columbia, and objects to him attempting to serve as both the student's lawyer and witness in the same matter because it's a conflict of interest.**

**Regarding the alleged conflict of interest, Mr. Hill should familiarize himself with the rules of professional conduct governing conflicts of interest and case law interpreting it.**

**As to whether Mr. Hill can practice law in the District of Columbia, on December 6, 2005, the day after the due process hearing, he submitted correspondence to support his argument that he could practice law in the District of Columbia without a law license pursuant to the D.C.C.A. Rule 49 (c) (8) exception. He concluded, based on his analysis of the law and submitted correspondence, that he is authorized to practice law in D.C. under the D.C.C.A. Rule 49 (c) (8) exception indefinitely without a license to practice law in D.C. Mr. Hill's analysis, however, is both a legal fiction and flat out wrong. Here is why.**

**On April 28, 2005 the District of Columbia Court of Appeals Committee on Unauthorized Practice of Law (Committee) issued its opinion on whether attorneys and advocate who are not members of the D.C. Bar may engage in the practice of law in administrative hearing before the DCPS. The Committee ruled that:**

3

Pursuant to Rule 49, attorneys who are not admitted to the D.C. Bar may not engage in the practice of law in administrative hearings before DCPS. And we [the Committee] do not believe that non-attorney advisors may represent parties before DCPS. See 5 D.C.M.R. § 3031. We [the Committee] now consider this mater closed.

Mr. Hill, however, provided a letter dated August 3, 2005 from the District of Columbia Court of Appeals Committee on Unauthorized Practice of Law to support his position that he can practice under the (c) (8) exception despite the Committee's 04/28/05 opinion and DCPS' objection to him doing so. This hearing officer disagrees with Mr. Hill's assertion because the Committee was crystal clear in its letter on that point. The Committee's 08/03/05 letter to Mr. Hill states, in pertinent part:

In terms of future practice, your [Mr. Hill's] proposal to practice under the (c) (8) exception is generally fine. That still leaves open the question whether DCPS will allow you to represent clients in DCPS proceedings until you are admitted. That issue is between you and DCPS. The Committee has not the authority to require DCPS to allow lawyers to practice there while their D.C. Bar applications are pending.

Mr. Hill provided no correspondence from DCPS that authorizes him to practice law under the (c) (8) exception. And he did not cite any legal authority that supports that assertion. That's because there is no such authority. If there was then DCPS could not object to his practice because it would have authorized such a practice. And that authorization must come from the D. C. School Superintendent, the D.C. Board of Education, and perhaps the D.C. City Council through a municipal regulation.

In light of the Committee's decisions no further analysis is necessary and the hearing officer shall now enforce the Committee's decisions. Toward this end, unless and until Mr. Hill becomes a licensed D.C. attorney or receives written permission from the Unauthorized Practice Committee to practice law in the District of Columbia without a law license or receives authority from DCPS to practice under the (c) (8) exception he shall comply at all times with D.C.C.A. Rule 49 (a)—

No person shall engage in the practice of law in the District of Columbia or in any manner hold out as authorized or competent to practice law in the District of Columbia unless enrolled as an active member of the District of Columbia Bar, except as otherwise permitted by these Rules.

Any and all violations of this order and D.C.C.A. Rule 49 shall be referred to the appropriate Bar Counsel and the D.C. Court of Appeals Committee on Unauthorized Practice of Law for resolution.

4

So based on the hearing record the hearing officer finds it in the best interest of the child to grant relief that may resolve this case, without finding the child was denied a FAPE, and issues this

# ORDER

1. The case is continued to allow the parties to complete the terms agreed to at their 11/16/05 BLMDT Meeting and to reconvene another BLMDT to, inter alia, finalize the student's Compensatory Education services, if warranted.

2. If necessary after that meeting, a due process hearing will be scheduled by the parent in consultation with DCPS to resolve any disputed issues regarding Compensatory Education.

3. The parties shall in good faith participate in the BLMDT Meeting when scheduled to resolve the issue of Compensatory Education. The parties' good faith participation in the BLMDT Meeting will be considered at any subsequent due process hearing.

4. The parties may amend their Five-Day Disclosures consistent with the requirements of the IDEIA if another hearing is scheduled.

5. The 45-day time limit, from filing the Due Process Hearing Request to its disposition—receipt of the final Hearing Officer's Decision (HOD), pursuant 34 C.F.R. § 300.511(a) (1), is not waived by the parent but the time for disposition is extended, in accord with this Order, to accommodate the continuance.

