# EXHIBIT 9

*State Educ...ion Agency for the District of Co...mbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



## *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

1

A.    **INFORMATION ABOUT THE STUDENT**:

Name of the Student: **Marvin Johnson**    Date of Birth: **11/13/93**
Address: **1424 W Street NW. Washington, DC 20009**
Home School: **Lincoln Middle School**
Present School of Attendance: **Same**

Is this a charter school? No        (If yes, you must also provide a copy of this
                                     notice to the charter school principal or director)
Parent/Guardian of the Student: **Ms. Kathy Johnson**
Address (if different from the student's above): same

B.    **Legal Representative/Attorney**:

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: **1220 "L" Street, Suite 700, Washington, DC 20005**
Phone: (w) (202)742-2000 (ext. 2021) (Fax) (202) 742-2098        (e-mail)
Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session?   X Yes              ☐ No

C.    **Complaint Made Against (check all that apply)**:

**X** DCPS school (name of the school if different from page one)

D.    **Resolution Session Meeting Between Parent/Representative and LEA**:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also
understand that I may voluntarily waive this right if I choose. (Note: All parties must agree
to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this
process.

E.    **Mediation Process**:

IDEIA requires that any time a party requests a due process hearing, mediation should be
offered at no cost to the parent. Both parties can request mediation as an alternative to the
Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all
that apply:

**I am requesting an administrative due process hearing only.**

F.    **Facts and Reasons for the Complaint**:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA),
please complete the following questions (attach additional pages if needed):

2

SEID DPCN Rev'd. 7/01/05

## I. Nature of the problem.

### Background

Marvin Johnson, 11/13/93 is a 7th grade student at Lincoln Middle School. During the 2004/2005 School year he attended Garrison Elementary School. His most recent IEP was drafted on April 19, 2005.

### Issues

1. **District of Columbia Public Schools ("DCPS") failed to convene a meeting to review evaluation results for the student and/or revise the student's educational program, discuss compensatory education and/or any other issues that might be relevant for Marvin as ordered in an August 31, 2005 Hearing Officer's Determination ("HOD")**

   District of Columbia Public Schools ("DCPS") failed to convene a Multidisciplinary team meeting to review the results of independent assessments for Marvin Johnson, DOB: 11/13/93, revise the student's program, discuss compensatory Education and/or other issues that might be relevant for this student as ordered in an August 31, 2005 Hearing Officer's Determination ("HOD") issued by Hearing Officer Coles Ruff ( See HOD).

   The independent assessment was obtained and provided to DCPS on or about October 3, 2005 and again on October 5, 2005. Additional follow up correspondence and proposed meeting dates were provided on October 24, 2005 when DCPS failed to contact counsel for the parent to schedule the required meeting as requested. To date, a meeting has not been scheduled.

   In addition to the review of evaluations and the revision of his educational program, there are additional issues to be addressed for Marvin, such as Marvin's revised scheduled. During the first month in school Marvin was placed in all regular education courses and not provided with related services. His class schedule has recently been revised but the educational impact of being without appropriate services for a period of approximately one month needs to be addressed by the MDT.

2. **District of Columbia Public Schools has denied Marvin Johnson FAPE by failing to implement his Individualized Educational Program ("IEP")**

   District of Columbia Public Schools ("DCPS") failed to implement the Individualized Educational Program ("IEP") for Marvin Johnson, DOB: 11/13/93. Marvin transitioned from Garrison Elementary School to Lincoln Middle School during the 205/2006 school year. During the first month of the 2005/2006 school year, Marvin was placed in all regular education classes and not provided with any of his related services. He is entitled to receive 15 hours of specialized instruction and 1 hour of counseling per week according to his April 2005 IEP. At the time his most recent IEP was drafted, Marvin was 3 years being in Reading and Written expression and 2 years behind in Math Calculations.

3

DCPS had an obligation to develop and implement an IEP for this student that according to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A). The Individuals with Disabilities Education Improvement Act of 2004 was promulgated for the purpose of ensuring :

> *"[T]hat all children with disabilities have available to them a free and appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living"*

By failing to implement his IEP and/or provide services to Marvin, during the first month of the school year, DCPS has denied this child a Free and Appropriate Public Education ("FAPE").

