# EXHIBIT 11

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

**A.     INFORMATION ABOUT THE STUDENT:**

Name of the Student: _Denzel King_   Date of Birth: _July 8th, 1996_

Address: _1224 Congress Street, SE, Washington, DC 20032_

Present School of Attendance: _McGogney Elementary School_

Parent/Guardian of the Student: ___Ms. Pamela King___

**B.** **Legal Representative/Attorney (if applicable):**

Name: ___Roxanne Neloms, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?   **X** Yes      ☐ No

**C.** **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.** **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.** **Mediation Process:**

I am requesting an administrative due process hearing <u>only</u> at this time.

**F.** **Facts and Reasons for the Complaint:**

### I. Nature of the Problem.

1. **DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct a Neuropsychological Evaluation.**

According to the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec., 101, § 614, the District of Columbia Public Schools ("DCPS") is to evaluate a student in all areas of suspected disabilities. In the instant matter, it is clear, DCPS has failed to do this.

Specifically, a BLMDT/IEP Eligibility was convened for the student on or about September 1st, 2005. During the course of the BLMDT/IEP Meeting, the parent and her educational advocate requested that the student receive a neuropsychological

evaluation. The parent and educational advocate requested the neuropsychological evaluation based on information shared with the MDT Team by the student's teachers and information contained in the student's psycho-educational evaluation. More specifically, it was shared with the MDT Team that the student demonstrated problems with processing, problems with tasks requiring sequencing, displayed difficulty attending to tasks for extended amounts of time, and other problems the MDT Team shared that suggested that the student may suffer from attention deficit hyperactivity disorder or executive functioning disorder.

Furthermore, the DCPS psychologist who conducted the assessment noted the student's difficulties in staying focused, fidgeting and attending to tasks. See MDT Meeting Notes dated September 1st, 2005. DCPS refused to comply with this request. Indeed, the only argument DCPS in defense of their decision not to conduct a neuropsychological evaluation despite the information shared with the MDT Team by the student's teachers and information in the examines was the results of the Connor's rating scale which in and of itself does not rule in or out executive functioning disorder. DCPS' failure to comply with the IDEIA and conduct the student's neuropsychological evaluation amounts to a denial of a Free and Appropriate Public Education.

2. **DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, and Develop an Appropriate IEP.**

According to the Individuals with Disabilities Education Improvement Act, DCPS, as the local and state education agency, is to ensure that the IEP developed for the student, includes, among other things, the student's disability classification, and beginning and end date for services, and the amount and time the student is to receive the services. In the instant matter, it is clear DCPS failed to do this.

Specifically, an MDT/IEP Meeting was held for the student on September 1st, 2005. At the MDT/IEP Meeting, the MDT Team determined that the student would be eligible for special education and its related services as a result of his being speech and language impaired. Moreover, the MDT Team determined that the student would receive 10 hours a week in specialized instruction and 90 minutes a week of speech and language therapy. See Page One of the Individualized Educational Program.

At the conclusion of the MDT/IEP Meeting DCPS informed the parent and her educational advocate that the remaining portions of the student's IEP would be developed and forthcoming. To date, DCPS has yet to provide the parent or her educational advocate with any of the remaining IEP pages. As a result, the student's IEP fails to contain, among other things, a present level of educational performance page, any goals and objectives for the student's specialized instruction or speech and language services, no harmful effects page, or anything else other than page one (1). DCPS' failure to comply with the IDEIA amounts to a denial of a Free and Appropriate Public Education.

## II. Issues presented.

1. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct a Neuropsychological Evaluation.

2. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and developing an appropriate IEP.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct a Neuropsychological Evaluation;

2. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and developing an appropriate IEP;

3. DCPS, agrees to fund the parent's independent evaluation Neuropsyhcological;

4. DCPS, within ten (10) business days upon receipt of the student's neuropsychological evaluation, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, discuss and determine if a change in placement is necessary;

5. If a change in placement is necessary, DCPS shall have five (5) school days to issue a Prior Notice of Placement to a DCPS public school, and thirty (30) calendar days to issue a Prior Notice of Placement to a non-public or private school;

5. DCPS agrees to provide the student with compensatory education, in the form of one-on-one tutoring, for four (4) hours a week, for one year.

