# EXHIBIT 12

**STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA**
**REQUEST FOR MEDIATION/HEARING**

➢ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**

➢ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002.  Fax number 202-442-5556**

---

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case.  Please indicate your decision:

____  I REQUEST MEDIATION  ___  I REQUEST MEDIATION AND A HEARING  __X__  I REQUEST A HEARING

---

**STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED**

Student Name:  Amin Marrow                               DOB:  August 14, 1995

Address:  1011 14th ST., SE, #11, Washington, D.C. 20003

Present School of Attendance:  Friendship-Edison Public Charter School [Chamberlain Campus]

Home School:  Ludlow-Taylor Elementary School
              (Neighborhood school where child is registered)

**COMPLAINT IS MADE AGAINST:  Friendship-Edison PCS and District of Columbia Public Schools**
                            DCPS and/or D.C. Public Charter School-specify charter school

**INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING**

     Name:  William Marrow & Edwina Sumpter

     Address:  1011 14th ST., SE, #11, Washington, D.C. 20003

     Phone:  (H) 202 543-9095/345-6993   (W) n/a                (F) _____

     Relationship to Student:  _X__ Parent  ____ Self  ____ Legal Guardian  ____ Parent
     Surrogate  ____ Public Agency

**PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):**

Name:  Roberta L. Gambale, Esq.  Phone:  (W)  202 742-2015    (Fax)  202 742-2098

Address: 1220 L St., NW, #700, Washington, D.C. 20005

---

1. You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:  June 24, 2005 _____  June 27, 2005 _____  June 28, 2005 _____

Mediation:  Not requested _____  Not requested _____  Not requested _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

      Interpreter
      ___ Foreign Language _____
      ___ Sign Language _____
      ___ Other _____
      ___ Special Communications _____

Special Accommodation for Disability _____
Other _____

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
(You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem:**

**Failure to conduct assessments recommended by the MDT and/or otherwise warranted .**

Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of
Columbia and/or District of Columbia Public Schools ("DCPS") failed to conduct an audiological
evaluation for Amin Marrow, DOB: 8/14/95, as well as, a functional behavioral assessment. (See:
34 C.F.R. Sections 300.530-536)

The audiological was first requested and/or agreed upon by the MDT on or about March 2005.
According to meeting notes it was necessary to rule out whether Amin had "*language processing
problems vs. possible auditory processing problems*" (See: 3/1/05 MDT notes pg. 4) A Student
Evaluation Plan was developed at the meeting with the completion date designated as being May
5, 2005. (See SEP) At a follow up meeting held on or about June 1, 2005 it was discovered that
the audiological assessment had not been conducted. ( See 6/1/05 MDT notes).

The functional behavioral assessment ("FBA") is warranted based upon recent disciplinary actions
taken this school year. This school year there have been some behavior problems fights and verbal
altercations and refusals to follow directions. It is suspected that the emerging negative behavior
patterns are the result of academic frustrations. However, because the behavior incidents have
resulted in suspensions for this child, a FBA should have been conducted and a behavior plan
developed for this student. ( See 34 C.F.R. Sections 300.520)DCPS was aware of this student's
need for a FBA. Dr. Boucher, the Educational Advocate, working with this family, had
communications with Dr. Peagler, the DCPS monitor for the school. Dr. Peagler, also agreed that
due to the fact that Amin had been suspended the team needed meet to discuss and develop a
behavior plan.

At the present time, an alternate placement is in the process of being identified for Amin. Not only
does the failure to complete these assessments render the current program for Amin incomplete
and potentially interferes with the ability to identify a suitable placement for Amin. As a result,
Amin has been denied a FAPE.

**Failure to develop a Behavior Intervention Plan ("BIP")**

Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of
Columbia and/or District of Columbia Public Schools ("DCPS") failed to develop a behavior
intervention plan for Amin Marrow, DOB: 8/14/95. A behavior intervention plan ("BIP") is
warranted based upon recent disciplinary actions taken this school year and should have been
included as part of Amin Morrow's Individualized Educational Program ("IEP") (See 34. C.F.R.
Sections 300.520; 300346; 300.347). This school year there have been some behavior problems

fights and verbal altercations and refusals to follow directions. These problems were acknowledged at the last meeting held for the student in June 2005. As a result of the behavior exhibited, the school has found it necessary to suspend Amin. It is suspected that the emerging negative behavior patterns are the result of academic frustrations. Because the behavior incidents have resulted in suspensions for this child, a FBA should have been conducted and a behavior plan developed for this student. (See: MDT notes)

DCPS was also aware of this student's need for a behavior plan. Dr. Boucher, the Educational Advocate, working with this family, had communications with Dr. Peagler, the DCPS monitor for the school. Dr. Peagler, also agreed that due to the fact that Amin had been suspended the team needed meet to discuss and develop a behavior plan.

Were a child has series of short term suspensions that amount to more than 10 days cumulative obligations set forth in IDEA to conduct a FBA are triggered. (See District of Columbia Public Schools, 28 IDELR 401 (SEA D.C. 1998); Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729 (1975); Honig v. Doe, EHLR 559:233 (1988).)

## Failure to identify a placement and/or include the parent in the placement decision

The District of Columbia Public Schools ("DCPS") failed to identify a suitable placement for Amin Marrow, DOB: 8/14/95 and/or failed to allow the parent to participate in the placement decision for her child. (See: 34 C.F.R. Sections 300.530-536). The DCPS was notified by the parent and/or Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of Columbia that FEPCS was unable to meet this student's needs and that Amin would require an alternative educational placement. The team agreed that Amin needs a full-time placement. At the meeting, parent indicated her willingness to consider public placements such as Prospect Learning Center and other placements such as Chelsea School was proposed by the MDT.

Because the DCPS Placement Specialist was not at the meeting, subsequent to the meeting, the DCPS Special Education Specialist ("SES") , Dr. Peagler, was conducted by Dr. Boucher, the Educational Advocate working with the family. Dr. Boucher provided the student records to the SES. Dr. Boucher was informed that the placement decision would be made by DCPS at a review meeting. Parent was not included in the review meeting that was scheduled for the week of June 6, 2005, by the DCPS Special Education Specialist. See 34 C.F.R. Section 300.501(a)(2)(i) which requires that public agency to afford the parent an opportunity to participate in placement decisions for his/her child.

## Denial of FAPE and/or Inappropriate Disability Classification and/or IEP

Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of Columbia and/or District of Columbia Public Schools ("DCPS") failed to appropriately identify the disability of and/or program for Amin Marrow, DOB: 8/14/95. Since 2003, Amin has been identified as being a student with a speech and language disability. The Educational Advocate, Dr. Boucher, working with the family, strongly suspected that Amin had learning disabilities in addition to the speech and language impairment already identified. At the May 12, 2004

MDT/IEP meeting, Dr. Boucher, voiced her concerns to the team but they were not addressed. Amin was provided with a minimal amount if instructional and related services (6.5 hours). Upon conducting additional testing in March 2005, it was determined that Amin did in fact have a learning disability in addition to the speech and language impairment already identified. As a result, Amin's program was substantially modified. He now has a program that provides him with 28 hours of instructional services per week. Had FEPCS/DCPS addressed the concerns raised by the advocate at the 5/12/04 meeting, additional testing would have been completed and/or a Amin's need for a full time program would have been identified at least by the commencement of the 04/05 school year and would have received approximately 892 hours of additional services for this school year.

Amin has been denied a Free and Appropriate Public Education ("FAPE") and should be provided compensatory relief to help remedy this situation and put him in the position he would have been in had it not been for the delays that have occurred in completing testing. Compensatory Education is an appropriate remedy for denials of FAPE. ( See: School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359 (1985); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991).

- The parents further assert any additional facts or issues related to those raised here that may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter.

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

- Whether Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of Columbia and/or District of Columbia Public Schools ("DCPS") failed to conduct an audiological evaluation for Amin Marrow, DOB: 8/14/95, as well as, a functional behavioral assessment?

- Whether Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of Columbia and/or District of Columbia Public Schools ("DCPS") failed to develop a behavior intervention plan for Amin Marrow, DOB: 8/14/95?

- Whether the District of Columbia Public Schools ("DCPS") failed to identify a suitable placement for Amin Marrow, DOB: 8/14/95 and/or failed to allow the parent to participate in the placement decision for her child?

- Whether Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of Columbia and/or District of Columbia Public Schools ("DCPS") failed to appropriately identify the disability of and/or program for Amin Marrow, DOB: 8/14/95?

- Whether Amin has been denied a FAPE and should be entitled to compensatory education for the violations committed here?

- The parent further asserts any additional facts or issues, related to those raised here, which may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter.

