# EXHIBIT 13

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A.    **INFORMATION ABOUT THE STUDENT:**

Name of the Student: <u>Shaun Miller</u>    Date of Birth: <u>May 22, 1990</u>
Address: <u>600 46th Place, S.E., Washington, DC 20019</u>
Home School:   <u>Kelly Miller High School (04/05)/ Eastern Senior High School (05/06)</u>
Present School of Attendance: <u>N/A- Eastern is the proposed placement for 05/06</u>

Is this a charter school? <u>No</u>     (If yes, you must also provide a copy of this
notice to the charter school principal or
director)

Parent/Guardian of the Student: <u>Ms. Lisa Miller</u>

Address (if different from the student's above): <u>same</u>

**B.**     **Legal Representative/Attorney:**

Name: <u>**Roberta L. Gambale, Esq.  ( James Brown and Associates, PLLC)**</u>

Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>

Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax) <u>(202) 742-2098</u>     (e-mail)
<u>Rgambale@jeblaw.biz</u>

Will attorney / legal representative attend the resolution session?     <u>X</u> Yes
                    ☐ No

**C.**     **Complaint Made Against (check all that apply):**

     **X** DCPS school (name of the school if different from page one)

**D.**     **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also
understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree
to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this
process.

**E.**     **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be
offered at no cost to the parent.  Both parties can request mediation as an alternative to the
Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all
that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**     **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA),
please complete the following questions (attach additional pages if needed):

**I. <u>Nature of the problem.</u>**

**A.**     **<u>District of Columbia Public Schools ("DCPS")  failed to convene a complete
IEP team to review Shaun Miller's program on or about April 6, 2005</u>**

District of Columbia Public Schools ("DCPS") failed to convene a complete IEP
team for Shaun Miller, DOB: 5/22/90, on or about April 6, 2005. According to

Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A)(ii)(II)(B) the IEP team is defined to be

> *"a group of individuals composed of—(i) the parent of a child with a disability; (ii) not less than 1 regular education teacher of such child; (iii) not less than 1 special education teacher, or where appropriate, not less than 1 special education provider of such child; (iv) a representative of the local educational agency ; (v) an individual who can interpret the instructional implications of evaluation results; (vi) at the discretion of the parent or agency, other individuals who have knowledge or special expertise regarding the child, including related service personnel as appropriate; and (vii) whene4ver appropriate, the child with a disability"*

On or about April 6, 2005, the annual review of Shaun's program was scheduled to take place. At this meeting not only was Shaun's program to be reviewed and revised, but also placement for the 2005/2006 school year was supposed to be determined since Shaun was aging out of Kelly Miller's program.

The only participates at the meeting were Shaun's mother, the special education teacher, the speech therapist and the LEA representative. A regular education teacher was not present. Neither a psychologist and/or social worker were present, despite the fact that there were behavior issues to be addressed for this child. Neither an occupational therapist and/or physical therapist were present even though occupational therapy and adapted P.E. are important components of Shaun's program.

## B.  District of Columbia Public Schools ("DCPS") failed to convene a meeting at parent's request to address concerns

District of Columbia Public Schools ("DCPS") failed to convene a meeting at parent's request for Shaun Miller, DOB: 5/22/90 to address concerns about atypical behavior being exhibited by Shaun that parent suspects is related to a school based incident and/or pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(4)(A) & 614(c). During the 2005 spring semester at Kelly Miller Middle School, Shaun inexplicably began refusing to leave the house and seemed fearful to go to school. Shaun is an autistic child with impaired communication ability as a result of his disability. He requires a full time program and constant supervision. The parent consulted numerous people at the school, including the special education coordinator, Ms. Peggy Smith, and requested that a meeting be scheduled with the individuals working directly with Shaun in order to assist her in ascertaining the cause of Shaun's fearful behavior. A meeting was never scheduled.

The situation has gone increasingly worse over the summer and the student becomes upset whenever school is mentioned. The most recent incident

illustrating this that has occurred is that Shaun purposefully destroyed the school supplies that his mother had purchased for him for the upcoming school year. The parent consulted the child's psychiatrist in July 2005 who recommended home school services for Shaun as a result of his fear.

