# EXHIBIT 14

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS
# COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

tudent Name:   Johnathan Muse                                     DOB:   May 11, 1992

.ddress:   631 Condon Terrace, SE, Washington, D.C. 20032

resent School of Attendance:      Hart Middle School

Home School:            Hart Middle School _____
                        (Neighborhood school where child is registered)


        Parent/Guardian of the Student:   Jean Adbur Rashid

**B.     Legal Representative/Attorney (if applicable):**

Name:   Miguel A. Hull, Esq.          Phone: (W)  202 742-2015      (Fax)  202 742-2098 _____

Address: 1220 L St., NW, #700, Washington, D.C. 20005 _____

Will attorney / legal representative attend the resolution session?    **X** Yes          ☐ No

**C.     Complaint Made Against (check all that apply):**

        **X** DCPS

        ☐ Charter school (name of the charter school if different from page
        one)_____

        ☐ Non-public school or residential treatment facility (name)
        _____

        ☐ Parent

**D.     Resolution Session Meeting Between Parent and LEA:**

        I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that
        I may voluntarily waive this right if I choose. (Note:  All parties must agree to waive the resolution
        meeting to avoid having this meeting.)

        **X** I wish to waive the Resolution Session Meeting

**E.     Mediation Process:**

        IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost
        to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as
        an alternative to a Due Process Hearing. Please check all that apply:

        **I am requesting an administrative due process hearing <u>only</u> at this time.**

**F.     Facts and Reasons for the Complaint:**

                        **I.  Nature of the Problem.**

        **Failure to convene MDT meeting in a timely manner.** Johnathan Muse is a thirteen-
        year-old student currently attending Hart Middle School in the District of Columbia. An
        MDT meeting took place with the parent and her advocate present on April 26, 2005.

                                2

During the meeting, the team agreed that Jonathan was eligible for special education and related services as a student with a learning disability in reading and written language. Subsequent to the MDT meeting, on May 17, 2005, the parent filed a Due Process Hearing Request on the following issues:

1) Whether DCPS has inappropriately failed to conduct a speech and language evaluation for Johnathan within 120 days of it being requested by the parent?
2) Whether DCPS inappropriately failed to develop statement of present levels and goals and objectives for Johnathan's IEP in the areas of math, reading, and written language?
3) Whether DCPS inappropriately failed to ensure the presence of all necessary team members at the MDT on April 26, 2005, resulting in a failure to complete the IEP that day?
4) Whether DCPS has inappropriately failed to provide fifteen hours per week of specialized instruction in math reading and written language?
5) Whether any specialized instruction provided is appropriate given the absence of goals and objectives and statements of present levels in math, reading, and written language?

See Due Process Hearing Request 5/17/05.

On or about June 24, 2005, the parent and DCPS entered into a written Settlement Agreement in exchange for the parent withdrawing the pending hearing request. See Settlement Agreement 6/24/05. The Settlement Agreement required DCPS to:

> convene a MDT/IEP meeting withn 30 business days to review Speech and Language Evaluation, revise IEP if necessary, discuss and determine placement, and discuss if compensatory education is warranted. If Compensatory education is warranted, develop a compensatory education plan.
>
> DCPS agrees to issue a prior notice of placement within 5 school day if the placement is public and within 30 calendar days if placement is non-public.

Id. The Settlement agreement also called for the parent to "contact DCPS Office of Mediation and Compliance when there has been a failure to comply with the terms [. . .] in order to bring the case into compliance prior to filing a hearing request [. . .]" Id.

DCPS did not convene the MDT meeting that was required and on August 17, 2005, parent's counsel sent a letter to the DCPS Office of Medication and Compliance advising of the failure to comply with the terms of the Settlement Agreement. As of the date of this writing, DCPS has not convened the MDT meeting or responded to the August 17th letter.

3

Accordingly, the parent asserts that she and her child's right have been violated and that the child has been harmed as a result.

## II. Issues presented.

- Whether DCPS has inappropriately failed to comply with the terms of the June 24, 2005 Settlement Agreement by failing to convene the MDT meeting that was promised within a timely manner?

