# EXHIBIT 16

**STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA**
**REQUEST FOR ADMINISTRATIVE DUE PROCESS HEARING**

➢ This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.

➢ This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., and 8th Floor, Washington, D.C. 20002.   Fax number 202-442-5556

---

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case.  Please indicate your decision:

___ I REQUEST MEDIATION   ___ I REQUEST MEDIATION AND A HEARING   _X_ I REQUEST A HEARING

---

**STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED**

Student Name: __April Penny__    DOB: __March 3, 1990__

Address: __3074 Stanton Road, SE, Apt. 2A, Washington, DC 20020__

Riverside Hospital-Acute Center      NA
Present School of Attendance:        Home School:
                                     (Neighborhood school where child is registered)

---

**COMPLAINT IS MADE AGAINST:** _____DCPS_____
DCPS and/or D.C. Public Charter School-specify charter school

**INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING**

Name: ___Ms. Theresa Brown___

Address: ____3074 Stanton Road, SE  DC 20020____

Phone: (H) (202) 678-3063_____ (W) _____ (Fax) _____

Relationship to Student: _X_ Parent  ___ Self  ___ Legal Guardian  ___ Parent Surrogate  ___ Public Agency

**PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):**

Name: __Christopher L. West, Esq.__ Phone: (W) __202-742-2000__ (Fax) 202-742-2098

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005__

02/01/2003

You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:   June 28, 2005    June 29, 2005    June 30, 2005

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:

(You may attach additional pages to provide more information if needed.)
Describe the nature of the problem:

**1. Denial of FAPE by failing to provide an appropriate educational placement**
On May 23, 2005, April Penny was placed at the Riverside Hospital-Acute Unit. Since June 2003, DCPS placed April at Whisper Ridge Behavior Treatment Center for the 2004-2005 school year. During the 2004-2005 school year, April's behaviors have escalated. Reportedly, April has exhibited the following:

- stabbed staff members in leg with pencil
- attempted to hit staff with broom handle
- charged staff with pair of scissors in her hand
- punched staff
- kicked staff
- punched different peers several times
- threatened to kill staff members several times

02/01/2003

-threatened to kill self several times
-used inappropriate sexual language to staff
-touched body inappropriately in front of staff
-is routinely placed in physical restraints

As a result of April's escalation of severe behaviors, Whisper Ridge indicated she would be discharged from their facility June 3, 2005. However, because of her immediate acute care, April was removed from Whisper Ridge and placed at Riverside Hospital-Acute Unit.

On June 3, 2005, DCPS convened an IEP meeting at Riverside Hospital. During the meeting, the parent provided written notice to DCPS that April was accepted into the Oaks Treatment Residential Center, located in Texas. Also during the meeting, DCPS indicated they would complete the process of having April removed from Riverside Hospital-Acute Unit and placed at Oaks Treatment On June 7, 2005, the parent submitted notice to DCPS informing of April's acceptance into the Oaks Treatment Center. To date, DCPS has yet to issue a notice of placement to the Oaks Treatment Center, or provide a notice of placement to an appropriate residential placement.

2. **Additional Facts**
The parent asserts that if additional facts come to his/her attention prior to the due process hearing in this matter, those facts are permitted to be heard insofar as they relate to FAPE for this student, without the need to amend the due process hearing request, so long as there is no prejudice to DCPS and the best interest of the child is furthered.

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

1. Whether DCPS violated the IDEA and denied April with FAPE by failing to provide an appropriate special education placement.

**State how you would like to see the problem corrected**

1. DCPS shall issue a prior notice of placement to the to the Oaks Treatment Center, located in Texas, and complete the student's Interstate Compact Agreement.

2. DCPS shall send all notices of meetings through counsel for the parent, Christopher L. West, via facsimile on 202-742-2098, with copies to the parent by no later than 48-hours prior to convening any meetings.

