# EXHIBIT 17

**STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA**
**REQUEST FOR MEDIATION/HEARING**

➢ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**

➢ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002.  Fax number 202-442-5556**

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case.  Please indicate your decision:

___ I REQUEST MEDIATION  ___ I REQUEST MEDIATION AND A HEARING  _X_ I REQUEST A HEARING

### STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name:  __Michael Tate_____  DOB: _May 10, 1991_____

Address: _5013 Ayers Pl SE, Washington, D.C. 20019_____

_High Roads Upper School____          ____Garnett Patterson_____
Present School of Attendance:          Home School:
                                       (Neighborhood school where child is registered)

**COMPLAINT IS MADE AGAINST**: _____DCPS_____
                                       DCPS and/or D.C. Public Charter School-specify  charter school

**INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING**

Name:  ___Karen Tate_____
Address _5013 Ayers Pl SE, Washington, D.C. 20019_____

Phone:  (H) (202) _584-7810__  (W) _(202)274-5614_ (Fax) _____

Relationship to Student:  _X_ Parent ___ Self ___Legal Guardian ___ Parent Surrogate ___ Public Agency

**PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):**

Name:  _Roberta L. Gambale, Esq._ Phone: (W)  __202-742-2000___  (Fax) _202-742-2098____

Address:  ____1220 L Street, NW, Suite 700, Washington, DC 20005___

You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be

available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:    July 27, 2005          July 28, 2005          July 29, 2005

Mediation: _____  _____  _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

Interpreter
__ Foreign Language _____
___ Sign Language _____
___ Other _____

Special Communications _____
Special Accommodation for Disability _____
Other _____

---

3. **In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:**
   (You may attach additional pages to provide more information if needed.)


Describe the nature of the problem:

### \ Failure to implement the 2004/2005 IEP by failing to identify a location for ESY services

The District of Columbia Public Schools ("DCPS") has failed to implement the 2004/2005 Individualized Educational Program ('IEP') developed for Michael Tate, DOB 5/10/91 by failing to identify a location at which Extended School Year ("ESY") services will be made available to Michael during the 2005 summer. According to Michael's 2004/2005 IEP developed in September 2004, ESY services are necessary for this student to receive a Free and Appropriate Public Education ("FAPE"). DCPS has an obligation to ensure that this student's program and the services contained therein are implemented. (See 34 C.F.R. Sections 300.341; 300.300). DCPS has failed to meet this obligation. DCPS also has an obligation to provide services such as ESY to students for whom such services are required.

Not only are ESY services included in his 2004/2005 IEP, but were also recommended by current teachers and related service providers at a meeting held on or about June 22, 2005 at High Road's Upper School ("HRUS"). According to the clinical social worker, Shannon Foley, LGSW, who has been working with Michael since April 2004 when this student was placed at HRUS by a Hearing Officer's Determination ("HOD"). A key factor in determining whether a student should be entitled to ESY services is regression and/or recoupment- whether the student will experience significant regression in the absence of an educational program and whether the time it will take to re-learn the lost skills is excessive. (See 34 C.F.R. Sections 300.309; Cordrey v. Eukert, 17 EHLR, 104 (6th Cir. 1990); Alamo Heights School District v. State Board of Education 1985-86 EHLR 557; 315 (5th Circuit 1986)).

DCPS failed to participate in the June 22, 2005 meeting. DCPS also failed to provide notice of where ESY services would be provided to the student, despite the fact that it is contained in his 2004/2005 program and his current teachers recommend that he receive it. HRUS does not provide ESY services. DCPS is responsible for finding him a placement. According to staff at HRUS, Michael was not on the DCPS roster for ESY services at all.

Parent is gravely concerned due to Michael's tendency to "spiral out of control" towards the end of summer. She expressed these concerns at the meeting. (See MDT notes). In addition, the social worker's report recommending ESY was included with the meeting notes.


