# EXHIBIT 18

# REQUEST FOR HEARING

➤ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**
➤ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION ___ I REQUEST MEDIATION AND A HEARING __X_ I REQUEST A HEARING

## STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: _Jerry Thomas_          DOB: _4/2/94_

Address:      _1709 Benning Road, NE, #33, Wash.. DC 20002_

Present School of Attendance: _Gibbs ES_                Home School: _Gibbs ES_
                                                       Neighborhood school where child is registered)

**COMPLAINT IS MADE AGAINST:**  _District of Columbia Public Schools_
                                 DCPS and/or D.C. Public Charter School-specify charter school

**INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING**

Name:    _Jasmine Thomas  (Mother)_

Address:  _1709 Benning Road, NE, #33, Wash.. DC 20002_

Phone:  (H)_202-396-8317_  (W)(202) 722-2326  (Fax) _____

Relationship to Student:  _X__ Parent ___ Self _ _Legal Guardian ___ Parent Surrogate ___ Public Agency

**PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):**

Name: _Delores Scott McKnight_____ Phone: (W) _202-742-2000_____ (Fax) _202-742-2098_

Address: _James E. Brown & Associates, PLLC, 1220 L Street, NW, Suite 700, Washington, DC 20005_____ __

You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings    July 6, 2005 (both)            July 7, 2005 (both)         July 11 (both)

Mediation:    _____    _____    _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

> Interpreter
> ___ Foreign Language _____
> ___ Sign Language _____
> ___ Other _____

Special Communications _____
Special Accommodation for Disability _____
Other _____

. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
  (You may attach additional pages to provide more information if needed.)

Describe the nature of the problem:

1. **Inappropriate IEP**. The current IEP May 6, 2005, does not provide for the student's current level of functioning. The student's academic goals are based on standard scores from a 2004 psychological educational evaluation. Jerry is a student with Other Health Impairment, includes ADHD. He is in a full-time program for students with special education needs.

2. **Failure to Comprehensively Evaluate Student:** In a psychological ed. Evaluation, dated 5/5/04, Jerry achieved a VIQ=73, PIQ=83 and FSIQ=76, reading =1.7, comp. =1.0, math = 2.5. In light of his lack of progress and low test scores, Jerry requires, at a minimum, The Vineland Adaptive Behavior Scales.

3. **Denial of FAPE: Compensatory Education:** Jerry Thomas is entitled to compensatory education services by his multidisciplinary team for DCPS' failure to provide him with FAPE as a result of the above-stated violations(s) of the IDEA and DCPS Board Rules.

Describe issues to be addressed at the mediation and/or hearing, with specificity:

1.  Whether the current IEP is inappropriate where the Present Levels of Educational Performance is unknown.

2.  Whether the student needs, at a minimum, The Vineland Adaptive Behavior Scales evaluation.

3.  Whether the student is entitled to a discussion of compensatory education due to DCPS' denial of FAPE.

Describe relevant facts relating to the problem: See the Nature of the Problem: Numbers 1, 2, 3.

State how you would like to see the problem corrected:

1.  Hearing Officer's Determination finding that current IEP is inappropriate as it fails to contain the student's Present Levels of Performance.

2.  Hearing Officer's Determination finding that DCPS shall provide student with The Vineland Adaptive Behavior Scales.

3.  DCPS shall develop a compensatory education plan for the student.

4.  DCPS shall fund the parent's compensatory education services per the multidisciplinary plan.

5.  *If the proof offered a the due process hearing differs from the description of the nature of the problems, as stated herein, relating to the proposed or refused initiation or change, including facts relating to the problem, and the proposed solution herein of the problem, to the extent known and available to the parent at the time of the drafting of this complaint, the parent requests that 34 C.F.R. 300.507(c)(4) shall apply and the parent hereby amends the complaint (hearing request) to conform to the proof at and during the hearing.*

6.  DCPS shall provide the parent with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement with the assessment, programming or placement that the parent may have.

