# EXHIBIT 19

# REQUEST FOR HEARING

> ➢ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**
> ➢ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION   ___ I REQUEST MEDIATION AND A HEARING   _X_ I REQUEST A HEARING

## STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: Joseph Thomas_____          DOB: 4/2/94

Address:     1709 Benning Road, NE, #33, Wash.. DC 20002

Present School of Attendance: Gibbs ES                    Home School: Gibbs ES
                                                          Neighborhood school where child is registered)

COMPLAINT IS MADE AGAINST:   District of Columbia Public Schools
                             DCPS and/or D.C. Public Charter School-specify charter school

INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name:    Jasmine Thomas  (Mother)

Address:  1709 Benning Road, NE, #33, Wash.. DC 20002

Phone:  (H) 202-396-8317  (W)(202) 722-2326  (Fax) _____

Relationship to Student:  _X__ Parent ___ Self _ _Legal Guardian ___ Parent Surrogate ___ Public Agency

PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: _Delores Scott McKnight_____ Phone: (W) _202-742-2000_____ (Fax) _202-742-2098

Address: _James E. Brown & Associates, PLLC, 1220 L Street, NW, Suite 700, Washington, DC 20005_____

You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing).  Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings     July 6, 2005 (both) _____     July 7, 2005 (both) ___     July 11 (both) _____

Mediation:     _____     _____     _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST.  IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates.  Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate.  Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date.  Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice.  *Please do not contact the Hearing Office by phone to request a continuance.  Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled.  Failure to report for the hearing may result in dismissal of this case, or in a default decision against you.  Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

⸳ Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

>    Interpreter
>    ___ Foreign Language _____
>    ___ Sign Language _____
>    ___ Other _____


Special Communications _____
Special Accommodation for Disability _____
Other _____

. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
   (You may attach additional pages to provide more information if needed.)

Describe the nature of the problem:

1.  **Inappropriate IEP**.  The current IEP dated June 1, 2004, which is the initial IEP, fails to contain Present Level of Performance for Joseph Thomas.  Therefore, Joseph's goals are immeasurable, as there is no baseline.

2. **Failure to Comprehensively Evaluate Student**: Joseph requires a Functional Behavior Assessment and Intervention Behavior Plan, as Gibbs ES has documented that Joseph is out-of-control.

3. **Denial of FAPE: Compensatory Education**: Joseph Thomas is entitled to compensatory education services by his multidisciplinary team for DCPS' failure to provide him with FAPE as a result of the above-stated violations(s) of the IDEA and DCPS Board Rules.

Describe issues to be addressed at the mediation and/or hearing, with specificity:

1. Whether the current IEP of June 1, 2004 is inappropriate where the Present Levels of Performance is unknown.

2. Whether the student requires a functional behavior assessment and intervention behavior plan to address his out-of-control behavior.

3. Whether the student is entitled to a discussion of compensatory education due to DCPS' denial of FAPE.

Describe relevant facts relating to the problem: See the Nature of the Problem: Numbers 1, 2, 3.

State how you would like to see the problem corrected:

1. Hearing Officer's Determination finding that current IEP is inappropriate as it fails to contain the student's Present Levels of Performance.

2. Hearing Officer's Determination finding that DCPS shall provide student with a Functional Behavior Assessment and Intervention Behavior Plan.

3. DCPS shall develop a compensatory education plan for the student.

4. DCPS shall fund the parent's compensatory education services per the multidisciplinary plan.

5. *If the proof offered a the due process hearing differs from the description of the nature of the problems, as stated herein, relating to the proposed or refused initiation or change, including facts relating to the problem, and the proposed solution herein of the problem, to the extent known and available to the parent at the time of the drafting of this complaint, the parent requests that 34 C.F.R. 300.507(c)(4) shall apply and the parent hereby amends the complaint (hearing request) to conform to the proof at and during the hearing.*

6. DCPS shall provide the parent with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement with the assessment, programming or placement that the parent may have.

