# EXHIBIT 20

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: **Robert West**    Date of Birth: **March 25, 1990**
Address: **737 Irving Street, N.W., Washington, DC 20020**
Home School: **Shaw Junior High School**
Present School of Attendance: **Shaw Junior High School**

      Is this a charter school? No      (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student:**Ms. Terry Johnson**
Address (if different from the student's above): same

1

**B.    Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq.  ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
Phone: (w) (202)742-2000 (ext. 2021)  (Fax) (202) 742-2098    (e-mail) Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session?        **X** Yes                □ No

**C.    Complaint Made Against (check all that apply):**

**X**  DCPS school (name of the school if different from page one)

**D.    Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose. (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this process.

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I.    Nature of the problem.**

**A. District of Columbia Public Schools ("DCPS") DCPS failed to develop an appropriate Individualized Educational Program ("IEP") for Robert West**

On or about August 11, 2005, District of Columbia Public Schools ("DCPS") convened a meeting to review evaluations for Robert West, DOB: 3/25/90 and revise Robert's Individualized Educational Program ("IEP"). Ms. Terry Johnson, the legal guardian and/or grandmother of the parent, as well as the advocate working with the family,  strongly objected to the IEP developed. The IEP was inappropriate for reasons to include but not limited to:

- The IEP fails to properly identify the student's disability classification.  Despite the objection of the guardian and the findings of the 2005 clinical evaluation which diagnosis Robert with an Anxiety Disorder/ Dysthmic Disorder and Attention Deficit Hyperactive Disorder ("ADHD"), Robert's disability classification was changed from Emotionally Disturbed ("ED") to Learning Disabled ("LD").  Parent and advocate contend that that student should be identified as a student with multiple disabilities (LD/ED/OHI). *Parent and advocate*

2

*requested that the student be designated as OHI as a result of the ADHD diagnosis at a March 2005 meeting but DCPS refused to consider it at that that time due to the fact that the clinical evaluation was outdated. After the clinical was obtained independently in June 2005, DCPS still failed to consider the OHI designation despite the report findings.*

- Present Levels of Performance information is incomplete specifically social emotional behavioral, written expression and/or reading comprehension are not addressed despite the fact that these are all areas in which Robert is supposed to be receiving specialized instruction and/or assistance. In addition, there are no performance levels for math reasoning despite the fact that Robert is at least two years behind his current grade level in math and has been retained once.

- There are no goals and/or objectives in the area of math despite the fact that according to his most recent testing he is at least three years below his current grade level in math and he has been retained at least once and prior evaluations specifically recommend remediation in math.

- The IEP fails to provide Robert with the full amount of counseling services required. Specifically the clinical evaluation recommends one hour of individualized counseling and one hour of group counseling and DCPS would only agree to provide one hour of unspecified counseling per week.

- The IEP fails to provide Robert with the level of service that he requires given the fact that he has been retained, is in the ninth grade and still functions on a third grade level in writing, a fourth grade level in reading and a sixth grade level in math.

- IEP fails to specify how progress made towards goals and objectives will be measured.

- IEP fails to include an updated behavior plan and still utilizes the plan developed when the student was in the seventh grade.

- IEP fails to provide Robert with the accommodations and modifications recommended in the Speech and Language Assessment completed in 2005.

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS, the local and state education agency, is required to make certain that the each IEP for each child contains a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A). In the instant matter, DCPS has failed to comply with the requirements of the IDEIA.

*It should be noted that the testing conducted by DCPS in July 2005 was invalid due to duplication of testing instrument administered in June 2005.*

## B. DCPS failed to provide compensatory education services for Robert West despite extensive past denials of FAPE.

District of Columbia Public Schools ("DCPS") has failed to develop and/or implement a compensatory education plan for Robert West, DOB: 3/25/90 for past denials of a Free and Appropriate Public Education ("FAPE"). Robert was denied FAPE when DCPS failed to conduct triennial evaluations, failed to provide him with the level of services required by

3

disabilities, failed to provide recommended services such as speech and language and/or specialized instruction in key areas such as math despite the recommendations of initial evaluations for this student and/or failed to program for this child so as to address the impact of ADHD in the academic setting. In March 2005, the parent specifically requested that that DCPS increase service levels for Robert due to his lack of progress and DCPS ignored this request pending the result of a clinical evaluation that DCPS never completed and had to be obtained independently. Parent's request for compensatory education to be addressed by the team was denied.

Compensatory education is an appropriate remedy to remediate denials of FAPE and place this student in this position he would have been in had he been receiving appropriate services over the past two years. (See: School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359 (1985); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991) ).

C. **DCPS failed to provide an appropriate placement for Robert West and/or designate an appropriate location for services**.

District of Columbia Public Schools ("DCPS") failed to identify an appropriate placement and/or location for services for Robert West, DOB: 3/25/90 for either the 2004/2005 school year and/or the 2005/2006 school year.

According to the most recent clinical evaluation completed for Robert: "*Robert would benefit from transitioning into different educational setting which is better equipped to address his social, emotional, and behavioral needs. He appears to require a more therapeutic educational setting, where he feels safe and is therefore more capable of achieving academically and establishing and maintaining more positive social relationships with his peers" (pg 10)*.

It was also determined by the team that Robert needs a closed space setting for the 2005/2006 school year as a result of his ADHD. A location for services has yet to be identified by DCPS for 2005/006. Shaw Junior High School was not an appropriate setting for Robert during the 2004/2005 school year. Parent requested a full time therapeutic setting for Robert in March 2005. Initial evaluations recommend a more structured program than Robert has been able to receive at Shaw JHS. Robert has been accepted at Pathways School. The parent

D. **District of Columbia Public Schools failed to comply with a Hearing Officer's Determination issued on or about June 2,2005**

On or about June 2, 2005, a Hearing Officer's Determination ("HOD") was issued on behalf of Robert West, DOB: 3/25/90. The HOD required that DCPS conduct a psychiatric evaluation for Robert and fund an independent clinical evaluation and reconvene a meeting. DCPS failed to conduct a psychiatric evaluation. A meeting was held on August 11,2005, however, issues such as placement were not resolved due to the absence of the psychiatric evaluation for this student. As a result of the failure to conduct the evaluation, this student does not have a completed program and/or placement and the 2005/2006 school year is about to commence.

E. **District of Columbia Public Schools ("DCPS") failed to conduct a functional behavioral assessment for this student.**

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(2)(A) DCPS, as the local and state education agency responsible for ensuring that a student is evaluated so as to "gather relevant functional, developmental

4

and academic information .... To assist in developing the content of the child's individualized education program". See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(2)(A)(ii). Furthermore there is an obligation to ensure that a child is "assessed in all areas of suspected disability" Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(3)(v)(B)In the instant matter, it is clear DCPS failed to do this. Specifically, DCPS ailed to conduct a functional behavioral assessment. This assessment is needed to develop a behavior plan which would be appropriate based upon the recommendations of the most recent evaluations for this student as well as the evaluations previously conducted for this child.

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") failed to develop an appropriate Individualized Educational Program ("IEP") for Robert West or whether based upon evaluation recommendations additional counseling services, present levels of performance, appropriate disability classification, appropriate accommodations and modifications, appropriate goals and objectives, math goals and/or an updated IBP should have been included in his program?

- Whether District of Columbia Public Schools ("DCPS") failed to develop a compensatory education program to compensate Robert for past denials of FAPE?

- Whether District of Columbia Public Schools ("DCPS") failed to conduct a functional behavioral assessment for Robert West?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Robert West with a Free and Appropriate Public Education?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Robert West with an appropriate placement for 2004/2005 school year?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Robert West with an appropriate closed setting, therapeutic placement for 2005/2006 school year?

- Whether District of Columbia Public Schools ("DCPS") failed to conduct a psychiatric evaluation for Robert West?

- Whether District of Columbia Public Schools ("DCPS") failed to comply with the June 2, 2005 Hearing Officer's Determination?