6. There is no finding that DCPS denied J.H. a Free Appropriate Public Education.

7. The hearing officer made no additional findings.

8. This Order may have resolved all issues raised in the student's 10/07/05 Due Process Hearing Request; and the hearing officer made no additional findings.

This is **THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.**

_____  
**Frederick E. Woods**  
**Hearing Officer**

12 | 15/05  
**Date**

Issued: _12-16-05_____  
**Student Hearing Office, DCPS**

5

# District of Columbia Public Schools

## State Enforcement & Investigation Division

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| **J.H.** | ) | |
| Petitioner, | ) | **IMPARTIAL** |
| vs. | ) | **DUE PROCESS HEARING** |
| | ) | |
| The District of Columbia Public Schools, | ) | |
| **Birney Elementary School** | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 et seq.

Case Information:
        Hearing Request Date: October 7, 2005
        **Hearing Date: December 5, 2005**
        Held at: 825 North Capitol Street, N.E.
               Eighth Floor
               Washington, D.C. 20002
        SETS Case Number: _____
        Student's Birth Date: August 17, 1999
        Attending School: Episcopal Center for Children
        Managing School: Birney Elementary School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the SHO file for this student are either the original or true copy of the original documents submitted in this matter.

Executed this **15th** day of _December_, 2005.

_Paul E. Wood_
Due Process Hearing Officer

6

Re: MATTER OF
**J. H. v. DCPS, BIRNEY ELEMENTARY SCHOOL**

# RECORD OF PROCEEDINGS

## DATE:                    DESCRIPTION:

10/07/05          **Due Process Hearing Request Filed By Parent**

11/07/05          **Notice of Due Process Hearing Date Sent to Parties**

12/05/05          **Due Process Hearing Convened; Completed; Recorded
                  in HR-2, Start Time 3:38 p.m. and End Time 5:15 p.m.;
                  and the Case was Continued.**

12/15/05          **Hearing Officer's Decision Filed with the SHO**

12/16/05          **Hearing Officer's Decision Issued by the SHO**


**Frederick E. Woods**                    12/15/05
**Due Process Hearing Officer**            Date


7

# District of Columbia Public Schools
## Office of Compliance
### STUDENT HEARING OFFICE
825 North Capitol Street, N.B.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



*FACSIMILE SHEET*

Date: 12-16-05

TO: ~~Sheila Vbll~~   Sheila Vbll

FROM: STUDENT HEARING OFFICE

RE: HOD- Jamal Houck

TOTAL NUMBER OF PAGES, INCLUDING COVER:

COMMENTS:

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.



# District of Columbia Public Schools
## OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1.    Attorney Information**

| | |
|---|---|
| Law Firm: | JAMES E. BROWN & ASSOCIATES, PLLC |
| Attorney: | JAMES E. BROWN |
| Federal Tax ID No.: | 52-1500760 |
| D.C. Bar No.: | 61622 |

**2.    Student Information**

| | |
|---|---|
| Name: | Jamal Houck |
| DOB: | 8/17/99 |
| Date of Determination (HOD/SA): | 12/16/05 |
| Parent/Guardian Name: | Margaret A. Morgan |
| Parent/Guardian Address: | 2308 Good Hope Rd., SE, #102, 20020 |
| Current School: | Episcopal Ctr. for Children |
| Home School: | Birney ES |

**3.    Invoice Information**

| | |
|---|---|
| Invoice Number: | 06-008 |
| Date Request Submitted: | 1/12/06 |
| Date(s) Services Rendered | 8/23/05 to 12/5/05 |
| Amount of Payment Request | $ 9,524.20 |

**4.    Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          January 12, 2006
Signature                                                    Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Jamal Houck

January 05, 2006
In Reference To:    Jamal Houck

Invoice #11166

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/23/2005 DD | Reviewed Lastest HOD and file for evaluations | | 1.00<br>185.00/hr | 185.00 |
| 8/25/2005 DD | Reviewed file, IEP and HOD which states the student should be placed and funded at Episcopal center | | 1.33<br>185.00/hr | 246.05 |
| 9/1/2005 KD | Phone call from Alan Korz of Episcopal re HOD and Trnsptrn Form received | | 0.08<br>110.00/hr | 8.80 |
| 9/6/2005 DD | Reviewed the students file to check his beginning date at his new school. | | 0.67<br>185.00/hr | 123.95 |
| 9/29/2005 DH | Discussion with the mother and student regarding case status. | | 0.08<br>350.00/hr | 28.00 |
| 10/4/2005 RN | Review the administrative due process complaint drafted by Mr. Hill. | | 0.33<br>365.00/hr | 120.45 |
| DH | Draft administrative due process hearing request, take to Ms. Neloms' for her review. | | 2.00<br>350.00/hr | 700.00 |
| DH | Draft letter to DCPS informing them of their non-compliance and the parent's intent to draft due process complaint. | | 0.17<br>350.00/hr | 59.50 |