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") failed to convene a meeting to review new evaluations and revise the student's program, discuss compensatory education and/or other relevant issues pursuant to the requirements of the Hearing Officer's Determination ("HOD") issued on or about August 31, 2005?

- Whether District of Columbia Public Schools ("DCPS") failed to implement Marvin's IEP during the first month of the 2005/2006 school year?

- Whether Marvin Johnson has been denied a Free and Appropriate Education ("FAPE")?

## III. To the extent known to you at this time, how can this problem be resolved?

WHEREFORE, the parent, by and through counsel, requests the following relief:

1. A finding that DCPS denied Marvin FAPE by failing to convene a meeting and/or provide services;

2. That DCPS shall convene an MDT meeting within ten (10) calendars days for the purpose of reviewing evaluations; revising the IEP and/or discussing compensatory education, and/or discuss and/or determine placement;

3. That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

4. Marvin Johnson shall be entitled to compensatory education in the form of individual tutoring and counseling shall receive up to 1 hour of make-up related services and up to 5 hours of tutoring per week for a period of one month;

5. DCPS shall begin implementing a compensatory education plan immediately but in the event that a compensatory education plan has not begun to be implemented within 25 calendar days, DCPS shall fund independent services;

4

6. That DCPS agree to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

7. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all new evaluation reports and educational records ( to include related service logs and progress reports for the time period since the commencement of the 2005/2006 school year) on the student no later than sixteen (16) business hours prior to the convening of any meeting;

11. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

5

16. That DCPS, purs~~~t to the Individuals with Disabilities Edu~ ~on Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

G.     **Accommodations and Assistance Needed:**

- N/A

Dated this 29th day of October, 2005

*[signature]*

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**

SEID DPCN Rev'd. 7/01/05

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION

## SPECIAL EDUCATION DUE PROCESS HEARING

### CONFIDENTIAL

### HEARING OFFICER'S DETERMINATION

**STUDENT: Marvin Johnson**　　　　**DATE OF BIRTH: 11/13/93**

**ADDRESS: 1424 W Street, N.W.**
**Washington, D.C. 20009**

**PRESENT SCHOOL ATTENDING: Lincoln M.S.**
**HOME SCHOOL:  Lincoln M.S.**

**DATE OF HEARING: December 16, 2005**

**TESTIFIED AT THE HEARING:**

Cassandra Batie*　　　　**Special Education Coordinator, Lincoln**
Cathy Johnson　　　　　**Mother**

**Student's Representative: Roberta Gambale, Esq.**
**Address: 1220 L Street, N.W.**
**Washington, D.C. 20005**
**FAX: 202-742-2098**

**School System's Representative: Charles McCullough, Esq.**
**Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002**

DC PUBLIC SCHOOL SYSTEM
2005 DEC 19 AM 9:30

**INTRODUCTION:**

    A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on December 16, 2005, at the request of Roberta Gambale, counsel for the parent and the student. Charles McCullough represented DCPS, the other party to this hearing.

**JURISDICTION:**

    The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUE:**

    1.    Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to implement his IEP?

    2.    Did DCPS deny a FAPE to the student by failing to convene an MDT meeting to review an OT evaluation?

**DOCUMENTS SUBMITTED BY DCPS:**

**DCPS-1**

**DOCUMENTS SUBMITTED BY STUDENT:**

**MJ-1-MJ-24**

**FINDINGS OF FACT:**

    1.    The student is a twelve-year-old male who has been found eligible for special education services by DCPS as a student with the disability classification of Other Health Impaired (OHI). (MJ-15)

    2.    The student's current IEP developed and agreed to by the parent on January 27th 2005 calls for 15 hours a week of specialized instruction and one hour a week of counseling services. (MJ-15)

3.    The Progress Report of October 28th 2005 shows that the student receives special education in English, Mathematics and Reading taught by special education teachers for 15 hours a week.  The grades of the student in his special education classes were an A in English, a B in Mathematics and a B in Reading. (MJ-10) The Progress Report shows that the student was receiving educational benefits at Lincoln.  The special education coordinator testified that the student began receiving his special education services at the beginning of the current school year.  She also testified that the student has received his counseling services at one hour a week based on the encounter tracking forms. The special education coordinator testified that a schedule printed in August that had the student in regular classes was incorrect and that his correct schedule has him in special education classes from the beginning of the school year.  (Testimony of Ms. Batie)  The mother testified that the student told her he did not receive special education until the end of September or early part of October and that he showed her his new schedule with the special education classes at that time. The student also told his mother he has not received counseling services. (Testimony of Mother)