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation

hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

9. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

12. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C),

      respond to the parent's request alleging any insufficiency of notice;

13. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student and at a minimum these persons should include the DCPS school psychologist who conducted the psycho-educational evaluation on the student and the student's previous and current regular education and special education teacher;

16. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

17. A finding that the parent is the prevailing party in this action.

## G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

## H. **Signature:**

_____   9/29/05
Legal Representative / Advocate (if applicable)   Date

**Mail, fax, or deliver complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION

### SPECIAL EDUCATION DUE PROCESS HEARING

**CONFIDENTIAL**

## HEARING OFFICER'S DETERMINATION

**STUDENT:** Denzel King        **DATE OF BIRTH:** 7/8/96

**ADDRESS:** 1224 Congress Street, S.E.
Washington, D.C.

**PRESENT SCHOOL ATTENDING:** McGogney E.S.
**HOME SCHOOL:** Same

**DATE OF HEARING:** November 28, 2005

Student's Representative: Domiento Hill, Esq.
Address: 1220 L Street, N.W.
Washington, D.C. 20005
FAX: 202-742-2097

School System's Representative: Rashida Chapman, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on November 28, 2005, at the request of Roxanne Neloms, counsel for the parent and the student. Rashida Chapman represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**DOCUMENTS SUBMITTED BY STUDENT:**

DK-1-DK-13

**DOCUMENTS SUBMITTED BY DCPS:**

DCPS-1

**DISPOSITION OF THE CASE:**

The MDT Notes of September 1st 2005 state: "Psychologist recommends testing for ADHD to rule in/out the presence of an attention deficit and test executive functioning." (DK-10) DCPS has not met its burden of proof that it conducted the above testing.

It is hereby **ORDERED** that:

1. **DCPS shall conduct a neuropsychological evaluation within 30 calendar days of issuance of the HOD. If DCPS does not schedule the evaluation by December 13th 2005, DCPS shall fund an independent neuropsychological evaluation within the Superintendent's guidelines. Counsel for DCPS shall inform counsel for the parent if the evaluation has been scheduled by December 13th 2005**

2. **DCPS shall convene an MDT meeting by January 13th 2006, to review the evaluation and review and revise the student's IEP including the disability classification if warranted. The MDT team shall discuss and determine placement. If a public placement is determined**

2

appropriate, a Prior Notice of Placement (PNOP) shall be issued within 5 school days of the MDT meeting. If a private placement is determined appropriate, a PNOP shall be issued within 30 calendar days of the MDT meeting. All meetings shall be scheduled at a mutually agreeable time through counsel for the student. There shall be one day of delay of the above time frame for every day of delay caused by the student, parent or counsel for the student.

3. DCPS shall provide counsel for the parent with a full copy of the student's IEP by December 13th 2005.

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer        Date filed: November 29, 2005

Date Issued: 11/29/05

3



# District of Columbia Public Schools
OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Denzel King
   DOB: 7/8/96
   Date of Determination (HOD/SA): 11/29/05
   Parent/Guardian Name: Pamela King
   Parent/Guardian Address: 1224 Congress St., SE, WDC 20032
   Current School: McGogney ES
   Home School: McGogney ES

3. **Invoice Information**
   Invoice Number: 05-548
   Date Request Submitted: 12/5/05
   Date(s) Services Rendered: 7/25/05 – 11/28/05
   Amount of Payment Request: $ 5,897.53

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E Brown_                             December 5, 2005
Signature                                    Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Denzel King
Pamela King
1224 Congress Street, SE
Washington DC 20032

December 05, 2005

In Reference To: Denzel King
DOB: 7/8/96
School: MgGogney ES

Invoice #11148

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/25/2005 | CMM | Review HOD and drafted letter to parent detailing HOD | 0.58 105.00/hr | 60.90 |
| 7/27/2005 | CG | Reviewed HOD dated: 7/21/05 for review for meeting | 0.58 175.00/hr | 101.50 |
| 8/3/2005 | RN | Draft letter to school requesting meeting for the student. | 0.42 350.00/hr | 147.00 |
| 8/4/2005 | RN | Phone call to parent ; discussing the need to have a meeting for the student. | 0.08 350.00/hr | 28.00 |
| 8/11/2005 | CMM | Drafted letter to parent/enclosed letter sent to McGogney in request of MDT meeting to be scheduled | 0.25 105.00/hr | 26.25 |
| 8/18/2005 | CMM | Assist attorney in sending correspondence to parent re: supplemental tutorial services | 0.17 105.00/hr | 17.85 |
| 8/23/2005 | MM | File review and developed monthly case status report and devleoped report regarding most recnt communication with the paren and the school and the next step in the case. | 0.58 150.00/hr | 87.00 |
| | MM | File review and developed monthly case status report | 0.83 150.00/hr | 124.50 |
| 8/26/2005 | RN | Draft letter to school requesting MDT meeting. | 0.42 350.00/hr | 147.00 |