- If the proof offered at the due process hearing differs from the description of the nature of the problems, as stated above, and the proposed resolution of the problem, as stated below, then the parent hereby amends the hearing request to conform to the proof presented at and during the hearing.

**Describe relevant facts relating to the problem:**

Please see section under Nature of the Problem. In addition, please note that: Amin Marrow is a nine-year-old student at Friendship-Edison Public Charter School [Chamberlain Campus] in the District of Columbia; his home school is Ludlow-Taylor Elementary School. On April 22, 2003, an MDT meeting took place at Friendship-Edison during which an Individualized Educational Program ("IEP") was developed classifying Amin as speech and language impaired and entitling him to one hour per week of speech and language therapy and two hours per week of specialized instruction. Amin's IEP was revised in May 2004 and the hours of service were increased to 6.5 hours per week.

Amin has had two psychological-educational evaluations in recent months, one dated June 5, 2002, and the other dated March 13, 2003. Both evaluations indicate that Amin's IQ scores fall in the borderline range of intellectual functioning.

A meeting was held on or about March 1, 2005, at which time additional evaluations were agreed upon for Amin. A meeting to review evaluations and revise the student's IEP occurred in June 2005 and at that time it was determined that Amin required a full time placement.

In addition to speech and language services, Amin also receives occupational therapy services .75 hours per week.

**State how you would like to see the problem corrected:**

The parents of Amin Marrow respectfully request:

1. a finding that:
   - Friendship-Edison PCS has failed to provide Amin Marrow with the audiological evaluation and/or functional behavioral assessment to which he is entitled;
   - Friendship-Edison PCS has failed to provide Amin Marrow with a behavior plan;
   - DCPS has failed to identify a placement for Amin Marrow;
   - DCPS has failed to allow the parent to participate in placement meetings;
   - Amin's 2003/2004 IEP failed to properly identify and/or program for the full extent of his disabilities;
   - Amin is entitled to compensatory education for denials of FAPE that have occurred

during the 2004/2005 school year?

2. Friendship-Edison PCS /DCPS be ordered to complete a FBA and audiological assessment for Amin Marrow within;

3. that Friendship-Edison PCS /DCPS be ordered to convene an MDT meeting for Amin, within five school days of the completion of evaluations;

4. that a suitable placemen be identified with parent participation or in the alternative that DCPS fund placement at the Chelsea School upon acceptance;

5. that Amin be awarded not less than 892 hours of compensatory education and that a plan be developed at the next meeting;

6. that the MDT meeting in question be scheduled through parents' counsel;

7. that Friendship-Edison PCS/DCPS provide any other relief deemed appropriate and relating to the violations committed here;

8. that pursuant to 5 DCMR 3021.8, Friendship-Edison PCS/DCPS be ordered to provide parents counsel copies of all evaluation reports and all educational records, not previously provided, at least two business days before any meeting which the student or parent is entitled to attend or participate in;

9. A final determination shall be issued pursuant to the timelines set forth in the IDEA.


_____         June 6, 2005_____
Signature of Applicant/Parent (Required)         Date


**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**FAX: (202) 442-5556**

---

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                    Revised 02/01/2003

---

(In the Matter of AM  DOB: 8/14/95  HOD September 18, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
#### Coles B. Ruff, Jr., Due Process Hearing Officer

2005 SEP 19 PM 2: 23
DC PUBLIC SCHOOL SYSTEM

| | |
|---|---|
| In the Matter of Amin Marrow      ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth:  August 14, 1995   ) | **INTERIM** |
|                                   ) | **HEARING OFFICER'S DECISION** |
|           Petitioner,             ) | Hearing Date: September 8, 2005 |
|                                   ) | Held at: 825 North Capitol St. NE |
|           v.                      ) | Washington, DC |
|                                   ) | |
| District of Columbia Public Schools  ) | |
| ("DCPS" or "District")            ) | |
| Attending School: Friendship Edison PCS) | |
| _____Respondent._____) | |

Counsel for Student:                    Roberta Gambale, Esq.
                                        1220 L Street NW  #700
                                        Washington, DC  20005

Counsel for DCPS:                       Rondalyn Primes, Esq.
                                        Office of General Counsel
                                        825 North Capitol St. NE
                                        Washington, DC  20002

Counsel for Friendship Edison PCS       Paul Dalton, Esq.
                                        1008 Pendleton Street
                                        Alexandria, Virginia 22314

## JURISDICATION:

A Due Process Hearing was convened on September 8, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed June 7, 2005. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (AM 1-25, DCPS 1, FEPCS 1-4) which were admitted into the record.[1]

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

1

(In the Matter of AM  DOB: 8/14/95  HOD September 18, 2005)

## FINDINGS OF FACT:

The student is currently ten and has been determined to be eligible for special education
and related services. The student attended Friendship Edison Public Charter School
(FEPCS) Woodridge Campus during school year 2004-05. He was first determined to be
eligible in 2002 at FEPCS with a disability classification of speech language impaired
(SLI). (Dr. Boucher's testimony, AM 12)

In March 2003 a psychological evaluation was conducted of the student, which included
the following assessments: WISC-III, WIAT II, Bender Visual–Motor Gestalt Test, and
a review of records. The student's verbal IQ was 74, performance IQ was 79 and full
scale IQ was 75, in the 5th percentile. The student's reading comprehension score was 67
in the 1st percentile, oral language in the 8th percentile and written expression in 37th
percentile. The evaluator noted the student was "functioning below grade level in
reading comprehension, word reading and math reasoning while performing near grade
level in written expression. The evaluator indicated the difference between the student's
performance and verbal IQ scores was insignificant and despite his difficulty with
reading comprehension and overall language skills the student did not meet the criteria
for a learning disability. (FEPCS 1)

FEPCS convened a multidisciplinary team (MDT) meeting on May 12, 2004, when the
student was in the second grade attending the Chamberlain campus. The parent attended
along with her educational advocate, Dr. Robin Boucher. At the meeting the advocate
asserted the student should be classified with a specific learning disability (LD) based on
the discrepancy between the student's TONI intelligence score of 89 and his reading
comprehension score of 67. In addition, the advocate asserted the LD classification was
supported by a severe auditory processing deficit reflected in the student's February 2003
speech language evaluation. The other members of the MDT indicated additional
information was needed to classify the student LD. (Dr. Boucher's testimony, AM 7)

The May 12, 2004, meeting notes indicate the parent was satisfied with the SLI
classification and would wait until the next IEP meeting and the triennial evaluations in
2005 to see if the student qualified for any other disability classification. The advocate's
notes indicate the parent did not believe the student was LD and did not want him
"labeled and in a special school." The parent liked FEPCS and wished for the student to
continue to attend. The MDT did not change the student's disability classification and
updated his individualized educational program (IEP) to prescribe the following weekly
services: 5 hours of specialized instruction, 1 hour of speech language therapy and .75
hours of occupational therapy. (Dr. Boucher's testimony, AM 7)

As a result of the student's poor academic performance during school year 2004-05, the
parent's counsel requested FEPCS convene a MDT/IEP meeting. The meeting convened
March 1, 2005. The MDT concluded the student's specialized instruction should be
increased from five hours per week to eight to provide math instruction. The MDT
concluded the student would be evaluated to consider his appropriate level of services
and developed a student evaluation plan (SEP). The SEP included the following

2

(In the Matter of AM  DOB: 8/14/95  HOD September 18, 2005)

evaluations: audiological, psychological to include the Woodcock Johnson R III, WISC
IV, TONI and speech/language. The advocate suggested an auditory processing
evaluation using the Woodcock Johnson III be conducted and that the audiological
evaluation assess the student's "acuity and perception and brain processing."[2] (Dr.
Broucher's testimony, AM 5, 10, 11)

In April 2005 FEPCS conducted an audiological screening but not a full audiological
evaluation. Based on the SEP the audiological was to be completed by May 5, 2005.
(Dr. Broucher's testimony)

FEPCS conducted the speech/language evaluation which noted the student had difficulty
in classroom listening and recommended 1 hour of speech/language therapy per week to
improve his expressive and reception language. The evaluation noted the student's long
term goals should be to make measurable gains in auditory comprehension abilities,
improve articulation skills and expressive language skills. (AM 16)

In April 2005, FEPCS conducted a psychological reevaluation which included the
following assessments: Behavior Assessment System, WIAT 3, WISC 4, TONI 3, VMI
and a student interview and observation. The evaluation indicated the student's overall
cognitive abilities fell in the borderline range with somewhat higher scores in the area of
verbal reasoning. The TONI overall score was 92 at the 16th percentile which was in the
average range with an age equivalency of 8.0 years. His overall reading was in the
extremely low range, below his intellectual functioning. His math performance was in the
borderline range and his written language scores fell in the extremely low range."
The evaluator indicated there was a 20 point discrepancy between the student's non-
verbal intelligence and the previous cognitive testing. (AM 17)

The evaluator recommended the following: "While the results of the
cognitive/achievement evaluations support a classification of a learning disability, [the
student's] significant expressive and receptive language issues along with fine motor and
visual-motor integration deficits preclude making a definitive diagnosis of learning
disability at this time. The MDT is recommended to examine the current speech
language evaluation and occupational therapy evaluation for direction on what the most
appropriate classification would be to serve [the student's] academic needs." (AM 17)

FEPCS reconvened the MDT/IEP meeting on June 1, 2005. The parent and her
educational advocate attended. The MDT discussed the student's classroom behavior and
noted the student had been suspended for non compliant behavior. However, there was
no action taken by the MDT to specifically address the student's behavior. The MDT
concluded the student's disability classification should be changed to multiple disabilities
(MD) to include SLI and LD. The MDT determined the student needed a full time
special education placement and that FEPCS could not longer meet the student's needs.
The IEP was amended to prescribe the following weekly services: 28 hours of

---

[2] There was no functional behavior assessment mentioned in the SEP meeting notes as one of the
evaluations that needed to be conducted.