C.     **District of Columbia Public Schools ("DCPS") failed to implement the student's current educational program in that they failed to provide ESY services to Shaun Miller for the 2005 summer.**

Pursuant to the most recent Individual Educational Program ("IEP") developed for Shaun Miller, DOB: 5/22/90, Extended School Year services ("ESY") are included in his program. District of Columbia Public Schools ("DCPS") failed to make ESY available to Shaun for the 2005 summer. Parent was told that she would be contacted by DCPS about ESY for Shaun, as she had been in previous years. Parent was never contacted regarding an ESY program for Shaun. Transportation arrangements were never made for ESY services and transportation is a related services that is contained in Shaun's program.

Pursuant to <u>Individuals with Disabilities Education Act,</u> extended school year services must be provided to a child if the IEP team determines that such services are necessary for the provision of FAPE. While there is not a federal standard, case law has established a range of multiple factors to be taken into consideration when determining whether or not a student is eligible for ESY services. These factors include such considerations as an analysis of regression and recoupment. <u>Cordrey v. Euckert,</u> 17 EHLR 204 (6th Cir. 1990) <u>Alamo Heights School District v. State Board of Education,</u> 1985-86 EHLR 557:315 (5th Cir. 1986).

DCPS has published a checklist addendum setting forth the relevant factors that must be addressed in considering a student's need for ESY. Moreover, under 5 DCMR 3017, the LEA is required to make ESY available where the IEP team has determined that student requires such services

D.     **District of Columbia Public Schools ("DCPS") failed to identify an appropriate placement and/or location for services for Shaun Miller for the 2005/2006 school year.**

District of Columbia Public Schools ("DCPS") failed to identify an appropriate placement for Shaun Miller, DOB: 5/22/90, on or about April 6, 2005. DCPS failed to identify a suitable location for Shaun to receive services during the 2005/2006 school year. The decision regarding placement was made by an incomplete IEP team. The parent, upon investigation has discovered that the placement and/or placement location proposed by DCPS is inappropriate and strongly feels that Shaun's needs will not be met in the proposed setting. Based upon the recommendations of Shaun's psychiatrist a more restrictive setting rather than a less restrictive setting is warranted.

The program at Eastern was less restrictive than the program that Shaun was enrolled in at Kelly Miller Middle School during the 2004/2005 school year. Shaun has apparently suffered trauma during his placement in the program at Kelly Miller Middle School. Shaun has become increasingly fearful and has refused to go out. He becomes upset when school is mentioned. Parent has been unable to obtain sufficient information from the school so as to ascertain the cause of Shaun's fear. Parent objects to placing Shaun in a less restrictive setting when he is experiencing difficulties in am ore restrictive setting and his doctors have prescribed home schooling.

DCPS has proposed the autism program at Eastern High School for Shaun for the 2005/2006 school year. Parent has visited the program on three separate occasions. Parent spoke with the interim special education coordinator, Mr. Frostburg regarding the program offered at Eastern. Parent's concerns about the program, include, but are not limited to the following:

- It was reported to the parent that there would be approximately ten (10) students in the Shaun's class for the upcoming school year. This is double the size of his 2004/2005 class in which there were five (5) students, all whom had one on one aides. Shaun had difficulty functioning in that environment, in a setting twice as large, the mother feels that Shaun would be completely overwhelmed and unable to function.

- The classroom setting at Eastern is an open class setting. Shaun requires a closed setting in order to be available for learning in the classroom. The increased stimuli that would exist in an open setting would hinder Shaun's ability to focus and overwhelm him.

- It was reported to mom that Shaun would be required to transition to and from different classes and/or rooms. Transitions are difficult for Shaun and would require constant assistance and supervision as Shaun has a tendency to wander off. At a minimum Shaun would require a dedicated aide and an aide would not be able to be provided. During the 2004/2005 in school transitions were limited. Shaun remained in the same classroom except during the lunch period.

Furthermore, parent has not been provided with any information regarding the qualifications of the classroom teachers and/or aides that would be working with her Shaun.

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") failed to a complete IEP team for Shaun Miller at the program review meeting on April 6, 2005 in that they failed to ensure the participation of a general education teacher, occupational therapist, physical therapist, social worker and/or psychologist?

- Whether District of Columbia Public Schools ("DCPS") failed to convene a meeting upon parent request to address parent's concern regarding her child's fearful behavior which she suspected was related to a trauma experienced at school?

- Whether District of Columbia Public Schools ("DCPS") failed to Shaun Miller's Individualized Educational Program ("IEP") and/or provide Shaun with ESY during the 2005 summer?