## III.    Relief Sought.

1. a finding that DCPS has inappropriately violated the terms of the June 24, 2005 Settlement Agreement by failing to convene the MDT meeting that was promised;

2. That DCPS be ordered to provide compensatory education in the form of one-on-one after school tutoring for the fifteen hours per week of specialized instruction that have either not been provided or inappropriately provided from April 26, 2005 to the present and continuing until such hours are appropriately provided;

3. That DCPS be ordered to convene an MDT meeting for Johnathan within ten business days to develop appropriate statements of present levels and goals and objectives for math, reading, and written language; and to determine placement with placement to be made within ten business days if for a public school or within thirty calendar days if for a non-public school; [**NOTE THAT SHOULD THERE BE A RESOLUTION CONFERENCE AS RESULT OF THIS COMPLAINT, THEN THE PARENT WOULD EXPECT THE TEAM AT THE RESOLUTION CONFERENCE TO ACCOMPLISH THE FOLLOWING:  Develop appropriate statements of present levels and goals and objectives for math, reading, and written language; and to determine placement with placement to be made within ten business days if for a public school or within thirty calendar days if for a non-public school.  THE PARENT WILL NOT BE SATISFIED IF ALL THAT IS OFFERED AT THE RESOLUTION CONFERENCE IS A PROMISE TO CONVENE AN MDT MEETING.**]

4. That all MDT meetings  ordered be scheduled through parent's counsel;

5. that DCPS provide any other relief deemed appropriate and relating to the violations committed here;

6. That DCPS provide all reports previously not provided at least two business days before the MDT meeting ordered;

7. DCPS, if the student requires placement in a residential facility, will have ten (10) business days to locate an appropriate residential treatment center, issue a Prior

Notice of Placement, complete the student's Interstate Compact Agreement, and schedule the student's and mother's transportation arrangements;

8. DCPS, if the student requires placement in a residential treatment facility, agrees to fax to the parent's counsel, a copy of the items identified in paragraph number five (10);

9. that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

10. All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

11. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

12. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

13. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

14. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and Other related services as are defined at 34 C.F.R. § 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

15. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

16. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused

action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

17. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

18. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C)</u>, respond to the parent's request alleging any insufficiency of notice;

19. That DCPS' failure to comply with the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C)</u>, and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

20. That DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting**;

21. That DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

22. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u> constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

23. A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    **Signature:**

_____          August 25, 2005
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
***********************
***   TX REPORT   ***
***********************


TRANSMISSION OK

TX/RX NO          0697
CONNECTION TEL               94425556
CONNECTION ID
ST. TIME          08/25 18:45
USAGE T           01'04
PGS. SENT            8
RESULT            OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill °
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jcblaw.biz

Tilman L. Gerald
Roxanne D. Nelon .
John A. Straus
Dolores Scott Mc<sup>...</sup>ight
Marshall Lammers

· ! Admitted in Bolivia On

# *FAX COVER SHEET*

DATE:    August 25, 2005

TO:    Student Hearing Office
       District of Columbia Public Schools

PHONE:    202-442-5000

FAX NO:    202 442-5556

FROM:    Miguel Hull, Esq.

SUBJECT:    **Jonathan Muse, DOB: 5/11/92 – Due Process Hearing Request**


NUMBER OF PAGES INCLUDING COVER SHEET:    EIGHT

COMMENTS:

STUDENT HEARINGS OFF

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### Confidential

**FREDERICK E. WOODS, Esq., Due Process Hearing Officer**
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| Johnathan Muse | ) | |
| Date of Birth: 05/11/92 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: August 26, 2005 |
| | ) | Hearing Date: October 24, 2005 |
| The District of Columbia Public Schools, | ) | Held at: 825 North Capitol Street, N.E. |
| Home School: Hart Middle School | ) | Eighth Floor |
| | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

| | |
|---|---|
| **Parent:** | **Jean Abdur Rashid, Mother** |
| | **631 Condon Terrace, S.E.** |
| | **Washington, D.C. 20032** |
| | |
| **Counsel for the Parent/Student:** | **Miguel A. Hull, Esq.** |
| | **James E. Brown & Associates, PLLC** |
| | **Attorneys at Law** |
| | **1220 L Street N.W., Suite 700** |
| | **Washington, D.C. 20005** |
| | |
| **District of Columbia Public Schools:** | **Tiffany S. Puckett, Esq.** |
| | **Attorney Advisor** |
| | **Office of the General Counsel, DCPS** |
| | **825 North Capitol Street, N.E., 9th Floor** |
| | **Washington, D.C. 20002** |

1

## I.   JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.   DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.   FIVE-DAY DISCLOSURES

Petitioner:   Admitted, without objection, a disclosure letter filed 10/17/05 that lists four witnesses and attached eleven exhibits sequentially labeled and tabbed JM-01 through JM-11. One witness was present: Jean Abdur Rashid, the student's mother. No witnesses were called to testify because the parties settled all issues without a finding that J.M. was denied a FAPE.

Respondent:   Admitted, without objection, a disclosure letter filed 10/17/05 that lists eight witnesses and attached two exhibits sequentially labeled DCPS-01 and DCPS-02. No witnesses were present. And no witnesses were called to testify because the parties settled all issues without a finding that J.M. was denied a FAPE.