3. If the proof offered a the due process hearing differs from the description of the nature of the problems, as stated herein, relating to the proposed or refused initiation or change, including facts relating to the problem, and the proposed solution herein of the problem, to the extent known and available to the parent at the time of the drafting of this complaint, the parent requests that **34 C.F.R. 300.507(c)(4)** shall apply and the parent hereby amends the complaint (hearing request) to conform to the proof at and during the hearing.

4. DCPS shall provide the parent with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations

02/01/2003

hereunder, or any disagreement with the assessment, programming or placement that the parent may have.

5. DCPS shall send all notices of meetings through counsel for the parent, Christopher L. West, via facsimile on 202-742-2098, with copies to the parent by no later than 48-hours prior to convening any meetings

6. DCPS shall provide counsel for the parent with copies, pursuant to **5 DCMR 3021.8,** of all evaluation reports and all educational records on the student no later than 16 business hours prior to any meeting in which the parent is entitled to attend and/or participate.

7. DCPS shall provide the student with compensatory education.

_____    June 14, 2005
Christopher L. West                                Date
Attorney for Ms. Theresa Brown

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002          FAX:  (202) 442-5556**

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                                              Revised 02/01/2003

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
### CONFIDENTIAL

**Charles R. Jones, Esq., Due Process Hearing Officer**
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| APRIL PENNY, Student, | ) | HEARING OFFICER'S DECISION |
| Date of Birth: 03-03-90 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: July 21, 2005 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Riverside Hospital -AcuteCenter | ) | Washington, D.C. 20002 |
| Respondent. | ) | |
| | ) | |

### DECISION AND ORDER

**Parent(s):**                Ms. Theresa Brown
                              1286 Easton Road, S.E.
                              Washington, D.C. 20020

**Counsel for Parent:**       Christopher L. West, Esq.
                              James E. Brown & Associates, PLLC
                              1220 L Street, N.W.
                              Suite 700
                              Washington, D.C. 20005

**Counsel for School:**       Tiffany Puckett, Attorney-Advisor
                              Office of the General Counsel, DCPS
                              825 North Capitol Street, N.E., 9th Floor
                              Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigative Division*

### Special Education Due Process Hearing

### I. INTRODUCTION

On June 15, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Christopher L. West, Esq. The request alleges DCPS failed to provide an educational placement for April Penny.

A Due Process Hearing was convened on July 21, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Tiffany Puckett, Esq., Attorney-Advisor represented DCPS. Christopher L. West, Esq., represented the parent. Five- Day Disclosure Letters were entered into the record without objection of either party. On behalf of the parent: Disclosure Letter dated July 14, 2005: AP-1 through AP-25. On behalf of DCPS: Disclosure Letter dated July 14, 2005: DCPS-01 through DCPS-05. Parent's counsel waived a formal reading of the Due Process Rights. Witness for DCPS- Kimberly Grafton. Witness for the parent: none.

### II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

### III. ISSUES

Whether DCPS denied the student FAPE by failing to provide an appropriate residential placement for April Penny?

2.

### IV.  SUMMARY OF RELEVANT EVIDENCE

This case involves allegations that DCPS failed to provide an appropriate residential placement for April Penny. April Penny has had severe emotional problems, which has required placement at a residential placement facility. Whisper Ridge was the last residential placement the student attended; however, the student was discharged because of the escalation of her negative behavior. It is alleged that her conduct caused her to be placed at Riverside Hospital- Acute Unit. According to parent's counsel, on June 3, 2005 DCPS convened an MDT/IEP placement meeting to determine placement. DCPS indicated that a placement determination would be made in order to allow April to be discharged from the acute-unit. Counsel for the parent asserts that a placement has not been provided by DCPS. DCPS argues that a placement determination has not been made; however, residential placements are difficult to locate especially those that have Medicaid reimbursement and that DCPS has not have adequate time to provide an appropriate placement for April Penny.

### V.  FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1. April Penny is a fifteen- (15) year old District of Columbia student presently placed at the Riverside Hospital Acute-Unit since May 23, 2005.