### Failure to convene an appropriate IEP team by failing to provide a suitable representative of the public agency

On or about June 22, 2005, a meeting was held on behalf of this student at High Road's Upper School where Michael was placed for the 2004/2005 school year by Hearing Officer's Determination ("HOD") issued in April 2005. The purpose of the meeting was to review this student's progress, revise this student's program as appropriate and discuss and determine placement for the upcoming year. In addition, compensatory education services for past denials of FAPE that participated Michael's placement at HRUS, also needed to be addressed for this student. District Of Columbia Public Schools

("DCPS") was advised of the meeting and failed to arrive for the meeting and/or failed to ensure that the necessary participants were included on the IEP team. A suitable representative of the public agency was not present at the meeting. As a result, there was no one with the authority of knowledge to discuss critical issues for this student such as where ESY services would be provided during the 2005 summer, placement for the 2005/2006 school year and/or compensatory education. The public agency is obligated to ensure that the necessary participants are included on each and every MDT that convenes on behalf of a child. Necessary participants include *"a representative of the public agency who is knowledgeable about the availability of resources of the public agency"* ( See: 34 C.F.R. Section 300.344(a)(4)(iii)).

### Failure to identify an appropriate placement with parent participation for the 2005/2006 school year.

 The District of Columbia Public Schools ("DCPS") has failed to identify an appropriate placement for Michael Tate, DOB 5/10/91 for the 2005/2006 school year.   Michael was originally placed at High Road's Upper School ("HRUS") as a result of the inability of the neighborhood school to meet this student's needs.  However, according to the April 2004 Hearing Officer's Determination ("HOD") issued, placement at HRUS was an interim placement for the 2004/2005 school year. A placement determination for the 2005/2006 school year has yet to be rendered. Despite the fact that it was the consensus of Michael's teachers and service providers, as well as, the parent that Michael should remain at HRUS for the duration of the 2005/2006 school year given his success their during the 2004/2005 school year, a Notice of Placement to HRUS, which would be required to keep him there, has not been issued by the public agency.

It was previously determined that the neighborhood school was not an appropriate placement for Michael and that he required a full time out therapeutic setting. (See January 05 MDT notes).  The public agency has an obligation to ensure that placement decision is determined annually *"by a group of persons including the parent and other persons knowledgeable about this child"* (See 34 C.F.R. Sections 300.552 , See also: 300.551; 300.300).

### Denial of FAPE and/or compensatory relief.

The District of Columbia Public Schools ("DCPS") has clearly failed to provide Michael Tate, DOB 5/10/91 with a free and appropriate public education by failing to provide him with ESY services and/or identify a suitable placement for this student. Had Michael been properly provided with a location to receive his ESY services, he would have received an estimated one hundred and eighty (180) hours of service during the 2005 summer. Furthermore DCPS has failed to remediate past denials of FAPE to this student. Michael did not have a suitable program for a time period of approximately 33 weeks and/or from September 2004 through April 2005 when he was placed at High Roads Upper School ("HRUS").  Compensatory education is an appropriate remedy for the denials of a Fape that have occurred. . ( See  School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359 (1985); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991).

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

- Whether the District of Columbia Public Schools ("DCPS") has failed to implement the 2004/2005 Individualized Educational Program ('IEP') developed for Michael Tate, DOB 5/10/91 by failing to identify a location at which Extended School Year ("ESY") services will be made available to Michael during the 2005 summer?

- Whether District Of Columbia Public Schools ("DCPS") failed to ensure that the necessary participants were included on the IEP team such as a suitable representative of the public agency' *"who is knowledgeable about the availability of resources of the public agency"*?

- Whether the District of Columbia Public Schools ("DCPS") has failed to identify an appropriate placement for Michael Tate, DOB 5/10/91 for the 2005/2006 school year?

- Whether the District of Columbia Public Schools ("DCPS") has failed to provide Michael with a FAPE and he should be entitled to compensatory relief"

**Describe relevant facts relating to the problem:**

Michael currently resides with his mother and sister in Washington D.C. He was re-united with his mother in 2000 after being removed from the home for several years, as a result of illness suffered by the mother. Michael has been hospitalized at Riverside Hospital and PIW on numerous occasions. His last hospitalization occurred in 2003. Parent has enrolled Michael in outside counseling through the Northwest Family Center. In January 2005, an MDT was convened at Michael's neighborhood school. At that time the team agreed that Michael needed a full time therapeutic setting and that the neighborhood school was not an appropriate placement.