7.  In the event DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have authority to use self-help without further notice to DCPS, and initiate an IEP with DCPS invited participation, and unilateral placement in an interim school or educational program until such time as DCPS can come into compliance and properly assess, program and/or place in an appropriate placement.

8.  DCPS shall provide counsel for the parent with copies, pursuant to **5 DCMR 3021.8**, of all evaluation reports and all educational records on the student no later than 16 business hours prior to any meeting in which the parent is entitled to attend and/or participate.

9.  DCPS shall schedule all meetings through counsel for the parent via facsimile on 202-742-2000, with copies to the parent by no later than 16 business hours prior to convening any meetings.

10.  DCPS shall ensure that this student has available a FAPE including special education, transportation (5 **DCMR 3000.3**), and other related services as are defined at **34 C.F.R. 300.24**, designed to meet this student's unique needs and preparation for employment and independent living.

11.    Pursuant to IDEA and its implementing regulations, **34 CFR 300.1, and 5 DCMR 3000,** DCPS shall ensure that the rights of this student and parent are protected, and consistent with the Hearing Officer's preamble to all due process hearing that: "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child" and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

12.    DCPS shall send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

13.    Based on the findings of fact and conclusion of law, the relief obtained by the parent materially alters the legal relationship of the parties by modifying DCPS' behavior in a way that benefits the parent.


_____    _6 –4–05_

Signature of Applicant/Parent (Required)    Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002          FAX:  (202) 442-5556**

---

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                                    Revised 02/01/2003

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| Jerry Thomas ("Student") | ) | **HEARING OFFICER'S DECISION**[1] |
| Date of Birth: March 7, 1993 | ) | |
| Petitioner, | ) | Hearing Dates: July 15, 2005 |
| v. | ) | Held at: 825 North Capitol Street, NW |
| | ) | 8th Floor |
| | ) | Washington, DC 20002 |
| District of Columbia Public Schools | ) | |
| 825 North Capitol Street, NW | ) | Attending School: |
| Washington, DC 20002 | ) | Gibbs Elementary School |
| ("DCPS" or "District") | ) | |
| | ) | Hearing Request: |
| Respondent. | ) | June 4, 2005 |

Counsel for Parent

Delores Scott McKnight, Esq.
1220 L Street, NW
Suite 700
Washington, D.C. 20005

Counsel for DCPS:

Tiffany Puckett, Esq.
District of Columbia Public Schools,
9th Floor
825 North Capitol Street, NW
Washington, DC 20002

---

[1]  An index of names is attached hereto for the benefit of the parties.  The index will permit the parties to identify specific witnesses and other relevant persons.  The index is designed to be detached before release of this Hearing Officer's Determination as a public record.

Case 1:06-cv-00577-RWR    Document 1-19    Filed 03/29/2006    Page 7 of 23

# INDEX OF NAMES

## Jerry Thomas v. DCPS

|  |  |
|---|---|
|  |  |
| Special Education Coordinator | Aaron Terry |
|  |  |
|  |  |
|  |  |
|  |  |
| Parent's Education Advocate | Ms. Michelle Moody |
| CHILD AND CHILD'S DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) |  |
| Child's Parent(s) (specific relationship) | Ms. Jasmine Thomas |
| Child/Parent's Representative | Delores Scott McKnight, Esq. |
| School System's Representative | Tiffany Puckett, Esq. |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

2

**INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400**
**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**IMPARTIAL DUE PROCESS HEARING**

**INTRODUCTION:**

A Due Process Hearing was convened on July 15, 2005.  The Hearing was held at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002.  The Hearing was held pursuant to a hearing request submitted by counsel for the parent dated June 4, 2005.

**ISSUE:**

      1.     Whether DCPS failed to provide the student with an appropriate IEP?

      2.     Whether DCPS failed to provide the student with a Vineland Adaptive Behavior Scale assessment?

      3.     Whether the student is entitled to compensatory education?

**JURISDICTION:**

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the *Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145*, effective October 21, 1998.

**DUE PROCESS RIGHTS:**

Counsel for the parent waived a formal reading of the due process rights.