7. In the event DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have authority to use self-help without further notice to DCPS, and initiate an IEP with DCPS invited participation, and unilateral placement in an interim school or educational program until such time as DCPS can come into compliance and properly assess, program and/or place in an appropriate placement.

8. DCPS shall provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than 16 business hours prior to any meeting in which the parent is entitled to attend and/or participate.

9. DCPS shall schedule all meetings through counsel for the parent via facsimile on 202-742-2000, with copies to the parent by no later than 16 business hours prior to convening any meetings.

10. DCPS shall ensure that this student has available a FAPE including special education, transportation (5 DCMR 3000.3), and other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living.

11.  Pursuant to IDEA and its implementing regulations, **34 CFR 300.1**, and **5 DCMR 3000**, DCPS shall ensure that the rights of this student and parent are protected, and consistent with the Hearing Officer's preamble to all due process hearing that: "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child" and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

12.  DCPS shall send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

13.  Based on the findings of fact and conclusion of law, the relief obtained by the parent materially alters the legal relationship of the parties by modifying DCPS' behavior in a way that benefits the parent.


_____          _6-4-05_
Signature of Applicant/Parent (Required)                Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002          FAX:  (202) 442-5556**

---

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                      Revised 02/01/2003

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | |
|---|---|
| In the Matter of | ) **IMPARTIAL DUE PROCESS** |
| | ) |
| Joseph Thomas ("Student") | ) **HEARING OFFICER'S DECISION**[1] |
| Date of Birth: April 2, 1994 | ) |
| Petitioner, | ) Hearing Dates: July 15, 2005 |
| v. | ) Held at: 825 North Capitol Street, NW |
| | ) 8th Floor |
| | ) Washington, DC 20002 |
| District of Columbia Public Schools | ) |
| 825 North Capitol Street, NW | ) Attending School: |
| Washington, DC 20002 | ) Gibbs Elementary School |
| ("DCPS" or "District") | ) |
| | ) Hearing Request: |
| Respondent. | ) June 4, 2005 |

Counsel for Parent

Delores Scott McKnight, Esq.
1220 L Street, NW
Suite 700
Washington, D.C. 20005

Counsel for DCPS:

Tiffany Puckett, Esq.
District of Columbia Public Schools,
9th Floor
825 North Capitol Street, NW
Washington, DC 20002

---

[1] An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Hearing Officer's Determination as a public record.

1

## INDEX OF NAMES

### Joseph Thomas v. DCPS

| | |
|---|---|
| | |
| Special Education Coordinator | Mr. Aaron Terry |
| | |
| | |
| | |
| Education Advocate | Ms. Michelle Moody |
| CHILD AND CHILD'S DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Jasmine Thomas, Mother |
| Child/Parent's Representative | Delores Scott McKnight, Esq. |
| School System's Representative | Tiffany Puckett, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

07/26/2005  10:05    2024425556                    STUDENT HEARINGS OFF                    PAGE  04/10

# INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### IMPARTIAL DUE PROCESS HEARING

**INTRODUCTION:**

A Due Process Hearing was convened on July 15, 2005.  The Hearing was held at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002.  The Hearing was held pursuant to a hearing request submitted by counsel for the parent dated May 20, 2005.

**ISSUE:**

1.    Whether DCPS failed to develop an appropriate IEP for he student?

2.    Whether DCPS failed to perform a Functional Behavior Assessment and develop a Behavior Intervention Plan for the student?

3.    Whether the student is entitled to compensatory education services?

**JURISDICTION:**

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the *Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145*, effective October 21, 1998.

**DUE PROCESS RIGHTS:**

Counsel for the parent waived a formal reading of the due process rights.

**FINDINGS OF FACT:**

1.    The student was determined eligible for special education on June 1, 2004 as learning disabled.   An initial IEP was developed for him by the J.O. Wilson Elementary School indicating that he required 20 hours a week of specialized instruction.[2]  The parent participated in the meeting by telephone.[3]

2.    The student started attending 4th grade at Gibbs Elementary School in September 2004, his first year of eligibility in special education.