## III. To the extent known to you at this time, how can this problem be resolved?

WHEREFORE, the guardian, by and through counsel, requests the following relief:

1. A finding that DCPS denied Robert West FAPE by failing to develop and/or implement an Individualized Educational Program ("IEP") for this student as required under the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A);

5

2. A finding that DCPS denied Robert West FAPE by failing to conduct a FBA and/or psychiatric evaluation for Robert as ordered and/or pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b);

3. A finding that DCPS failed to provide Ayonnah with an appropriate placement for either the 2004/2005 school year and/or the 2005/2006 school year;

4. That DCPS shall amend Robert's IEP to include one hour of group counseling and one hour of individualized counseling per week;

5. That DCPS shall amend Robert's IEP to include present levels of performance in all service areas, math goals and objectives; measurable goals and objectives in all areas; accommodations and modifications as recommended in the 2005 speech and language assessment conducted, as well as, new disability classification of ED/LD/OHI;

6. That DCPS shall provide Robert with compensatory counseling services and compensatory instructional services for denials of FAPE occurring over the past two years;

7. That DCPS shall conduct a psychiatric evaluation within fifteen calendar days and/or a comprehensive functional behavioral assessment for the student on or before October 1, 2005;

8. That DCPS shall convene an MDT meeting within ten (10) calendars days of completion of the assessment for the purpose of reviewing the assessment; revising the IEP to include a IBP if appropriate; discussing compensatory education; discussing and determining placement;

9. A Notice of Placement shall be issued to a full time therapeutic setting for Robert such as the Pathways School;

10. That DCPS shall provide compensatory education for other denials of a FAPE as may be appropriate;

11. That if DCPS fails to develop a compensatory education plan and/or commence the tutoring within thirty (30) calendar days that the parent shall have the right to get independent tutoring and/or counseling at DCPS' expense ( of up to five hours per week);

12. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

13. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

14. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

15. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and

6

unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

16. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

17. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

18. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

19. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

20. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

21. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

22. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

23. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who

7

conducted any assessments on the student and/or would be qualified to conduct the evaluations requested in the parent's complaint.

24. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

25. A finding that the parent is the prevailing party in this action.

G.    **Accommodations and Assistance Needed:**

   - N/A

Dated this 16th day of August, 2005

_____

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent/Legal Guardian

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

8

SEID DPCN Rev'd. 7/01/05

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### Confidential

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Robert West** | ) | |
| **Date of Birth: 03/25/90** | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: August 17, 2005 |
| | ) | Hearing Date: October 17, 2005 |
| **The District of Columbia Public Schools,** | ) | Held at: 825 North Capitol Street, N.E. |
| **Home School: Shaw Jr. High School** | ) | Eighth Floor |
| | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

| | |
|---|---|
| **Parent:** | **Terry Johnson, Grandmother**<br>**737 Irving Street, N.W.**<br>**Washington, D.C. 20020** |
| **Counsel for the Parent/Student:** | **Roberta L. Gambale, Esq.**<br>**James E. Brown & Associates, PLLC**<br>**Attorneys at Law**<br>**1220 L Street N.W., Suite 700**<br>**Washington, D.C. 20005** |
| **District of Columbia Public Schools:** | **Tiffany S. Puckett, Esq.**<br>**Attorney Advisor**<br>**Office of the General Counsel, DCPS**<br>**825 North Capitol Street, N.E., 9th Floor**<br>**Washington, D.C. 20002** |

1

## I.     JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.   FIVE-DAY DISCLOSURES

Petitioner:   Admitted, without objection, a disclosure letter filed 10/07/05 that lists seven witnesses and attached twenty-eight exhibits sequentially labeled and tabbed RW-01 through RW-28. Two witnesses were present: Terry Johnson, the student's grandmother; and Michele Moody, the student's Education Advocate.

Respondent:   Admitted, without objection, a disclosure letter filed 10/07/05 that lists ten witnesses and attached sixteen exhibits sequentially labeled DCPS-01 through DCPS-16. Four witnesses were present: Robert W. Barnes, Ph.D., School Psychologist; Donna J. Cherry, Social Worker; Madonna A. Pittman, Shaw JHS Special Education Teacher; and Annette L. White, Shaw JHS Special Education Teacher.

## IV.   STATEMENT OF THE CASE

Robert West (R.W.), born 03/25/90, age 15-years 7-months, is a child with a disability receiving a special education and related services as an 8th grade, 17% out-of-general education, Emotionally Disturbed (ED), student at Shaw Junior High School (Shaw JHS) in the District of Columbia. (R. at DCPS-01.)

Parent's counsel Roberta L. Gambale alleged in the parent's 08/17/05 Due Process Hearing Request that DCPS violated the IDEIA and denied R.W. a Free Appropriate Public Education (FAPE) by failing to develop an appropriate IEP; failing to provide his correct level of counseling; and failing to provide him the correct IDEIA disability code. (R. at RW-01.)

The Student Hearing Office, DCPS, scheduled the Due Process Hearing, for 1:00 p.m., Monday, October 17, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Tiffany S. Puckett appeared in-person for DCPS. Attorney
Roberta L. Gambale appeared in-person for R.W. who was not present; and his
grandmother who was present.

## IV.   PRELIMINARY MATTER

Parent's counsel asked the hearing officer to recuse himself from this case. But
when asked by the hearing officer for both the case specific legal and factual basis for the
request, parent's counsel offered not one reason let alone a specific reason vis-à-vis this
case or its parties for the recusal.

After giving counsel an opportunity to make arguments for the request, parent's
counsel made no arguments for the recusal. Instead counsel just repeated the recusal
request. So the hearing officer denied the request. And here are further reasons why the
request was denied—

1.   Parent's counsel proffered no reason whatsoever for the recusal
     pursuant to existing law governing such request;

2.   Counsel proffered no basis for hearing officer bias or conflict of
     interest in this case as to the parties or facts; and

3.   Counsel, once again, failed to comply with the requirement of the
     IDEIA and applicable case law governing filing a motion to recuse a
     hearing officer. That's particularly important when these same points
     were made by this hearing officer in recent HODs where parent's
     counsel was also record counsel.

Based on these findings the hearing officer concludes that parent counsel's
unsubstantiated request for recusal is just that, a request without merit; and a request that
may violate the D.C. Rules of Professional Conduct, Rule 3.5, Impartiality and Decorum
of the Tribunal. It states, in pertinent part, that:

"A lawyer shall not—(c) engage in conduct intended to disrupt a tribunal."

This hearing officer shall not countenance parent counsel's adhominem attacks.
Counsel may, however, file a motion to recuse a hearing officer by simply complying
with the IDEIA and case law governing such requests. But requests made that do not
comply with the IDEIA are legally ineffective and, arguendo, serve only one purpose—to
disrupt the tribunal. That purpose is an axiomatic violation of Rule 3.5.

So parent's counsel is hereby admonished to comply with the requirements of the
IDEIA when requesting that a hearing officer recuse himself or this matter shall be
referred to the D.C. Board on Professional Responsibility for resolution.

3

After denying parent counsel's request, the parties were asked to present their claims and defenses and, each did.

But after discussing the parent's two preliminary oral motions, the nature of the problem, proposed solution, clarifying the issues, and evacuating the hearing room and building for a fire drill, there was not enough time to take testimony within the two-hours scheduled by parent's counsel for the hearing. So DCPS made an oral Motion to Continue the Case that was objected to by the parent.

After hearing arguments for and against the Motion, DCPS' Motion was granted. And the parties, through their respective counsel, agreed to reconvene on **Friday, November 18, 2005 from 1:00 p.m. – 5:00 p.m. to take the testimony.**

And based on the hearing record the hearing finds it in the best interest of the child to grant relief that may resolve this case, without finding the child was denied a FAPE, and issues this

## ORDER

DCPS shall ...............................................

1. Perform the following assessments on R.W. within 10-calendar days of this Order's issue date:

    a. Psychiatric.

2. Fund, at public expense, pursuant to the costs guidelines in the March 20, 2002 DCPS Office of Superintendent Directive Number 530.6, or at prevailing market rate if not covered by the costs guidelines this independent assessment if DCPS fails to comply with paragraph one:

    a. Psychiatric.