Jamal Houck

Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/13/2005 | WB | Drafted letter to parent re: case status w/ correspondence sent to Office of Mediation and Compliance on 10/1/05 enclosed | 0.50<br>110.00/hr | 55.00 |
| 10/20/2005 | KD | Drafted letter to parent/enclosed copy of HR-Complaint/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.42<br>110.00/hr | 46.20 |
| 10/26/2005 | KD | Drafted letter to parent/enclosed copy of MDT Mtng Cnfrmtn/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.42<br>110.00/hr | 46.20 |
| 10/27/2005 | DH | Discussion with the mother regarding the status of the student's case | 0.17<br>350.00/hr | 59.50 |
| | KD | Drafted letter to parent/enclosed copy of Res Mtng Cnfrmtn/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.33<br>110.00/hr | 36.30 |
| 11/1/2005 | KD | Phone call to parent re time change of MDT Meeting | 0.08<br>110.00/hr | 8.80 |
| | KD | Drafted letter to parent/enclosed copy of MDT Mtng Cnfrmtn/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.33<br>110.00/hr | 36.30 |
| | DD | Reviewed file for upcoming meeting | 1.50<br>185.00/hr | 277.50 |
| 11/2/2005 | DH | Participate in resolution session meeting. | 1.00<br>350.00/hr | 350.00 |
| 11/5/2005 | DH | Draft and send letter to school and DCPS regarding the student's MDT/IEP Meeting. | 0.33<br>350.00/hr | 115.50 |
| 11/8/2005 | DH | Receive and review the student's IEP and evaluations from the Episcopal Center, the student's current school. | 1.50<br>350.00/hr | 525.00 |
| | DH | Draft and send letter to DCPS requesting that the student be reevaluated with a neuropsychological and occupational therapy evaluations. | 0.25<br>350.00/hr | 87.50 |
| 11/9/2005 | DD | Reviewed the students file and IEP | 1.50<br>185.00/hr | 277.50 |
| 11/10/2005 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 12/5/05 @ 3:00 pm | 0.42<br>110.00/hr | 46.20 |

Jamal Houck                                                              Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/15/2005 | DD | Prepared for IEP meeting | 1.50<br>185.00/hr | 277.50 |
| 11/16/2005 | DD | Attended MDT/IEP @ Episcopal Center | 2.00<br>185.00/hr | 370.00 |
| 11/21/2005 | DD | Reviewed the students file | 1.00<br>185.00/hr | 185.00 |
| 11/23/2005 | DH | Receive and review the student's IEP from the Episcopal Center. | 0.50<br>350.00/hr | 175.00 |
|  | MT | File Review and sent letter to parent/student | 0.17<br>130.00/hr | 22.10 |
| 11/28/2005 | WB | Conference with parent re: case status and upcoming hearing on 12/5/05 @ 3:00 pm | 0.17<br>110.00/hr | 18.70 |
|  | DH | Review the student's educational file, prepare for five-day disclosures for upcoming administrative due process hearing. | 2.00<br>350.00/hr | 700.00 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 2.00<br>110.00/hr | 220.00 |
| 12/2/2005 | MH | Prepared for Due Process Hearing.  Reviewed DCPS and parent's disclosure materials, prepared potential witness questions and legal arguments for hearing. | 1.33<br>365.00/hr | 485.45 |
| 12/5/2005 | DD | Reviewed the students file and evaluations and meeting notes for upcoming hearing | 1.00<br>185.00/hr | 185.00 |
|  | DD | Appearance to 825 North Capital for due process hearing | 3.00<br>185.00/hr | 555.00 |
|  | MH | Appearance to 825 North Capital for due process hearing | 3.00<br>365.00/hr | 1,095.00 |
|  | DH | Prepare and appear for the student's administrative due process hearing. | 4.00<br>350.00/hr | 1,400.00 |
|  |  | For professional services rendered | 36.08 | $9,128.00 |