4.    On August 31st 2005, an HOD ordered an independent O.T. evaluation and convening an MDT meeting to review the evaluation 15 school days after receipt of the independent evaluation. (MJ-7) The independent O.T. evaluation was provided to DCPS on October 3rd 2005. (MJ-6)  The independent O.T. evaluation did not recommend O.T. services. (MJ-8)

5.    DCPS did not convene an MDT meeting to review the O.T. evaluation.

**DISCUSSION AND CONCLUSIONS OF LAW:**

DCPS's failure to convene an MDT meeting to review the independent O.T. evaluation did not result in a loss of a FAPE since the O.T. evaluation did not recommend O.T. services.  Because there is a direct conflict in the testimony on when the student began to receive his special education services, this hearing officer is ordering the reconvening of an MDT meeting to review with the special education teachers the starting date of provision of 15 hours a week of special education services.  If there is a shortfall of services than DCPS shall provide compensatory education to the student for missed specialized instruction.

It is hereby **ORDERED** that:

1.    **DCPS shall convene an MDT meeting within 15 school days of issuance of the HOD to determine when the special education services commenced this school year.  If the special education teachers indicate that they did not begin to provide services until after the school year commenced, DCPS shall provide compensatory education to the student for any missed specialized instruction.  If DCPS provided**

special education at the beginning of the school year, than the student
is not entitled to any compensatory education.  The MDT team shall
also review the encounter tracking forms on counseling services and if
there is any failure of DCPS to provide the one hour a week of
counseling services than DCPS shall make up the shortfall.  All
meetings shall be scheduled at a mutually agreeable time through
counsel for the student.  There shall be one day of delay of the above
time frame for every day of delay caused by the student, parent or
counsel for the student.

   This is the final administrative decision in this matter.  Appeals on legal
grounds may be made to a court of competent jurisdiction within 30 days of the
rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed:  December 19, 2005

Date Issued:  12-19-05

# District of Columbia Public Schools
## *Office of Compliance*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 12-19-05

TO: R. Gambale

FROM: STUDENT HEARING OFFICE

RE: Hob - Marvin Johnson

TOTAL NUMBER OF PAGES, INCLUDING COVER:


COMMENTS:


*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1.  Attorney Information**
Law Firm:              JAMES E. BROWN & ASSOCIATES, PLLC
Attorney:              JAMES E. BROWN
Federal Tax ID No.:    52-1500760
D.C. Bar No.:          61622

**2.  Student Information**
Name:                          Marvin Johnson
DOB:                           11/13/93
Date of Determination (HOD/SA): 12/19/05
Parent/Guardian Name:          Cathy Johnson
Parent/Guardian Address:       1424 W St.. NW, WDC 20009
Current School:                Lincoln MS
Home School:                   Lincoln MS

**3.  Invoice Information**
Invoice Number:          06-031
Date Request Submitted:  1/12/06
Date(s) Services Rendered: 9/1/05 to 12/16/05
Amount of Payment Request: $ 6,387.31

**4.  Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses
  represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees,
  costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2)
  will benefit from any monies paid as a result of the submission of the enclosed invoice, has a
  pecuniary interest, either through an attorney, officer or employee of the firm, in any special
  education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is
  punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____                    January 12, 2006
Signature                                  Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

12/27/2005

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Marvin Johnson




January 09, 2006
In Reference To:    Marvin Johnson

Invoice #11188


Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/1/2005 | RG | Reviewed HOD;  memo to RB re: class schedule and observation needed; instructions to YA re: status letter for mom and indep referral to be made | 0.50 365.00/hr | 182.50 |
| | YA | review memo to sent our referral to Interdynamics | 0.17 110.00/hr | 18.70 |
| | YA | Prepared and sent referral packages to Interdynamics re, independent evaluations | 1.00 110.00/hr | 110.00 |
| | YA | Research educational needs re, referral | 0.25 110.00/hr | 27.50 |
| 9/2/2005 | YA | Draft letter re: HOD to parent. | 0.58 110.00/hr | 63.80 |
| | YA | Referral. | 0.17 110.00/hr | 18.70 |
| | RB | Reviewed 8/31/05 HOD | 0.17 185.00/hr | 31.45 |
| 9/6/2005 | YA | Drafted letter to parent re, referral for Independent evaluation | 0.58 110.00/hr | 63.80 |
| 9/7/2005 | RB | Phone call from parent about independent OT evaluation date | 0.17 185.00/hr | 31.45 |