Denzel King                                                                                                   Page    2

|            |     |                                                                                                                                                                                                                                                              | Hrs/Rate         | Amount |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------------|--------|
| 9/1/2005   | KC  | Reviewed client file in preparation for MDT meeting.                                                                                                                                                                                                                           | 1.00 175.00/hr   | 175.00 |
|            | KC  | Attended MDT/IEP @ McGogney ES                                                                                                                                                                                                                                                 | 2.50 175.00/hr   | 437.50 |
| 9/7/2005   | KC  | Phone call to Ms. Smith ( McGogney) re: inquiry about remaining goals and objectives.                                                                                                                                                                                          | 0.33 175.00/hr   | 57.75  |
| 9/13/2005  | KC  | Draft letter to Mr. Burdin (McGogney ES) re: When completed IEP can be retrieved from school. MDT/IEP meeting was held last week.                                                                                                                                              | 0.75 175.00/hr   | 131.25 |
| 9/28/2005  | DH  | Draft administrative due process hearing for Ms. Neloms' review.                                                                                                                                                                                                               | 2.00 350.00/hr   | 700.00 |
|            | RN  | Review the student's administrative due process hearing request.                                                                                                                                                                                                               | 0.33 350.00/hr   | 115.50 |
| 9/29/2005  | KC  | Draft letter to Ms. Pamela King re: McGogney's failure to provide JEB & associates with copies of student IEPs. Writer urges parent to direct all communication from the school through the law firm.  Parent also asked to provide copies of IEPs if school has provided them to her. Mailed & filed letter. | 0.83 175.00/hr   | 145.25 |
|            | KC  | Draft letter to Mr. Burdon (Spec. Ed. Coordinator; McGogney ES) re: failure to respond to writer's request to provide students' IEPs in the wake of the 9/1/05 MDT/IEP mtg. Additional request for IEPs. Faxed letter & filed.                                                | 0.75 175.00/hr   | 131.25 |
|            | MM  | File review and developed  monthly case status report                                                                                                                                                                                                                          | 0.42 150.00/hr   | 63.00  |
| 9/30/2005  | CMM | Drafted letter to parent detailing hearing request filed 10/28/05                                                                                                                                                                                                              | 0.25 105.00/hr   | 26.25  |
| 10/19/2005 | RN  | Discussion of cases with new attorney.                                                                                                                                                                                                                                         | 0.25 350.00/hr   | 87.50  |
|            | HR  | Assisted attorney in sending case status to parent and placed copy of letter in students master file                                                                                                                                                                           | 0.17 105.00/hr   | 17.85  |
| 11/1/2005  | CMM | Discussion with Michelle Moody, Advocate regarding case status                                                                                                                                                                                                                 | 0.08 105.00/hr   | 8.40   |
|            | MM  | Discussion with claudia                                                                                                                                                                                                                                                        | 0.08 150.00/hr   | 12.00  |
| 11/9/2005  | CMM | Drafted letter to parent with heairng information                                                                                                                                                                                                                              | 0.50 105.00/hr   | 52.50  |

Denzel King                                                                                                              Page    3

|            |     |                                                                                                        | Hrs/Rate      | Amount   |
|------------|-----|--------------------------------------------------------------------------------------------------------|---------------|----------|
| 11/9/2005  | CMM | Phone call to parent to notify and confirm hearing attendance                                          | 0.25 105.00/hr | 26.25   |
| 11/18/2005 | DH  | Review the student's educational file, prepare five-day disclosures for the student's administrative due process hearing. | 1.00 350.00/hr | 350.00 |
|            | CMM | Assisted attorney to prepare disclosure to DCPS                                                        | 1.00 105.00/hr | 105.00  |
| 11/21/2005 | CMM | Drafted case status letter to parent                                                                   | 0.50 105.00/hr | 52.50   |
| 11/22/2005 | DH  | Prepare for the student's administrative due process hearing.                                          | 2.00 350.00/hr | 700.00  |
| 11/28/2005 | KC  | Prepared for Due Process Hearing                                                                       | 1.00 175.00/hr | 175.00  |
|            | KC  | Appearance to 825 North Capital for due process hearing                                                | 2.00 175.00/hr | 350.00  |
|            | DH  | Prepare and participate in the student's administrative due process hearing.                           | 3.00 350.00/hr | 1,050.00 |
|            |     | For professional services rendered                                                                     | 24.90         | $5,709.75 |