(In the Matter of AM DOB: 8/14/95 - HOD September 18, 2005)

specialized instruction, .75 hours of occupational therapy, and 3.25 hours of speech language services. (FEPCS 2)

The MDT agreed to reconvene to review the central auditory processing evaluation and that a DCPS placement official would be contacted to facilitate the required change of placement. The MDT notes indicate that FEPCS would remain the interim placement until DCPS provided a placement acceptable to the parents. (FEPCS 2)

The parent's educational advocate communicated with the DCPS placement monitor for FEPCS and discussed the need for a full time special education placement soon after the June 1, 2005, MDT meeting. The student received ESY services during summer 2005. (Dr. Boucher's testimony)

On July 22, 2005, a MDT meeting was held in which a prior notice of placement was issued for the student to attend Prospect Learning Center. At the July 22, 2005, meeting the advocate asked about the outstanding audiological evaluation which was still not available. (AM 21, 22, 23)

FEPCS completed an audiological evaluation in August 2005. However, the evaluation did not assess the student's auditory processing skills as requested by the advocate. (Dr. Boucher's testimony, FEPCS 26)

**ISSUE(S):**

Did FEPCS deny the student FAPE by:

1. Failing to conduct the audiological and functional behavioral assessment (FBA) the MDT recommended at the March 1, 2005, meeting?

2. Failing to develop a behavior intervention plan (BIP) based on the recommendation in March 2003 psychological evaluation and the June 2005 MDT meeting?

3. Failing to develop an appropriate IEP with the appropriate disability classification (LD) as of the May 2004, MDT/IEP meeting?

**CONTENTIONS OF THE PARTIES:**

FEPCS counsel asserted the following:

    1. The March 2005 meeting notes indicate the advocate agreed that the team would wait until the June meeting to discuss the student's classification.
    2. At June 2005 meeting it was agreed a FBA would be conducted; however, by that time school had ended and the FBA could not be conducted.
    3. The notes reflect the parent stated the student's hearing was normal; nonetheless, FEPCS has conducted an audiological evaluation.
    4. The 2003 psychological did not indicate a severe discrepancy.

4

(In the Matter of AM  DOB: 8/14/95  HOD September 18, 2005)

5. The student was promoted and thus received educational benefit.
6. Any compensatory education cannot yet be determined.

The parent's counsel asserted the following:

1. There was no evidence refuting Dr. Boucher's testimony.
2. The FBA goes back to the 2002 evaluation as testified to by Dr. Boucher.
3. The latest evaluations confirm the student should have been determined to be LD.
4. The student has gone from 3 hours of specialized instruction to 28.
5. While at FEPCS the student has been failing and in fact has regressed.
6. There is no dispute the student needs an FBA and it was not disputed in the June 2005 meeting.
7. The audiological evaluation would not have been referred in July 2005 if the April 2005 screening had been sufficient.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3030.3 FEPCS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

1. Did FEPCS deny the student FAPE by failing to conduct the audiological and functional behavioral assessment (FBA) the MDT recommended at the March 1, 2005, MDT meeting?  Conclusion: FEPCS sustained its burden of proof.

There was no functional behavior assessment mentioned in the SEP meeting notes as one of the evaluations to be conducted. Although the March SEP indicated an audiological should be conducted FEPCS conducted an audiological screening. When it was clarified in June that the screening was insufficient FEPCS completed a full audiological by August 2005. Albeit Dr. Boucher indicated that this evaluation still does not measure the auditory processing concerns she raised, the Hearing Officer concludes there was good faith effort to comply with the evaluation request and no denial of FAPE.

2. Failing to develop a behavior intervention plan (BIP)? Conclusion: FEPCS sustained its burden of proof. There was no mention of behavior interventions in the student's 2003 psychological evaluation. Although Dr. Boucher testified the student had behavior concerns there was no other evidence in the record that in the Hearing Officer's opinion supported any agreement by a MDT that a BIP be developed. Although there was evidence in the meeting notes that the student had non compliant behavior and had been suspended, there was no indication the student had been suspended for more than ten school days to have triggered an automatic FBA and BIP under IDEA. The parties acknowledged that FEPCS agreed to a FBA. However, the Hearing Officer accepts FEPCS' assertion that there was not enough time in the remaining school year to complete the required observations. However, the student apparently attended extended school year (ESY) and a new school year has now begun. Thus, a FBA and BIP should

be conducted at the student's current placement. FEPCS has acknowledged in the meeting notes and representations at the hearing that it agreed to conduct a central auditory processing evaluation and are thus directed to do in the Order below.

3. Failing to develop an appropriate IEP with appropriate disability classification (LD) as of the May 2004, meeting?  Conclusion: FEPCS did not sustain its burden of proof.

Dr. Boucher credibly testified that at the May 2004 MDT/IEP meeting she asserted the student had a specific learning disability and that the evaluations at the time indicated a discrepancy between the student's cognitive ability and his academic performance to warrant the classification. The MDT/IEP meeting notes also reflect her assertion.

34 CFR 300.541 provides: [3]

> A MDT may determine that a child has specific learning disability if the child does not achieve commensurate with his or her age and ability levels in one or more of the areas listed below, if provided with learning experiences appropriate for the child's age and ability levels, and the team finds that a child has a severe discrepancy between achievement and intellectual ability in one or more of the following areas:
> - Oral expression
> - Listening comprehension
> - Written expression
> - Basic reading skills
> - Reading comprehension
> - Mathematics calculation
> - Mathematics reasoning
>
> The MDT cannot identify the child with a disability if the discrepancy is the result of a visual, hearing, or motor impairment, mental retardation, emotional disturbance or environment, cultural or economic disadvantage.

The student's March 2003 a psychological evaluation indicated the student's reading comprehension score was 67 in the 1st percentile. The evaluator noted the student was "functioning below grade level in reading comprehension, word reading and math reasoning. The evaluator indicated the difference between the student's performance and verbal IQ scores was insignificant and despite his difficulty with reading comprehension and overall language skills the student did not meet the criteria for a learning disability. However, as Dr. Boucher pointed out in her testimony there was a 20 point discrepancy between his reading comprehension score and his TONI score. There were no evidence presented that contradicted Dr. Boucher's testimony. The student clearly was not achieving commensurate with his age and grade and he had a severe discrepancy between intellectual ability and achievement and in reading comprehension. The student's most recent psychological evaluation confirmed this fact and the MDT determined the student's disability classification should be changed. The Hearing Officer concludes the

---

[3] The reauthorization of IDEA redefines specific learning disability and does not require that there be a discrepancy between intellectual ability and performance in order for a student to be determined to have a specific learning disability.

(In the Matter of AM  DOB: 8/14/95  HOD September 18, 2005)

student demonstrated a learning disability as early as May 2004 and the student's IEP
was consequently inappropriate and he was denied FAPE by as a result.  Because there
was no evidence presented as to the appropriate compensatory education the student is
due as a result of a denial of FAPE the Hearing Officer directs the issue be addressed by a
MDT pursuant to the Order below.

**ORDER:**

1. FEPCS shall fund and the parent shall obtain the following independent
   evaluations of the student consistent with DCPS cost guidelines: FBA and
   assessment(s) to determine the student's central auditory processing.

2. DCPS shall, within fifteen (15) school days of its receipt of the above listed
   independent evaluations, convene a multi-disciplinary team/individualized
   educational program (MDT/IEP) meeting to review the student's evaluations,
   review and revise the student's IEP, develop a BIP, discuss and determine
   placement, and discuss compensatory education and develop a compensatory
   education plan.