- Whether District of Columbia Public Schools ("DCPS") failed to identify an appropriate placement and/or location for services for Shaun Miller for the 2005/2006 school year?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Shaun Miller with a Free and Appropriate Public Education?

III. **To the extent known to you at this time, how can this problem be resolved?**

WHEREFORE, the guardian, by and through counsel, requests the following relief:

1. A finding that DCPS denied Shaun Miller FAPE by failing to  convene a complete IEP team  to review and revise his program and determine placement on or about April 6, 2005:

2.

3. A finding that DCPS failed to  convene a meeting at parent's request to address Shaun Miller's fearful behavior, the cause and/or impact on his education;

4. A finding that DCPS failed to implement the student's IEP in that they failed to provide ESY and/or transportation for ESY to Shaun Miller during the 2005 summer?

5. A finding that DCPS failed to provide Shaun Miller with a suitable placement and or identify an appropriate location for services for the 2005/2006 school year:

6. That DCPS shall reconvene a meeting within ten (10) calendar days at Kelly Miller Middle School and ensure the participation of a general education teacher, Shaun's 2004/2005  special education teacher and all related services providers and/or classroom assistants for Shaun, as well as the suitable representatives from the public agency and a representative from any placement that DCPS proposes as a potential placement for Shaun;

7. That DCPS shall provide funding for a suitable private placement for Shaun with transportation and/or provide and/or fund home instruction until such time as Shaun's psychiatrist and/or medical doctor determines that home schooling is no longer needed;

8. That DCPS shall provide compensatory education for all denials of a FAPE in the past two years;

9.  That as part of the compensatory education to be awarded to Shaun, DCPS shall fund a summer program for Shaun during the 2006 summer:

10. That if DCPS fails to develop a compensatory education plan and/or commence the tutoring within thirty (30) calendar days that the parent shall have the right to get independent tutoring at DCPS' expense;

11. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

12. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

13. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

14. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

15. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

16. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

17. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

18. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a

Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

19. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

20. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

21. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

22. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student and/or would be qualified to conduct the evaluations requested in the parent's complaint.

23. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

24. A finding that the parent is the prevailing party in this action.

**G.**    **Accommodations and Assistance Needed:**

- N/A

Dated this 16th day of August, 2005

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              0346
CONNECTION TEL                    94425556
CONNECTION ID
ST. TIME             08/18 09:42
USAGE T              01'25
PGS. SENT            10
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKni ht |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | |

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:       August 18, 2005

TO:         Sharon Newsome, Hearing Coordinator, Student Hearing Office, DCPS

PHONE:      202-442-4800

FAX NO:     202-442-5556

FROM:       Yamileth Amaya, Paralegal

            Shaun Miller
            DOB: 5/22/90

NUMBER OF PAGES INCLUDING COVER SHEET: **10**

COMMENTS: Please find attached the Due Process Complaint Notice for the above

mentioned student.

**JAMES E. BROWN & ASSOCIATES, LLC**
*A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| ---------------------------------- | e-mail: Admin@Jeblaw.biz | ------------------------------------- |

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:      August 18, 2005

TO:      Sharon Newsome, Hearing Coordinator, Student Hearing Office, DCPS

PHONE:      202-442-4800

FAX NO:      202-442-5556

FROM:      Yamileth Amaya, Paralegal

               Shaun Miller
               DOB: 5/22/90

NUMBER OF PAGES INCLUDING COVER SHEET: **10**

COMMENTS: Please find attached the Due Process Complaint Notice for the above

mentioned student.

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## CONFIDENTIAL

### Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| **SHAUN MILLER,** Student, | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 05-22-90 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: October 11, 2005 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE. |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending School: Eastern Senior HS | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

## DECISION AND ORDER

| | |
|---|---|
| **Parent(s):** | Lisa Miller |
| | 46 Place, S.E. # 21 |
| | Washington, D.C. 20019 |
| | |
| **Counsel for Parent:** | Roberta L. Gambale, Esq. |
| | James E. Brown & Associates, PLLC |
| | 1220 L. Street, N.W. |
| | Suite 700 |
| | Washington, D.C. 20005 |
| | |
| **Counsel for School:** | Stephanie R. Moore, Attorney- Advisor |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E., 9th Floor |
| | Washington, D.C. 20002 |

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I. INTRODUCTION

On September 21, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Roberta L. Gambale, Esq. The request alleges DCPS failed to convene a team meeting to discuss the parent's concerns about the student's educational problems and failed to provide an appropriate educational placement for S.M.