## IV.   STATEMENT OF THE CASE

Johnathan Muse (J.M.), born 05/11/92, age 13-years 6-months, is a child with a disability receiving a special education and related services as an 7th grade, 21-60% out-of-general education, Specific Learning Disabled (SLD), student at Hart Middle School (Hart MS) in the District of Columbia. (R. at JM-10.)

Parent's counsel Miguel A. Hull alleged in the parent's 08/26/05 Due Process Hearing Request that DCPS violated the IDEIA and denied J.M. a Free Appropriate Public Education (FAPE) by failing to develop an appropriate IEP; failing to perform his Speech-Language Assessment within 120-days; and failing to provide his correct level of specialized instruction. (R. at JM-01.)

DCPS responded stating the parent failed to participate in the IDEIA required Resolution Meeting to give DCPS an opportunity to resolve the parent's compliant; and the parent failed to respond to an invitation to participate in a BLMDT Meeting to discuss her concerns.

2

The Student Hearing Office, DCPS, scheduled the Due Process Hearing, for 11:00 a.m., Monday, October 24, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Tiffany S. Puckett appeared in-person for DCPS. Attorney Miguel A. Hull appeared in-person for J.M. who was not present; and his mother who was not present. No testimony was taken because the parties' agreed to schedule and attend a BLMDT Meeting; and to resolve the disputed issues without a finding that J.M. was denied a FAPE.

So based on the hearing record the hearing officer finds it in the best interest of the child to grant relief that may resolve this case, without finding the child was denied a FAPE, and issues this

## ORDER

DCPS shall ……………………………………………………

1. Convene J.M.'s BLMDT/IEP/Placement Meeting at Hart MS at the parties agreed date and time: 9:30 a.m., Monday, November 1, 2005, for this purpose:

    a. To review and discuss J.M.'s assessment report to determine if he is still eligible for special education services;

    b. To determine if any additional assessments are necessary to determine his continued eligibility and if so, either perform them or fund independent assessments;

    c. To revise his IEP, if necessary, based on the evaluation review; and

    d. To discuss and decide placement; and issue J.M.'s Prior Written Notice of Change in Placement, if necessary (PNCOP) for school year 2005-06, as follows:

        (i)  · Issue the PNCOP within 5-school days of the BLMDT Meeting if to a public placement; and

        (ii)   Issue the PNCOP within 30-calendar days of the BLMDT Meeting if to a non-public placement.

2. Issue J.M.'s Notice of Ineligibility if his BLMDT decides he is now ineligible for special education services.

3. Schedule all meetings at a mutually agreeable time through the parent and her counsel. And provide counsel a copy of the meeting notice by facsimile at (202) 742-2098.

4. There is no finding J.M. was denied a FAPE.

3

5. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

6. This Order resolved all issues raised in the student's 08/26/05 Due Process Hearing Request; and the hearing officer made no additional findings.

**This is THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.**

_____          _____
Frederick E. Woods                              Date
**Hearing Officer**

Issued: ___11/3/05___
**Student Hearing Office, DCPS**

4

# District of Columbia Public Schools

### State Enforcement & Investigation Division

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Johnathan Muse | ) | |
| Petitioner, | ) | **IMPARTIAL** |
| vs. | ) | **DUE PROCESS HEARING** |
| | ) | |
| The District of Columbia Public Schools, | ) | |
| Hart Middle School | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 et seq.

**Case Information:**     Hearing Request Date: August 26, 2005
**Hearing Date: October 24, 2005**
Held at:  825 North Capitol Street, N.E.
Eighth Floor
Washington, D.C. 20002
SETS Case Number: _____
Student's Birth Date: May 11, 1992
Attending School: Hart Middle School
Managing School: Hart Middle School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the SHO file for this student are either the original or true copy of the original documents submitted in this matter.

Executed this 2nd day of November, 2005.