2. April Penny is eligible for special education and related services. April's disability classification is emotional disturbed (ED) and mental disturbed (MR).[1]

3. DCPS funded a private placement for April Penny at the Whisper Ridge Behavior Treatment Center for the 2004-2005 school years.

4. As a result of April's escalated behavioral problems, she was removed from Whisper Ridge and placed at the Riverside Hospital Acute-Unit.

3.

---

[1] Representations by parent's counsel at the hearing.

5. At the June 3, 2005 MDT/IEP placement meeting, parent's counsel requested a new placement for April. She required a new placement in order to be discharged from Riverside Hospital Acute-Unit. Parent's counsel offered Oaks Residential Treatment Center as an appropriate placement.

6. DCPS did not provide a notice of placement at the meeting.

7. Kimberly Grafton, Placement Specialist, concluded that the student required a residential placement but DCPS had been responsible for payment of the educational portion and Medicaid had reimburse the medical portion. DCPS was in the process of determining an appropriate placement, which satisfied this formula of payment. According to Ms. Grafton, the placement determination would be made within thirty-(30) days.

## VI. DECISION AND CONCLUSION OF LAW

In this case, DCPS has sustained its burden of proof. The Placement Specialist indicated that DCPS was unable to identify an appropriate placement within the thirty-(30) days period, because he Medicaid reimbursement portion required additional time to identify an appropriate residential placement. Inasmuch as the student had been funded in a private placement prior to her behavioral escalation, DCPS warrants the additional time to locate an appropriate residential placement with Medicaid reimbursement. Under this set of circumstance, DCPS has not denied this student a free appropriate public education (FAPE).

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Petitioner's request is GRANTED in part and DENIED in part.**

2) **Petitioner's request to find a denial of FAPE is DENIED.**

3) **Petitioner's request to schedule a placement meeting is GRANTED.**

4.

4) DCPS shall, within thirty- (30) calendar days of the issuance of the HOD, convene a MDT/IEP placement meeting to review all current evaluations, review and revise the student's IEP if warranted and discuss and determine an appropriate residential placement for April Penny for the 2005-2006 school years.

5) DCPS shall issue a notice of placement at the placement meeting to an appropriate residential placement.

6) In the event that DCPS fails to convene the meeting or to provide a notice of placement at the meeting, DCPS shall place and fund April Penny at the Judge Rotenburg Residential Treatment facility for the 2005-2006 school years with transportation services to the facility.

7) All communications and notices shall be sent through the parent's counsel.

8) Any delay in the above time frames caused by the parent or parent's counsel shall result in an extension of one day for each day of delay.

VII. APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION. Appeals may be made to a court of competent jurisdiction within thirty- (30) days from the date this decision was issued.

_____   Date Filed: 07-21-05
Charles R. Jones, Esq., Hearing Officer

Date Issued: 7-22-05

5.

# District of Columbia Public Schools
### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   - Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   - Attorney: JAMES E. BROWN
   - Federal Tax ID No.: 52-1500760
   - D.C. Bar No.: 61622

2. **Student Information**
   - Name: April Penny
   - DOB: 3/3/90
   - Date of Determination (HOD/SA): 7/22/05
   - Parent/Guardian Name: Teresa Brown
   - Parent/Guardian Address: 3074 Stanton Rd., SE, #2A, 20020
   - Current School: Whisper Ridge Education Center
   - Home School: Johnson JHS

3. **Invoice Information**
   - Invoice Number: 05-388
   - Date Request Submitted: 8/26/05
   - Date(s) Services Rendered: 5/23/05 to 8/15/05
   - Amount of Payment Request: $ 8,205.22

4. **Certification** (must be signed by principal attorney)

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_/s/ James E. Brown_   August 26, 2005
Signature                Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
April Penny