According to reports of teachers and service providers, Michael is doing well in his current placement. He has had only 1 altercation since his enrollment and his attendance has drastically improved. It has taken him time build trust with his social worker and teachers.

**State how you would like to see the problem corrected**

1. DCPS shall continue to fund the private placement of the student at High Road's Upper School through the 2005/2005 school year/summer;

2. The student shall be entitled to compensatory education for denials of FAPE in the amount of 180 hours for the 2005 summer and 990 hours for the 2004/2005 school year;

3. In the event that DCPS fails to develop and/or implement a compensatory education plan within thirty (30) calendar days, DCPS shall fund independent services;

4. A finding shall be entered that the parent is the prevailing party in this matter;

5.    A final determination shall be issued pursuant to the timelines set forth in the IDEA.

_____              June 27, 2005
Signature of Applicant/Parent                         Date

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002              FAX:  (202) 442-5556**

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                                        Revised 02/01/2003

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              2832
CONNECTION TEL                    94425556
CONNECTION ID
ST. TIME             06/27 15:53
USAGE T              00'58
PGS. SENT              .7
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Marshall Lammers° |
| Christopher L. West | Telephone: (202) 742-2000 | Delores Scott McKnight |
| Tilman L. Gerald | Facsimile: (202) 742-2098 | |

* Admitted in Maryland Only     e-mail: Admin@Jeblaw.biz     ! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:  June 27, 2005

TO:    DCPS Student Hearing Coordinator – Ms. Newsome

PHONE: (202) 442-5432

FAX NO:  (202) 442-5556

FROM:   Roberta Gambale, Esq.

SUBJECT **Due Process Hearing Request  - Michael Tate, DOB: 5/10/91**

NUMBER OF PAGES INCLUDING COVER SHEET:

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Marshall Lammers° |
| Christopher L. West | Telephone: (202) 742-2000 | Delores Scott McKnight |
| Tilman L. Gerald | Facsimile: (202) 742-2098 | |
| ------------------------------ | | ----------------------------- |
| ------ | | ----- |
| * Admitted in Maryland Only | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# *FAX COVER SHEET*

DATE:  June 27, 2005

TO:    DCPS Student Hearing Coordinator – Ms. Newsome

PHONE: (202) 442-5432

FAX NO:  (202) 442-5556

FROM:   Roberta Gambale, Esq.

SUBJECT **Due Process Hearing Request  - Michael Tate, DOB: 5/10/91**

NUMBER OF PAGES INCLUDING COVER SHEET:

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information.  If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

◊ *Of Counsel. Practicing pursuant to Rule 49 (c)(6) of the D.C. Court of Appeals.*
° *Admitted Only in Maryland and New Jersey; Supervision by James E. Brown, a member of the D.C. Bar.*

(In the Matter of MT  DOB 5/10/91  HOD September 7, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *State Enforcement and Investigation Division*
## CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Michael Tate | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth:  May 10, 1991 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner, | ) | Hearing Date: August 31, 2005 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St, NE |
| | ) | Washington, DC |
| | ) | |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: High Road Upper | ) | |
| Respondent. | ) | |

Counsel for Student:              Roberta Gambale, Esq.
                                  1220 L Street NW  #700
                                  Washington, DC  20005


Counsel for DCPS:                 Charles McCullough, Esq.
                                  Office of General Counsel
                                  825 North Capitol St. NE
                                  Washington, DC  20002

## JURISDICATION:

A Due Process Hearing was convened on August 31, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed June 27, 2005.  The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of MT DOB 5/10/91  HOD September 7, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (MT 1-9 and DCPS 1) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student has been determined to be eligible for special education and related services with a disability classification of emotional disturbance and other health impaired (ED). (MT 5)

Pursuant to a Hearing Officer's Determination (HOD) issued April 18, 2005, the student was placed and funded on an interim basis at High Road Upper School (High Road) for the 2004-05 school year.  (MT 4)