**FINDINGS OF FACT:**

      1.     The student attended the Gibbs JHS beginning in September 2004.  Prior to Gibbs, the student attended J.O. Wilson where an IEP was developed.[2]  He started at Gibbs at the beginning of the 2004-2005 school year.

      2.     An IEP was developed for the student on May 6, 2005 reflecting his disability as "Other Health Impaired ("OHI") and that he was to receive 26. 5 hours a week of specialized instruction and 1 hour a week of psychological counseling.[3]  The prior IEP developed for him at J.O. Wilson on May 7, 2004 also reflected his disability classification as OHI and that he was to receive 26. 5 hours a week of specialized instruction and 1 hour a week of psychological counseling.[4]

---

[2]    JT-16 thru JT-18
[3]    DCPS-01
[4]    JT-16

3.    The parent alleges that the student has made no progress and has an inappropriate IEP because there are no "Present Levels of Performance ("PLOP") in the student's IEP developed on May 6, 2005.[5]

4.    DCPS contends that the student has made progress during the 2004-2005 school year, i.e. he has received educational benefit. DCPS also assert that any thing missing from the IEP is a procedural/technical matter that does not rise to the level of a denial of FAPE.

5.    DCPS contends that the hearing request alleges 2 issues: failure to complete a Vineland and failure to develop an appropriate IEP.[6] DCPS also asserts that the hearing request does not assert that the student is not receiving educational benefit.

6.    Mr. Aaron Terry testified for DCPS. Mr. Terry is the special education coordinator at Gibbs. He testified that he is familiar with the student because the student was in special education at Gibbs and that Mr. Terry said that he was in contact with the student 2 to 3 times a week during the school year. Mr. Terry said that he participated in approximately 3 to 4 meetings during this school year concerning this student.

7.    An IEP was developed for the student on May 6, 2005. Mr. Terry was at the meeting. He testified that the meeting was arranged because the student's IEP was about to expire and the school had an obligation to review the student's IEP on an annual basis. The parent was invited to the meeting[7] and acknowledged receipt of a notice of the meeting, but did not appear. Mr. Terry said that the parent did not respond to the invitation for a meeting. Mr. Terry said that he was not aware that the parent had an advocate until the May 6, 2005 meeting was over. He testified that he tried to hold an MDT meeting 3 or 4 times.

8.    Mr. Terry said that the student has made progress and an indication of this was that the student had read books to him. Mr. Terry testified that the student's special education teacher had informed him that the student was making progress.

9.    Under the May 6, 2005 IEP, the student was to receive 26.5 hours of special education and 1 hour of psychological services. Mr. Terry testified that the student got the services specified on the IEP. The student's special education teacher was Mr. Wesimiller and Ms. Vanessa Contee provided him with the counseling.

10.    Mr. Terry testified that he had tried to arrange for an MDT meeting and had sent out letters of invitation for a meeting to be held on June 13, 2005; however, that meeting could not go forward because he had to participate in mandatory DCPS training.

11.    Mr. Terry said that the mother had not come to him with questions about homework and that the parent did not express any concern about grades and that no one requested that a Vineland be performed. Mr. Terry said that he did not believe there was a need for a Vineland and that there was no

---

[5]      DCPS-01
[6]      JT-02
[7]      DCPS-02

4

psychologist recommendation for a Vineland. The May 6, 2005 IEP was based on a psycho-educational, dated May 5, 2004, because it was still valid; a year old at the time of the May 6, 2005 meeting.

12.    Mr. Terry said that no one said to him that the student was not getting the appropriate services and no discussion that placement was not appropriate. Mr. Terry said that the IEP was developed on May 6, 2005 without the parent being present, she had been invited to the meeting and confirmed that they had received the letter of invitation. Even so, the parent did not respond to the letter. Mr. Terry testified that he telephoned the parent to come to the meeting, but she did not appear.[8] The Hearing Officer finds Mr. Terry's testimony consistent with the record and credible.