3.    Gibbs sent the parent several invitations to attend IEP meetings, which meetings did not go forward.[4] It is not clear from the record why all the meeting did not go forward pursuant to the invitations to attend and confirmations of the meeting.

---

[2]        JT-17
[3]        ID, Cover Page of IEP
[4]        See JT-8, 9, 11, 12, 13, 14 &15. .

4.      In any event, Gibbs sent the parent a "Confirmation of Meeting Notice" dated May 18, 2005,[5] setting a meeting for May 25, 2005. A meeting did in fact take place that day and an IEP was developed.[6] The parent did not appear at the meeting and therefore, the team requested that Mr. Ron Davis, the student's special education coordinator, call the parent to reconfirm the meeting. However, Mr. Davis was informed by the parent that the meeting would take place the following month.[7] The team decided to proceed with the meeting and develop an IEP because the IEP that had been developed by J.O. Wilson was about to expire. The team noted in the Meeting Notes that the IEP would be revised when meeting with parent and attorney on June 12 or 13, 2005."[8]

5.      By letter dated May 19, 2005, Ms. Michelle Moody, the parent's advocate informed Mr. Aaron Terry, the Gibbs special education coordinator, of dates that she and the parent could meet, including June 13, 2005.[9] A meeting was scheduled for that date, but did not go forwarded because Mr. Terry had to participate in mandatory DCPS training.[10]

6.      The team that met on May 25, 2005 concluded that the student remained eligible for special education as learning disabled and developed a program for him specifying 20 hours of specialized instruction per week.[11] Neither the parent nor her advocate participated in the meeting. The IEP does not contain Present Levels of Performance ("PLOP") for the student.

7.      Mr. Aaron Terry testified on behalf of DCPS. Mr. Terry job as the Special Education Coordinator at Gibbs includes monitoring student progress. He testified that he was familiar with the student and saw him approximately 2 to 3 times a week. Mr. Terry said that he would go to the student's classroom to see what he was doing.

8.      Mr. Terry testified that Mr. Ron Davis, the student's special education teacher, informed him that the student was a leader in the classroom and was one of the better students in the classroom. He would co-teach, i.e. help other students in the classroom. Mr. Terry said that the student was making progress in all his academic areas. Mr. Terry testified that he based his conclusion that the student was making progress on the student's cumulative records. Mr. Terry said that Mr. Davis, the student's special education teacher, had also spoken with the parent and told her that the student was doing well.

9.      Mr. Terry testified that an MDT meeting had been scheduled to review the student's IEP; it was an annual IEP meeting, because the student's prior IEP developed at J.O. Wilson on June 1, 2004 was about to expire. Mr. Terry said that he attended the IEP meeting as well as Mr. Davis. The parent was not at the meeting. Mr. Terry said that he sent out a Letter of Invitation to attend the meeting, the parent signed acknowledging receipt of the letter, but she did not show up. Mr. Terry said that he tried to hold the meeting 3 to 4 times, but was not successful. Therefore, it was decided to go forward with the meeting because the student's IEP was about to expire.

---

[5]    JT-9
[6]    DCPS-01
[7]    Id., Meeting Notes of the May 25, 2005 MDT meeting.
[8]    Id.
[9]    JT-8
[10]   Testimony of Mr. Terry
[11]   DCPS-01

4

10.    Mr. Terry testified that the student was receiving benefit from his specialized instruction at Gibbs. He said that he had not been contacted about any concerns regarding the student's progress. Also, he testified that Mr. Davis, the student's special education teacher, had not contacted him about any concerns with the student's progress. Mr. Terry said that he is prepared to meet on July 22, 2005, but needs confirmation form the parent.

11.    A Functional Behavior Assessment ("FBA")[12] and a Behavior Intervention Plan ("BIP")[13] were completed on May 25, 2005. Mr. Terry testified that even though these were developed, the student did not show any behavior concerns that would warrant the development of these documents during the 2004-2005 school year and that he had not been suspended. Also, the student's teachers said that the student was not a behavior concern and furthermore, they did not see any evidence of a need for an FBA. I find the testimony of Mr. Terry credible.