3. Convene R.W.'s BLMDT/IEP/Placement Meeting at Shaw JHS within 10-school days after DCPS completes the ordered assessments or after the Shaw JHS Special Education Coordinator receives from the parent R.W.'s independent assessment results along with three proposed meeting dates, for this purpose:

    a. To review and discuss R.W.'s assessment report to determine if he is still eligible for special education services;
    b. To determine if any additional assessments are necessary to determine his continued eligibility and if so, either perform them or fund independent assessments;
    c. To revise his IEP, if necessary, based on the evaluation review; and

4

     d.  To discuss and decide placement; and issue R. W.'s Prior Written Notice of Change in Placement, if necessary (PNCOP) for school year 2005-06, as follows:

         (i)   Issue the PNCOP within 5-school days of the BLMDT Meeting if to a public placement; and

        (ii)  Issue the PNCOP within 30-calendar days of the BLMDT Meeting if to a non-public placement.

4.  Issue R.W.'s Notice of Ineligibility if his BLMDT decides he is now ineligible for special education services.

5.  Schedule all meetings at a mutually agreeable time through the parent and her counsel. And provide counsel a copy of the meeting notice by facsimile at (202) 742-2098.

6.  There is no finding R.W. was denied a FAPE.

7.  Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

8.  This Order may resolve some or all issues raised in the student's 08/17/05 Due Process Hearing Request; only unresolved issues shall be resolved at the continued hearing date; and the hearing officer made no additional findings.

**This is THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.**

_(signature)_

**Frederick E. Woods**
**Hearing Officer**

10 / 27 / 05
**Date**

Issued: 10/28/05

**Student Hearing Office, DCPS**

# District of Columbia Public Schools

## State Enforcement & Investigation Division

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| Robert West ) | **IMPARTIAL** |
| Petitioner, ) | **DUE PROCESS HEARING** |
| vs. : ) | |
| : ) | |
| The District of Columbia Public Schools, ) | |
| Shaw Junior High School ) | |
| Respondent. ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 et seq.

Case Information:      Hearing Request Date: August 17, 2005
Hearing Date: October 17, 2005
Held at:   825 North Capitol Street, N.E.
Eighth Floor
Washington, D.C. 20002
SETS Case Number: _____
Student's Birth Date: March 25, 1990
Attending School: Shaw Junior High School
Managing School: Shaw Junior High School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do

hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes

the entire record in the above captioned matter as of this date, consisting of all letters,

pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the student's SHO file are either the

original or true copy of the original documents submitted in this matter.

Executed this _27th_ day of _October_, 2005.

Due Process Hearing Officer

6

Re: MATTER OF
**ROBERT WEST v. DCPS, SHAW JUNIOR HIGH SCHOOL**

# RECORD OF PROCEEDINGS

## DATE:            DESCRIPTION:

08/17/05            **Due Process Hearing Request Filed by Parents**

09/16/05            **Notice of Due Process Hearing Date Sent to Parties**

10/17/05            **Due Process Hearing Convened; Completed; Audio
                    Tapped in—HR # 4, Start Time 1:35 p.m. – End Time
                    3:20 p.m.; and the Cases was Continued.**

10/27/05            **Hearing Officer's Decision Filed with the SHO**

10/27/05            **Hearing Officer's Decision Issued by the SHO**


_____            _10/27/05_
Frederick E. Woods
**Due Process Hearing Officer**                **Date**

7



# District of Columbia Public Schools

## OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:                            JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:                            JAMES E. BROWN
   Federal Tax ID No.:                  52-1500760
   D.C. Bar No.:                        61622

2. **Student Information**
   Name:                                Robert West
   DOB:                                 3/25/90
   Date of Determination (HOD/SA):      10/28/05
   Parent/Guardian Name:                Terry Johnson
   Parent/Guardian Address:             737 Irving St., NW, WDC 20020
   Current School:                      Shaw JHS
   Home School:                         Shaw JHS

3. **Invoice Information**
   Invoice Number:                      05-543
   Date Request Submitted:              12/5/05
   Date(s) Services Rendered            6/3/05 to 10/17/05
   Amount of Payment Request            $ 9,353.70

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses
  represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees,
  costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2)
  will benefit from any monies paid as a result of the submission of the enclosed invoice, has a
  pecuniary interest, either through an attorney, officer or employee of the firm, in any special
  education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is
  punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          December 5, 2005
Signature                                **Date**

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Robert West
737 Irvin Street, NW
Washington DC 20010


November 08, 2005
In Reference To:    Robert West
                    DOB: 3/25/90
                    School"

Invoice #11085

       Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 6/3/2005 YA | Prepared and sent referral package to Interdynamics for independent evaluation | 1.00 105.00/hr | 105.00 |
| 6/10/2005 MM | Reviewed hod and documented timelines dated 6/2/05 | 0.33 175.00/hr | 57.75 |
| 6/13/2005 RG | Conference with parent re: evaluations scheduled for the 16th | 0.33 350.00/hr | 115.50 |
| 6/28/2005 MM | File review and developed  monthly case status report and record information regarding communication with parents and school. | 0.58 175.00/hr | 101.50 |
| 7/12/2005 RG | Conference with parent telephone call about evals and discussion w MM | 0.42 350.00/hr | 147.00 |
| 7/14/2005 YA | send deadline to attorney and advocate | 0.17 105.00/hr | 17.85 |
| 7/15/2005 YA | Draft letter to Shaw Junior High School re, status of evaluations | 0.75 105.00/hr | 78.75 |
| YA | Telephone call to DCPS, Shaw Junior High School  staff re, letter to be sent | 0.17 105.00/hr | 17.85 |
| 7/18/2005 YA | Discussion with the child's attorney re, amend letter to follow up on evaluation | 0.25 105.00/hr | 26.25 |
| RG | Discussion with paralegal re: follow up letter for school | 0.25 350.00/hr | 87.50 |

Robert West                                                                                      Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/20/2005 | YA | Log in case note receipt of Clinical /Psycho-Educational Evaluation and copied for advocate,attorney and parent | 0.25 105.00/hr | 26.25 |
| | YA | Drafted letter to parent re, Clinical/ psycho-Educational enclosed | 0.58 105.00/hr | 60.90 |
| 7/21/2005 | MM | Discussion with interdynamics ms zeggowitz | 0.17 150.00/hr | 25.50 |
| 7/22/2005 | MM | Conference with parent | 0.33 150.00/hr | 49.50 |
| 7/25/2005 | YA | log in case note receipt of Clinical | 0.17 105.00/hr | 17.85 |
| 7/26/2005 | RG | Reviewed  evaluations ( clinical) reviewed file to ascertain DCPS compliance deadlines Per last HOD and discussed with paralegal re: follow up letters to be sent and deadlines | 0.75 350.00/hr | 262.50 |
| | YA | Discussion with the child's attorney | 0.33 105.00/hr | 34.65 |
| 7/27/2005 | YA | Draft letter to Shaw JHS and Mediation & Compliance re, independent Clinical Evaluation | 0.42 105.00/hr | 44.10 |
| 7/28/2005 | MM | File review and developed  monthly case status report and devleoped a report regarding the communication  with the parent  the school and list the latest thing that occurred and what needs to be done next. | 0.75 150.00/hr | 112.50 |
| | YA | Drafted letter to parent re, enclosed Clinical Evaluation | 0.58 105.00/hr | 60.90 |
| 7/29/2005 | YA | Research educational needs re, pending evaluations | 0.33 105.00/hr | 34.65 |
| | YA | Tickle deadline pursuant the HOD | 0.17 105.00/hr | 17.85 |
| 7/31/2005 | MM | Reviewed clincial psych dates 7/12/05 | 0.50 150.00/hr | 75.00 |
| 8/2/2005 | MM | File review and developed  monthly case status report | 0.58 150.00/hr | 87.00 |
| | MM | Reviewed clinical eval dated 7/5/05 and documented results | 0.67 150.00/hr | 100.50 |
| 8/5/2005 | YA | Phone call to parent re, status of pending evaluations (left message) | 0.17 105.00/hr | 17.85 |