Jamal Houck                                                                                          Page    4

        Additional Charges :

                                                                         <u>Amount</u>

| Date | Description | Amount |
|---|---|---|
| 8/24/2005 | Facsimile: student transportation form to OSE. | 14.00 |
| 10/1/2005 | Facsimile: letter to OMC. | 2.00 |
| 10/6/2005 | Facsimile: HR to SHO. | 7.00 |
| 10/13/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| 10/20/2005 | Copied status letter + hearing request | 4.00 |
| | Postage; letter to parent | 0.60 |
| 10/26/2005 | Copied: MDT confirmation letter for parent and advocate. | 1.50 |
| | Postage; letter to parent re: MDT confirmation. | 0.37 |
| 10/27/2005 | Postage; letter to parent re: resolution mtg. conf. | 0.37 |
| | Copied: res meeting confirmation for parent and advocate. | 1.50 |
| 11/1/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent re: MDT confirmation. | 0.37 |
| 11/3/2005 | Facsimile: 1st amended to OGC. | 7.00 |
| 11/5/2005 | Facsimile: letter to OSE. | 4.00 |
| 11/8/2005 | Facsimile: letter to OSE. | 14.00 |
| 11/10/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent (HDN) | 0.37 |
| 11/23/2005 | Postage; letter to parent | 0.37 |
| 11/28/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied  disc.for DCPS. | 204.00 |
| 12/5/2005 | Sedan taxi service to and from  DCPS for hearing.(2attny.and adv.) | 16.00 |

**Jamal Houck**                                                                                    Page    5

                                                                                                  <u>Amount</u>

**12/5/2005**  **File review preparation of bill and invoice audit**                                    96.88

      **Total costs**                                                                        $396.20

      **Total amount of this bill**                                                            $9,524.20



**District of Columbia Public Schools**
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | | |
|---|---|---|---|---|
| **Attorney Firm** | James E. Brown & Associates, PLLC | **Dates of Service** | 8/23/2005 to 12/5/2005 | |
| **Studen** | Jamal    Houck | **OGC Control** | 4329 | |
| **Date Received** | 1/12/2006 | **HOD Docket Nu** | | |
| **HOD DATE** | 12/16/2005 | **Attorney Invoice** | 06-008 | |
| **Funding Fiscal Year:** | 2006 | | | |

1) Application Review

   a) **Application complete**     Y
      **Certification Signed**   Y
   b) **HOD/SA Attached**     Y

2) Allocation of invoice

| | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $9,128.00 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $396.20 | $0.00 |
| **TOTALS** | $9,524.20 | $0.00 |

| | |
|---|---|
| Amount Approved Before Partial Paymen | $0.00 |
| Partial Payment | $0.00 |
| Total Amount Approved | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

**Attorney Firm**    James E. Brown & As

**HOD Date**        12/16/2005

**Student**      Jamal     Houck     **Attorney Fee Cap Amount**    $4,000.00

| OCC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 4329 | | Cost | | No Denial of FAPE | $396.20 | 1 | $396.20 | $0.00 | 0 | $0.00 | 1 | $396.20 |
| 4329 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 4329 | 8/23/2005 12/5/2005 | Fee | | No Denial of FAPE | $9,128. | 1 | $9,128.00 | $0.00 | 0 | $0.00 | 1 | $9,128.00 |

| **Totals** | | | | | $9,524.20 | | | | | $0.00 | | $9,524.20 |

**Attorney Charges**

| | |
|---|---|
| Invoiced Attorney Fee Amount | $9,128.00 |
| Disputed  Attorney Fee Amount | $9,128.00 |
| Pre-Cap Approved Attorney Fee Amoun | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 |
| Approved Attorney Fees | $0.00 |

**Expert/Advocate Charge**

| | |
|---|---|
| Total Invoiced Expert Charges | $0.00 |
| Disputed Expert Fee | $0.00 |
| Approved Expert Fee | $0.00 |

**Attorney Expenses**

| | |
|---|---|
| Invoiced Attorney Expenses | $396.20 |
| Disputed Attorney Expenses | $396.20 |
| Approved Expense | $0.00 |

| | |
|---|---|
| Approved Invoice Prior to Prepayment | $0.00 |
| Partial Payment: | $0.00 |
| Total Invoice Approve | $0.00 |