Marvin Johnson                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/8/2005 | YA | File disclosure documents from hearing held August 31, 2005 | 0.75 110.00/hr | 82.50 |
| 9/15/2005 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 9/20/2005 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 9/28/2005 | YA | Draft letter to Interdynamics re, Hearing Officer Determination | 0.42 110.00/hr | 46.20 |
|  | YA | Discussion with the child's attorney | 0.17 110.00/hr | 18.70 |
|  | RG | Reviewed OT | 0.33 365.00/hr | 120.45 |
| 9/29/2005 | RB | Reviewed 9/9/05 OT evaluation by Interdynamics, Inc. | 0.42 185.00/hr | 77.70 |
| 9/30/2005 | RB | Memo to attorney re results and implications of Interdynamics, Inc. OT evaluation | 0.17 185.00/hr | 31.45 |
| 10/3/2005 | YA | Draft letter to Mediation and Compliance re, Occupational Therapy Evaluation | 0.42 110.00/hr | 46.20 |
|  | YA | Draft letter to Garrison ES re, Occupational Therapy Evaluation | 0.75 110.00/hr | 82.50 |
| 10/4/2005 | YA | Telephone call to DCPS, Garrison ES school staff re,current information | 0.17 110.00/hr | 18.70 |
|  | YA | Drafted letter to parent re, completed Occupational Therapy Evaluation | 0.58 110.00/hr | 63.80 |
|  | YA | Tickled Meeting Deadline pursuant the Hearing Officer's Determination | 0.17 110.00/hr | 18.70 |
|  | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
|  | RB | Telephone call from A. Neverson/Garrison ES re current enrollment status; she will fax OT report to Lincoln MS | 0.17 185.00/hr | 31.45 |
|  | RB | Memo to attorney re Garrison telephone call and OT report | 0.08 185.00/hr | 14.80 |
| 10/5/2005 | RB | Phone call to parent re enrollment status, OT evaluation, 30-day review meeting, and progress this SY | 0.33 185.00/hr | 61.05 |

Marvin Johnson                                                                                         Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/5/2005 | RB | Telephone call to Lincoln MS re OT evaluation receipt--incomplete | 0.17 185.00/hr | 31.45 |
|  | RB | Discussed with paralegal (twice) need to fax OT evaluation to Lincoln MS; provided faxing information | 0.17 185.00/hr | 31.45 |
|  | RB | Memo to attorney re OT evaluation, 30-day review, definite enrollment status, and progress this SY | 0.42 185.00/hr | 77.70 |
|  | YA | Discussion with advocate re, Occupational Evaluation and current school | 0.17 110.00/hr | 18.70 |
|  | YA | Draft letter to Lincoln MS re, Occupational Therapy Evaluation | 0.42 110.00/hr | 46.20 |
| 10/17/2005 | RG | Conference with parent and follow up with advocate | 0.33 365.00/hr | 120.45 |
|  | YA | sent meeting deadlone | 0.17 110.00/hr | 18.70 |
| 10/24/2005 | RB | Reviewed case notes and HOD; drafted and faxed letter to Lincoln MS SEC | 0.42 185.00/hr | 77.70 |
| 10/28/2005 | RG | Prepared and file due process hearing request to DCPS | 1.00 365.00/hr | 365.00 |
|  | RG | Conference with parent re: status and review case notes | 0.42 365.00/hr | 153.30 |
| 10/31/2005 | YA | Tickled meeting resolution | 0.33 110.00/hr | 36.30 |
|  | YA | Drafted letter to parent re, meeting resolution | 0.58 110.00/hr | 63.80 |
|  | YA | Drafted letter to parent re, detailed Hearing Request | 0.58 110.00/hr | 63.80 |
| 11/1/2005 | YA | Tickled meeting resolution deadline | 0.17 110.00/hr | 18.70 |
| 11/2/2005 | AAG | File Review and sent letter to parent/student | 0.25 110.00/hr | 27.50 |
|  | YA | Drafted letter to parent re, resolution meeting deadline | 0.58 110.00/hr | 63.80 |
| 11/4/2005 | YA | Telephone call from DCPS school staff, Ms. Batie, Lincoln Middle School re, Hearing Request | 0.33 110.00/hr | 36.30 |