Additional Charges :

| 7/26/2005 | Postage; letter to parent re: HOD and return of report cards. | 0.83 |
|-----------|----------------------------------------------------------------|------|
| 8/1/2005  | Facsimile: Letter to school.                                   | 2.00 |
| 8/18/2005 | Postage; letter to parent.                                     | 0.37 |
| 8/26/2005 | Facsimile response to letter of invitation to McGogney ES      | 2.00 |
| 9/1/2005  | Facsimile letter and MDT notes to McCogney ES                  | 6.00 |
|           | Copied: records and evals for advocate.                        | 13.50 |
|           | Copied: Meeting notes for attorney and file.                   | 4.50 |
| 9/29/2005 | Facsimile HR to SHO                                            | 8.00 |
|           | Copied documents; letter to parent and file                    | 3.25 |
|           | Copied documents; letter                                       | 1.50 |
|           | Facsimile waiver resolution mtg to McGogney                    | 2.00 |

Denzel King                                                                                           Page    4

|            |                                                               | Amount   |
|------------|---------------------------------------------------------------|----------|
| 9/29/2005  | Facsimile to McCogney letter to Special Ed. Coordinator       | 3.00     |
|            | Postage; letter to parent.                                    | 0.74     |
| 9/30/2005  | Postage; letter to parent re: HR.                             | 0.60     |
|            | Copied: HR/waiver resolution for parent.                      | 2.00     |
| 10/19/2005 | Copied status letter to parent                                | 0.50     |
|            | Postage; letter to parent                                     | 0.37     |
| 11/9/2005  | Copied                                                        | 0.50     |
|            | Postage; letter to parent                                     | 0.37     |
| 11/18/2005 | Copied: Disclosure for OGC and SHO.                           | 30.50    |
| 11/22/2005 | Postage; status letter to parent                              | 0.37     |
| 11/28/2005 | Sedan taxi service to DCPS for hearing.(atty)                 | 8.00     |
|            | File review preparation of bill and invoice audit             | 96.88    |
|            | **Total costs**                                               | $187.78  |
|            | **Total amount of this bill**                                 | $5,897.53 |



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | |
|---|---|---|---|
| Attorney Firm | James E. Brown & Associates, PLLC | Dates of Service | 7/25/2005 to 11/28/2005 |
| Student | Denzel King | OGC Control | 4183 |
| Date Received | 12/5/2005 | HOD Docket Num | |
| HOD DATE | 11/29/2005 | Attorney Invoice | 05-548 |
| Funding Fiscal Year: | 2006 | | |

1) Application Review

   a) Application complete     Y
   b) Certification Signed     Y
   c) HOD/SA Attached     Y

2) Allocation of invoice

| | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $5,709.75 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $187.78 | $0.00 |
| TOTALS | $5,897.53 | $0.00 |

Amount Approved Before Partial Payment     $0.00
Partial Payment     $0.00
Total Amount Approved     $0.00

Processed By: Attorney Fee Invoice Processing Team

Approved By: _____

# Attorney Dispute Sheet

**Attorney Firm:** James E. Brown & A  **HOD Date:** 11/29/2005

**Student:** Denzel King  **Attorney Fee Cap Amount:** $4,000.00

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4183 | | Cost | | D Hill not Licensed DC | $187.78 | 1 | $187.78 | $0.00 | 0 | $0.00 | 1 | $187.78 |
| 4183 | | Expert/ Advocat | | | $0.00 | 1 | $0.00 | $0.00 | 0 | $0.00 | 1 | $0.00 |
| 4183 | | Fee | | D Hill not Licensed DC | $5,709. | 1 | $5,709.75 | $0.00 | 0 | $0.00 | 1 | $5,709.75 |
| **Totals** | | | | | | | **$5,897.53** | | | **$0.00** | | **$5,897.53** |

**Attorney Charges**

| | | Expert/Advocate Charges | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $5,709.75 | Total Invoiced Expert Charges: | $0.00 |
| Disputed Attorney Fee Amount | $5,709.75 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | Attorney Expenses | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $187.78 |
| | | Disputed Attorney Expenses | $187.78 |
| Approved Invoice Prior to Prepayments | $0.00 | Approved Expenses | $0.00 |
| Partial Payment: | $0.00 | | |
| Total Invoice Approved | $0.00 | | |