3. FEPCS shall attend the MDT/IEP meeting for the purposes of determining
   compensatory education and provide the student the compensatory education he is
   due from May 2004 through June 2005 when he should have been determined to
   have a specific learning disability.

4. If the student's placement is changed DCPS shall issue a prior notice of
   placement within five (5) school days of the MDT/IEP meeting if the
   recommended placement is public and thirty (30) calendar days if the
   recommended placement is private.

5. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

6. DCPS/FEPCS will be given a day for a day extension of any of the prescribed
   time frames in this Order for any delay caused by the student, the parent and/or
   their representative(s).

7

(In the Matter of AM  DOB: 8/14/95  HOD September 18, 2005)

## APPEAL PROCESS:

Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: September 18, 2005**

Issued: *09 -14 - 06*

8

(In the Matter of AM  DOB: 8/14/93  HOD September 18, 2005)

## In the MATTER OF Amin Marrow V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| AM 1-25 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Witness List | Yes |
| FEPCS 1-4 | FEPCS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(In the Matter of AM  DOB: 8/14/95  HOD September 18, 2005)

## In the MATTER OF Amin Marrow V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 6/7/05 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 6/9/05 | Notice of Due Process Hearing |
| | SBTS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(In the Matter of AM  DOB: 8/14/95  HOD September 18, 2005)

# INDEX OF NAMES

## In the MATTER OF Amin Marrow V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist FEPCS | Dr. Bronwen L. Millet |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| School System's Representative | Rhondalyn Primes, Esq. |
| Parent's Educational Advocate | Dr. Robin Boucher |
| Counsel for Friendship Edison Public CS | Paul Dalton, Esq. |
| Special Education Coordinator FEPCS | Mr. Roderick Moore |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:                          JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:                          JAMES E. BROWN
   Federal Tax ID No.:                52-1500760
   D.C. Bar No.:                      61622

2. **Student Information**
   Name:                              Amin Marrow
   DOB:                               8/14/95
   Date of Determination (HOD/SA):    9/19/05
   Parent/Guardian Name:              William Marrow
   Parent/Guardian Address:           1011 14th St., SE, #11, WDC 20003
   Current School:                    Friendship Edison PCS
   Home School:                       Friendship Edison PCS

3. **Invoice Information**
   Invoice Number:                    05-447
   Date Request Submitted:            9/23/05
   Date(s) Services Rendered          2/10/04 to 9/20/05
   Amount of Payment Request          $ 24,864.51

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E. Brown_                                September 23, 2005
Signature                                       Date

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Amin Marrow

September 21, 2005
In Reference To:  Amin Marrow

Invoice #10970

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/10/2004 | RB | Reviewed HOD of 1/27/04 | 0.17<br>175.00/hr | 29.75 |
|  | RB | Reviewed Psychological evaluation report of 6/02 | 0.33<br>175.00/hr | 57.75 |
|  | RB | Reviewed Psychological evaluation report of 3/03 | 0.33<br>175.00/hr | 57.75 |
|  | RB | Mapquest directions to Friendship-Edison SE campus for 2/11/04 meeting | 0.25<br>175.00/hr | 43.75 |
| 2/11/2004 | RB | Attended MDT/IEP @ Friendship-Edison PCS SE | 3.25<br>175.00/hr | 568.75 |
|  | RB | Discussion with the child's attorney: apprised of 2/11/04 school meeting outcomes | 0.33<br>175.00/hr | 57.75 |
| 2/12/2004 | MH | Reviewed notes from MDT meeting and memorandum from advocate regarding outcome at MDT meeting.  Formulated strategy for case in light of MDT meeting. | 0.92<br>350.00/hr | 322.00 |
| 2/26/2004 | RB | Received faxed Children's National Medical Center audiological materials from parent | 0.17<br>175.00/hr | 29.75 |
| 3/10/2004 | RB | Reviewed 2/11/04 school meeting notes | 0.17<br>175.00/hr | 29.75 |

Amin Marrow

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/10/2004 | RB | Set agenda for 3/15/04 school meeting @ Friendship-Edison PCS | 0.42 175.00/hr | 73.50 |
| 3/12/2004 | RB | Received CNMC audiological evaluation report by fax from parent; reviewed | 0.17 175.00/hr | 29.75 |
| 3/15/2004 | RB | Reviewed 2/11/04 school meeting notes | 0.17 175.00/hr | 29.75 |
| | RB | Discussion with the child's attorney: apprised of 3/15/04 school meeting outcomes | 0.25 175.00/hr | 43.75 |
| | RB | Attended MDT/IEP @ Friendship-Edison PCS SE w/parent | 3.33 175.00/hr | 582.75 |
| | RB | Reviewed Psychological evaluation report of 6/02 | 0.33 175.00/hr | 57.75 |
| 3/17/2004 | RB | Discussion with the child's attorney: problems with school strategy of steering parent toward private placement prior to eligibility beyond S/L and service of one hour per week | 0.17 175.00/hr | 29.75 |
| | MH | Conference with parent and review. Discussed concerns raised at MDT meeting on 3/15, and discussed plans for placement. | 0.50 350.00/hr | 175.00 |
| 3/18/2004 | RB | Discussion with the child's attorney: parent contact re nonpublic placement | 0.17 175.00/hr | 29.75 |
| | JF | Examined all available information in file to ascertain if any issues, such as obsevations, were pending. | 0.58 350.00/hr | 203.00 |
| 3/29/2004 | MH | Reviewed file to determine case status. | 0.25 350.00/hr | 87.50 |
| 4/1/2004 | JF | Examiend all educational information in file, such as: Evaluations, IEP's, HEarinf Officer's Determianation and any other information in file for possible IDEA violations. | 0.67 350.00/hr | 234.50 |
| 4/2/2004 | RB | Received and reviewed faxed request for signed evaluation consent, Friendship-Edison PCS SE | 0.17 175.00/hr | 29.75 |
| | RB | Copies intake documents; drafted note; faxed (two attempts) packet to Friendship-Edison PCS SE re OT evaluation | 0.58 175.00/hr | 101.50 |
| 4/14/2004 | RB | Phone call to parent to reschedule meeting; left vm message | 0.17 175.00/hr | 29.75 |
| | RB | Phone call from parent about rescheduling meeting | 0.17 175.00/hr | 29.75 |

Amin Marrow                                                                                      Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/14/2004 | RB | Telephone call to DCPS school staff @ Friendship-Edison PCS to request new meeting date | 0.25 175.00/hr | 43.75 |
| 4/15/2004 | RB | Received faxed meeting invitation | 0.17 175.00/hr | 29.75 |
| 4/16/2004 | RB | Telephone call to DCPS school staff @ Friendship-Edison PCS SE to accept meeting date/time | 0.17 175.00/hr | 29.75 |
| 4/21/2004 | MH | Reviewed file and reassessed/modified case strategy. | 0.25 350.00/hr | 87.50 |
| 4/30/2004 | RB | Phone calls (2) to parent to reconfirm 5/12/04 meeting after fax from school indicated they'd been unable to reach the parent after numerous attempts | 0.17 175.00/hr | 29.75 |
| 5/3/2004 | RB | Phone call to parent re 5/12/04 meeting | 0.17 175.00/hr | 29.75 |
|  | RB | Received faxed meeting confirmation; reviewed notice - Friendship-Edison PCS | 0.17 175.00/hr | 29.75 |
| 5/10/2004 | RB | Reviewed 2/11/04 & 3/15/04 meeting notes for 5/12/04 meeting | 0.42 175.00/hr | 73.50 |
|  | RB | Set agenda for 5/12/04 meeting | 0.75 175.00/hr | 131.25 |
|  | RB | Reviewed 2/27/04 Educational Solutions testing in reading and intelligence | 0.75 175.00/hr | 131.25 |
|  | RB | Conference with Sutton-Brock/advocate re Ivymount School appropriateness | 0.17 175.00/hr | 29.75 |
|  | CS | Conference with Boucher re placement | 0.17 175.00/hr | 29.75 |
| 5/11/2004 | RB | Mapquest directions from Lincoln MS to Friendship-Edison SE PCS | 0.33 175.00/hr | 57.75 |
| 5/12/2004 | RB | Attended MDT/IEP @ Friendship-Edison SE PCS w/parent | 3.67 175.00/hr | 642.25 |
| 5/17/2004 | MH | Conference with parent regarding MDT meeting that took place on 5/11. Discussed problems with what occurred at meeting and how to address those problems. | 0.75 350.00/hr | 262.50 |
| 5/25/2004 | RB | Discussion with the child's attorney: case notes re 5/12/04 school meeting | 0.42 175.00/hr | 73.50 |