A Due Process Hearing was convened on October 11, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Stephanie R. Moore, Esq., Attorney-Advisor, represented DCPS. Roberta L. Gambale, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated October 3, 2005: SM-1 through SM-21. On behalf of DCPS: Disclosure Letter dated October 3, 2005. Parent's counsel waived a formal reading of the Due Process Rights. Witnesses for DCPS: Harry Brockenberry, Vickie Williams, and Barbara Turner. Witnesses for the parent: Beth Stutzman, Michelle Moody and Lisa Miller.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-466, The Individuals with Disabilities Education Improvement Act of 2004;* 20 United States Code 1400 et. Seq.; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to convene a meeting to discuss the educational concerns of the parent and by failing to provide an appropriate educational placement for S.M?

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

This case involves allegations by parent's counsel that DCPS failed to provide a free appropriate public education. According to parent's counsel, it is alleged that DCPS failed to convene an appropriate meeting to discuss concerns of the parent about S.M.'s fears to attend school, failed to convene an appropriate team meeting composed of appropriate educational officials and failed to provide an appropriate placement for S.M. Specifically, it is alleged that DCPS failed and refused to convene a meeting to ascertain why the student was fearful of going to Eastern SHS, as parent alleges that this atypical behavior was related to a school based disability. As a direct and proximate result of the student's fear, the student would not enter the bus in order to be transported to the school. DCPS argues and contends that the student was appropriately placed at the autism program at Eastern SHS, but the student has refused to attend the program. Moreover, the autism program at Eastern SHS is identical to the program at Keller-Miller MS, which was the placement the student attended in 2004-2005 school years.

At the commencement of the hearing, counsel for the parties represented that they had several preliminary motions. DCPS entered a Motion to dismiss the complaint on the grounds that the complaint failed to state a sufficient claim and therefore, it was subject to dismissal. The Motion was denied, as the complaint was sufficient. Parent's counsel entered a Motion for Default Judgment for failure to submit an answer to the complaint. The Motion was denied, as it is in the best interest of the student to complete the Due Process hearing.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    S.M. is a fifteen- (15) year old District of Columbia resident and a student presently enrolled at Eastern Senior High School. The student, however, has not been attending Eastern Senior High School.

2.    S.M. is eligible for special education and related services. According to his most recent IEP dated April 6, 2005, S.M.'s disability classification is Autism (A).[1]

3.

---

[1]   Exhibit: SM- 9.

3.     The student's IEP required that ninety eight- (98%) percent of the time S.M. is not in a regular education setting.

4.     Harry Brockenberry, DCPS Special Education Specialist (SES), testified and concluded that there was a Resolution meeting on January 20, 2005, but the meeting did not go forward, as the parent rejected the proposed placement at Eastern Senior High School.

5.     Ms. Vickie Williams, DCPS City-Wide Coordinator of Autism program, testified and concluded that the parent did not desire the Eastern SHS placement. Ms. Williams indicated that Eastern SHS was an appropriate placement for S.M., as it is similar to the Kelly-Miller Middle School program, which the student attended last year.

6.     Ms. Vickie Williams opined and concluded that appropriate educational professionals attended and participated in the placement decision-making process.

7.     Ms. Vickie Williams concluded that the student had no problems at Kelly-Miller Middle School, which was a similar Autism program at the Junior HS level.

8.     According to Ms. Williams, she had observed the student in several non-formal observations. The student did not manifest any significant behavioral problems. [2]

9.     The City Wide Autism program was approximately eight- (8) years old and students are monitored all of the time.

10.     Barbara Turner, Special Education teacher at Kelly-Miller MS, testified and concluded that S.M. attended Kelly-Miller MS for the 2004-2005 school years. S.M. aged out of the program.

4.

---

[2] Testimony of Vickie Williams

11.     S.M. did have an attendance problem, as he was absent a great deal of the time, but when S.M. attended school he was successful.

12.     On August 20, 2005, Ms. Barbara Turner attended and participated as member of the MDT/IEP placement team that recommended and proposed placement of S.G. at Eastern Senior High School.