_____
Due Process Hearing Officer

5

Re: MATTER OF
**JOHNATHAN MUSE v. DCPS, HART MIDDLE SCHOOL**

# RECORD OF PROCEEDINGS

## DATE:          ## DESCRIPTION:

**08/26/05**        **Due Process Hearing Request Filed By Parent**

**09/26/05**        **Notice of Due Process Hearing Date Sent to Parties**

**10/24/05**        **Due Process Hearing Convened; Completed; Recorded
in HR-4, Start Time 12:00 p.m. and End Time 12:30
p.m.; and the Case was Settled.**

**11/02/05**        **Hearing Officer's Decision Filed with the SHO**

**11/02/05**        **Hearing Officer's Decision Issued by the SHO**

_____              11/2/05
**Frederick E. Woods**                              _____
**Due Process Hearing Officer**                            **Date**

6



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:              JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:              JAMES E. BROWN
    Federal Tax ID No.:    52-1500760
    D.C. Bar No.:          61622

2.  **Student Information**
    Name:                        Johnathan Muse
    DOB:                         5/11/92
    Date of Determination (HOD/SA):  11/3/05
    Parent/Guardian Name:        Jean Abdur Rashid
    Parent/Guardian Address:     631 Condon Terr., SE, WDC 20032
    Current School:              Hart MS
    Home School:                 Hart MS

3.  **Invoice Information**
    Invoice Number:          05-535
    Date Request Submitted:  12/5/05
    Date(s) Services Rendered: 7/5/05 to 11/7/05
    Amount of Payment Request: $ 5,657.77

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses
  represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees,
  costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2)
  will benefit from any monies paid as a result of the submission of the enclosed invoice, has a
  pecuniary interest, either through an attorney, officer or employee of the firm, in any special
  education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is
  punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          December 5, 2005
Signature                                Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Jonathan Muse

November 13, 2005
In Reference To:    Jonathan Muse

Invoice #11100

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 7/5/2005 MH | Reviewed file to determine current case status and to develop strategy for future of case. | 0.33 350.00/hr | 115.50 |
| 8/5/2005 JF | Reviewed all legal documentation in file for possible IDEA violation, contacted parent to discuss IDEA violation | 0.92 350.00/hr | 322.00 |
| 8/25/2005 MH | Prepared and file due process hearing complaint to DCPS.  Includes research on issues raised, discussion with parent, and drafting and revising of claims made. | 2.00 350.00/hr | 700.00 |
| 8/26/2005 HR | Draft letter to parent detailing the due process hearing requested | 0.50 105.00/hr | 52.50 |
| 9/7/2005 MH | Reviewed file to determine case status and develop plan for new school year. | 0.17 350.00/hr | 59.50 |
| 9/9/2005 HR | Draft letter to the Student Hearing Office requesting hearing date to be set, sent letter via facsimile and sent letter to the Office of the General Counsel | 0.50 105.00/hr | 52.50 |
| 9/21/2005 HR | Draft 2nd letter to the Student Hearing Office requesting hearing date to be set, sent letter via facsimile and sent letter to the Office of the General Counsel | 0.50 105.00/hr | 52.50 |
| 9/22/2005 MH | Prepared motion for default.  Includes file review, legal research, and drafting and revising of motion | 0.75 350.00/hr | 262.50 |
| 9/23/2005 HR | Draft letter to parent regarding the notice of hearing | 0.42 105.00/hr | 44.10 |

Jonathan Muse                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/28/2005 MH | Legal research in response to filing by DCPS regarding parent's motion for default. | | 1.75<br>350.00/hr | 612.50 |
| 10/4/2005 MH | Reviewed order regarding Motion for Default. | | 0.25<br>350.00/hr | 87.50 |
| 10/17/2005 MH | Prepare disclosure to DCPS | | 1.42<br>350.00/hr | 497.00 |
| HR | Assisted attorney to prepare disclosure to DCPS | | 1.17<br>105.00/hr | 122.85 |
| HR | Phone call to parent regarding hearing | | 0.17<br>105.00/hr | 17.85 |
| 10/20/2005 JF | Prepared for Due Process Hearing by reviewing complaint filed by child's attornmey reviewing past/present IEP and MDT meeting notes, also reviewed all evaluations conducted on this student. Contacted parent to discuss issues to be presented at the hearing. | | 1.25<br>350.00/hr | 437.50 |
| 10/21/2005 MH | Prepared for Due Process Hearing.  Reviewed parent's and DCPS's disclosure materials, discussion with parent, research on issues raised, and prepared potential witness questions and legal arguments for hearing. | | 1.58<br>350.00/hr | 553.00 |
| 10/24/2005 HR | Phone call to mom regarding hearing scheduled for today | | 0.08<br>105.00/hr | 8.40 |
| MH | Appearance to 825 North Capital for due process hearing | | 1.00<br>350.00/hr | 350.00 |
| 11/1/2005 RB | Attended IEP/compensatory education meeting by teleconference with Hart MS and parent | | 1.25<br>175.00/hr | 218.75 |
| RB | Transcribed 11/1/05 meeting notes for attorney | | 0.75<br>175.00/hr | 131.25 |
| RB | Discussion with attorney: report from parent about discipline and need for observation | | 0.17<br>175.00/hr | 29.75 |
| RB | Drafted and faxed letter to Hart MS SEC with transcribed meeting notes, summary of agreements, need for observation, and discipline concern | | 0.50<br>175.00/hr | 87.50 |
| MH | Participated at MDT meeting that was ordered in most recent HOD. | | 1.25<br>350.00/hr | 437.50 |
| MH | Discussion with advocate Juan Fernandez, regarding need for observation. | | 0.25<br>350.00/hr | 87.50 |