August 15, 2005
In Reference To:   April Penny

Invoice #10894

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/23/2005 | CW | Conference with parent and Ms. Williams (Social Worker) and discussed status of student being admitted to Riverside Hospital-Acute Unit; reviewed treatment plan summary; teleconference with Ms. Meyers (Whisper Ridge) and discussed student's admissions to Riverside Hospital | 0.67<br>350.00/hr | 234.50 |
| 5/24/2005 | BDL | Drafted letter to the parent with HOD. | 0.50<br>105.00/hr | 52.50 |
| 5/25/2005 | CW | Conference with Ms. Williams and discussed placement in San Marcos facility (Texas); teleconference with parent and discussed placement at Texas behavioral facility | 0.33<br>350.00/hr | 115.50 |
| 5/26/2005 | CW | Reviewed documents submitted by San Marcos treatment center; teleconference with parent and Ms. Williams and discussed incident at Riverside Hospital | 0.67<br>350.00/hr | 234.50 |
| 5/27/2005 | BDL | Assisted attorney with faxing letter to Ruth Blake, Shirley Williams, Judith Smith, Arthur Field and Lenore Verra. | 1.00<br>105.00/hr | 105.00 |
|  | BDL | Drafted letter to parent with copy of letter sent to Ruth Blake. | 0.50<br>105.00/hr | 52.50 |
|  | CW | Drafted letter Ruth Blake, Judith Smith, and OGC requesting DCPS convene IEP meeting for April Penny; conference with paralegal re: letters to DCPS | 0.75<br>350.00/hr | 262.50 |
| 5/31/2005 | CW | Teleconference with Kim Grafton (DCPS) and reviewed IEP meeting notes and discussed placement at San Marco Residential and Oakhill Residential program; teleconference with Ms. Williams and discussed | 1.25<br>350.00/hr | 437.50 |

April Penny                                                                                                                          Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | IEP meeting scheduled for 6/3 at Riverside Hospital; reviewed Riverside Hospital admissions summary and psychiatric assessment |  |  |
| 6/3/2005 | CW | Record reviewed and discussion with educational advocate and reviewed admissions packet for Oak Hill Residential Program (Texas); pursuant to Settlement Agreement, attended IEP meeting at Riverside Hospital; reviewed IEP goals/objectives; discussed current progress and residential placement options | 3.50 350.00/hr | 1,225.00 |
| 6/7/2005 | CW | Drafted letter to Ruth Blake (OSE), Judith Smith, and OGC requesting DCPS provide notice of placement to Oakhill residential treatment center; teleconference with Ms. Segar (Riverside Hospital) and discussed student's status in acute care facility | 0.83 350.00/hr | 290.50 |
|  | BDL | Assisted attorney with sending letter to Ruth Blake, shrley Williams, Kimberly Grafton, and Lenora Verra. | 0.75 105.00/hr | 78.75 |
| 6/9/2005 | CW | Conference with Ms. Segar (Riverside Hospital) and discussed student's placement status and progress in acute care; teleconference with parent and Shirly Williams (MSW) and discussed status of residential placement at the Oaks Residential Treatment Center | 0.75 350.00/hr | 262.50 |
| 6/14/2005 | BDL | Assisted attorney in sending hearing request to the Student Hearing Office | 0.33 105.00/hr | 34.65 |
|  | BDL | Drafted letter to parent detailing the hearing request | 0.50 105.00/hr | 52.50 |
|  | CW | Reviewed IEP meeting notes; teleconference with Ms. Segar (Riverside Hospital) and discussed student's progress and need for residential placement; prepared filing request for due process hearing; teleconference with parent and discussed progress and placement at Oaks Treatment Center | 1.17 350.00/hr | 409.50 |
| 6/15/2005 | CW | Prepared and filed request for due process hearing for DCPS' failure to provide appropriate placement and failure to complete Interstate Compact Agreement form; conference with paralegal re: filing of request for hearing | 2.00 350.00/hr | 700.00 |
| 6/24/2005 | AAG | Drafted letter to parent RE: Hearing date notice | 0.79 105.00/hr | 82.95 |
| 7/5/2005 | BDL | Assisted attorney with sending letter to Ruth Blake, Shirley Williams Michelle Seager, Kimberly grafton and Lenora Verra. | 0.50 105.00/hr | 52.50 |
|  | BDL | Drafted letter to parent with copy of letter sent to Ruth Blake. | 0.33 105.00/hr | 34.65 |
|  | CW | Teleconference with Dr. Ohiko (Riverside Hospital) and discussed student's lack of progress in acute unit; drafted letter to Rugh Blake, OGC, and OSE requesting the issuance of a notice of placement to the Oaks Center (Texas); conference with paralegal re: submitting letters | 1.33 350.00/hr | 465.50 |