On June 22, 2005, a multi-disciplinary team/individualized educational program (MDT/IEP) meeting was convened at High Road.  The MDT discussed the student having extended school year (ESY) services for summer 2005.  Ms. Rebecca Williams, the High Road special education coordinator, facilitated the meeting.  A DCPS representative was not present.  (Ms. Williams' testimony, MT 5)

During the meeting the parent indicated the student had extended school year (ESY) in his previous IEP.  Ms. Williams put the student on the roster for ESY and put on the list to attend ESY at High Road.  It was stated at the meeting that the parent would come in a sign the addendum for the ESY services.  The next day the parent signed the addendum and faxed it to High Road.  Ms. Travers the DCPS representative gave High Road the authorization to add student's to the ESY roster.  (Ms. Williams' testimony, MT 5)

ESY summer school at High Road was held from July 5, 2005, through August 5, 2005.  The student did not attend on any day during summer 2005.  Mr. Quinonez's, High Road administrative assistant, called the student's home soon after the start of the summer program to determine why the student did not attend.  The parent indicated that the student did not want to come.  The parent wanted a MDT meeting to determine if the student could take public transportation to school.  Because the student did not come to school for ESY that MDT meeting was not held.  The student is on the roster to attend High Road for school year 2005-06. (Mr. Quinonez's testimony)

The placement for the student for school year 2005-06 is High Roads.  DCPS has not convened a placement meeting for the student; however, based upon the April 18, 2005, HOD his placement remains High Road until a placement meeting is held.  (Ms. Perelman's testimony)

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

(In the Matter of MT DOB 5/10/91  HOD September 7, 2005)

DCPS has not consulted the parent regarding the student placement for school year 2005-06. The conversations the parent had with the High Road staff were the only assurance the student would be able to attend High Road in the 2005-06 school year. The parent believes the student may need residential placement. The DCPS bus showed up for the student for the first day of school for 2005-06 school year. (Parent's testimony)

**ISSUE(S):**

Did DCPS deny the student FAPE by:

1. Failing to provide the student with ESY services for 2005.
2. Failing to provide the student at placement for 2004-05 school year.

**CONTENTIONS OF THE PARTIES:**

DCPS counsel asserted the following:

1. DCPS can only respond to the allegations in the hearing request.
2. DCPS made ESY available even though it was not indicated on the IEP.
3. The student did not come to ESY.
4. The student placement remained at High Road in lieu of a placement meeting.
5. The student is registered at High Road for 2005-06 and the DCPS transportation showed up to take the student to school.
6. The hearing request was filed five days after the IEP meeting.
7. A DCPS representative not being at the meeting does not amount to a denial of FAPE.
8. The parent acknowledged that she would consider High Road an appropriate placement until a residential placement could be considered.

The parent's counsel asserted the following:

1. DCPS has had the hearing request since June 2005 and had adequate time to hold a placement meeting.
2. If the hearing request was not filed these issues would not have been addressed.
3. The previous HOD placed the student only for the duration of school year 2004-05.
4. DCPS did not issue any placement notice and should have included the parent in the placement decision.
5. At the June 22, 2005, meeting there was no LEA representative and this would have been the appropriate person to discuss placement.
6. There was no transportation services provided to the student for ESY.
7. Without someone from DCPS being present at the MDT the transportation would not have occurred.
8. The student needs a placement meeting so the 2005-06 placement can be addressed.
9. Compensatory education has still not been addressed from the previous HOD.

3

(In the Matter of MT DOB 5/10/91  HOD September 7, 2005)

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

1. Did DCPS deny the student FAPE by failing to provide the student with ESY services for 2005?  Conclusion:  DCPS sustained its burden of proof.  There was sufficient evidence presented that the student was provided ESY services for summer 2005.  The parent testified the student chose not to attend.

2. Did DCPS deny the student FAPE by failing to provide the student at placement for 2004-05 school year?  Conclusion:  DCPS sustained its burden of proof.

  Ms. Perleman's testimony as well as that by Mr. Quinonez's indicated the student's placement for 2005-06 was High Road.  The parent also indicated she received assurance for the High Road staff the student would remain at High Road.  The student does not appear to have been harmed and there was no denial of FAPE from DCPS not yet convening a placement meeting.