13.    The parent testified that she had not met with anyone at Gibbs this school year about the student's IEP. She acknowledged on the record that she did not attend the May 6, 2005 IEP meeting. She testified that she felt that the student was not learning because she asked him if he felt that he was learning and he responded to her saying that he felt that he was not. She also testified that the student was on a first grade level academically. The parent did not specify how she came to this conclusion.

14.    The parent also expressed on the record her concerns with homework because the student did not bring homework home. She testified that she communicated this to the student's teacher who responded by stating that it was done in school. Mr. Weismiller also told her that the student was doing fine in school. She also testified that she spoke to Mr. Terry who responded by stating that he would communicate with Mr. Weismiller about her concerns. The record in this case is silent as to what, if anything, the parent did about this response. The parent testified that the student started bringing home homework beginning in March 2005.

15.    The parent also testified that she expressed her concerns about the student's progress to the principal and to Mr. Terry. She was not aware if the student had received counseling.

16.    The parent testified that she had requested that the student be tested about his learning ability, but she did not request that DCPS perform a Vineland because one had been conducted at J.O. Wilson and mental retardation had been ruled out. She was not aware of the proposed placement offered by DCPS, but that she was trying to find alternative placements.

17.    Ms. Michelle Moody testified at the Hearing on behalf of the parent. Ms. Moody serves as the education advocate. Ms. Moody has a Master's Degree in Special Education and has taught special education in school systems.

18.    Ms. Moody testified that she met the parent on May 18, 2005 and the student with the student on May 20, 2005 when she also observed the student in school. Ms. Moody also testified that she spoke with the student's special education teacher and Mr. Terry. Ms. Moody testified that a meeting had been arranged at Gibbs for June 13, 2005; however, Mr. Terry could not attend; consequently, the meeting had to be rescheduled.

19.    Ms. Moody testified that she reviewed the student's cumulative file, including the IEP that was developed on May 6, 2005. She testified that it is defective largely due to the absence of PLOP; making it impossible to develop appropriate goals and objectives for the student. She further

---

[8]    DCPS-03

5

testified that the student was not making progress based on the psycho-educational evaluation of May 5, 2004.[9] Ms. Moody testified that the student is on a first grade level in reading, math spelling and that he was about 5 years behind grade level.

20.    Ms. Moody also testified that based on her review of the student IQ scores, that a Vineland should be conducted because the student's IQ scores as indicated in the psycho-educational evaluation show that his cognitive abilities were declining; however, this could be due to his ADHD, but a Vineland would rule this out.

## DISCUSSION AND CONCLUSION:

1.    Gibbs arranged for an IEP meeting for the student for May 6, 2005 since the prior IEP developed in May 7, 2004 was about to expire. Based on the record here, Gibbs appropriately notified the parent of the meeting; yet, the parent did not attend the meeting; however, she signed a receipt indicating that she had received the letter of invitation to attend the IEP meeting. There is no evidence that the parent communicated to Gibbs that she would not attend the IEP meeting. As a result of the parent not indicating whether she was going to attend the meeting, Mr. Terry testified that he called the parent, but got no response.

2.    Even though the parent did not appear at the meeting, Gibbs decided to proceed with the meeting, notwithstanding that the parent was absent to develop a current IEP. Subsequent to the meeting, Mr. Terry found out that the parent had an advocate who wanted to have the IEP meeting at a later date. Mr. Terry dealt with the student's advocate in an attempt to set up a meeting for a different date. As of the date of the Hearing a meeting had not been confirmed.

3.    One of the purposes of he IDEA is to have parents and school systems cooperate in developing an appropriate IEP for the student. Here, there is an IEP without the necessary Present Levels of Performance developed at a meeting in which the parent was invited to attend, but failed to do so. There is no dispute that the parent received the invitation to attend the meeting and no dispute on the record that the parent did not respond to the letter of invitation or phone calls by Mr. Terry to attend the meeting. It was only after the meeting had occurred that Mr. Terry learned of an advocate and the need to set up another meeting.