12.    The parent testified that she had concerns with the student's academic progress and that she had expressed her concerns to Mr. Terry and that she did not get a response. She said that she believes that the student is dyslexic because he will reverse his letters. He needs to wear glasses, but she said that he still has difficulty forming letters.

13.    The parent indicated that the student had behavior problems in that he was very demanding and that he has difficulty focusing. She said that the teacher told her that he would get out of his chair in class, but he had not walked out of his classroom. He had been in about 3 fights. The parent said that he did not curse and that his behavior improved during the school year.

14.    The parent testified that she had received the student's report cards and that he had made some progress in some academic areas, but he struggles in reading and he gets frustrated early. She further testified that she spoke with Mr. Terry about her concerns. She testified that she spoke with Mr. Davis about the student and he told her that he struggles, but is doing okay. The parent was not sure if the student works with other kids, but she said that he likes to be in charge, but she testified that she could not answer the question.

15.    Ms. Michelle Moody testified for the student. Ms. Moody is the student's special education advocate. She has a Masters' Degree in Special Education and has taught special education in schools. She testified that she was not able to observe the student in his classroom, but did observe him while he was in time out. She testified that she saw the student one time, and spoke with him one time and spoke with his teacher one time.

16.    Ms. Moody testified that she did not believe the student had made progress. She went to review his records at school, but there were no objective measures of his progress such as Stanford 9 scores in the student's file. She testified that she had reviewed the student's psycho-educational evaluation dated May 19, 2004[14] and his IEP and had concerns about the lack of PLOP. She testified that the student is reading at a first grade level and that written expression is at a pre-kindergarten level. She also had concerns about the student's FBA and that there were 3 areas in the FBA that are blank.

---

[12]    DCPS-03
[13]    DCPS-02
[14]    JT-19

17.    In response to a telephone call from Mr. Terry on May 20, 2005, Ms. Moody sent him a letter specifying dates that she would be available for an MDT/IEP meeting. Among the dates listed was June 13, 2005.[15]

## DECISION AND CONCLUSIONS OF LAW:

1.    Based on the evidence, an IEP was developed for the student on May 25, 2005; however, the IEP is incomplete in that in does not contain PLOP. There were evidently multiple attempts to hold the annual MDT/IEP meeting to review/revise the student's IEP; however, for reasons unclear from the record, the meetings did not go forward pursuant to the issuance of letters of invitations to attend meetings and confirmations of meetings.

2.    An MDT/IEP meeting did go forward on May 25, 2005 at which an IEP was developed for the student. However, the parent was not there and after telephone discussions, the Gibbs members of the MDT team were informed that the meeting would take place June 13, 2005, prompting another notice to attend an MDT/IEP meeting.

3.    Even though an IEP was developed on May 25, 2005, the team indicated that it would be revised at the next meeting in June. Also developed on May 25, 2005 were a FBA and a BIP. However, no meeting took place on June 13, 2005 and based on the testimony at the Hearing, although both parties expressed a willingness to meet, the meeting still has not taken place as of the date of the Hearing.

4.    The IEP that was drafted on May 25, 2005 would have covered most of school year 2005-2006 beginning September 2005. Neither the student's initial IEP, nor the one drafted on May 25, 2005 indicate that the student requires ESY services.

5.    Based on the evidence, DCPS has not developed an appropriate IEP for he student, but a meeting is necessary that will included the participation of all necessary members, including the parent before an appropriate IEP can be developed. The MDT notes pertaining to the May 25, 2005 IEP clearly indicate that the document would be revised once the entire team met.

6.    Based on the evidence, DCPS has not failed to perform a Functional Behavior Assessment and develop a Behavior Intervention Plan for the student. The ones that were developed appear incomplete, but the MDT/IEP team should meet to reassess the documents. Relevant here is the absences however of evidence that the student had behavior issues that would warrant an FBA and BIP.