Robert West                                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/5/2005 | YA | Phone call from parent re, DCPS completed the Speech and Language evaluation | 0.33 105.00/hr | 34.65 |
| 8/11/2005 | YA | Discussion with advocate and assist with meeting | 0.33 105.00/hr | 34.65 |
|  | YA | Draft letter to Shaw JHS re, Heairng Officer's Determination | 0.33 105.00/hr | 34.65 |
|  | MM | Reviewed information for mdt | 1.00 150.00/hr | 150.00 |
|  | MM | Attended MDT/IEP @ school | 4.00 150.00/hr | 600.00 |
| 8/12/2005 | MM | File review and developed  monthly case status report develop hearing request regarding vilationd form meeting. developed hearing request notice for atty. | 3.00 150.00/hr | 450.00 |
| 8/16/2005 | RG | Prepared and file due process hearing request to DCPS | 3.00 350.00/hr | 1,050.00 |
| 8/17/2005 | MM | File review and developed  monthly case status report update the latest communications between myself and the parent and the school and the status of evals and the next step i the case. | 0.58 150.00/hr | 87.00 |
|  | YA | Assisted attorney in preparation of request for hearing to the student hearing office | 0.33 105.00/hr | 34.65 |
|  | YA | Drafted letter to parent re, Hearing Request | 0.58 105.00/hr | 60.90 |
| 8/25/2005 | YA | Research educational needs re, request for records and evaluations | 0.25 105.00/hr | 26.25 |
| 8/31/2005 | RG | Conference with parent | 0.33 350.00/hr | 115.50 |
|  | MM | File review and developed  monthly case status report | 0.58 150.00/hr | 87.00 |
| 9/6/2005 | YA | Discussion with the child's attorney | 0.17 105.00/hr | 17.85 |
|  | YA | Assisted attorney with request for hearing date | 0.25 105.00/hr | 26.25 |
|  | YA | Assist attorney with letter to Shaw JHS re, retention | 0.25 105.00/hr | 26.25 |

Robert West                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/6/2005 | RG | Drafted letter to DCPS / Attorney to request hearing date; telephone call with mom; follow up lettr to DCPS re: demotion | 0.67<br>350.00/hr | 234.50 |
| 9/19/2005 | RG | Reviewed upcoming dates and dealdines | 0.17<br>350.00/hr | 59.50 |
|  | YA | Drafted letter to parent re, Hearing Date Notice | 0.58<br>105.00/hr | 60.90 |
|  | YA | tickle disclosure deadline | 0.17<br>105.00/hr | 17.85 |
| 9/21/2005 | MM | File review and developed  monthly case status report and identified what next step was and documented parent  and school communication. | 0.42<br>150.00/hr | 63.00 |
| 9/23/2005 | MM | Drafted letter to private school | 0.42<br>150.00/hr | 63.00 |
| 9/26/2005 | MM | File review and developed  monthly case status report | 0.58<br>150.00/hr | 87.00 |
| 9/28/2005 | RG | Conference with parent | 0.33<br>350.00/hr | 115.50 |
|  | RG | Drafted letter to DCPS / Attorney | 0.33<br>350.00/hr | 115.50 |
|  | YA | Assist attorney with letter to DCPS, Shaw JHS re, resolution meeting | 0.25<br>105.00/hr | 26.25 |
|  | YA | Log in calendar, re, resolution meeting | 0.17<br>105.00/hr | 17.85 |
| 9/30/2005 | JEB | Reviewed advocate's report, file review and discussion with paralegal | 0.25<br>350.00/hr | 87.50 |
|  | AAG | Reviewed advocate's report, file review and discussion with attorney Brown | 0.25<br>105.00/hr | 26.25 |
| 10/3/2005 | RG | Conference with parent | 0.33<br>350.00/hr | 115.50 |
|  | MM | File review and developed  monthly case status report | 0.58<br>150.00/hr | 87.00 |
| 10/5/2005 | MM | Reviewed information for mdt | 0.33<br>150.00/hr | 49.50 |
| 10/6/2005 | RG | Discussion with MM | 0.25<br>350.00/hr | 87.50 |

Robert West                                                                                  Page    5

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/6/2005 MM | Attended resolution meeting | | 4.00 150.00/hr | 600.00 |
| 10/7/2005 YA | Prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel | | 2.00 105.00/hr | 210.00 |
| RG | Prepare disclosure to DCPS | | 1.00 350.00/hr | 350.00 |
| 10/10/2005 MM | File review and developed  monthly case status report | | 0.58 150.00/hr | 87.00 |
| 10/13/2005 MM | File review and developed  monthly case status report and developed a report regarding the most recent activity on the case and what needs to be done next. | | 0.58 150.00/hr | 87.00 |
| 10/14/2005 MM | Prepared for Due Process Hearing | | 1.50 150.00/hr | 225.00 |
| 10/17/2005 RG | Prepared for Due Process Hearing | | 1.50 350.00/hr | 525.00 |
| RG | Appearance to 825 North Capital for due process hearing and pre/post hearing conferene with parent and expert | | 2.50 350.00/hr | 875.00 |
| YA | Discussion with the child's attorney | | 0.25 105.00/hr | 26.25 |
| | For professional services rendered | | 46.30 | $8,917.40 |

Additional Charges :

| | | |
|---|---|---|
| 6/3/2005 Facsimile: Clinical to interdynamics. | | 38.00 |
| Copied: HOD letter for parent, administration, file, and advocate. HOD letter for parent. | | 7.25 |
| 6/6/2005 Postage; HOD letter to parent. | | 0.37 |
| 7/18/2005 Facsimile: follow up on evaluation to Shaw JHS. | | 2.00 |
| 7/20/2005 Postage;  letter to parent. | | 0.83 |
| Copied: Clinical and psycho ed for parent, file, and advocate. | | 9.00 |
| Copied: evaluations letter for parent. | | 0.25 |
| 7/27/2005 Facsimile- clinical | | 11.00 |
| Facsimile- clinical | | 11.00 |

Robert West                                                                                Page    6

                                                                                         <u>Amount</u>

| | | |
|---|---|---|
| 7/28/2005 | Copied: Clinical letter for parent. | 3.00 |
| | Postage; letter to parent | 0.60 |
| 8/11/2005 | Facsimile: HOD to Shaw JHS. | 6.00 |
| 8/17/2005 | Copied: HR letter for parent. | 0.50 |
| | Facsimile: HR to SHO. | 8.00 |
| | Copied: Letter for parent and advocate. | 4.50 |
| 8/18/2005 | Postage; letter to parent re: HR. | 0.37 |
| 9/6/2005 | Facsimile letter to Shaw JHS | 2.00 |
| | Facsimile request for hearing date to SHO | 2.00 |
| 9/19/2005 | Copied documents; HDN | 1.00 |
| | Postage; letter to parent re: HDN. | 0.37 |
| 9/28/2005 | Facsimile: meeting letter to school. | 2.00 |
| 10/5/2005 | File review preparation of bill and invoice audit | 96.88 |
| 10/7/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied 5-day disclosure | 112.50 |
| 10/17/2005 | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $436.30 |
| | Total amount of this bill | $9,353.70 |



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | |
|---|---|---|---|
| Attorney Firm | James E. Brown & Associates, PLLC | Dates of Service | 6 3 2005 to 10 17 2005 |
| Student | Robert West | OGC Control | 1178 |
| Date Received | 12/5/2005 | HOD Docket Num | |
| HOD DATE | 10/28/2005 | Attorney Invoice | 05-543 |
| Funding Fiscal Year: | 2006 | | |

1) Application Review

   a) Application complete          Y
   b) Certification Signed           Y
   c) HOD/SA Attached             Y