Marvin Johnson                                                                    Page    4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/8/2005 | YA | Telephone call from DCPS staff re, Hearing Request | 0.25<br>110.00/hr | 27.50 |
| 11/9/2005 | RB | Reviewed case notes; memo to attorney that DRS subsequent to HR is due by 11/13/05 | 0.17<br>185.00/hr | 31.45 |
| 11/10/2005 | YA | sent deadline resolution meeting notice to advocate and attorney | 0.17<br>110.00/hr | 18.70 |
| 11/17/2005 | RB | Memo to attorney re status of school contact | 0.08<br>185.00/hr | 14.80 |
| | RB | Drafted and faxed letter to Lincoln MS SEC re need for meeting with proposed dates | 0.42<br>185.00/hr | 77.70 |
| | RG | Conference with parent telephone call to check in | 0.33<br>365.00/hr | 120.45 |
| 11/21/2005 | RG | Conference with parent- telephone call to check in and discuss report card | 0.33<br>365.00/hr | 120.45 |
| 11/30/2005 | YA | Drafted letter to parent re, Hearing Date Notice | 0.58<br>110.00/hr | 63.80 |
| 12/1/2005 | RB | Reviewed hearing notice; calendarized | 0.08<br>185.00/hr | 14.80 |
| 12/2/2005 | RG | Conference with parent re: 10 day letter and current status of MJ | 0.33<br>365.00/hr | 120.45 |
| | YA | File Review and sent letter to parent/student | 0.17<br>110.00/hr | 18.70 |
| 12/5/2005 | RB | Memo from attorney re progress per parent's report | 0.17<br>185.00/hr | 31.45 |
| 12/6/2005 | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| 12/8/2005 | YA | Assist attorney to prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel and tabbing for Hearing Officer | 1.50<br>110.00/hr | 165.00 |
| | RB | Discussion with attorney: case strategy | 0.17<br>185.00/hr | 31.45 |
| | RB | Phone call to parent re reevaluation and school's position on need for service | 0.25<br>185.00/hr | 46.25 |
| | RB | Memo to attorney re parent's position re reevaluation and last formal testing | 0.17<br>185.00/hr | 31.45 |

Marvin Johnson                                                                    Page    5

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/8/2005 | RB | Drafted pre-dated letter to school and completed evaluation consent form for parent to request reevaluation from school; gave to attorney to hand deliver to parent at hearing 12/16/05 | 0.42 185.00/hr | 77.70 |
| | RG | Prepare disclosure to DCPS; and discussion with advocate (10) | 1.17 365.00/hr | 427.05 |
| 12/13/2005 | RG | Prepared and file response to motion to reomve | 0.50 365.00/hr | 182.50 |
| 12/14/2005 | RB | Prepared for Due Process Hearing: reviewed disclosure packet | 0.50 185.00/hr | 92.50 |
| 12/15/2005 | RB | Discussion with attorney: pending hearing and DRS issue | 0.17 185.00/hr | 31.45 |
| | RG | Prepared for Due Process Hearing and call from mom | 1.50 365.00/hr | 547.50 |
| 12/16/2005 | RB | Memo from attorney re hearing's completion | 0.08 185.00/hr | 14.80 |
| | RB | Phone call from parent re hearing outcomes | 0.33 185.00/hr | 61.05 |
| | RG | Appearance to 825 North Capital for due process hearing | 2.00 365.00/hr | 730.00 |
| | RB | Memo to attorney re parent's report about specialized instruction and counseling at Lincoln MS | 0.17 185.00/hr | 31.45 |
| | For professional services rendered | | 28.36 | $6,125.15 |