Amin Marrow                                                                                           Page    4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/10/2004 | MH | Reviewed file, and developed strategy for future of case. | 0.17<br>350.00/hr | 59.50 |
| 8/4/2004 | RB | Discussion with attorney: need to talk with parents about whether or not to close case or ask for another meeting at Friendship-Edison PCS | 0.25<br>175.00/hr | 43.75 |
| | MH | Reviewed case with educational advocate. Planned strategy for obtaining FAPE. | 0.25<br>350.00/hr | 87.50 |
| 11/1/2004 | MH | Reviewed file to determine case status and formulate plan/strategy. | 0.17<br>350.00/hr | 59.50 |
| 12/17/2004 | JF | Examine all the ed. info. in prep. for classroom observation Friendship-Edison PCS ; contacted parent. Discussed issues and strategy with child's attorney | 1.17<br>350.00/hr | 409.50 |
| 1/3/2005 | JF | Drafted letter to Special Ed. Coordinator at Friendship-Edison PCS regarding classroom observation | 0.58<br>350.00/hr | 203.00 |
| 1/7/2005 | MH | Reviewed file and prepared letter to DCPS regarding need for MDT meeting to address failing grades in reading and writing.  Includes discussion with parent and research on what the problems are and what needs to be accomplished | 1.17<br>350.00/hr | 409.50 |
| 1/10/2005 | JF | Discussion with child's attorney re: Upcoming Observation | 0.25<br>350.00/hr | 87.50 |
| 1/11/2005 | RB | Phone calls (5) to parents at various telephone numbers | 0.33<br>175.00/hr | 57.75 |
| | RB | Memo to attorney and paralegal about family's inoperable telephone numbers | 0.08<br>175.00/hr | 14.00 |
| 1/12/2005 | RB | Phone call from parent, no message | 0.08<br>175.00/hr | 14.00 |
| 1/13/2005 | RB | Phone call to parent re meeting dates/times | 0.33<br>175.00/hr | 57.75 |
| | RB | Telephone call to Friendship-Edison NE sped coordinator accepting meeting date/time and need for IEP progress reports | 0.17<br>175.00/hr | 29.75 |
| 1/14/2005 | RB | Discussion with attorney: scheduled meeting | 0.08<br>175.00/hr | 14.00 |
| | MH | Discussion with educational advocate, Dr. Robin Boucher, regarding case status, plan for upcomming observation. | 0.08<br>350.00/hr | 28.00 |
| 2/7/2005 | RB | Telephone call to Friendship-Edison NE PCS re directions to school | 0.17<br>175.00/hr | 29.75 |

Amin Marrow                                                                              Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/9/2005 | RB | Attended meeting at Friendship-Edison PCS with parents; school canceled meeting with staff | 2.50<br>175.00/hr | 437.50 |
|  | RB | Memo to attorney re meeting with parents and school's cancellation of staff meeting with parents | 0.25<br>175.00/hr | 43.75 |
| 2/14/2005 | RB | Memo to attorney re meeting #2 | 0.08<br>175.00/hr | 14.00 |
|  | RB | Phone call to parent re meeting date/time | 0.08<br>175.00/hr | 14.00 |
|  | RB | Memo to attorney re family's relocation plan | 0.08<br>175.00/hr | 14.00 |
|  | RB | Copied 5/12/04 IEP and reviewed document and notes | 0.33<br>175.00/hr | 57.75 |
|  | RB | Telephone call to Friendship-Edison NE re scheduling meeting | 0.17<br>175.00/hr | 29.75 |
| 3/1/2005 | RB | Telephone call to Friendship-Edison NE to re-confirm meeting and to get driving directions | 0.25<br>175.00/hr | 43.75 |
|  | RB | Telephone call from Friendship-Edison NE PCS to re-confirm meeting | 0.08<br>175.00/hr | 14.00 |
|  | RB | Phone call to parent to re-confirm meeting at Friendship-Edison NE PCS | 0.17<br>175.00/hr | 29.75 |
|  | RB | Attended MDT/IEP @ Friendship-Edison PCS NE with parent | 4.00<br>175.00/hr | 700.00 |
| 3/3/2005 | RB | Memo to attorney re 3/1/05 meeting outcomes | 0.42<br>175.00/hr | 73.50 |
| 3/8/2005 | MH | Reviewed MDT notes and advocate notes from MDT meeting on 3/1/05.  Formulated case strategy in light of what transpired at MDT meeting. | 0.58<br>350.00/hr | 203.00 |
| 3/29/2005 | RB | Reviewed Speech / Language report of 3/18/05 | 0.42<br>175.00/hr | 73.50 |
|  | RB | Memo to attorney re S/L findings; parent's report, evaluations outstanding, and next step in case | 0.42<br>175.00/hr | 73.50 |
|  | RB | Reviewed 3/1/05 meeting notes; developed meeting agenda | 0.33<br>175.00/hr | 57.75 |
|  | RB | Phone call to parent re case status | 0.33<br>175.00/hr | 57.75 |

Amin Marrow                                                                                          Page     6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/29/2005 | RB | E-mail to special education coordinator of Friendship-Edison PCS NE re status of evaluations | 0.17<br>175.00/hr | 29.75 |
|  | MH | Reviewed Speech / Language report.  Made notes to file and planned strategy in light of findings and recommendations made in the report. | 0.58<br>350.00/hr | 203.00 |
| 3/31/2005 | RB | Memo to attorney: child's homework materials and parents' report | 0.25<br>175.00/hr | 43.75 |
|  | RB | Calculated readability and match with IEP objectives of homework packet materials provided by parents | 1.00<br>175.00/hr | 175.00 |
|  | RB | Phone call to parent re grade and IEP levels of homework assignments plus request for more work samples | 0.33<br>175.00/hr | 57.75 |
| 4/8/2005 | RB | Discussion with attorney Hull: case status | 0.08<br>175.00/hr | 14.00 |
|  | MH | Discussion with educational advocate, Robin Boucher, regarding case status. | 0.08<br>350.00/hr | 28.00 |
| 4/29/2005 | RB | Received meeting proposal from NE Friendship-Edison PCS; reviewed case notes; telephone call to sped coordinator re outstanding evaluations; declined meeting until evals are completed | 0.33<br>175.00/hr | 57.75 |
|  | RB | Memo to attorney re outstanding evaluations and IEP expiration date | 0.17<br>175.00/hr | 29.75 |
| 5/6/2005 | RB | Memo to attorney re psychoeducational report received | 0.17<br>175.00/hr | 29.75 |
|  | RB | Asked paralegal to copy psychoeducational evalution for file and parent | 0.08<br>175.00/hr | 14.00 |
| 5/10/2005 | RB | Phone calls to both parents re possible meeting date/time | 0.17<br>175.00/hr | 29.75 |
|  | RB | Memo to attorney re meeting notice, tc to parents, and evaluations | 0.17<br>175.00/hr | 29.75 |
| 5/11/2005 | RB | Phone call from parent accepting Friendship Charter School meeting date/time | 0.08<br>175.00/hr | 14.00 |
|  | RB | Reviewed meeting notice and communication in record; drafted and faxed letter to Friendship Charter School re next meeting date/time | 0.50<br>175.00/hr | 87.50 |
| 5/12/2005 | HR | Draft letter to parent regarding psychological evaluations | 0.50<br>105.00/hr | 52.50 |
| 5/13/2005 | RB | Received meeting confirmation from Friendship-Edison PCS NE; double-checked calendar | 0.08<br>175.00/hr | 14.00 |

Amin Marrow                                                                                              Page     7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/31/2005 | RB | Telephone call from Friendship-Edison PCS NE to re-confirm meeting date/time | 0.17<br>175.00/hr | 29.75 |
|  | RB | Phone call to parents to remind them of meeting date/time | 0.08<br>175.00/hr | 14.00 |
|  | RB | Phone call from parent to re-confirm meeting | 0.08<br>175.00/hr | 14.00 |
| 6/1/2005 | RB | Attended MDT/IEP @ Friendship-Edison PCS NE with parents | 4.92<br>175.00/hr | 861.00 |
|  | RB | Prepared for meeting: reviewed psychoeducational evaluation, S/L evaluation, 3/1/05 meeting notes | 0.75<br>175.00/hr | 131.25 |
|  | RB | Phone call from parent re information for contacting Prospect LC | 0.17<br>175.00/hr | 29.75 |
| 6/2/2005 | RB | collated meeting documents and asked paralegal to copy and file | 0.17<br>175.00/hr | 29.75 |
|  | RB | Telephone call to DCPS placement specialist P. Peagler re placement procedure | 0.42<br>175.00/hr | 73.50 |
|  | RB | Copied meeting documents for packet for DCPS placement specialist | 0.17<br>175.00/hr | 29.75 |
|  | RB | Memo to attorney re meeting outcomes | 0.75<br>175.00/hr | 131.25 |
|  | RB | Telephone call to Friendship-Edison PCS to request signed PE and completion of IEP present level | 0.25<br>175.00/hr | 43.75 |
|  | YA | copy IEP, meeting Notes, and distribute to file | 0.42<br>105.00/hr | 44.10 |
| 6/3/2005 | RB | Telephone call from DCPS placement specialist re paperwork policy for site review committee | 0.17<br>175.00/hr | 29.75 |
|  | RB | Memo to attorney re DCPS response regarding suspensions | 0.17<br>175.00/hr | 29.75 |
|  | RB | Telephone call from DCPS placement specialist, P. Peagler, re FBA-IBP need for packet | 0.25<br>175.00/hr | 43.75 |
| 6/6/2005 | RB | Discussion with attorney: status of placement | 0.25<br>175.00/hr | 43.75 |
|  | RB | Drafted letter, collated documents, and asked paralegal to send packet to Chelsea School | 0.75<br>175.00/hr | 131.25 |