13.     Michelle Moody, Educational Advocate for S.M., testified and concluded that Eastern SHS was an appropriate placement for S.M.[3]

14.     Michelle Moody opined that Eastern SHS presented a large educational setting and this was problematic for S.M. Additionally, transportation was an issue, as the student refused to get on the school bus fearing that something would happen to him at school.

15.     Lisa T. Miller, the parent of S.M., testified and concluded that her son had develop a specific fear, which she believed prevented him from going to Eastern SHS. According to the parent, S.M. felt safe at home.

16.     The parent believed that Home-schooling was important. The parent felt with Home-schooling for several months, S.M. could overcome his fears and Eastern SHS..

17.     According to Ms. Miller, the fear to go to school started in May 2005 and S.M. would not go to the bus.[4]

18.     The parent requested a meeting to discuss the problem. DCPS did not convene a meeting to discuss the problem. Thereafter, S.M. did not attend school.

5.

---

[3] Testimony of Michelle Moody.
[4] Testimony of Lisa Miller.

## VI.    DECISION AND CONCLUSION OF LAW

In this matter, DCPS has sustained its burden of proof. The fundamental issue in this case is whether Eastern Senior High School is an appropriate educational placement for S.M. A preponderance of the evidence supports DCPS contention that Eastern SHS is an appropriate placement for S.M., which can implement the student's IEP. Eastern SHS is connected with the city- wide Autism program, which can provide educational benefit to S.M. Notwithstanding this fact, the parent's critical concern about S.M. fears to go to Eastern SHS clearly support the need to implement and employ other strategies to assist this student to adjust to a drastic change from Kelly-Miller Middle School into Eastern SHS, as this fear is inextricably connected with the student's disability. The parent and the educational advocate recommended Home-Schooling as a reasonable alternative to develop a bridge, which could allow this student to overcome his fears and attend Eastern SHS. Under this set of circumstances, DCPS has not denied this student a free appropriate public education (FAPE).

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1)  Petitioner's request for relief is GRANTED in part and DENIED in part.

2)  Petitioner's request to determine a denial of FAPE is DENIED.

3)  Petitioner's request to obtain Home-schooling is GRANTED.

4)  DCPS shall immediately provide appropriate Home-schooling services to S.M for a period of three- (3) months in order to enable the student to attend Eastern SHS.

5)  In the event DCPS cannot provide appropriate Home-schooling services, the parent is authorized to immediately obtain an appropriate independent provider of Home-schooling services for an Autism student at DCPS expense pursuant the Superintendent Directive on outside consultant fee.

6) DCPS shall, fifteen- (15) business days after the completion of the Home-schooling program, convene a MDT/IEP placement meeting to review all current evaluations and Home schooling records, review and revise the student's IEP and discuss and determine an appropriate educational placement for 2005-2006 school years. DCPS shall consider parent's placement option at the placement meeting.

7) In the event the appropriate placement is to a public school, DCPS shall issue a notice of placement within five- (5) schools days of the MDT/IEP team meeting. If the appropriate placement is to a non- public facility, DCPS shall issue a notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.

8) All communications and notices shall be sent through the parent's counsel.

9) Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

VII.    APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION. Appeals may be made to a court of competent jurisdiction within thirty- (30) days from the date this decision was issued.

Date Filed: 10 - 26 - 05

Charles R. Jones, Esq., Hearing Officer

Date Issued: 10|26|05

7.

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:               JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:               JAMES E. BROWN
    Federal Tax ID No.:     52-1500760
    D.C. Bar No.:           61622

2.  **Student Information**
    Name:                       Shaun Miller
    DOB:                        5/22/90
    Date of Determination (HOD/SA):  10/26/05
    Parent/Guardian Name:       Lisa Miller
    Parent/Guardian Address:    46 Place, SE #21  WDC 20019
    Current School:             Eastern SHS
    Home School:

3.  **Invoice Information**
    Invoice Number:             05-502
    Date Request Submitted:     10/31/05
    Date(s) Services Rendered   8/1/05 - 10/11/05
    Amount of Payment Request   $ 10,099.23

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

*   all services listed on the enclosed invoices were actually performed;
*   the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
*   the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
*   no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
*   I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____        _____10/31/05_____
Signature                               Date