Jonathan Muse                                                                          Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/1/2005 | JF | Discussion with attorney regarding need for observation. | 0.25<br>350.00/hr | 87.50 |
| 11/7/2005 | HR | Draft letter to parent regarding the notice of hearing | 0.42<br>105.00/hr | 44.10 |

| | | Hrs/Rate | Amount |
|---|---|---|---|
| | For professional services rendered | 19.60 | $5,471.55 |

Additional Charges :

| | | Amount |
|---|---|---|
| 8/26/2005 | Postage; letter to parent re: case status. | 0.60 |
| | Copied documents; letter to parent w/ due process hearing complaint | 2.25 |
| 9/9/2005 | Facsimile letter to Sheila Hall, Kelly Evans, OGC | 6.00 |
| | Facsimile letter to DCPS re: hearing scheduled | 3.00 |
| 9/20/2005 | Copied documents; letter to parent re: HDN | 1.00 |
| 9/21/2005 | Facsimile letter requesting hearing date to Sheila Hall, Kelly Evans, OGC | 6.00 |
| | Facsimile letter requesting hearing date to Sheila Hall, Kelly Evans, OGC | 6.00 |
| 9/23/2005 | Copied documents<br>RE: HDN + status letter to parent | 0.50 |
| | Postage: Letter to parent re: case status. | 0.37 |
| 10/17/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: disclosure for OGC and SHO. | 33.50 |
| 10/24/2005 | File review preparation of bill and invoice audit | 96.88 |
| 11/1/2005 | Facsimile letter and mtg notes to Hart MS | 8.00 |
| 11/5/2005 | Postage; letter to parent re: case status. | 0.37 |
| 11/7/2005 | Copied: HOD letter for parent. | 1.75 |

| | | Amount |
|---|---|---|
| | Total costs | $186.22 |
| | Total amount of this bill | $5,657.77 |



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| Attorney Firm | James E. Brown & Associates, PLLC | | Dates of Service | 7/5/2005 | to | 11/7/2005 |
|---|---|---|---|---|---|---|
| Student | Jonathan    Muse | | OGC Control | 4170 | | |
| Date Received | 12/5/2005 | | HOD Docket Num | | | |
| HOD DATE | 11/3/2005 | | Attorney Invoice | 05-535 | | |
| Funding Fiscal Year: | 2006 | | | | | |

1) Application Review

|   |   |   |
|---|---|---|
| a) | Application complete | Y |
| b) | Certification Signed | Y |
| c) | HOD/SA Attached | Y |

| 2) Allocation of invoice | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $5,471.55 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $186.22 | $0.00 |
| TOTALS | $5,657.77 | $0.00 |

| | |
|---|---|
| Amount Approved Before Partial Payment | $0.00 |
| Partial Payment | $0.00 |
| Total Amount Approved | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By

# Attorney Dispute Sheet

| Attorney Firm: | James E. Brown & A | | | HOD Date: | | 11/3/2005 | | | | | |

| Student: | Jonathan   Muse | | | Attorney Fee Cap Amount: | | $4,000.00 | | | | | |

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Time | Approved Disputed Amount | Disputed |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 4170 | | Cost | | No Denial of FAPE | $186.22 | 1 | $186.22 | $0.00 | 0 | $0.00 | 1 | $186.22 | |
| 4170 | | Expert/ Advocat | | | $0.00 | 1 | $0.00 | $0.00 | 0 | $0.00 | 1 | $0.00 | |
| 4170 | | Fee | | No Denial of FAPE | $5,471. | 1 | $5,471.55 | $0.00 | 0 | $0.00 | 1 | $5,471.55 | |
| Totals | | | | | | | $5,657.77 | | | $0.00 | | $5,657.77 | |

| Attorney Charges | | Expert/Advocate Charges | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $5,471.55 | Total Invoiced Expert Charges: | $0.00 |
| Disputed Attorney Fee Amount | $5,471.55 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | Attorney Expenses | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $186.22 |
| | | Disputed Attorney Expenses | $186.22 |
| Approved Invoice Prior to Prepayments | $0.00 | Approved Expenses | $0.00 |
| Partial Payment: | $0.00 | | |
| Total Invoice Approved | $0.00 | | |