| April Penny | | | | Page 3 |
|---|---|---|---|---|
| | | | Hrs/Rate | Amount |
| | | to DCPS; reviewed Riverside Hospital IEP meeting notes in preparation for hearing; conference with Ms. Shirley Williams (social worker) and discussed student's progress. | | |
| 7/8/2005 | CW | Prepare disclosure documents for OGC and SHO in preparation for hearing; conference with paralegal re: submitting documents | 1.00 350.00/hr | 350.00 |
| 7/12/2005 | BDL | Assisted attorney to prepare disclosure to DCPS. | 1.00 105.00/hr | 105.00 |
| | BDL | Contacted parent in reference to the hearing schedule July 21, 2005. | 0.08 105.00/hr | 8.40 |
| 7/20/2005 | CW | Reviewed IEP meeting notes, IEP and psychiatric summary evaluation in preparation for hearing; teleconference with Dr. Okuli (Riverside Hospital-Acute Unit) and discussed recommendations to be removed from current placement and placed at Judge Rotenberg Center; conference with Ralph Antelli (Judge Rotenberg Center) and discussed student's admission to the program and rejection from the Oaks Center | 1.50 350.00/hr | 525.00 |
| 7/21/2005 | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Officer Jones in order to address DCPS' violation of the IDEA and denial of FAPE | 2.17 350.00/hr | 759.50 |
| 7/26/2005 | CW | Reviewed HOD with Ms. Williams and parent, via telephone; teleconference with Mr. Antelli (Judge Rotenberg Center) and discussed admissions process | 0.67 350.00/hr | 234.50 |
| | BDL | Drafted letter to parent with copy of the HOD.. | 0.50 105.00/hr | 52.50 |
| 8/2/2005 | CW | Reviewed progress report; teleconference with student and student's treating pyschiatrist to disucuss status of placement at Judge Rotenberg Center | 0.33 350.00/hr | 115.50 |
| 8/10/2005 | CW | Conference with student's psychiatrist, via telephone, and discussed/reviewed weekly progress report; teleconference with parent and discussed transportation to Judge Rotenberg Center residenital programs; reviewed HOD with parent | 0.58 350.00/hr | 203.00 |
| 8/11/2005 | WB | Drafted letter to private school -- Judge Rotenberg EC w/ HOD issued on 7/20/05 enclosed | 0.50 105.00/hr | 52.50 |
| | WB | Drafted letter to parent re: case status and correspondence to Judge Rotenberg EC (8/11/05) | 0.50 105.00/hr | 52.50 |
| | CW | Drafted letter to Mr. Ralph Antanelli (Judge Rotenberg Center) and submitted copies of HOD indicating DCPS will place and fund student in the residential program; conference with paralegal re; letter to JRC | 0.67 350.00/hr | 234.50 |

| April Penny | | Page | 4 |
|---|---|---|---|
| | | Hours | Amount |
| For professional services rendered | | 27.95 | $7,876.40 |