## ORDER:

DCPS is the prevailing party is this matter.

DCPS shall, within fifteen (15) school days of the issuance of this Order convene a multi-disciplinary team/individualized educational program (MDT/IEP)/placement meeting to determine if the student is in need of residential placement.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: September 7, 2005**

Issued:  Sept 7, 2005

4

(In the Matter of MT DOB 5/10/91 HOD September 7, 2005)

# In the MATTER OF Michael Tate V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| MT 1-12 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(In the Matter of MT  DOB 5/10/91  HOD September 7, 2005)

## In the MATTER OF Michael Tate V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 6/27/05 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 8/18/05 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(In the Matter of MT  DOB 5/10/91  HOD September 7, 2005)

# INDEX OF NAMES

## In the MATTER OF Michael Tate V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Karen K. Tate (Mother) |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| School System's Representative | Charles McCullough, Esq. |
| Parent's Educational Advocate | |
| DCPS Special Education Attorney | Paula Perelman, Esq.  * |
| High Road School | Ms. Rebecca L. Williams  * Mr. Juan Quinonez * |
| | |
| | * participated by telephone |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:              JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:              JAMES E. BROWN
    Federal Tax ID No.:    52-1500760
    D.C. Bar No.:          61622

2.  **Student Information**
    Name:                          Michael Tate
    DOB:                           5/10/91
    Date of Determination (HOD/SA): 9/7/05
    Parent/Guardian Name:          Karen Tate
    Parent/Guardian Address:       5013 Ayers Pl., SE, WDC 20019
    Current School:                High Roads Upper
    Home School:                   High Roads Upper

3.  **Invoice Information**
    Invoice Number:          05-442
    Date Request Submitted:  9/23/05
    Date(s) Services Rendered: 4/19/05 to 8/31/05
    Amount of Payment Request: $ 7,392.43

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____                    September 23, 2005
Signature                                     Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Michael Tate
Karen Tate
5013 Ayers Place, SE
Washington DC 20019


September 20, 2005
In Reference To:    Michael Tate
                    DOB: 5/10/91
                    School: Garnett-Patterson MS
                    Home School: Hart MS

Invoice #10963

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/19/2005 | YA | Telephone call to private school HighRoad Upper School re: interim placement | 0.33 105.00/hr | 34.65 |
|  | YA | Draft letter to High Road Upper School re: attached Hearing Officer's Determination | 0.42 105.00/hr | 44.10 |
|  | YA | Draft status letter to parent re: Hearing Officer's Determination | 0.75 105.00/hr | 78.75 |
|  | RG | Reviewed HOD and instructions to paralegal re: follow and letter to be sent to Highroads.  Call from /to mom | 0.58 350.00/hr | 203.00 |
| 4/21/2005 | MM | Reviewed hod dated 4/18/05 and documented timelines | 0.33 175.00/hr | 57.75 |
|  | MM | File review and developed  monthly case status report  documented parent and school contact | 0.58 175.00/hr | 101.50 |
| 5/25/2005 | MM | File review and developed  monthly case status report documented the latest communication with the school and parent. | 0.58 175.00/hr | 101.50 |
| 6/6/2005 | MM | Conference with parent | 0.33 175.00/hr | 57.75 |
| 6/8/2005 | MM | Conference with parent | 0.33 175.00/hr | 57.75 |