4.    Gibbs decided to proceed with the IEP meeting for May 6, 2005, even though the parent was not present, since the student's IEP developed on May 7, 2004 was about to expire. It can be argued that a better approach would have been to set a date to reconvene the meeting, rather than proceed and develop an IEP without the parent. However, it also must be pointed out that the parent had an obligation at least to communicate with Gibbs that the date of the meeting was inconvenient or that she preferred to attend the meeting with her advocate.

5.    The IEP that was developed on May 6, 2005 was an annual IEP meeting because the student's IEP developed in May 2004 would expire. The May 6, 2005 IEP offered the same amount of special education services that the student was to have received in school year 2004-2005 and was developed to address the student's special education needs for the 2005-2006 school year that will begin in September 2005.

---

[9]    JT-21

6

6.    In view of the record, I find that the IEP developed on May 6, 2005 to be inappropriate primarily because it does not address the PLOP. However, this may have been avoided if the parent and her advocate had participated in the meeting. In any event, the IEP must be revised to address the lack of PLOP. With regard to the appropriateness of a Vineland, the record does not reflect that such had been recommended. Furthermore, there was no evidence presented on the record sufficient to show that the student had been denied services warranting compensatory education services.

7.    In view of the fact that the parent failed to notify Gibbs that she was not going to attend the meeting and since a current IEP will cover services to be implemented primarily at the beginning of the 2005-2006 school year, the failure to include the PLOP in the May 6, 2005 IEP is a technical violation of the IDEA, but does not rise to the level of a denial of FAPE at this date. The Hearing Officer does not consider the May 6, 2005 IEP as being complete and must be revised before the beginning of the 2005-2006 school year to appropriately address this student's individual needs and goals and objectives.

**ORDER:**

Prior to August 22, 2005, DCPS shall convene an MDT/IEP meeting to review the student's evaluations, determine if additional evaluations are warranted and review and revise the student's IEP developed on May 6, 2005 to include appropriate Present Levels of Performance.

**APPEAL PROCESS:**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.**

David R. Smith, Esq.
Impartial Hearing Officer

Date: 7-25-05

Issued: 7-25-05

7

## MATTER OF JERRY THOMAS V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 6-4-05 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 6-13-05 | Notice of Due Process Hearing |
| 7-8-05 | DCPS Disclosure Exhibits: DCPS-01 through DCPS-04 |
| 7-15-05 | Audio recordings of hearings |
| 7-8-05 | Parent Disclosure Exhibits: JT-01 through JT-23 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400**

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**IMPARTIAL DUE PROCESS HEARING**

| | |
|---|---|
| In the Matter of ) | **CERTIFICATION OF RECORD** |
| ) | |
| Jerry Thomas, ) | |
|     Petitioner, ) | |
| ) | |
|     v. ) | |
| ) | |
| District of Columbia Public Schools ) | |
| 825 North Capitol Street, NW ) | |
| Washington, DC 20002 ) | |
| ("DCPS" or "District") ) | |
|     Respondent. ) | |
| ) | |

I, David R. Smith, Impartial Due Process Hearing Officer in this matter, DO

HEREBY CERTIFY that the attached Record of Proceeding itemizes the record in

the above-entitled matter as of this date, consisting of the items admitted into evidence,

including disclosure exhibits and the audio tape recording of the Due Process Hearing.

EXECUTED this ___25th___ day of ___July___, 2005.

_____
**DUE PROCESS HEARING OFFICER**

8

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 7-25-05

TO: Mchnight

FROM:. STUDENT HEARING OFFICE

RE: HOD- Jerry Thomas

TOTAL NUMBER OF PAGES, INCLUDING COVER: 10

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:            JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:            JAMES E. BROWN
   Federal Tax ID No.:  52-1500760
   D.C. Bar No.:        61622

2. **Student Information**
   Name:                        Jerry Thomas
   DOB:                         3/7/93
   Date of Determination (HOD/SA): 7/25/05
   Parent/Guardian Name:        Jasmine Thomas
   Parent/Guardian Address:     1709 Benning Rd., NE, #E23, 20002
   Current School:              Gibbs ES
   Home School:                 Gibbs ES