7.    In view of the above, there was no evidence of the student being entitled to compensatory education services. Accordingly, it is concluded that DCPS has met its burden in that it has not denied the student FAPE. Multiple attempts were made to convene an annual MDT/IEP meeting to review the student's IEP; however, evidently due to problems on the part of both parties, an appropriate meeting has not been held; however, there was no evidence of denial of educational benefit as of the date of the Hearing. As such, there is no finding of a denial of FAPE.

---

[15]     JT-8

6

**ORDER:**

1.  On or before August 22, 2005, DCPS shall convene an MDT/IEP meeting to review and revise the student's IEP as necessary, particularly with regard to including PLOP. Also, the team shall review the FBA and BIP with the parent and her advocate and revise as appropriate.

2.  All meetings are to be scheduled through parents' counsel and any delay in any time line caused by the student, parent or parents' counsel shall extend the applicable time line by one day for each day of delay.

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

David R. Smith, Esq.
Impartial Hearing Officer

Date: 7-25-05

Issued: 7-25-05

7

# INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## IMPARTIAL DUE PROCESS HEARING

| | |
|---|---|
| In the Matter of ) | **CERTIFICATION OF RECORD** |
| ) | |
| Joseph Thomas, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| District of Columbia Public Schools ) | |
| 825 North Capitol Street, NW ) | |
| Washington, DC 20002 ) | |
| ("DCPS" or "District") ) | |
| Respondent. ) | |

I, David R. Smith, Impartial Due Process Hearing Officer in this matter, DO

HEREBY CERTIFY that the attached Record of Proceeding itemizes the record in

the above-entitled matter as of this date, consisting of the items admitted into evidence,

including disclosure exhibits and the audio tape recording of the Due Process Hearing.

EXECUTED this 25th day of July, 2005.

**DUE PROCESS HEARING OFFICER**

8

## MATTER OF JOSEPH THOMAS V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 5-20-05 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 5-27-05 | Notice of Due Process Hearing |
| 6-23-05 | DCPS Disclosure Exhibits: DCPS-01 through DCPS-03 |
| 6-30-05 | Audio recordings of hearings |
| 6-23-05 | Parent Disclosure Exhibits: DC-01 through DC-16 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

9

07/26/2005  10:05    2024425556                    STUDENT HEARINGS OFF                                    PAGE  01/10

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C.  20002
FAX:  (202) 442-5556



## *FACSIMILE SHEET*

Date: 7-25-05

TO: *Mcknight*

FROM:  STUDENT HEARING OFFICE

RE: *HOD· Joseph Thomas*

TOTAL NUMBER OF PAGES, INCLUDING COVER: *10*


COMMENTS:



*CONFIDENTIALITY NTOICE*: The Information accompanying this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC  20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                           JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:                           JAMES E. BROWN
    Federal Tax ID No.:                 52-1500760
    D.C. Bar No.:                       61622

2.  **Student Information**
    Name:                               Joseph Thomas
    DOB:                                4/2/94
    Date of Determination (HOD/SA):     7/25/05
    Parent/Guardian Name:               Jasmine Thomas
    Parent/Guardian Address:            1709 Benning Rd., NE, #E23, 20002
    Current School:                     Gibbs ES
    Home School:                        Gibbs ES

3.  **Invoice Information**
    Invoice Number:                     05-395
    Date Request Submitted:             8/26/05
    Date(s) Services Rendered           5/20/05 to 8/4/05
    Amount of Payment Request           $ 6,664.09

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____            August 26, 2005
Signature                                   Date

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Joseph Thomas
Jasmine Thomas
1709 Benning Rd, NE
Apt # E23
Washington DC 20002

August 04, 2005
In Reference To:    Joseph Thomas
                    DOB: 4/2/94
                    School: Gibbs ES