2) Allocation of invoice

| | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $8,917.40 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $436.30 | $0.00 |
| TOTALS | $9,353.70 | $0.00 |

| | |
|---|---|
| Amount Approved Before Partial Payment | $0.00 |
| Partial Payment | $0.00 |
| Total Amount Approved | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

| | | |
|---|---|---|
| **Attorney Firm:** | James E. Brown & A | |
| | | **HOD Date:** 10/28/2005 |
| **Student:** | Robert West | |
| | | **Attorney Fee Cap Amount:** $4,000.00 |

| OGC | Date of Dispute | Dispute Type | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4178 | | Cost | | | $436.30 | 1 | $436.30 | $0.00 | 0 | $0.00 | 1 | $436.30 |
| 4178 | | Expert Advocat | | | $0.00 | 1 | $0.00 | $0.00 | 0 | $0.00 | 1 | $0.00 |
| 4178 | | Fee | | | $8,917 | 1 | $8,917.40 | $0.00 | 0 | $0.00 | 1 | $8,917.40 |
| **Totals** | | | | | | | $9,353.70 | | | $0.00 | | $9,353.70 |

| | | | | |
|---|---|---|---|---|
| **Attorney Charges** | | | **Expert/Advocate Charges** | |
| Invoiced Attorney Fee Amount | $8,917.40 | | Total Invoiced Expert Charges: | $0.00 |
| Disputed Attorney Fee Amount | $8,917.40 | | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | | **Attorney Expenses** | |
| Approved Attorney Fees | $0.00 | | Invoiced Attorney Expenses | $436.30 |
| | | | Disputed Attorney Expenses | $436.30 |
| | | | Approved Expenses | $0.00 |
| Approved Invoice Prior to Prepayments | $0.00 | | | |
| Partial Payment: | $0.00 | | | |
| Total Invoice Approved | $0.00 | | | |

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### Confidential

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Robert West** | ) | |
| **Date of Birth: 03/25/90** | ) | **SECOND** |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: August 17, 2005 |
| | ) | Hearing Dates: Oct. 17 & Nov. 18, 2005 |
| **The District of Columbia Public Schools,** | ) | Held at: 825 North Capitol Street, N.E. |
| **Home School: Shaw Jr. High School** | ) | Eighth Floor |
| | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

**Parent:**               Terry Johnson, Grandmother
                          737 Irving Street, N.W.
                          Washington, D.C. 20020

**Counsel for the Parent/Student:**    Roberta L. Gambale, Esq.
                                       James E. Brown & Associates, PLLC
                                       Attorneys at Law
                                       1220 L Street N.W., Suite 700
                                       Washington, D.C. 20005

**District of Columbia Public Schools:**    Tiffany S. Puckett, Esq.
                                            Attorney Advisor
                                            Office of the General Counsel, DCPS
                                            825 North Capitol Street, N.E., 9th Floor
                                            Washington, D.C. 20002

1

## I.      JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.     DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:     Admitted, without objection, a disclosure letter filed 10/07/05 that lists seven witnesses and attached twenty-eight exhibits sequentially labeled and tabbed RW-01 through RW-28. Two witnesses were present: Terry Johnson, the student's grandmother; and Michelle Moody, the student's education advocate.

Respondent:     Admitted, without objection, a disclosure letter filed 10/07/05 that lists ten witnesses and attached sixteen exhibits sequentially labeled DCPS-01 through DCPS-16. Four witnesses were present: Robert W. Barnes, Ph.D., School Psychologist; Donna J. Cherry, Shaw JHS Social Worker; Madonna A. Pittman, Shaw JHS Special Education Teacher; and Annette L. White, Shaw JHS Special Education Teacher.

## IV.     STATEMENT OF THE CASE

Robert West (R.W.), born 03/25/90, age 15-years 8-months, is a child with a disability receiving a special education and related services as a 9th grade, 34% out-of-general education, Specific Learning Disabled (SLD), student at Shaw Junior High School (Shaw JHS) in the District of Columbia. (R. at DCPS-13; RW-05.)

Parent's counsel Roberta L. Gambale alleged in the parent's 08/17/05 Due Process Hearing Request that DCPS violated the IDEIA and denied R.W. a Free Appropriate Public Education (FAPE) by, inter alia, failing to develop an appropriate IEP; failing to provide his correct level of counseling; and failing to provide him the correct IDEIA disability code. (R. at RW-01.)

The Student Hearing Office, DCPS, scheduled the Due Process Hearing, for 1:00 p.m., Monday, October 17, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Tiffany S. Puckett appeared in-person for DCPS. Attorney Roberta L. Gambale appeared in-person for R.W. who was not present; and his grandmother who was present.

## IV.   PRELIMINARY MATTER

Parent's counsel asked the hearing officer to recuse himself from this case. But when asked by the hearing officer for both the case specific legal and factual basis for the request, parent's counsel offered not one reason let alone a specific reason vis-à-vis this case or its parties for the recusal.

After giving counsel an opportunity to make arguments for the request, parent's counsel made no arguments for the recusal. Instead counsel just repeated the recusal request. So the hearing officer denied the request. And here are further reasons why the request was denied—

1.    Parent's counsel proffered no reason whatsoever for the recusal pursuant to existing law governing such request;

2.    Counsel proffered no basis for hearing officer bias or conflict of interest in this case as to the parties or facts; and

3.    Counsel, once again, failed to comply with the requirement of the IDEIA and applicable case law governing filing a motion to recuse a hearing officer. That's particularly important when these same points were made by this hearing officer in recent HODs where parent's counsel was also record counsel.

Based on these findings the hearing officer concludes that parent counsel's unsubstantiated request for recusal is just that, a request without merit; and a request that may violate the D.C. Rules of Professional Conduct, Rule 3.5, Impartiality and Decorum of the Tribunal. It states, in pertinent part, that:

"A lawyer shall not—(c) engage in conduct intended to disrupt a tribunal."

This hearing officer shall not countenance parent counsel's adhominem attacks. Counsel may, however, file a motion to recuse a hearing officer by simply complying with the IDEIA and case law governing such requests. But requests made that do not comply with the IDEIA are legally ineffective and, arguendo, serve only one purpose—to disrupt the tribunal. That purpose is an axiomatic violation of Rule 3.5.

So parent's counsel is hereby admonished to comply with the requirements of the IDEIA when requesting that a hearing officer recuse himself or this matter shall be referred to the D.C. Board on Professional Responsibility for resolution.

After denying parent counsel's request, the parties were asked to present their claims and defenses and, each did.

But after discussing the parent's two preliminary oral motions, the nature of the problem, proposed solution, clarifying the issues, and evacuating the hearing room and building for a fire drill, there was not enough time to take testimony within the two-hours scheduled by parent's counsel for the hearing. So DCPS made an oral Motion to Continue the Case that was objected to by the parent.

After hearing arguments for and against the Motion, DCPS' Motion was granted. And the parties, through their respective counsel, agreed to reconvene on **Friday, November 18, 2005 from 1:00 p.m. – 5:00 p.m. to take the testimony.**

The November 18, 2005 hearing convened as scheduled. Attorney Advisor Tiffany S. Puckett appeared in-person for DCPS. Attorney Roberta L. Gambale appeared in-person for R.W. who was not present; and his grandmother who was present. All testimony was taken and completed at that hearing.

## V.    SUMMARY OF THE EVIDENCE

The parties' five-day disclosure exhibits and the testimony of six witnesses: Terry Johnson, the student's maternal grandmother; Michele Moody, the student's education advocate; Robert W. Barnes, Ph.D., School Psychologist; Donna J. Cherry, Shaw JHS Social Worker; Madonna A. Pittman, Shaw JHS Special Education Teacher; and Annette L. White, Shaw JHS Special Education Teacher, are relied on in reaching this decision. These admitted exhibits are probative on the issues in this case:

1.  RW-02              The 09/17/05 Due Process Hearing Request
2.  DCPS-01; RW-06  The 04/13/05 IEP
3.  DCPS-02           The 04/13/05 Documented Level of Service
4.  DCPS-03           The 04/13/05 MDT Prior Notice
5.  DCPS-04; RW-07  The 04/13/05 SEP/IEP MDT Meeting Notes
6.  DCPS-05           The 04/13/05 Parental Consent to Evaluate R.W.
7.  DCPS-10; RW-10  The 07/05/05 Clinical Assessments Results
8.  DCPS-11; RW-11  The 07/12/05 Comp. Clinical Psychological Assessment
9.  DCPS-13; RW-05  The 08/11/05 IEP & MDT Meeting Notes
10. DCPS-14          The 08/11/05 MDT Prior Notice
11. DCPS-15          School Years 2004-05 & 2003-04.
12. RW-26            The 06/02/05 Hearing Officer's Decision

### Issue

Did DCPS develop and implement an appropriate IEP for R.W. for school year 2005-06; provide him the correct disability code; and provide him the correct level of counseling pursuant to the requirements of the IDEIA at 20 U.S.C. §§ 1400 et seq.?