Additional Charges :

| | | Amount |
|---|---|---|
| 9/1/2005 | Copied documents; HOD | 7.00 |
| | Facsimile OT referral to Interdynamics | 18.00 |
| 9/2/2005 | Copied documents; letter to parent re: HOD | 0.50 |
| | Postage; letter to parent re: HOD. | 0.60 |
| 9/6/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent re: referral. | 0.37 |
| 9/28/2005 | Copied: OT for parent and advocate. | 3.50 |
| | Facsimile HOD to Interdynamics | 8.00 |

Marvin Johnson                                                                    Page    6

                                                                                    Amount

10/3/2005 Facsimile(reg.MDT+OT)                                                        8.00

10/4/2005 Postage: letter to parent re: OT and meeting request.                        0.60

          Copied documents(Parent-letter -OT reg. meeting)                             0.25

          Copied documents                                                             4.25
          OT evaluation

10/24/2005 Facsimile: Meeting letter to Lincoln MS.                                     2.00

10/31/2005 Copied: HR for parent and advocate.                                         4.00

          Copied: resolution meeting for parent and advocate.                          2.25

11/2/2005 Copied: HR letter for parent .                                               0.25

          Postage; letter to parent re: meeting resolution.                            0.37

          Copied: Meeting resolution letter for parent.                                0.25

          Postage; letter to parent re: HR.                                            0.60

11/17/2005 Facsimile: mtg. letter to Lincoln MS.                                       2.00

11/30/2005 Copied: HDN letter for parent, adv, file and adm.                           1.00

12/1/2005 Postage; letter to parent re: HDN.                                           0.37

12/2/2005 Postage;                                                                     0.37

12/8/2005 Messenger Service to and from DCPS (5-day Disclosures)                      20.00

          Copied: Disclosure for SHO, OGC and atty.                                   80.25

12/16/2005 File review preparation of bill and invoice audit                         96.88
                                                                                 _____

          Total costs                                                             $262.16
                                                                                 _____

          Total amount of this bill                                             $6,387.31



**District of Columbia Public Schools**
**OFFICE OF THE GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | | |
|---|---|---|---|---|
| **Attorney Firm** | James E. Brown & Associates, PLLC | **Dates of Service** | 9/1/2005 | to 12/16/2005 |
| **Studen** | Marvin    Johnson | **OGC Control** | 4352 | |
| **Date Received** | 1-12/2006 | **HOD Docket Nu** | | |
| **HOD DATE** | 12/19/2005 | **Attorney Invoice** | 06-033 | |
| **Funding Fiscal Year:** | 2006 | | | |

1) **Application Review**

   a)  **Application complete**       Y
        **Certification Signed**       Y
   b)  **HOD/SA Attached**         Y

2) **Allocation of invoice**

| | **Invoiced** | **Approved** |
|---|---|---|
| a) Attorney's Fees | $6,125.15 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $262.16 | $0.00 |
| **TOTALS** | $6,387.31 | $0.00 |

| | |
|---|---|
| Amount Approved Before Partial Paymen | $0.00 |
| Partial Payment | $0.00 |
| Total Amount Approved | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

| Attorney Firm | James E. Brown & As | | | HOD Date | 12/19/2005 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Student | Marvin   Johnson | | | Attorney Fee Cap Amount | | $4,000.00 | | | | |

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4352 | | Cost | | No Denial of FAPE | $262.16 | 1 | $262.16 | $0.00 | 0 | $0.00 | 1 | $262.16 |
| 4352 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 4352 | | Fee | | No Denial of FAPE | $6,125. | 1 | $6,125.15 | $0.00 | 0 | $0.00 | 1 | $6,125.15 |

| Totals | | $6,387.31 | $0.00 | $6,387.31 |
|---|---|---|---|---|

| Attorney Charges | | Expert/Advocate Charge | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $6,125.15 | Total Invoiced Expert Charges | $0.00 |
| Disputed  Attorney Fee Amount | $6,125.15 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amoun | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | Attorney Expenses | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $262.16 |
| | | Disputed Attorney Expenses | $262.16 |
| Approved Invoice Prior to Prepayment | $0.00 | Approved Expense | $0.00 |
| Partial Payment: | $0.00 | | |
| Total Invoice Approve | $0.00 | | |