Amin Marrow

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/6/2005 | RB | Collated documents (SEP and 3/05 meeting notes); faxed to DCPS/Peagler SES with note | 0.33 175.00/hr | 57.75 |
| | RB | Memo to attorney re documents to DCPS to complete site review presentation; parent feedback | 0.17 175.00/hr | 29.75 |
| | RB | Phone call to parent about placement status | 0.25 175.00/hr | 43.75 |
| | YA | Assisted advocate prepare and sent placement package to Chelsea School | 0.50 105.00/hr | 52.50 |
| | YA | Assisted attorney to sent  hearing to Student Hearing Office | 0.42 105.00/hr | 44.10 |
| | YA | Draft status letter to parent re, Hearing Request | 0.75 105.00/hr | 78.75 |
| | RG | Prepared and file due process hearing request to DCPS and discussion with advocate; reviewed file; research re: issues of evaluations and BIP | 2.50 350.00/hr | 875.00 |
| 6/10/2005 | RB | Reviewed case notes; tickled calendar to inquire about placement status | 0.17 175.00/hr | 29.75 |
| | RB | Notice of hearing from attorney; calendarized | 0.08 175.00/hr | 14.00 |
| 6/13/2005 | YA | Draft status letter to parent re, Hearing Date Notice | 0.58 105.00/hr | 60.90 |
| 6/15/2005 | RB | Memo from attorney re hearing date; calendarized | 0.17 175.00/hr | 29.75 |
| 6/22/2005 | RB | Drafted and faxed letter to Friendship-Edison PCS NE and DCPS SES re placement meeting and school visit | 0.42 175.00/hr | 73.50 |
| | RB | Phone calls (2) to parent re placement meeting and visit to Prospect LC | 0.33 175.00/hr | 57.75 |
| | RB | Telephone call from special education coordinator of Friendship-Edison NE PCS re placement meeting | 0.08 175.00/hr | 14.00 |
| | RB | Telephone calls (2) from Friendship-Edison NE PCS re placement meeting | 0.17 175.00/hr | 29.75 |
| | RG | Discussion with Dr. B re: meeting and HR filed | 0.25 350.00/hr | 87.50 |
| | RB | Discussion with attorney: pending meeting and pending hearing | 0.25 175.00/hr | 43.75 |

Amin Marrow                                                                                              Page    9

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/23/2005 | RB | Phone call to parent re visit to Prospect LC and placement meeting | 0.17 175.00/hr | 29.75 |
|  | RB | Telephone call to DCPS placement specialist Peagler re school visit and placement meeting: vm message and left note at 825 6th floor office | 0.25 175.00/hr | 43.75 |
|  | RB | Telephone call from DCPS placement specialist re Prospect LC visit and placement meeting; next step | 0.17 175.00/hr | 29.75 |
| 6/24/2005 | RB | Telephone calls (2) from DCPS SES Peagler re parent's visit to Prospect LC | 0.25 175.00/hr | 43.75 |
|  | RB | Phone call to parent re scheduling visit to Prospect LC and follow-up placement meeting | 0.08 175.00/hr | 14.00 |
|  | RB | Telephone call from Chelsea School re status of application | 0.33 175.00/hr | 57.75 |
|  | RB | Memo to attorney re Chelsea School report | 0.33 175.00/hr | 57.75 |
| 6/27/2005 | RB | Memo to attorney for disclosure packet; copied 3 documents for packet | 0.42 175.00/hr | 73.50 |
|  | RB | Phone call from parent about attempts to schedule Prospect LC visit | 0.17 175.00/hr | 29.75 |
|  | RB | Written memo to attorney re parent's second report re attempts to schedule Prospect LC visit | 0.17 175.00/hr | 29.75 |
|  | RB | Phone call to parent about Prospect LC visit | 0.17 175.00/hr | 29.75 |
|  | RG | Reviewed and follow up with advocate re: deadlines | 0.42 350.00/hr | 147.00 |
| 6/29/2005 | YA | Assisted attorney to prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel | 1.50 105.00/hr | 157.50 |
|  | RG | Prepare disclosure to DCPS | 0.75 350.00/hr | 262.50 |
| 6/30/2005 | RB | Phone call to parent re Prospect LC visit and possible meeting dates | 0.25 175.00/hr | 43.75 |
|  | RB | Memo to attorney re parent's efforts to schedule Prospect LC visit and advocate's letter to school and DCPS proposing placement meeting dates/times | 0.17 175.00/hr | 29.75 |

Amin Marrow                                                                                    Page    10

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/30/2005 | RB | Drafted and faxed letter to Friendship Charter School with copy to DCPS placement specialist re failed visit and proposed meeting dates/times | 0.50 175.00/hr | 87.50 |
|  | RB | Telephone call from Friendship Charter School re proposed meeting dates | 0.17 175.00/hr | 29.75 |
|  | RB | Memo to attorney re school's response to propsed meeting dates; written memo for disclosure packet | 0.17 175.00/hr | 29.75 |
|  | RB | Telephone call from Dr. Peagler, DCPS placement specialist, about scheduling meeting in July | 0.25 175.00/hr | 43.75 |
| 7/1/2005 | RB | Phone call to parent re placement meeting status | 0.08 175.00/hr | 14.00 |
|  | YA | Assisted attorney to prepare Amended disclosure to Student Hearing Office and Office of General Counsel and sent copy of disclosure to Dalton, Dalton Esq. | 1.50 105.00/hr | 157.50 |
|  | YA | File disclosure documents | 0.58 105.00/hr | 60.90 |
| 7/5/2005 | RG | Reviewed request for continuance | 0.08 350.00/hr | 28.00 |
| 7/6/2005 | YA | Draft letter to Dalton & Dalton re, Hearing Request | 0.42 105.00/hr | 44.10 |
|  | YA | Discussion with the child's attorney | 0.17 105.00/hr | 17.85 |
|  | YA | Discussion with the child's attorney | 0.17 105.00/hr | 17.85 |
|  | RB | Telephone call from DCPS audiologist re previous evaluations; next step in process | 0.25 175.00/hr | 43.75 |
|  | RB | Memo to attorney re audiological evaluation status and DCPS communication | 0.17 175.00/hr | 29.75 |
|  | RG | Discussion with advocate re: case status and hearing | 0.17 350.00/hr | 59.50 |
| 7/7/2005 | RB | Telephone call from Chelsea School re two-day pre-admission visit | 0.17 175.00/hr | 29.75 |
|  | RB | Phone calls (2) to parents re Chelsea School visit | 0.17 175.00/hr | 29.75 |

Amin Marrow                                                                                                    Page    11