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Shaun Miller




October 31, 2005
In Reference To:    Shaun Miller

Invoice #11081



Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/1/2005 | BDL | Conference with parent to discuss opening case and child's educational needs. | 1.50 105.00/hr | 157.50 |
|  | RG | Consultation with parent and legal assistant, research and case preparation. | 1.50 350.00/hr | 525.00 |
| 8/2/2005 | YA | Requested re-evaluations from Eastern SHS | 0.75 105.00/hr | 78.75 |
|  | YA | Draft letter to Eastern SHS re, request for teacher's qualification | 0.58 105.00/hr | 60.90 |
|  | YA | Conference with parent in office re, educational records and copied record for parent | 0.50 105.00/hr | 52.50 |
|  | YA | Research educational needs re, to request records and re-evaluationsq | 0.42 105.00/hr | 44.10 |
|  | YA | Drafted letter requesting records to Eastern SHS | 0.67 105.00/hr | 70.35 |
| 8/3/2005 | RB | Discussion with advocate Moody: autism programs | 0.33 175.00/hr | 57.75 |
|  | YA | Drafted letter to parent re, notice of request of re-evaluation and records to River Terrace ES | 0.58 105.00/hr | 60.90 |
|  | YA | Log in case Note and tickle deadline for request made | 0.25 105.00/hr | 26.25 |

Shaun Miller                                                                                           Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/3/2005 | MM | File review and developed  monthly case status report : latest parent and school coimmunicationa nd what needs to happen next. | 0.58 150.00/hr | 87.00 |
|  | MM | Discussion with robin re: an autistic program in dcps | 0.33 150.00/hr | 49.50 |
|  | MM | Reviewed iep dated 4/6/05 | 0.25 150.00/hr | 37.50 |
|  | MM | Reviewed Speech / Language report dated 12/18/02 | 0.33 150.00/hr | 49.50 |
|  | MM | Reviewed psychiatric evald aetd 7/28/05 | 0.50 150.00/hr | 75.00 |
| 8/17/2005 | RG | Drafted letter to DCPS re: parent's placement concerns | 0.58 350.00/hr | 203.00 |
|  | RG | Prepared and file due process hearing request to DCPS to address placement; IEP team and meeting; ESY | 2.00 350.00/hr | 700.00 |
|  | YA | Drafted letter to parent re, meeting | 0.58 105.00/hr | 60.90 |
|  | RG | Conference with parent re: status and concerns | 0.33 350.00/hr | 115.50 |
|  | YA | Assisted attorney wtih letter to Eastern SHS and Kelly Miller ES re, meeting | 0.42 105.00/hr | 44.10 |
| 8/18/2005 | YA | Assisted attorney in preparation of request for hearing to Student Hearing Office | 0.33 105.00/hr | 34.65 |
|  | YA | File educational records received from parent | 0.58 105.00/hr | 60.90 |
| 8/23/2005 | RG | Conference with parent- re Placement | 0.33 350.00/hr | 115.50 |
| 8/24/2005 | YA | Drafted letter to parent re, Hearing Request and Scheduling Memorandum | 0.58 105.00/hr | 60.90 |
|  | YA | Log in case note receipt of records from Eastern Senior High School and Kelly Miller | 0.17 105.00/hr | 17.85 |
| 8/25/2005 | RG | Discussion with parent and message to adovate re: resoultion meeting at Eastern SHS | 0.50 350.00/hr | 175.00 |
| 8/26/2005 | MM | Reviewed infor for resolution meeting | 0.50 150.00/hr | 75.00 |