Additional Charges :

| Date | Description | Amount |
|---|---|---|
| 5/23/2005 | Postage; Placement packages to Grafton Center, Judge Rotenberg Center, and Shepard-Pratt Residential Center. | 5.94 |
| | Facsimile Received from DCPS; HOD | 4.00 |
| | Copied documents; HOD | 4.00 |
| | Postage; letter to parent | 0.37 |
| 5/24/2005 | Postage; HOD letter to parent. | 0.37 |
| | Copied: HOD letter for parent. | 1.00 |
| 5/27/2005 | Postage; letter to parent | 0.37 |
| | Copied: Letter to Ruth Blake for parent. | 3.00 |
| | Facsimile- Deps, residential program, ruth blake OGC, J. Smith, Shirley Williams | 6.00 |
| 6/7/2005 | Facsimile: Letter to Ruth Blake, K. Grafton, Shirley Williams, and OGC. | 20.00 |
| 6/8/2005 | Postage; letter to parent. | 0.60 |
| 6/14/2005 | Copied: HR letter for parent. | 1.75 |
| | Facsimile(SHO-HR) | 5.00 |
| 6/15/2005 | Postage; letter to parent. | 0.60 |
| 6/24/2005 | Copied documents Hearing Date Notice | 0.50 |
| | Postage; letter to parent Hearing Date Notice | 0.37 |
| 7/5/2005 | Postage; letter to parent. | 0.60 |
| | Facsimile: Letters to DCPS. | 12.00 |
| | Copied: letter for parent. | 3.25 |
| 7/12/2005 | Copied documents- 5 day disclosure | 114.75 |
| 7/14/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/21/2005 | Sedan taxi service to and from DCPS for hearing | 14.00 |

April Penny                                                                                             Page    5

                                                                                                         Amount

| Date | Description | Amount |
|---|---|---|
| 7/22/2005 | Facsimile Received from DCPS; HOD | 6.00 |
| | Copied documents; HOD | 6.00 |
| 7/28/2005 | Postage; letter to parent. | 0.60 |
| | Copied documents; letter to parent | 0.50 |
| 8/15/2005 | Postage; letter to parent re: HOD. | 0.37 |
| | File review preparation of bill and invoice audit | 96.88 |
| | **Total costs** | **$328.82** |
| | **Total amount of this bill** | **$8,205.22** |



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | |
|---|---|---|---|
| Attorney Firm | James E. Brown & Associates, PLLC | Dates of Service | 5/23/2005 – 8/15/2005 |
| Student | April Penny | OGC Control | 3398 |
| Date Received | 8/26/2005 | HOD Docket Nu | |
| HOD DATE | 7/22/2005 | Attorney Invoice | 05-388 |
| Funding Fiscal Year: | 2005 | | |

1) Application Review

   a) Application complete   Y
   b) Certification Signed   Y
   c) HOD/SA Attached   Y

2) Allocation of invoice

| | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $7,876.40 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $328.82 | $0.00 |
| TOTALS | $8,205.22 | $0.00 |

Amount Approved Before Partial Payment   $0.00
Partial Payment   $0.00
Total Amount Approved   $0.00

Processed By: Attorney Fee Invoice Processing Team

Approved By: _____

# Attorney Dispute Sheet

| Attorney Firm: | James E. Brown & A | | | HOD Date: | | | 7/22/2005 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Student: | April | Penny | | Attorney Fee Cap Amount: | | | $4,000.00 | | | | |
| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time Approved | Approved Amount | Disputed Time | Disputed Amount |
| 3398 | | Cost | | No Denial of FAPE | $328.82 | 1 | $328.82 | $0.00 | 0 | $0.00 | 1 | $328.82 |
| 3398 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 3398 | | Fee | | No Denial of FAPE | $7,876. | 1 | $7,876.40 | $0.00 | 0 | $0.00 | 1 | $7,876.40 |
| **Totals** | | | | | | | $8,205.22 | | | $0.00 | | $8,205.22 |

| Attorney Charges | | Expert/Advocate Charges | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $7,876.40 | Total Invoiced Expert Charges: | $0.00 |
| Disputed Attorney Fee Amount | $7,876.40 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | Attorney Expenses | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $328.82 |
| | | Disputed Attorney Expenses | $328.82 |
| Approved Invoice Prior to Prepayments | $0.00 | Approved Expense | $0.00 |
| Partial Payment: | $0.00 | | |
| Total Invoice Approve | $0.00 | | |