Michael Tate

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/10/2005 YA | Prepared and sent placement packages to Pathway School | | 1.00 105.00/hr | 105.00 |
| MM | discussion with yami re placement and faxing information to pathways while I was there at a meeting for another student. I was trying to get him accepted to their program while I was there with the dircetor of pathways. | | 0.75 175.00/hr | 131.25 |
| 6/11/2005 MM | Drafted letter to private school | | 0.50 175.00/hr | 87.50 |
| 6/15/2005 MM | placement packet to accotink | | 1.00 175.00/hr | 175.00 |
| 6/21/2005 MM | Reviewed information for meeting | | 1.00 175.00/hr | 175.00 |
| 6/22/2005 MM | Attended MDT/IEP @ school | | 3.50 175.00/hr | 612.50 |
| 6/23/2005 MM | File review and developed  monthly case status report | | 1.50 175.00/hr | 262.50 |
| 6/27/2005 RG | Reviewed Meeting notes and meo from advocate | | 0.58 350.00/hr | 203.00 |
| RG | Prepared and file due process hearing request to DCPS to address ESY; placement and comp ed and meeting | | 2.00 350.00/hr | 700.00 |
| 6/28/2005 MM | File review and developed  monthly case status report and record information regarding communication with parents and school. | | 0.58 175.00/hr | 101.50 |
| 6/29/2005 YA | Draft status letter to parent re, Hearing Request | | 0.75 105.00/hr | 78.75 |
| 7/1/2005 MM | Reviewed a heairng request dated 6/27/05 | | 0.33 175.00/hr | 57.75 |
| MM | File review and developed  monthly case status report | | 0.17 175.00/hr | 29.75 |
| 7/28/2005 MM | File review and developed  monthly case status report and devleoped a report regarding the communication  with the parent  the school and list the latest thing that occurred and what needs to be done next. | | 0.25 150.00/hr | 37.50 |
| 7/29/2005 MM | Drafted letter to private school whisper ridge | | 0.50 150.00/hr | 75.00 |
| MM | Drafted letter to private school tampa | | 0.50 150.00/hr | 75.00 |

Michael Tate                                                                      Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/29/2005 | MM | placement packet for tampa residential | 0.75<br>150.00/hr | 112.50 |
|  | YA | Phone call from City Light re, status | 0.25<br>105.00/hr | 26.25 |
|  | YA | Conference with Intake Coordinator re, referral | 0.33<br>105.00/hr | 34.65 |
|  | YA | Research educational needs re, pending hearing | 0.17<br>105.00/hr | 17.85 |
|  | MM | placment packet copy all evals for whisper ridge | 0.67<br>150.00/hr | 100.50 |
| 8/5/2005 | YA | Conference with intake coordinator from Whisper Ridge School re, referral contacts | 0.33<br>105.00/hr | 34.65 |
|  | YA | Draft letter to Student Hearing Office re, status of hearing date | 0.42<br>105.00/hr | 44.10 |
|  | RG | Discussion with paralegal- reviewed status and instructions to paralegal re: letter to send to SHO to follow up on hearing date | 0.25<br>350.00/hr | 87.50 |
|  | MM | Discussion with whisper ridge | 0.25<br>150.00/hr | 37.50 |
| 8/8/2005 | MM | File review and developed  monthly case status report | 0.50<br>150.00/hr | 75.00 |
|  | MM | Discussion with school | 0.25<br>150.00/hr | 37.50 |
| 8/9/2005 | MM | Drafted letter to private school arthur feilds | 0.67<br>150.00/hr | 100.50 |
|  | MM | Drafted letter to private school to paula travers | 0.50<br>150.00/hr | 75.00 |
|  | MM | Conference with parent | 0.67<br>150.00/hr | 100.50 |
|  | YA | Draft letter to Student Hearing Office re, pending hearing date notice | 0.25<br>105.00/hr | 26.25 |
| 8/10/2005 | MM | Discussion with school | 0.25<br>150.00/hr | 37.50 |
| 8/16/2005 | MM | Reviewed letter  dated 8/17/05 | 0.17<br>150.00/hr | 25.50 |

Michael Tate

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/17/2005 | MM | File review and developed  monthly case status report update the latest communications between myself and the parent and the school and the status of evals and the next step i the case. | 0.58 150.00/hr | 87.00 |
| 8/18/2005 | RG | Reviewed upcoming dates and deadlines | 0.25 350.00/hr | 87.50 |
| 8/22/2005 | RG | Drafted letter to  parent | 0.33 350.00/hr | 115.50 |
| 8/24/2005 | RG | Prepare disclosure to DCPS; discussion with advocate re: status on need for placement; telephone call to and from mom | 1.50 350.00/hr | 525.00 |
| | YA | Assist attorney to prepare disclosure to Student Hearing Office and Office of General Counsel | 1.50 105.00/hr | 157.50 |
| | YA | Tickle deadline | 0.17 105.00/hr | 17.85 |
| 8/30/2005 | RG | Prepared for Due Process Hearing | 1.50 350.00/hr | 525.00 |
| | MM | Prepared for Due Process Hearing | 1.50 150.00/hr | 225.00 |
| 8/31/2005 | RG | Appearance to 825 North Capital for due process hearing and post hearing conference with mom and student | 2.00 350.00/hr | 700.00 |
| | MM | File review and developed  monthly case status report | 0.42 150.00/hr | 63.00 |
| | | For professional services rendered | 35.57 | $7,120.35 |