3. **Invoice Information**
   Invoice Number:              05-394
   Date Request Submitted:      8/26/05
   Date(s) Services Rendered    5/20/05 to 8/4/05
   Amount of Payment Request    $ 6,461.34

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E Brown_

Signature

August 26, 2005

Date

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Cornesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Jerry Thomas
Jasmine Thomas
1709 Benning Rd, NE
Apt # E23
Washington DC 20002

August 04, 2005
In Reference To:    Jerry Thomas
                    DOB: 3/7/93
                    School: Gibbs ES

Invoice #10878

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/20/2005 | MM | School visit; classroom observation | 2.00 175.00/hr | 350.00 |
| | MM | File review and developed  monthly case status report developed  hearing request for attorney | 1.50 150.00/hr | 225.00 |
| 5/23/2005 | AAG | Drafted letter to parent | 0.69 105.00/hr | 72.45 |
| 5/25/2005 | BDL | Drafted letter requesting records from Home School. | 0.50 105.00/hr | 52.50 |
| 5/26/2005 | BDL | Requested re-evaluations from Gibbs ES. | 0.75 105.00/hr | 78.75 |
| | BDL | Drafted letter to parent with copy of records request. | 0.50 105.00/hr | 52.50 |
| | DSM | Reviewed and signed intake documents. | 0.25 350.00/hr | 87.50 |
| 6/4/2005 | DSM | Prepared and file due process hearing request to DCPS | 2.00 350.00/hr | 700.00 |
| 6/6/2005 | DSM | Reviewed records received | 0.42 350.00/hr | 147.00 |
| 6/8/2005 | DSM | Filed due process hearing request | 0.08 350.00/hr | 28.00 |

Jerry Thomas                                                                  Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/15/2005 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 7/15/05 @ 1:00 pm | 0.42 105.00/hr | 44.10 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58 350.00/hr | 203.00 |
| 6/24/2005 | MM | File review and developed  monthly case status report and record information regarding communication with parents and school. | 0.58 175.00/hr | 101.50 |
| 7/1/2005 | KD | email from Gibbs ES to Moody and Paralegal Amaya (LOI for MDT Mtng) | 0.17 105.00/hr | 17.85 |
| 7/5/2005 | MM | called mom | 0.33 175.00/hr | 57.75 |
| 7/6/2005 | MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| 7/7/2005 | MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| | MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| | MM | Conference with parent | 0.33 175.00/hr | 57.75 |
| 7/8/2005 | DSM | Prepare disclosure to DCPS | 2.00 350.00/hr | 700.00 |
| | MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| | WB | Assisted attorney to prepare disclosure to DCPS | 1.50 105.00/hr | 157.50 |
| | WB | Conference with parent re: case status and upcoming hearing on 7/15/05 @ 1:00 pm | 0.17 105.00/hr | 17.85 |
| 7/11/2005 | WB | Received DCPS 5-day disclosures, copied and disseminated them | 0.25 105.00/hr | 26.25 |
| | MM | Conference with parent re: hearing and school communication | 0.33 175.00/hr | 57.75 |
| 7/13/2005 | DSM | Discussion with educational advocate. M. Moody, in preparation for hearing on July 15. | 0.25 350.00/hr | 87.50 |
| | MM | Discussion with educational attorney McKnight, in preparation for hearing on July 15. | 0.25 150.00/hr | 37.50 |