Invoice #10879

        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/20/2005 | MM | School visit; classroom observation | 2.00 175.00/hr | 350.00 |
|  | MM | File review and developed  monthly case status report re: hearing request for attorney | 1.50 175.00/hr | 262.50 |
| 5/23/2005 | AAG | Drafted letter to parent | 0.69 105.00/hr | 72.45 |
| 5/25/2005 | BDL | Drafted letter requesting records from Home School. | 0.50 105.00/hr | 52.50 |
| 5/26/2005 | BDL | Requested re-evaluations from Gibbs ES | 0.75 105.00/hr | 78.75 |
|  | BDL | Drafted letter to parent with copy of records request. | 0.50 105.00/hr | 52.50 |
|  | DSM | Reviewed and signed intake documents | 0.25 350.00/hr | 87.50 |
| 5/30/2005 | MM | File review and developed  monthly case status report and documented latest communication with school and parent and next step. | 0.58 175.00/hr | 101.50 |
| 6/4/2005 | DSM | Prepared and file due process hearing request to DCPS | 2.00 350.00/hr | 700.00 |
| 6/6/2005 | DSM | Reviewed records received from school. | 0.42 350.00/hr | 147.00 |

Joseph Thomas                                                                              Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/8/2005 | DSM | Filed due process hearing request | 0.08<br>350.00/hr | 28.00 |
| 6/15/2005 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 7/15/05 @ 3:00 pm | 0.42<br>105.00/hr | 44.10 |
|  | JEB | Examined and certified hearing request filed by attorney | 0.58<br>350.00/hr | 203.00 |
| 6/21/2005 | MM | Reviewed fba dated 5/25/05 | 0.33<br>175.00/hr | 57.75 |
| 6/24/2005 | MM | File review and developed  monthly case status report and record information regarding communication with parents and school. | 0.58<br>175.00/hr | 101.50 |
| 7/1/2005 | KD | email from Gibbs ES to Moody and Paralegal Amaya (LOI for MDT Mtng) | 0.17<br>105.00/hr | 17.85 |
| 7/5/2005 | MM | Discussion with mom | 0.17<br>175.00/hr | 29.75 |
| 7/6/2005 | MM | Drafted letter to private school | 0.50<br>175.00/hr | 87.50 |
| 7/7/2005 | MM | Drafted letter to private school | 0.50<br>175.00/hr | 87.50 |
|  | MM | Conference with parent | 0.08<br>175.00/hr | 14.00 |
| 7/8/2005 | DSM | Prepare disclosure to DCPS | 2.00<br>350.00/hr | 700.00 |
|  | MM | Drafted letter to private school | 0.50<br>175.00/hr | 87.50 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 1.50<br>105.00/hr | 157.50 |
|  | WB | Conference with parent re: case status and upcoming hearing on 7/15/05 @ 3:00 pm | 0.17<br>105.00/hr | 17.85 |
| 7/11/2005 | WB | Received DCPS 5-day disclosures, copied and disseminated them | 0.25<br>105.00/hr | 26.25 |
| 7/13/2005 | DSM | Prepared for Due Process Hearing | 1.50<br>350.00/hr | 525.00 |
|  | MM | Discussion with educational attorney McKnight, in preparation for Hearing on July 15. | 0.25<br>150.00/hr | 37.50 |

Joseph Thomas                                                                    Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/13/2005 | DSM | Discussion with educational advocate, M. Moody, in preparation for Hearing on July 15. | 0.25 350.00/hr | 87.50 |
| 7/14/2005 | MM | Prepared for Due Process Hearing | 1.50 175.00/hr | 262.50 |
|  | DSM | Phone call to mother to prepare for tomorrow's hearing. | 0.17 350.00/hr | 59.50 |
| 7/15/2005 | MM | Record reviewed and discussion with prehearing conference with atty | 0.50 175.00/hr | 87.50 |
|  | MM | Appearance to 825 North Capital for due process hearing | 2.00 175.00/hr | 350.00 |
|  | DSM | Reviewed readings on Functional Behavioral Assessments and Intervention Behavior Plans, including a report of the Virginia Dept. of Ed. and Center for Effective Collaboration and Practice in preparation for hearing today. | 0.75 350.00/hr | 262.50 |
|  | DSM | Conference with parent in preparation for her testimony at today's hearing. | 0.17 350.00/hr | 59.50 |
|  | DSM | Appearance to 825 North Capital for due process hearing | 2.00 350.00/hr | 700.00 |
|  | DSM | Conference with educational advocate, M. Moody, in preparation for today's hearing. | 0.50 350.00/hr | 175.00 |
| 7/26/2005 | DSM | Reviewed HOD, which found inappropriate IEP | 0.17 350.00/hr | 59.50 |
|  | WB | Drafted letter to parent w/ HOD issued on 7/25/05 enclosed | 0.50 105.00/hr | 52.50 |
| 7/29/2005 | MM | Drafted letter to private school | 0.50 150.00/hr | 75.00 |
|  | MM | File review and developed  monthly case status report | 0.42 150.00/hr | 63.00 |
| 7/31/2005 | MM | Reviewed hod dated 7/25/05 and documented timelines ect | 0.25 150.00/hr | 37.50 |
|  |  | For professional services rendered | 28.45 | $6,458.75 |