4

### Answer

Yes. DCPS developed an appropriate IEP for school year 2005-06; provided the
student the correct disability code; and provided the student the correct level of
counseling services.

## VI.  FINDING OF FACTS

1.  Robert West (R.W.), born 03/25/90, age 15-years 8-months, is a child
    with a disability receiving a special education and related services as a
    9th grade, 34% out-of-general education, Specific Learning Disabled
    (SLD), student at Shaw Junior High School (Shaw JHS) in the District
    of Columbia. (R. at DCPS-13; RW-05.)

2.  R.W.s 08/11/05 IEP, that his grandmother and education advocate
    participated in its development, calls for him to receive these 11-hours
    of services as a SLD student:

    a.   Specialized Instruction     10-hours/week, and
    b.   Psychological Counseling    1-hour/week.
    (R. at DCPS-13; RW-05.)

3.  R.W. receives his IEP called for counseling and does not need more
    counseling according to the credited testimony of his counselor Donna
    Cherry, Shaw JHS Social Worker.

    a.  Ms. Cherry, a social worker at Shaw JHS, counseled R.W. for the past
        two years.

    b.  When counseling started he was an ED student. He is now a SLD
        student who is more mature and now only receives counseling for
        social skills.

    c.  He is no longer an ED student and his behavior does not impact his
        academic performance.

    d.  So based on her observations of R.W. over the past two years noted in
        her Encounter Tracker forms, he soon will not need counseling and the
        1-hour/week of counseling called for in his IEP is sufficient. (R. at
        DCPS-15.)

4.  R.W.'s SLD disability is correct according to the credited testimony of
    Robert W. Barnes, Ph.D., Shaw JHS Psychologist.

5

    a. Dr. Barnes administered R.W.'s Comprehensive Clinical/Psycho-Educational Evaluation and issued his assessment report on 07/12/05. (R. at DCPS-11; RW-11.)

    b. Dr. Barnes' report states in pertinent part, "Based on lengthy conversations with [R.W.'s] grandmother and reading the social worker's chronological Medicaid forms, R.W.'s condition has improved tremendously and he no longer meets the ED classification. He does meet the qualification for SLD because of the huge disparities between test scores." (R. at DCPS-11; RW-11.)

    c. R.W. was involved in a dysfunctional family, was removed from that family and placed in foster care until his grandmother took in him and his 3-siblings. That situation impacted his prior testing and resulted in R.W. being misclassified as ED. (R. at DCPS-11; RW-11.)

    d. And although R.W.'s 07/05/05, independent Clinical Evaluation Report diagnosed him with ADHD, it does not negatively impact on his academic performance at school. (R. at DCPS-10; RW-10.)

5.    According to the credited testimony of Madonna A. Pitman, Shaw JHS Special Education Teacher:

    a. In school year 2005-06 she provided R.W. specialized instruction in Reading & Written Expression, the only subjects he receives special education specialized instruction in.

    b. He performs well in class so long as he stays on task and he does not present with behavior problems in class.

    c. She attended R.W.'s 08/11/05 BLMDT/IEP/Placement Meeting.

    d. Albeit all of his present levels of performances are not stated on his 08/11/05 IEP, his present levels of performance were fully discussed at that meeting and there was not one question about his performance levels asked by his parent or advocate that was not answered by his BLMDT at that meeting. The student's education advocate acknowledged that fact as true.

    e. Shaw JHS is, has and can implement R.W.'s IEP; it is an appropriate placement; and it is R.W.'s IDEIA required L.R.E.

6.    According to the credited testimony of Ms. Terry Johnson, R.W.'s grandmother and legal guardian:

   a.  R.W. was diagnosed with ADHD at age seven (7).

   b.  He was and is sometimes depressed based on the environment he was living in before he moved in with her. When depressed he shuts down.

   c.  He is unorganized, has things buried inside him, has problems with his short term memory, and has problems staying on task.

   d.  He received community based counseling about five-years ago but it did not help.

   e.  She does not want R.W. to pass to the next grade if he cannot perform in school to merit passing to the next grade level.

   f.  R.W. does not like being in special education.

7.    According to the credited testimony of Ms. Michelle Moody, R.W.'s education advocate:

   a.  As R.W.'s education advocate her contact with him was a non-contact, two-hour class observation. She has never had any interaction or discussions with him.

   b.  During that observation, R.W. seemed off-task and distracted.

   c.  R.W. is not a behavior problem in school. And there is no need for an F.B.A. for a student who does not have a behavior problem.

   d.  He is not performing well in school nor performing on grade level so she requested a full-time special education program.

   e.  She, however, does not know what his current grade level should be at this time based on his disability, cognitive ability, and unique needs. It would not be at his current grade level but somewhere below it.

   f.  R.W. does not want to be in special education.

   g.  The parent and advocate did not request Speech-Language Therapy for R.W. at his 08/11/05 BLMDT/IEP Meeting.

   h.  The request for two-hours of counseling instead of the one-hour he is receiving is based solely on the recommendation made for two-hours in R.W.'s independent Clinical Evaluation Report. (R. at DCPS-10.)

7

        i.   And the sole request for a Psychiatric Assessment is because DCPS agreed to perform it at R.W.'s 04/13/05 MDT/SEP Meeting. (R. at DCPS-04.)

8.        Based on this hearing record it appears parent's counsel simply combed through the admitted exhibits looking for any recommendation made that was not followed and for procedural defects in the student's IEP. That's because there was no evidence as to why and based on what metrics the things recommended that were not provided should be provided after R.W.'s BLMDT consider all of them, disagreed with a few, and agreed with most of them.

9.        So based on these findings of fact R.W.'s IEP and related services are appropriate. DCPS, however, still needs to perform his Psychiatric Assessment and reconvene his BLMDT to discuss it and any other concerns R.W.'s grandmother has about his IEP and special education services.

In consideration of record evidence, the hearing officer makes the following

## VII.  DISCUSSION and CONCLUSIONS OF LAW:

### I

**DCPS is required to make a FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

The IDEIA at 20 U.S.C. § 1400 et seq. and 5 D.C.M.R. § 3000.1 (2003) requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

DCPS met its legal obligation under the IDEIA. Here is why.

1.   Pursuant to 5 D.C.M.R. § 3013.1(e), Placement, "[t]he LEA shall ensure that the educational placement decision for a child with a disability is …based on the child's IEP."

2.   Pursuant to 5 D.C.M.R. § 3025, Procedural Safeguards—Prior Written Notice, DCPS shall provide written notice to the parent of a child with a disability before it proposes…an educational placement of the child.

3.   Pursuant to 34 C.F.R. § 300.552(a)(1), Placements, "[i]n determining the educational placement of a child with a disability, each public agency shall ensure the placement decision is made by a group of persons, including the parent, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options."

4. Pursuant to 34 C.F.R. § 300.501(c), Parental Involvement in Placement Decisions, "[e]ach public agency shall ensure the parents of each child with a disability are members of any group that makes decisions on the education placement of their child."

5. Pursuant to 5 D.C.M.R. § 3025, Procedural Safeguards—Prior Written Notice, DCPS shall provide written notice to the parent of a child with a disability before it proposes...an educational placement of the child.

6. Pursuant to 34 C.F.R. § 300.350(a) (1), IEP Accountability, "each public agency must provide special education and related services to a child with a disability in accordance with the child's IEP."

7. DCPS complied with these cited IDEIA obligations because R.W.'s 08/11/05 IEP provides special education and related services based on his unique educational needs known to his BLMDT through, inter alia, his assessment results, progress reports, his grandmother, education advocate, and other BLMDT members who also developed his IEP and agreed on a part-time program and placement setting to implement it.