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/7/2005 | YA | Phone call to Dalton & Dalton to get confirmation of receipt of hearing request and log in the case notes | 0.25<br>105.00/hr | 26.25 |
| 7/8/2005 | RB | Phone call from parent re hearing date, visit to Chelsea School, and audiological evaluation | 0.33<br>175.00/hr | 57.75 |
|  | RB | Memo to attorney re parent's report | 0.17<br>175.00/hr | 29.75 |
|  | RB | Telephone call from Friendship-Edison PCS NE re meeting date | 0.17<br>175.00/hr | 29.75 |
|  | RB | Memo to attorney re Friendship-Edison PCS contact re meeting | 0.08<br>175.00/hr | 14.00 |
|  | RB | Telephone call to DCPS SES re placement meeting | 0.17<br>175.00/hr | 29.75 |
|  | YA | Tickle Hearing Date in calendar for disclosure | 0.17<br>105.00/hr | 17.85 |
|  | YA | Drafted letter to parent re, Hearing Date copied Hearing Notice and enclosed Hearing Date | 0.58<br>105.00/hr | 60.90 |
| 7/11/2005 | RB | Asked paralegal to file two letters and note to DCPS and charter school | 0.08<br>175.00/hr | 14.00 |
|  | RB | Memo to attorney re letter to Friendship-Edison PCS with copy to DCPS placement specialist | 0.08<br>175.00/hr | 14.00 |
|  | RB | Phone call to parent re 7/12/05 proposed meeting | 0.17<br>175.00/hr | 29.75 |
|  | RB | Drafted and faxed letter to Friendship-Edison PCS, with copy to DCPS placement specialist, re lack of confirmed placement meeting and parent's need for information on and visit to proposed school | 0.50<br>175.00/hr | 87.50 |
|  | YA | received letter from advocate sent to DCPS re, placement and copied, file | 0.25<br>105.00/hr | 26.25 |
|  | YA | Drafted letter to parent re, enclosed the Interim order of the hearing reschedule | 0.33<br>105.00/hr | 34.65 |
|  | RB | Memo to attorney re status of placement meeting and Chelsea trial placement | 0.17<br>175.00/hr | 29.75 |
|  | RB | Drafted and faxed note to Friendship-Edison PCS NE with three proposed meeting dates/times | 0.25<br>175.00/hr | 43.75 |
|  | RB | Phone call to parent re alternative meeting dates | 0.17<br>175.00/hr | 29.75 |

Amin Marrow

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/11/2005 | RB | Telephone call from Friendship-Edison PCS special ed coordinator re alternative meeting dates | 0.08 175.00/hr | 14.00 |
| | RB | Phone call from parent about Chelsea School two-day visit | 0.25 175.00/hr | 43.75 |
| | RB | Telephone call from P. Peagler, DCPS placement specialist | 0.08 175.00/hr | 14.00 |
| 7/12/2005 | RB | Phone call from parent about summer school transportation and Prospect LC visit | 0.42 175.00/hr | 73.50 |
| | RB | Memo to attorney re parent's report about transportation and Prospect LC visit | 0.25 175.00/hr | 43.75 |
| | RB | Received and reviewed letter from Prospect LC; faxed note to Dr. Byford-Peterson, Prospect principal; memo to attorney; asked paralegal to file documents | 0.42 175.00/hr | 73.50 |
| | YA | File fax communication from advocate | 0.17 105.00/hr | 17.85 |
| | YA | Drafted letter to parent re, status` | 0.42 105.00/hr | 44.10 |
| 7/14/2005 | RB | Reviewed IEP and evaluations; developed questions for Prospect LC visit 7/15/05 | 0.42 175.00/hr | 73.50 |
| | RB | Telephone call to Prospect LC for driving directions | 0.17 175.00/hr | 29.75 |
| | RB | Received meeting confirmation from Friendship PCS for placement; updated Outlook calendar; called parent; memo to attorney; faxed meeting acceptance to school; follow-up telephone call from school re fax | 0.58 175.00/hr | 101.50 |
| 7/15/2005 | YA | log in case note receipt of confirmation letter from Dalton, Dalton and Houston | 0.17 105.00/hr | 17.85 |
| | RB | School visit; classroom observation: Prospect LC | 2.33 175.00/hr | 407.75 |
| | RB | Memo to attorney re Prospect LC tour/visit | 0.17 175.00/hr | 29.75 |
| 7/18/2005 | YA | Data Entry re, contact informationand file back DCPS disclosure | 0.42 105.00/hr | 44.10 |
| | RB | Phone call from parent re Chelsea School two-day visit and facts about school | 0.25 175.00/hr | 43.75 |

Amin Marrow                                                                      Page    13

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/18/2005 | RB | Memo to attorney re parent's report about Chelsea visit and facts | 0.17<br>175.00/hr | 29.75 |
| 7/21/2005 | RB | Prepared for 7/22/05 school meeting: reviewed HOD of 7/7/05; reviewed 6/1/05 IEP; called parent re Chelsea School visit details; called Chelsea School for information; and prepared comparison chart of Chelsea and Prospect program features | 2.17<br>175.00/hr | 379.75 |
|  | RB | Memo to attorney re parent's report and objective for 7/22/05 meeting | 0.17<br>175.00/hr | 29.75 |
| 7/22/2005 | YA | log in case note & file | 0.17<br>105.00/hr | 17.85 |
|  | RB | Prepared for Due Process Hearing: reviewed 2003-2005 IEPs and meeting notes to develop compensatory education plan proposal | 1.00<br>175.00/hr | 175.00 |
|  | RB | Telephone call to Chelsea School re need for acceptance letter | 0.17<br>175.00/hr | 29.75 |
|  | RB | Collated meeting documents and asked paralegal to file | 0.17<br>175.00/hr | 29.75 |
|  | RB | Memo to attorney re meeting outcomes, parent's report about ESY, and Chelsea School application status | 0.75<br>175.00/hr | 131.25 |
|  | RB | Phone call from parent re ESY and IEP | 0.08<br>175.00/hr | 14.00 |
|  | RB | Telephone call from admissions director, Chelsea School, re status of application | 0.25<br>175.00/hr | 43.75 |
|  | RB | Attended IEP meeting at Friendship-Edison PCS NE with parents | 3.00<br>175.00/hr | 525.00 |
| 7/25/2005 | RB | Memo to attorney re compensatory education computation; copied hard copy for attorney | 0.17<br>175.00/hr | 29.75 |
| 7/26/2005 | RB | Phone call from parent re ESY, transportation, and incident involving leaving campus | 0.33<br>175.00/hr | 57.75 |
|  | RB | Memo to attorney re parent's report about school incidents and termination of ESY/transportation services | 0.25<br>175.00/hr | 43.75 |
|  | RB | Received faxed summer school documents from parent; reviewed; memo to attorney | 0.50<br>175.00/hr | 87.50 |
| 7/27/2005 | YA | Log in case note and file for advocate | 0.17<br>105.00/hr | 17.85 |

Amin Marrow                                                                      Page    14

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/2/2005 | YA | Prepare disclosure to DCPS, office of General Counsel and Student Hearing Office and sent copy Laura Duos , Dalton, Dalton & Houston | 1.00 105.00/hr | 105.00 |
|  | YA | Discussion with the child's attorney | 0.25 105.00/hr | 26.25 |
|  | RG | Prepare disclosure to DCPS- amended discsloures | 1.00 350.00/hr | 350.00 |
|  | RB | Telephone call from DCPS evaluator C. Grump re date/time for audiological testing | 0.17 175.00/hr | 29.75 |
|  | RB | Phone call to parent re DCPS proposed date/times for audiological evaluation and contact information | 0.17 175.00/hr | 29.75 |
| 8/3/2005 | RB | Memo to attorney re parent's report | 0.17 175.00/hr | 29.75 |
|  | RB | Phone call from parent about audiological evaluation appointment and new cell phone no. | 0.25 175.00/hr | 43.75 |
|  | RB | Telephone call from Friendship-Edison PCS re audiological evaluation contact person | 0.17 175.00/hr | 29.75 |
| 8/8/2005 | RB | Prepared for Due Process Hearing: reviewed hearing request, case notes, IEP, and meeting notes for 2004-05 | 1.08 175.00/hr | 189.00 |
|  | RB | Telephone call to Chelsea School re characteristics to testify about at hearing | 0.42 175.00/hr | 73.50 |
|  | RB | Discussion with attorney: hearing issues | 0.33 175.00/hr | 57.75 |
|  | RG | Pre-hearing conference with advocate (30) amd mom (30) | 1.00 350.00/hr | 350.00 |
|  | RG | Prepared for Due Process Hearing | 1.50 350.00/hr | 525.00 |
| 8/9/2005 | RG | Appearance to 825 North Capital for due process hearing and pre/post hearing conferences with parents and Chelsea and advocate | 2.50 350.00/hr | 875.00 |
|  | RG | Prepared for Due Process Hearing | 1.50 350.00/hr | 525.00 |
|  | RB | Prepared for Due Process Hearing: reviewed testimony outline and researched Lindamood-Bell reading program offered by Chelsea School | 0.67 175.00/hr | 117.25 |
|  | RB | Appearance at Whittier ES for due process hearing with attorney and parents | 2.75 175.00/hr | 481.25 |

Amin Marrow                                                                          Page   15