Shaun Miller                                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/26/2005 | YA | Draft letter to attorney  and advocate re, records received from Eastern Senior High School and Kelly Miller | 0.33 105.00/hr | 34.65 |
|  | RG | Prepared fo meeting and discussed with advocate | 1.50 350.00/hr | 525.00 |
| 8/29/2005 | RG | Conference with parent | 0.50 350.00/hr | 175.00 |
|  | RG | Attend dispute resolution meeting and pre/post hearing discussion with mom and advocate | 2.00 350.00/hr | 700.00 |
|  | MM | Attended MDT/IEP @ attended a resolution meeting | 1.50 150.00/hr | 225.00 |
|  | YA | Assisted attorney in preparation of request for hearing | 0.33 105.00/hr | 34.65 |
| 8/31/2005 | YA | Prepared and sent placement packages to Saint Colettas | 1.00 105.00/hr | 105.00 |
|  | YA | Organized  and sort Educational records received from Eastern JHS and Kelly Miller Middle School to file | 1.00 105.00/hr | 105.00 |
|  | YA | Prepared and sent placement packages to The Ivymount School | 1.00 105.00/hr | 105.00 |
|  | YA | Research educational needs re, placement referral | 0.25 105.00/hr | 26.25 |
|  | YA | Telephone call to private school to The Ivymount School re, referral | 0.25 105.00/hr | 26.25 |
|  | YA | Review memo from attorney re, placement referral | 0.17 105.00/hr | 17.85 |
| 9/1/2005 | RG | Conference with parent | 0.33 350.00/hr | 115.50 |
| 9/6/2005 | RG | Conference with parent telephone calls- 2; discussion with St. Collettas | 0.58 350.00/hr | 203.00 |
| 9/8/2005 | RG | Conference with parent and discussion with St. Coletta's | 0.50 350.00/hr | 175.00 |
| 9/12/2005 | RG | Conference with parent | 0.33 350.00/hr | 115.50 |
| 9/14/2005 | YA | received additional Educational Records from DCPS, on August 29, 2005 | 0.58 105.00/hr | 60.90 |

Shaun Miller                                                                                       Page     4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/16/2005 | RG | Conference with parent ( 2) and cxonference with case manager re: educ needs | 0.75 350.00/hr | 262.50 |
| 9/20/2005 | RG | Discussion with St. Collettas | 0.25 350.00/hr | 87.50 |
| 9/21/2005 | YA | Drafted letter to parent re, referral response to The Ivymount School | 0.58 105.00/hr | 60.90 |
| 9/22/2005 | RG | Conference with parent and reviewed upcoming dates and deadlines and instruct paralegal | 0.50 350.00/hr | 175.00 |
|  | YA | Drafted letter to parent re, Hearing Date Notice | 0.58 105.00/hr | 60.90 |
| 9/23/2005 | YA | Tickled Disclosure documents | 0.17 105.00/hr | 17.85 |
|  | MM | Drafted letter to private school | 0.50 150.00/hr | 75.00 |
| 9/26/2005 | MM | File review and developed  monthly case status report | 0.17 150.00/hr | 25.50 |
| 9/27/2005 | JEB | Reviewed advocate's report and discused with paralegal | 0.25 350.00/hr | 87.50 |
|  | AAG | Reviewed advocate's report, file review and discussion with attorney Brown | 0.25 105.00/hr | 26.25 |
| 9/28/2005 | MM | File review and developed  monthly case status report | 0.33 150.00/hr | 49.50 |
| 9/29/2005 | RG | Conference with parent and call to Case manager re: hearing | 0.50 350.00/hr | 175.00 |
| 9/30/2005 | RG | Conference with parent- telephone call to/from and call to/from Care giver | 0.33 350.00/hr | 115.50 |
| 10/3/2005 | YA | Assist attorney to prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel tabbing for Hearing Officer and attorney | 2.00 105.00/hr | 210.00 |
|  | RG | Prepare disclosure to DCPS | 1.00 350.00/hr | 350.00 |
| 10/4/2005 | RG | Pre-hearing conference with parent and case managers from social services re: Shaun's status ands  educational needs | 0.75 350.00/hr | 262.50 |
|  | MM | File review and developed  monthly case status report | 0.42 150.00/hr | 63.00 |

Shaun Miller                                                                                           Page     5

|            |    |                                                                      | Hrs/Rate | Amount |
|------------|----|----------------------------------------------------------------------|----------|--------|
| 10/10/2005 | MM | File review and developed  monthly case status report               | 0.42 150.00/hr | 63.00 |
|            | MM | Prepared for Due Process Hearing                                    | 1.25 150.00/hr | 187.50 |
| 10/11/2005 | RG | Prepared for Due Process Hearing and discussion with parent         | 1.50 350.00/hr | 525.00 |
|            | RG | Appearance to 825 North Capital for due process hearing             | 2.00 350.00/hr | 700.00 |
|            | YA | Discussion with the child's attorney re, hearing                    | 0.25 105.00/hr | 26.25 |
|            | YA | Phone call to parent re, hearing                                    | 0.25 105.00/hr | 26.25 |
|            | MM | Appearance to 825 North Capital for due process hearing             | 2.00 150.00/hr | 300.00 |
|            |    | For professional services rendered                                  | 45.12 | $9,777.75 |