Additional Charges :

| | | Amount |
|---|---|---|
| 4/19/2005 | Facsimile(High Road HOD) | 6.00 |
| | Copied documents(Parent-Adv-ADM-File HOD) | 5.00 |
| | Copied documents(Parent-letter +HOD) | 0.25 |
| | Postage; letter to parent re: HOD. | 0.60 |
| 6/10/2005 | Facsimile(Pathway-Referral) | 50.00 |
| 6/27/2005 | Facsimile: HR to SHO. | 7.00 |
| 6/29/2005 | Postage; HR letter. | 0.60 |
| | Copied: HR letter for parent. | 0.25 |

Michael Tate                                                                    Page    5

|  |  | Amount |
|---|---|---:|
| 6/29/2005 | Copied: HR letter for parent and advocate. | 4.00 |
| 8/5/2005 | Copied: HR for SHO. | 2.25 |
| 8/9/2005 | Copied documents; letter to parent re: follow up on HR | 0.50 |
|  | Facsimile to SHO; previous HR and letter | 12.00 |
| 8/24/2005 | Copied: Disclosure for SHO, OGC, and attorney. | 66.75 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 8/31/2005 | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $272.08 |
|  | Total amount of this bill | $7,392.43 |



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| Attorney Firm | James E. Brown & Associates, PLLC | | Dates of Service | 4/19/2005 | 8/31/2005 |
|---|---|---|---|---|---|
| Student | Michael      Tate | | OGC Control | 3711 | |
| Date Received | 9/23/2005 | | HOD Docket Nu | | |
| HOD DATE | 9/7/2005 | | Attorney Invoice | 05-442 | |
| Funding Fiscal Year: | 2005 | | | | |

1) Application Review

|   |   |   |
|---|---|---|
| a) | Application complete | Y |
| b) | Certification Signed | Y |
| c) | HOD/SA Attached | Y |

2) Allocation of invoice

| | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $7,120.35 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $272.08 | $0.00 |
| TOTALS | $7,392.43 | $0.00 |

| | |
|---|---|
| Amount Approved Before Partial Payment | $0.00 |
| Partial Payment | $0.00 |
| Total Amount Approved | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

| **Attorney Firm:** | James E. Brown & A | | | **HOD Date:** | | | 9/7/2005 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Student:** | Michael | Tate | | **Attorney Fee Cap Amount:** | | | $4,000.00 | | | | |

| OGC | Date of Dispute | Dispute Type: | Dispute d Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approve d Rate | Time | Approve d Amount | Dispute d Time | Dispute d Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3711 | | Cost | | No Denial of FAPE | $272.08 | 1 | $272.08 | $0.00 | 0 | $0.00 | 1 | $272.08 |
| 3711 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 3711 | | Fee | | No Denial of FAPE | $7,120. | 1 | $7,120.35 | $0.00 | 0 | $0.00 | 1 | $7,120.35 |
| **Totals** | | | | | | | $7,392.43 | | | $0.00 | | $7,392.43 |

| **Attorney Charges** | | **Expert/Advocate Charges** | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $7,120.35 | **Total Invoiced Expert Charges:** | $0.00 |
| Disputed Attorney Fee Amount | $7,120.35 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | **Attorney Expenses** | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $272.08 |
| | | Disputed Attorney Expenses | $272.08 |
| Approved Invoice Prior to Prepayments | $0.00 | Approved Expense | $0.00 |
| Partial Payment: | $0.00 | | |
| Total Invoice Approve | $0.00 | | |