Jerry Thomas

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/14/2005 | DSM | Prepared for Due Process Hearing | 1.50 350.00/hr | 525.00 |
| | DSM | Phone call to mother to prepare for tomorrow's hearing. | 0.17 350.00/hr | 59.50 |
| | MM | Prepared for Due Process Hearing | 1.50 175.00/hr | 262.50 |
| 7/15/2005 | MM | prehearing conference with atty | 0.50 175.00/hr | 87.50 |
| | MM | Appearance to 825 North Capital for due process hearing | 2.00 175.00/hr | 350.00 |
| | DSM | Conference with parent in preparation for her testimony at today's hearing. | 0.17 350.00/hr | 59.50 |
| | DSM | Appearance to 825 North Capital for due process hearing | 2.00 350.00/hr | 700.00 |
| | DSM | Pre-hearing conference with advocate in preparation for today's hearing. | 0.50 350.00/hr | 175.00 |
| 7/26/2005 | WB | Drafted letter to parent w/ HOD issued on 7/25/05 enclosed | 0.50 105.00/hr | 52.50 |
| | DSM | Reviewed HOD, which found denial of FAPE. | 0.25 350.00/hr | 87.50 |
| 7/29/2005 | MM | Drafted letter to private school | 0.50 150.00/hr | 75.00 |
| 7/31/2005 | MM | Reviewed hod dated 7/25/05 | 0.33 150.00/hr | 49.50 |
| | | For professional services rendered | 27.77 | $6,193.50 |

Additional Charges :

| | | |
|---|---|---|
| 5/23/2005 | Postage; letter to parent | 0.37 |
| | Copied documents | 0.50 |
| 5/26/2005 | Postage; letter to parent. | 0.60 |
| | Copied: letter re: evaluation and records for parent. | 0.25 |
| | Facsimile- re-evals and records | 21.00 |

Jerry Thomas                                                                                    Page     4

                                                                                               <u>Amount</u>

| | | |
|---|---|---|
| 6/8/2005 | Facsimile HR to SHO | 5.00 |
| | Copied documents; HR | 2.50 |
| 6/15/2005 | Postage; HDN letter to parent. | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 7/8/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: Disclosure for DCPS. | 92.00 |
| 7/15/2005 | Sedan taxi service from  DCPS for hearing | 7.00 |
| 7/26/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| | Copied documents; HOD | 10.00 |
| | Facsimile Received from DCPS; HOD | 10.00 |
| 8/4/2005 | File review preparation of bill and invoice audit | 96.88 |

Total costs                                                                                     $267.84

Total amount of this bill                                                                        $6,461.34



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | | |
|---|---|---|---|---|
| **Attorney Firm** | James E. Brown & Associates, PLLC | **Dates of Service** | 5/20/2005 | 8/4/2005 |
| **Student** | Jerry        Thomas | **OGC Control** | 3404 | |
| **Date Received** | 8/26/2005 | **HOD Docket Nu** | | |
| **HOD DATE** | 7/25/2005 | **Attorney Invoice** | 05-394 | |
| **Funding Fiscal Year:** | 2005 | | | |

1) Application Review

  a)  Application complete       Y
  b)  Certification Signed       Y
  c)  HOD/SA Attached       Y

| 2) Allocation of invoice | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $6,193.50 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $267.84 | $0.00 |
| TOTALS | $6,461.34 | $0.00 |

| | |
|---|---|
| **Amount Approved Before Partial Payment** | $0.00 |
| **Partial Payment** | $0.00 |
| **Total Amount Approved** | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

| Attorney Firm: | James E. Brown & A | | | HOD Date: | | | 7/25/2005 | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Student: | | Jerry | Thomas | **Attorney Fee Cap Amount:** | | | $4,000.00 | | | |

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2404 | | Cost | | No Denial of FAPE | $267.84 | 1 | $267.84 | $0.00 | 0 | $0.00 | 1 | $267.84 |
| 2404 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 2404 | | Fee | | No Denial of FAPE | $6,193. | 1 | $6,193.50 | $0.00 | 0 | $0.00 | 1 | $6,193.50 |

| Totals | | | | | | $6,461.34 | | | $0.00 | | $6,461.34 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Attorney Charges | | Expert/Advocate Charges | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $6,193.50 | **Total Invoiced Expert Charges:** | $0.00 |
| Disputed Attorney Fee Amount | $6,193.50 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | Attorney Expenses | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $267.84 |
| | | Disputed Attorney Expenses | $267.84 |
| Approved Invoice Prior to Prepayments | $0.00 | Approved Expense | $0.00 |
| Partial Payment: | $0.00 | | |
| Total Invoice Approve | $0.00 | | |