Joseph Thomas                                                    Page    4

    Additional Charges :

<u>Amount</u>

| Date | Description | Amount |
|---|---|---|
| 5/23/2005 | Postage; letter to parent | 0.37 |
| | Copied documents | 0.50 |
| 5/26/2005 | Postage; letter to parent | 0.60 |
| | Copied: letter re: evaluation and records for parent. | 0.25 |
| | Facsimile- re-evals and records | 21.00 |
| 6/8/2005 | Facsimile HR to SHO | 5.00 |
| | Copied documents; HR | 2.50 |
| 6/15/2005 | Postage; HDN letter to parent. | 0.37 |
| 7/8/2005 | Copied: Disclosure for DCPS. | 50.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/15/2005 | Taxi service to DCPS for hearing | 7.00 |
| 7/26/2005 | Postage; letter to parent | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 8/4/2005 | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $205.34 |
| | Total amount of this bill | $6,664.09 |



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | | |
|---|---|---|---|---|
| **Attorney Firm** | James E. Brown & Associates, PLLC | | **Dates of Service** | 5/20/2005   \|   8/4/2005 |
| **Student** | Joseph      Thomas | | **OGC Control** | 3405 |
| **Date Received** | 8/26/2005 | | **HOD Docket Nu** | |
| **HOD DATE** | 7/25/2005 | | **Attorney Invoice** | 05-395 |
| **Funding Fiscal Year:** | 2005 | | | |

1) Application Review

   a) Application complete         Y
   b) Certification Signed         Y
   c) HOD/SA Attached         Y

2) Allocation of invoice

| | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $6,458.75 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $205.34 | $0.00 |
| **TOTALS** | $6,664.09 | $0.00 |

| | |
|---|---|
| **Amount Approved Before Partial Payment** | $0.00 |
| **Partial Payment** | $0.00 |
| **Total Amount Approved** | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

| Attorney Firm: | James E. Brown & A | | | HOD Date: | | | 7/25/2005 | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Student: | Joseph | Thomas | | Attorney Fee Cap Amount: | | | $4,000.00 | | | |

| OGC | Date of Dispute | Dispute Type | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3405 | | Cost | | No Denial of FAPE | $205.34 | 1 | $205.34 | $0.00 | 0 | $0.00 | 1 | $205.34 |
| 3405 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 3405 | | Fee | | No Denial of FAPE | $6,458. | 1 | $6,458.75 | $0.00 | 0 | $0.00 | 1 | $6,458.75 |

| Totals | | | | | $6,664.09 | | | | $0.00 | | $6,664.09 |

| Attorney Charges | | Expert/Advocate Charges | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $6,458.75 | Total Invoiced Expert Charges: | $0.00 |
| Disputed Attorney Fee Amount | $6,458.75 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | Attorney Expenses | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $205.34 |
| | | Disputed Attorney Expenses | $205.34 |
| Approved Invoice Prior to Prepayments | $0.00 | Approved Expense | $0.00 |
| Partial Payment: | $0.00 | | |
| Total Invoice Approve | $0.00 | | |