8. R.W.s 08/11/05 IEP, that his grandmother and education advocate participated in its development, calls for him to receive these 11-hours of services as a SLD student:

        a.     Specialized Instruction     10-hours/week, and
        b.     Psychological Counseling    1-hour/week.
        (R. at DCPS-13; RW-05.)

9. He receives his IEP called for specialized instruction. And R.W. receives his IEP called for counseling and does not need more counseling according to the credited testimony of his counselor Donna Cherry.

10. R.W.'s SLD disability code is correct based on the unrebutted testimony and assessment report of Dr. Barnes.

11. Dr. Barnes' report states in pertinent part, "Based on lengthy conversations with [R.W.'s] grandmother and reading the social worker's chronological Medicaid forms, R.W.'s condition has improved tremendously and he no longer meets the ED classification. He does meet the qualification for SLD because of the huge disparities between test scores." (R. at DCPS-11.)

12. Pursuant to 34 C.F.R. § 300.500(b) (1), General LRE Requirements, "[e]ach public agency shall ensure that to the maximum extent appropriate, children with disabilities ... are educated with children who are non-disabled."

13. DCPS complied with the LRE requirement because R.W.'s 08/11/05 BLMDT
    determined him eligible as a part-time, 34% out of-general education, special
    education student who needs could be met in a combination general education
    and resource classroom setting. The team considered but rejected a sole
    general education setting, at this time, based on R.W.'s unique needs. So he
    will spend time with his non-disabled peers in a LRE. as required by the
    IDEIA whenever possible. (R. at DCPS-13; RW-05.)

14. And albeit all of R.W.'s present levels of performances are not stated on his
    08/11/05, his present levels of performance were fully discussed at his
    08/11/05 BLMDT/IEP Meeting. There was not one question about his
    performance asked by his parent or advocate that was not answered by his
    BLMDT at that meeting. The student's education advocate acknowledged that
    fact as true. Consequently this claim is an IDEIA procedural violation that did
    not result in a denial of FAPE.

15. Moreover, pursuant to a new provision of the 2004 IDEIA at § 614 (d) (3),
    the school district and parent can agree to amend or modify an IEP, in writing,
    without convening a BLMDT meeting after the annual IEP Meeting for a
    school year. That was never requested by the parent but would be appropriate
    in this case since the parties agree the student's present performance levels
    were fully discussed at his 08/11/05 annual BLMDT Meeting and needed to
    be placed in the IEP.

16. So, too, is the claim that R.W. has not received a Psychiatric Assessment a
    procedural violation that does not result in a denial of FAPE because there
    was no evidence proffered at the due process hearing as to its purpose and
    efficacy on his current special education services.

17. Pursuant to 20 U.S.C. § 1415 (E) (ii) Procedural Issues, "In matters alleging a
    procedural violation, a hearing officer may find that a child did not receive a
    free appropriate public education only if the procedural inadequacies—the

    (I.)    impeded the child's right to a free appropriate public
            education;

    (II.)   significantly impeded the parents' opportunity to
            participate in the decision making process regarding the
            provisions of a free appropriate public education to the
            parent's child; or

    (III.)  caused a deprivation of educational benefits."

18. The hearing officer does not find that any of the procedural violations alleged
    meet any one of the requirements in 20 U.S.C. § 1415 (E) (ii).

10

19. Pursuant to 5 D.C.M.R. § 3030.3, "DCPS bears the burden of proof, based solely on the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student."

20. DCPS met its burden in this case because its action, developing and implement an appropriate IEP for the 2005-06 school year, is adequate to meet the needs of the student.

Therefore, in consideration of the record evidence, the hearing officer finds that DCPS did not deny R.W. a FAPE, and issues this:

## ORDER

DCPS shall .................................................

1. Perform the following assessment on R.W. within 20-calendar days of this Order's issue date:

   a. Psychiatric.

2. Fund, at public expense, pursuant to the costs guidelines in the March 20, 2002 DCPS Office of Superintendent Directive Number 530.6, or at prevailing market rate if not covered by the costs guidelines this independent assessment if DCPS fails to comply with paragraph one:

   a. Psychiatric.

3. Reconvene R.W.'s BLMDT/IEP/Placement Meeting at Shaw JHS within 10-school days after DCPS completes the ordered assessments or after the Shaw JHS Special Education Coordinator receives from the parent R.W.'s independent assessment results along with three proposed meeting dates, for this purpose:

   a. To review and discuss R.W.'s assessment report to determine if he is still eligible for special education services;

   b. To determine if any additional assessments are necessary to determine his continued eligibility and if so, either perform them or fund independent assessments;

   c. To revise his IEP, if necessary, based on the evaluation review; and

   d. To discuss and decide placement; and issue R. W.'s Prior Written Notice of Change in Placement, if necessary (PNCOP) for school year 2005-06, as follows:

11

    (i)     Issue the PNCOP within 5-school days of the BLMDT
               Meeting if to a public placement; and

    (ii)    Issue the PNCOP within 30-calendar days of the BLMDT
               Meeting if to a non-public placement.

4. Issue R.W.'s Notice of Ineligibility if his BLMDT decides he is now ineligible
for special education services.

5. Schedule all meetings at a mutually agreeable time through the parent and her
counsel. And provide counsel a copy of the meeting notice by facsimile at
(202) 742-2098.

6. There is no finding R.W. was denied a FAPE.

7. The 45-day time limit, from filing the Due Process Hearing Request to its
disposition—receipt of the final Hearing Officer's Decision (HOD), pursuant
34 C.F.R. § 300.511(a) (1), was waived, and the time for disposition was
extended in accord with a previous Order, to accommodate the continuance
required; and its date and time agreed to by the parties to complete the witness
testimony while the student was enrolled in an appropriate placement.

8. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts
of the parent, student, student-advocate, student's attorney or because of an
unscheduled school closing shall extend DCPS' performance timelines
established in this Order by one day for each day of delay.

9. This Order resolved all issues raised in the student's 08/17/05 Due Process
Hearing Request that is dismissed, with prejudice; and the hearing officer
made no additional findings.

       **This is THE FINAL ADMINISTRATIVE DECISION. An Appeal can be
made to a court of competent jurisdiction within ninety (90) days of this Order's
issue date.**

                             **Frederick E. Woods**            12/1/05
                             **Hearing Officer**             **Date**

Issued:    **12 - 02 - 05**
       **Student Hearing Office, DCPS**

                      12

# District of Columbia Public Schools

### State Enforcement & Investigation Division

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| R. W. | ) | |
|     Petitioner, | ) | **IMPARTIAL** |
|     vs. | ) | **DUE PROCESS HEARING** |
| | ) | |
| The District of Columbia Public Schools, | ) | |
| Shaw Junior High School | ) | |
|     Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 et seq.

Case Information:    Hearing Request Date: August 17, 2005
Hearing Dates: October 17 & November 18, 2005
Held at:   825 North Capitol Street, N.E.
Eighth Floor
Washington, D.C. 20002
SETS Case Number: _____
Student's Birth Date: March 25, 1990
Attending School: Shaw Junior High School
Managing School: Shaw Junior High School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the student's SHO file are either the original or true copy of the original documents submitted in this matter.

Executed this ___1 St___ day of ___December___, 2005.