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/9/2005 | RB | Telephone call to Chelsea School to finalize testimony for hearing | 0.17 175.00/hr | 29.75 |
| 8/10/2005 | RB | Telephone call from DCPS audiologist Anastasia Amuzu re scheduling evaluation with parent | 0.25 175.00/hr | 43.75 |
|  | YA | Log in case notes and file | 0.17 105.00/hr | 17.85 |
|  | RB | Received and reviewed parent's Chelsea School documents; asked paralegal to file | 0.17 175.00/hr | 29.75 |
|  | RB | Drafted and faxed letter to Prospect LC with IEP page 1, transportation form, and prior notice | 0.50 175.00/hr | 87.50 |
| 8/11/2005 | RB | Phone call from parent re audiological evaluation appointment | 0.08 175.00/hr | 14.00 |
|  | RB | Received and reviewed materials from parent re audiological evaluation scheduling; called parent | 0.33 175.00/hr | 57.75 |
| 8/12/2005 | RB | Telephone call from Chelsea School re hearing outcomes | 0.33 175.00/hr | 57.75 |
| 8/16/2005 | YA | Tickle deadline re, disclosure | 0.17 105.00/hr | 17.85 |
| 8/17/2005 | YA | Drafted letter to parent re, Hearing Date Notice | 0.58 105.00/hr | 60.90 |
| 8/29/2005 | YA | organized misfile documents | 0.58 105.00/hr | 60.90 |
| 8/31/2005 | RG | Discussion with paralegal | 0.42 350.00/hr | 147.00 |
| 9/7/2005 | RB | Prepared for Due Process Hearing | 0.58 175.00/hr | 101.50 |
|  | RB | Teleconference with parent and attorney about pending hearing part 2 | 0.25 175.00/hr | 43.75 |
|  | RG | Conference with parent and Dr. B | 0.25 350.00/hr | 87.50 |
| 9/8/2005 | RB | Appearance to 825 North Capital for due process hearing | 3.75 175.00/hr | 656.25 |
|  | RB | Prepared for Due Process Hearing: reviewed testimony outline | 0.42 175.00/hr | 73.50 |

Amin Marrow

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/8/2005 | RG | Appearance to 825 North Capital for due process hearing | 3.75<br>350.00/hr | 1,312.50 |
| 9/20/2005 | RG | Reviewed; HOD memo to advocate and YA | 0.42<br>350.00/hr | 147.00 |
| | | For professional services rendered | 119.48 | $24,438.05 |
| | | Additional Charges : | | |
| 12/14/2004 | | Copied documents(Advo.5/04 IEP notes) | | 3.75 |
| 3/7/2005 | | Copied documents IEP notes for advocate. | | 4.75 |
| 3/31/2005 | | Copied documents<br>hearing request and status letter | | 0.50 |
| | | Copied documents | | 7.25 |
| 5/11/2005 | | Copied documents(Adv-evals) | | 1.50 |
| | | Postage; case status to parent. | | 0.60 |
| | | Facsimile: letter and signed meeting notice to Friendship charter. | | 3.00 |
| 5/12/2005 | | Copied documents(Parent-evals/w-letter) | | 1.75 |
| 6/2/2005 | | Copied:  placement package for advocate. | | 11.50 |
| | | Copied:  IEP and evaluations for file. | | 12.50 |
| 6/6/2005 | | Facsimile- HR | | 8.00 |
| | | Facsimile- Sep 3/05 and meeting notes re audio eval | | 12.00 |
| | | Copied: HR letter for parent and advocate. | | 4.25 |
| | | Copied: Referral letter for Chelsea. | | 11.25 |
| | | Postage;  Placement to Chelsea. | | 2.21 |
| | | Postage; HR letter to parent | | 0.60 |
| 6/13/2005 | | Copied: HDN letter for parent and advocate. | | 1.00 |
| 6/14/2005 | | Postage; HDN letter to parent | | 0.37 |
| 6/22/2005 | | Facsimile: Placement letter to Friendship Edison and Peagler 825. | | 4.00 |
| | | Copied: letter to school for advocate. | | 0.25 |

Amin Marrow                                                                                    Page    17

| | | Amount |
|---|---|---:|
| 6/30/2005 | Copied: Disclosure for SHO, OGC, and attorney. | 74.25 |
| | Copied: Letter to Charter schools for advocate. | 0.25 |
| | Facsimile: Meeting dates letter to Friendship Chater school. | 4.00 |
| 7/1/2005 | Copied: Amended disclosure for SHO and OGC. | 6.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Facsimile: Disclosure to Paul Dalton. | 102.00 |
| 7/6/2005 | Facsimile: Letter to Dalton. | 7.00 |
| 7/8/2005 | Copied: HDN letter for parent, advocate, and administration. | 1.00 |
| | Postage; HDN letter to parent. | 0.37 |
| 7/11/2005 | Facsimile- ltr re meeting | 2.00 |
| | Facsimile- ltr re meeting | 2.00 |
| | Copied documents-Ltr. and interimorder | 0.50 |
| | Copied documents-Ltr. to charter School and DCPS | 0.50 |
| | Copied documents-Ltr and | 0.50 |
| | Facsimile to Friendship:  Note re-meeting dates | 1.00 |
| 7/12/2005 | Postage; letter to parent. | 0.37 |
| | Facsimile-Note re Visit | 1.00 |
| 7/13/2005 | Postage; case status letter to parent. | 0.37 |
| | Copied: Driving directions to school for advocate. | 0.50 |
| 7/14/2005 | Facsimile: meeting acceptance to Friendship. | 2.00 |
| 7/21/2005 | Copied documents- Prospect Lc vs chelsea school chart | 0.50 |
| 7/22/2005 | Copied: memo for attorney. | 0.50 |
| | Copied: meeting documents for advocate. | 2.00 |
| 7/26/2005 | Copied: Summer school report for file. | 1.25 |
| 8/2/2005 | Copied: disclosure for SHO and OGC. | 10.00 |

Amin Marrow

<u>Amount</u>

| Date | Description | Amount |
|---|---|---|
| 8/2/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Facsimile: Disclosure to Dalton. | 18.00 |
| 8/8/2005 | Copied: HR for advocate. | 1.75 |
| | Copied documents; hearing testimony | 1.00 |
| 8/10/2005 | Facsimile prior notice, IEP & Tranportation documents to Prospect | 5.00 |
| | Copied documents; letter to Prospect | 0.50 |
| 8/17/2005 | Copied: HDN letter for parent and advocate. | 1.00 |
| | Postage; letter to parent re: HDN. | 0.37 |
| 8/29/2005 | Facsimile HR to SHO | 8.00 |
| 9/8/2005 | Sedan taxi service to and from  DCPS for hearing | 14.00 |
| | Sedan taxi service to and from  DCPS for hearing | 14.00 |
| 9/20/2005 | Copied documents; HOD | 12.00 |
| | Total costs | $426.51 |
| | Total amount of this bill | $24,864.56 |



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | | |
|---|---|---|---|---|
| **Attorney Firm** | James E. Brown & Associates, PLLC | **Dates of Service** | 2/10/2004 | 9/20/2005 |
| **Student** | Amin    Marrow | **OGC Control** | 3716 | |
| **Date Received** | 9/23/2005 | **HOD Docket Nu** | | |
| **HOD DATE** | 9/19/2005 | **Attorney Invoice** | 05-447 | |
| **Funding Fiscal Year:** | 2005 | | | |

1) Application Review

    a)  Application complete    Y
    b)  Certification Signed    Y
    c)  HOD/SA Attached    Y

2) Allocation of invoice

| | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $24,438.05 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $426.51 | $0.00 |
| **TOTALS** | $24,864.56 | $0.00 |

| | |
|---|---|
| **Amount Approved Before Partial Payment** | $0.00 |
| **Partial Payment** | $0.00 |
| **Total Amount Approved** | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

| Attorney Firm: | James E. Brown & A | | | HOD Date: | | 9/19/2005 | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

| Student: | | Amin | Marrow | | Attorney Fee Cap Amount: | | | $4,000.00 | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
| 3716 | | Cost | | | $426.51 | 1 | $426.51 | $0.00 | 0 | $0.00 | 1 | $426.51 |
| 3716 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 3716 | | Fee | | | $24,438 | 1 | $24,438.0 | $0.00 | 0 | $0.00 | 1 | $24,438.0 |

| Totals | | | | | | $24,864.56 | | | $0.00 | | | $24,864.56 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

| Attorney Charges | | Expert/Advocate Charges | |
| --- | --- | --- | --- |
| Invoiced Attorney Fee Amount | $24,438.05 | Total Invoiced Expert Charges: | $0.00 |
| Disputed  Attorney Fee Amount | $24,438.05 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | Attorney Expenses | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $426.51 |
| | | Disputed Attorney Expenses | $426.51 |
| Approved Invoice Prior to Prepayments | $0.00 | Approved Expense | $0.00 |
| Partial Payment: | $0.00 | | |
| Total Invoice Approve | $0.00 | | |