Additional Charges :

| Date | Description | Amount |
|------|-------------|--------|
| 8/2/2005 | Copied: letter for parent. | 0.25 |
| | Copied: records for file. | 57.50 |
| | Copied: intake forms for parent and advocate. | 10.00 |
| 8/3/2005 | Copied documents; letter to parent re: teacher's qualifications | 0.50 |
| | Postage; letter to parent- re: req. for record | 0.37 |
| | Facsimile records & reeval request to DCPS | 21.00 |
| | Facsimile request for teacher's qualifications to DCPS/Eastern | 8.00 |
| | Copied documents; request for records and reevals | 0.50 |
| 8/4/2005 | Postage; letter to parent re: records and evaluations request. | 0.83 |
| 8/17/2005 | Copied: meeting letter for parent. | 0.75 |
| 8/18/2005 | facsimile: Hearing request to SHO. | 10.00 |
| | Copied: HR for parent and advocate. | 5.50 |
| | Postage; letter to parent. | 0.37 |

Shaun Miller                                                                    Page    6

                                                                                  Amount

8/24/2005 Copied: HR for parent.                                                    1.00

8/25/2005 Postage; letter to parent re: HR.                                         0.83

8/31/2005 Copied: placement packet to St. Coletta and Ivymount.                    24.00

 9/2/2005 Postage;  Placement package.                                              3.96

9/20/2005 Copied documents; letter to parent re: Ivymount                           0.50

9/21/2005 Copied: letter for parent.                                                0.25

          Postage; letter to parent.                                                0.37

9/22/2005 Copied documents                                                          1.00
          RE: Hearing date notice + status letter to parent

9/23/2005 Postage; letter to parent re: HDN.                                        0.37

10/3/2005 Messenger Service to and from DCPS (5-day Disclosures)                    20.00

          Copied documents(SHO-OGC-Attys-5-Day- Disclosure)                        42.75

10/11/2005 Sedan taxi service to and from  DCPS for hearing                         14.00

          File review preparation of bill and invoice audit                        96.88
                                                                              _____
          Total costs                                                            $321.48

                                                                              _____
          Total amount of this bill                                           $10,099.23



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | |
|---|---|---|---|
| **Attorney Firm** | James E. Brown & Associates, PLLC | **Dates of Service** | 8/1/2005  t  10/11/2005 |
| **Student** | Shaun    Miller | **OGC Control** | 4061 |
| **Date Received** | 10/31/2005 | **HOD Docket Nu** | |
| **HOD DATE** | 10/26/2005 | **Attorney Invoice** | 05-502 |
| **Funding Fiscal Year:** | 2006 | | |

1) Application Review

    a) Application complete    Y
    b) Certification Signed    Y
    c) HOD/SA Attached    Y

| 2) Allocation of Invoice | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $9,777.75 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $321.48 | $0.00 |
| TOTALS | $10,099.23 | $0.00 |

| | |
|---|---|
| Amount Approved Before Partial Payment | $0.00 |
| Partial Payment | $0.00 |
| Total Amount Approved | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

**Attorney Firm:**   James E. Brown & A

**HOD Date:**         10/26/2005

**Student:**          Shaun      Miller

**Attorney Fee Cap Amount:**      $4,000.00

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Dispute Time | Disputed Amount |
|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 4061 | | Cost | | No Denial of FAPE | $321.48 | 1 | $321.48 | $0.00 | 0 | $0.00 | 1 | $321.48 |
| 4061 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 4061 | | Fee | | No Denial of FAPE | $9,777. | 1 | $9,777.75 | $0.00 | 0 | $0.00 | 1 | $9,777.75 |

| Totals | | | | | $10,099.23 | | | | | $0.00 | | $10,099.23 |

| Attorney Charges | | Expert/Advocate Charges | |
|------|------|------|------|
| Invoiced Attorney Fee Amount | $9,777.75 | **Total Invoiced Expert Charges:** | $0.00 |
| Disputed Attorney Fee Amount | $9,777.75 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | **Attorney Expenses** | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $321.48 |
| | | Disputed Attorney Expenses | $321.48 |
| **Approved Invoice Prior to Prepayments** | $0.00 | Approved Expense | $0.00 |
| **Partial Payment:** | $0.00 | | |
| **Total Invoice Approve** | $0.00 | | |