_____
Due Process Hearing Officer

13

Re: MATTER OF
**R.W. v. DCPS, SHAW JUNIOR HIGH SCHOOL**

# RECORD OF PROCEEDINGS

## DATE:          DESCRIPTION:

| | |
|---|---|
| 08/17/05 | **Due Process Hearing Request Filed by Parents** |
| 09/16/05 | **Notice of Due Process Hearing Date Sent to Parties** |
| 10/17/05 | **Due Process Hearing Convened; Completed; Audio Taped in—HR # 4, Start Time 1:35 p.m. – End Time 3:20 p.m.; and the Cases was Continued.** |
| 10/27/05 | **Hearing Officer's Decision Filed with the SHO** |
| 10/27/05 | **Hearing Officer's Decision Issued by the SHO** |
| 11/18/05 | **Due Process Hearing Convened; Completed; Audio Taped in—HR # 4, Start Time 1:30 p.m. – End Time 4:30 p.m.** |
| 12/01/05 | **Hearing Officer's Decision Filed with the SHO** |
| 12/02/05 | **Hearing Officer's Decision Issued by the SHO** |

**Frederick E. Woods**
**Due Process Hearing Officer**

12 | 1 | 05
**Date**

14

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9ᵗʰ Floor
Washington, DC  20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:  JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:  JAMES E. BROWN
   Federal Tax ID No.:  52-1500760
   D.C. Bar No.:  61622

2. **Student Information**
   Name:  Robert West
   DOB:  3/25/90
   Date of Determination (HOD/SA):  12/2/05
   Parent/Guardian Name:  Terry Johnson
   Parent/Guardian Address:  737 Irving St., NW, WDC 20020
   Current School:  Shaw JHS
   Home School:  Shaw JHS

3. **Invoice Information**
   Invoice Number:  06-021
   Date Request Submitted:  1/12/06
   Date(s) Services Rendered  10/24/05 to 12/29/05
   Amount of Payment Request  $ 4,698.58

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          January 12, 2006
Signature                                                          Date

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Robert West
737 Irvin Street, NW
Washington DC 20010

January 09, 2006
In Reference To:    Robert West
                    DOB: 3/25/90
                    School"

Invoice #11183

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/24/2005 | YA | Tickled deadline for five day disclosure | 0.17 110.00/hr | 18.70 |
| | YA | Drafted letter to parent re, Hearing Date Notice | 0.58 110.00/hr | 63.80 |
| 10/27/2005 | MM | File review and developed monthly case status report and update regarding last parent communication and school communication and documented next thing to be done in case. | 0.58 185.00/hr | 107.30 |
| 10/28/2005 | RG | Conference with parent and calls to mentor and family worker and draft memo to file | 0.75 365.00/hr | 273.75 |
| 11/1/2005 | YA | Drafted letter to parent re, detailed Hearing Officer | 0.58 110.00/hr | 63.80 |
| | YA | Tickled Deadline for Hearing Officer's Determination | 0.17 110.00/hr | 18.70 |
| 11/2/2005 | YA | Assist attorney with letter to DCPS | 0.33 110.00/hr | 36.30 |
| 11/7/2005 | MM | Prepared for Due Process Hearing | 1.50 185.00/hr | 277.50 |
| 11/8/2005 | MM | File review and developed monthly case status report | 0.33 185.00/hr | 61.05 |

Robert West                                                                     Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/8/2005 | MM | Reviewed hod dated 10/28/05 | 0.25<br>185.00/hr | 46.25 |
| 11/9/2005 | YA | sent deadline notice to attorney and advocate re, psychiatric | 0.17<br>110.00/hr | 18.70 |
| 11/11/2005 | MM | File review and developed  monthly case status report | 0.42<br>185.00/hr | 77.70 |
| 11/14/2005 | RG | Conference with parent re: report card and IEP | 0.17<br>365.00/hr | 62.05 |
| 11/17/2005 | RG | Prepared for Due Process Hearing | 1.50<br>365.00/hr | 547.50 |
| 11/18/2005 | RG | Discussion with Pathways School re: upcoming hearing | 0.25<br>365.00/hr | 91.25 |
|  | RG | Appearance to 825 North Capital for due process hearing and pre/post hearing conference with parent | 4.00<br>365.00/hr | 1,460.00 |
|  | MM | Prepared for Due Process Hearing | 0.67<br>185.00/hr | 123.95 |
|  | MM | Appearance to 825 North Capital for due process hearing | 4.00<br>185.00/hr | 740.00 |
| 11/23/2005 | MM | File review and developed  monthly case status report and developed a status report and documented the  most recent information and devleopments on the case. | 0.33<br>185.00/hr | 61.05 |
| 12/6/2005 | YA | Drafted letter to parent re, detailed Hearing Officer's Determination | 0.58<br>110.00/hr | 63.80 |
|  | RG | Telephone call from DCPS staff Ms Pitman | 0.17<br>365.00/hr | 62.05 |
| 12/7/2005 | MM | Reviewed information for mdt | 0.75<br>185.00/hr | 138.75 |
| 12/19/2005 | MM | Reviewed hod dated 12/7/05 | 0.25<br>185.00/hr | 46.25 |
| 12/20/2005 | MM | Conference with parent | 0.17<br>185.00/hr | 31.45 |
| 12/29/2005 | MM | File review and developed  monthly case status report and documented most recent communication between the school parent and myself | 0.25<br>185.00/hr | 46.25 |
|  |  | For professional services rendered | 18.92 | $4,537.90 |

Robert West                                                                    Page      3

      Additional Charges :

                                                                        __Amount__

| Date | Description | Amount |
|---|---|---|
| 10/24/2005 | Copied: HND letter for parent and advocate. | 1.00 |
| | Postage; letter to parent re: HDN. | 0.37 |
| 11/1/2005 | Copied documents; HOD to parent | 0.50 |
| | Copied documents; letter to parent | 0.50 |
| 11/2/2005 | Postage; letter to parent re: HOD. | 0.60 |
| | Copied documents; HOD | 2.00 |
| 11/3/2005 | Copied documents; HOD | 7.00 |
| | Facsimile Received from DCPS; HOD | 7.00 |
| 12/2/2005 | Facsimile Received from DCPS; HOD | 15.00 |
| | Copied documents; HOD | 15.00 |
| 12/6/2005 | Copied: HOD letter for parent, adv, atty and file. | 14.00 |
| | Postage; letter to parent re: HOD. | 0.83 |
| 12/29/2005 | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $160.68 |
| | Total amount of this bill | $4,698.58 |



**District of Columbia Public Schools**
**OFFICE OF THE GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | |
|---|---|---|---|
| **Attorney Firm** | James E. Brown & Associates, PLLC | **Dates of Service** | 10/24/2005 to 12/29/2005 |
| **Studen** | Robert      West | **OGC Control** | 4342 |
| **Date Received** | 1/12/2006 | **HOD Docket Nu** | |
| **HOD DATE** | 12/2/2005 | **Attorney Invoice** | 06-021 |
| **Funding Fiscal Year:** | 2006 | | |

1) **Application Review**

   a) **Application complete**     Y
      **Certification Signed**     Y
   b) **HOD/SA Attached**     Y

2) Allocation of invoice

| | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $4,537.90 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $160.68 | $0.00 |
| **TOTALS** | $4,698.58 | $0.00 |

| | |
|---|---|
| Amount Approved Before Partial Paymen | $0.00 |
| Partial Payment | $0.00 |
| Total Amount Approved | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

| Attorney Firm | James E. Brown & As | | | HOD Date | | | 12/2/2005 | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Student** | Robert | West | | **Attorney Fee Cap Amount** | | | $4,000.00 | | | |

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4342 | | Cost | | No Denial of FAPE | $160.68 | 1 | $160.68 | $0.00 | 0 | $0.00 | 1 | $160.68 |
| 4342 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 4342 | 10/24/2005 12/29/2005 | Fee | | No Denial of FAPE | $4,537. | 1 | $4,537.90 | $0.00 | 0 | $0.00 | 1 | $4,537.90 |

| **Totals** | | | | | $4,698.58 | | | $0.00 | | | | $4,698.58 |

**Attorney Charges**

| Invoiced Attorney Fee Amount | $4,537.90 |
|---|---|
| Disputed Attorney Fee Amount | $4,537.90 |
| Pre-Cap Approved Attorney Fee Amoun | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 |
| Approved Attorney Fees | $0.00 |

**Expert/Advocate Charge**

| Total Invoiced Expert Charges | $0.00 |
|---|---|
| Disputed Expert Fee | $0.00 |
| Approved Expert Fee | $0.00 |

**Attorney Expenses**

| Invoiced Attorney Expenses | $160.68 |
|---|---|
| Disputed Attorney Expenses | $160.68 |
| Approved Expense | $0.00 |

| Approved Invoice Prior to Prepayment | $0.00 |
|---|---|
| Partial Payment: | $0.00 |
| Total Invoice Approve | $0.00 |