# EXHIBIT 21

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  **INFORMATION ABOUT THE STUDENT:**

Name of the Student:   Kayron Williams   Date of Birth:  December 6th,, 1992

Address:  1440 Eastern Avenue, NE, Washington, DC 20019

Present School of Attendance:   Brown Middle School

Is this a charter school? ___No___    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ___Ms. Jeanette Williams___

## B.    Legal Representative/Attorney (if applicable):

Name: ___Roxanne Neloms, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐Non-public    school    or    residential    treatment    facility    (name) _____

☐Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting.

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I. Nature of the Problem.

1. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Expressed Written Terms of the Settlement Agreement of May 24th, 2005 and Reconvene the Student's MDT/IEP Meeting to do, *Inter Alia,* Discuss and Determine Placement. An administrative due process hearing was scheduled to take place for the student on or about May 24th, 2005 at 3:00 P.M. Prior to the hearing,

counsel for the parent and counsel for the District of Columbia Public Schools ("DCPS") entered into a settlement agreement whereby DCPS agreed to do, *inter alia*, "DCPS agrees to make referrals in accordance with [the] Hearing Officer's determination of November 2004, and upon receipt of two responses, whether favorable or unfavorable convene an MDT/IEP meeting to discuss and determine placement." See Settlement Agreement dated May 24th, 2005.

Counsel for the parent, on or about August 14th, wrote to the Acting Director of the DCPS Office of Mediation and Compliance informing them that the student was accepted into both the Rock Creek Academy and the Pathways School. See Correspondence dated August 14th, 2005. Counsel for the parent further requested that somebody contact him in writing, via facsimile, to schedule the student's MDT/IEP Meeting within ten (10) business days. Id. Unfortunately, DCPS never responded.

Counsel for the parent, on or about August 22nd, 2005, wrote to the DCPS Office of Mediation and Compliance for a second time, informing them that DCPS had yet to take any steps to comply with the settlement agreement of May 24th, 2005. See Correspondence dated August 22nd, 2005. Counsel for the parent further informed DCPS that the parent intended to file an administrative due process hearing complaint as a result of DCPS' failure to comply with the May 24th, 2005 settlement agreement. Id. Unfortunately, this second letter by the parent's counsel generated no response either. To date, DCPS has yet to make any attempts to comply with the expressed written terms of the May 24th, 2005 settlement agreement. DCPS' failure to comply with the expressed written terms of the settlement agreement to do, *inter alia*, reconvene the student's MDT/IEP Meeting to revise the student's IEP as necessary, and discuss placement and compensatory education, amounts to a denial of a Free and Appropriate Public Education.

2. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 614 and Have the Student Placed in an Appropriate Special Education Program. The student is eligible to receive special education and its related services from DCPS as a result of his special education needs. At the student's most recent Individualized Educational Program Meeting the MDT Team reiterated its position once again that the student requires placement in a full-time special education program. The student's current placement, Brown Middle School, since the beginning of the 2004-2005 School Year has been unable to implement the student's IEP. Indeed, the student, while awaiting placement in an appropriate special education program, since the start of the 2004-2005 school year has regressed academically and behaviorally. According to the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 614, it is DCPS' duty to have the student placed in an appropriate special education program. To date, DCPS has yet to do this. DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 614 and have the student placed in an appropriate special education program amounts to a denial of a Free and Appropriate Public Education.

## II. Issues presented.

1. Whether or not DCPS denied the student a Free and Appropriate Public Education by failing to comply with the expressed written terms of the July 12th,

3

2005 settlement agreement and reconvene the student's MDT/IEP Meeting to do, among other things, revise the student's IEP as necessary, discuss placement, and discuss compensatory education.

2.  Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 614 and Have the Student Placed in an Appropriate Special Education Program.

## IV.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, pursuant to the Conciliation Agreement entered into on May 12th, 1981 between the U.S. Department of Education and the District of Columbia Public Schools, hereby requests the following relief:

1.  A finding that DCPS denied the student a Free and Appropriate Public Education by failing to comply with the expressed written terms of the May 24th, 2005 settlement agreement and reconvene the student's MDT/IEP Meeting to do, among other things, discuss and determine placement for the student;

2.  A finding that DCPS denied the student a Free and Appropriate Public Education by failing to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 614 and Have the Student Placed in an Appropriate Special Education Program;

3.  DCPS, agrees to place and fund the student at the Pathways School Hyattsville Campus, with transportation,

4.  DCPS, within five (5) business days, agrees to reconvene the student's MDT/IEP Meeting to review all outstanding evaluations to develop an appropriate IEP;

5.  DCPS agrees to fund three (3) years of compensatory education services for the student;

6.  All meetings shall be scheduled through counsel for the parent, Roxanne Neloms, Esq. or Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

7.  DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

8.  Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9.  In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational

4

program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities</u>, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

11. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

13. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

14. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all

5

necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

17. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

18. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please                    specify                    the type)_____
- Special          Communication          (please          describe          the type)_____
- Special          Accommodations          for          Disability          (please          be specific)_____
- Other_____

## H.    Signature:

Roxanne Nelams (DM)          8/29/05
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

```
                 ***********************
                 ***   TX REPORT   ***
                 ***********************


  TRANSMISSION OK

  TX/RX NO            0833
  CONNECTION TEL                    92024425556
  CONNECTION ID
  ST. TIME            08/29 18:26
  USAGE T             01'01
  PGS. SENT               7
  RESULT              OK
```

# James E. Brown & Associates, PLLC

*A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Nelon |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McK  ight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia On.

# FAX COVER SHEET

TO:    Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE:  August 29th, 2005

FAX NO: 202-442-5556

SUBJECT: K.W., DOB: 12/6/92

NUMBER OF PAGES INCLUDING COVER SHEET: 7

COMMENTS: Administrative due process hearing request. Thank you for your assistance.

## STATEMENT OF CONFIDENTIALITY:

The information contained in this electronic message and any attachments to this message are intended for the exclusive use o  :he addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James I  Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# District of Columbia Public Schools

## State Enforcement and Investigation Division
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL** |
| ) | **DUE PROCESS HEARING** |
| **KAYRON WILLIAMS**, student ) | |
| Date of Birth:  December 6, 1992 ) | |
| ) | **DECISION AND ORDER** |
| Petitioner, ) | |
| ) | |
| versus ) | Request Date:  August 30, 2005 |
| ) | Hearing Date:  October 25, 2005 |
| **The District of Columbia Public Schools,** ) | |
| Home School: R. Brown Middle School, ) | Held at: 825 North Capitol Street, NE |
| Attending: R. Brown Middle School, ) | Eighth Floor, Hearing Room 1 |
| ) | Washington, D.C. 20002 |
| Respondent. ) | |
| ) | |

| | |
|---|---|
| **Parent:** | Jeanette Williams |
| | 1440 Eastern Avenue, NE |
| | Washington, D.C. 20019 |
| **Counsel for the Parent/Student:** | Christopher L. West, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220  L  Street, NW    Suite 700 |
| | Washington, D.C. 20005 |
| **District of Columbia Public Schools:** | Lyana G. Palmer, Esq., Attorney-Advisor |
| | **Office of the General Counsel, DCPS** |
| | 825 North Capitol Street, NE  9th Floor |
| | Washington, D.C. 20002 |

An <u>INDEX of NAMES</u> is attached hereto for the benefit of the parties.  The index will permit the parties to identify specific witnesses and other relevant witnesses.  The index will be detached before release of this <u>DECISION & ORDER</u> as a public record.

i

# **INDEX of NAMES** for **Kayron Williams**

**Hearing Date:** October 25, 2005

Appearing on behalf of DCPS:  None.

Appearing on behalf of the parent/student:

      1.  Jeanette Williams, mother
      2.  Domiento C.R. Hill, Esq., educational consultant  *

Gave testimony.

ii

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On August 30, 2005, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure on the part of DCPS to issue a timely Notice of Placement for the student as agreed on May 24, 2005 and, for relief, requested a private placement and compensatory education.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 3:00 P.M., Tuesday, October 25, 2005 at DCPS Headquarters, 825 North Capitol Street, NE  8th Floor, Hearing Room 1, Washington, D.C. 20002. The hearing convened as scheduled.

By facsimile dated October 18, 2005, DCPS disclosed 8 witnesses and 4 documents.

By facsimile dated October 18, 2005, the parent disclosed 14 witnesses and 42 documents.

The documents were placed into the record and are referenced/footnoted herein where relevant.

At the hearing, the Attorney-Advisor disclosed DCPS Document No 5, a Notice of Placement for the student at Pathways School dated October 25, 2005 and moved for a DISMISSAL; that compensatory education could be discussed and determined at the next MDT meeting. The motion was taken under advisement.

Counsel for the Parent pointed to the May 24, 2005 SETTLEMENT AGREEMENT and argued that DCPS was in breach of paragraph 4.

The Educational Consultant testified that he negotiated the May 24, 2005 SETTLEMENT AGREEMENT and that he and the concerned attorney-advisor agreed to have an MDT meeting after DCPS received replies from private schools but that they did not specify a timeline for the meeting; that the timeline in the agreement should be understood as being a reasonable one.

The hearing officer determined that DCPS did not agree to a timeline for the issuance of a Notice of Placement for the student in the May 24, 2005 SETTLEMENT AGREEMENT and, consequently, did not breach the agreement; further, that paragraph 9 of the said agreement merged all then existing claims against DCPS into the agreement.

In consideration of the testimony, documents and arguments herein, the hearing officer DENIED the DCPS motion for a DISMISSAL and made the following

## ORDER

1. DCPS is the prevailing party.

1 of 2 pages

2. At the next regularly scheduled MDT meeting for the student to which DCPS shall be invited, the form, amount and delivery of compensatory education, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

This is **THE FINAL ADMINISTRATIVE DECISION.** Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.

_____    Date: _____
H. St. Clair, Esq., Hearing Officer

Issued: ___11/1/05___
Student Hearing Office, DCPS

2 of 2 pages



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney: JAMES E. BROWN
    Federal Tax ID No.: 52-1500760
    D.C. Bar No.: 61622

2.  **Student Information**
    Name: Kayron Williams
    DOB: 12/6/92
    Date of Determination (HOD/SA): 11/1/05
    Parent/Guardian Name: Jeanette Williams
    Parent/Guardian Address: 1440 Eastern Ave., NE, WDC 20019
    Current School: R.Brown MS
    Home School: R. Brown MS

3.  **Invoice Information**
    Invoice Number: 05-544
    Date Request Submitted: 12/5/05
    Date(s) Services Rendered: 5/26/05 to 10/25/05
    Amount of Payment Request: $ 5,727.87

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses
  represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees,
  costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2)
  will benefit from any monies paid as a result of the submission of the enclosed invoice, has a
  pecuniary interest, either through an attorney, officer or employee of the firm, in any special
  education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is
  punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____                    December 5, 2005
Signature                                          Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Williams, Kayro

November 13, 2005
In Reference To:    Williams, Kayro

Invoice #11092

Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 5/26/2005 KD | Drafted letter to parent/enclosed copy of 5-24-05 SA/copy to advc and file/added to case notes/posted deadline issues to Outlook Calendar | 0.50 105.00/hr | 52.50 |
| 6/13/2005 DD | Reviewed file and evaluations and SA to determine case status. | 0.25 175.00/hr | 43.75 |
| 8/14/2005 DH | Draft and send letter to the DCPS Office of Mediation and Compliance requesting that they please comply with the expressed written terms of the settlement agreement and that the parent's intends to file an administrative due process hearing request as a result of DCPS' noncompliance. | 0.25 350.00/hr | 87.50 |
| 8/17/2005 KD | Drafted letter to parent/enclosed copy of Atty's 8-14-05 Ltr to DCPS rqstng MDT/copy to advc and file/added to case notes | 0.33 105.00/hr | 34.65 |
| 8/25/2005 DH | Discussion with the mother regarding the student's case. | 0.08 350.00/hr | 28.00 |
| 8/29/2005 DH | Review the student's evaluations to determine whether or not DCPS denied the student FAPE by failing to comply with the expressed written terms of the settlement agreement or order, draft administrative due process hearing complaint and take to Ms. Neloms' for her review. | 2.00 350.00/hr | 700.00 |
| RN | Review the student's administrative due process hearing complaint. | 0.33 350.00/hr | 115.50 |
| 8/31/2005 KD | Drafted letter to parent/enclosed copy of Atty's 8-22-05 Ltr to DCPS re HR to be filed. | 0.42 105.00/hr | 44.10 |

Williams, Kayro                                                                    Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/31/2005 KD | Drafted letter to parent/enclosed copy of HR-Complaint/copy to advc and file. | | 0.42<br>105.00/hr | 44.10 |
| 9/2/2005 DD | Reviewed the due process complaint file againt DCPS. | | 0.25<br>175.00/hr | 43.75 |
| 9/13/2005 KD | Phone call to parent re HR filed | | 0.08<br>105.00/hr | 8.40 |
| 9/22/2005 RN | Review Motion for Default Judgment. | | 0.08<br>350.00/hr | 28.00 |
| DH | Draft and send letter to DCPS informing them that there has been no resolution session meeting held. | | 0.25<br>350.00/hr | 87.50 |
| DH | Draft Motion for Default Judgment. | | 0.25<br>350.00/hr | 87.50 |
| 9/26/2005 KD | Drafted letter to parent/enclosed copy of Atty's 9-22-05 Ltr to DCPS rqstng hearing/copy to advc and file. | | 0.33<br>105.00/hr | 34.65 |
| KD | Drafted letter to parent/enclosed copy of Atty's 9-22-05 Ltr to Brown MS re MDT/copy to advc and file. | | 0.42<br>105.00/hr | 44.10 |
| 9/28/2005 KD | Drafted letter to parent/enclosed copy of HN/copy to advc and file/added to case notes. | | 0.50<br>105.00/hr | 52.50 |
| 10/6/2005 DH | Draft and send letter to special education coordinator at Ronald Brown Middle School. | | 0.17<br>350.00/hr | 59.50 |
| 10/13/2005 KD | Drafted letter to parent/enclosed copy of Atty's 10-5-05 Ltr to Brown MS re Res Mtng. | | 0.33<br>105.00/hr | 34.65 |
| 10/18/2005 CW | Review the student's five-day disclosures prepared by Mr. Hill. | | 0.33<br>350.00/hr | 115.50 |
| DH | Review the student's educational file, prepare five-day disclosures | | 2.00<br>350.00/hr | 700.00 |
| WB | Assisted attorney to prepare disclosure to DCPS | | 2.00<br>105.00/hr | 210.00 |
| WB | Conference with parent re: case status and upcoming hearing on 10/25/05 | | 0.17<br>105.00/hr | 17.85 |
| 10/24/2005 CW | Reviewed request for hearing, psychoeducational evaluation, and report cards in preparation for hearing; teleconference with guardian and reviewed witness questions in preparation for hearing; discussed placement options with guardian in preparation for hearing | | 1.17<br>350.00/hr | 409.50 |

Williams, Kayro                                                                                  Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/25/2005 | DH | Prepare for the student's administrative due process hearing. | 2.00 350.00/hr | 700.00 |
|  | CW | Appear at the student's administrative due process hearing. | 2.00 350.00/hr | 700.00 |
|  | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Officer St. Clair | 2.50 350.00/hr | 875.00 |
|  |  | For professional services rendered | 19.41 | $5,358.50 |

Additional Charges :

| | | |
|---|---|---|
| 5/26/2005 | Postage;  SA and withdrawal of HR letter to parent | 0.37 |
| | Copied documents- 5-24-05 Sa and withdrawal of Hr w/Cvr Ltr | 3.00 |
| 6/6/2005 | Postage; letter to parent | 0.37 |
| 6/30/2005 | Copied: Activity for file "B". | 2.75 |
| 8/15/2005 | Facsimile letter to OMC | 9.00 |
| 8/17/2005 | Copied: MDT meeting request for parent and advocate. | 5.00 |
| | Postage; letter to parent re: MDT request. | 0.60 |
| 8/22/2005 | Facsimile(OMC-letter) | 4.00 |
| 8/29/2005 | Facsimile: HR to SHO. | 2.00 |
| 8/31/2005 | Copied: HR to be filed and HR-complaint for parent and advocate. | 6.00 |
| | Postage; letter to parent re: HR complaint. | 0.83 |
| 9/22/2005 | Facsimile motion for default to OGC/SHO | 6.00 |
| | Facsimile letter to SHO | 2.00 |
| | Facsimile letter to Brown MS | 2.00 |
| 9/26/2005 | Postage; letter to parent re: HR and MDT. | 0.60 |
| | Copied: MDT mtg. for parent and advocate. HR. | 3.00 |
| 9/28/2005 | Copied: HN for parent and advocate. | 1.00 |
| | Postage; letter to parent re: HN. | 0.37 |
| 10/13/2005 | Postage; letter to parent re: resolution meeting. | 0.60 |

Williams, Kayro                                                                    Page      4

|  |  | Amount |
|---|---|---|
| 10/13/2005 | Copied: letter to school for parent and advocate. | 2.50 |
| 10/18/2005 | Copied documents; disclosures | 168.50 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 10/25/2005 | Facsimile: IEP and evaluations to Pathways. | 21.00 |
|  | Taxi service from DCPS for hearing | 11.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $369.37 |
|  | Total amount of this bill | $5,727.87 |

DCPS previld



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | | |
|---|---|---|---|---|
| Attorney Firm | James E. Brown & Associntes, PLLC | | Dates of Service | 5/26/2005 to 10/25/2005 |
| Student | Kayron    Williams | | OGC Control | 4179 |
| Date Received | 12/5/2005 | | HOD Docket Num | |
| HOD DATE | 11/1/2005 | | Attorney Invoice | 05-544 |
| Funding Fiscal Year: | 2006 | | | |

1) Application Review

  a)  Application complete      Y
  b)  Certification Signed      Y
  c)  HOD/SA Attached      Y

2) Allocation of invoice

| | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $5,358.50 | ($369.37) |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $369.37 | $369.37 |
| TOTALS | $5,727.87 | $0.00 |

| | |
|---|---|
| Amount Approved Before Partial Payment | $0.00 |
| Partial Payment | $0.00 |
| Total Amount Approved | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

| Attorney Firm: | James E. Brown & A | | | | HOD Date: | | 11/1/2005 | | | | |

| Student: | | Kayron | Williams | | Attorney Fee Cap Amount: | | $4,000.00 | | | | |

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4179 | | Cost | | | $0.00 | 1 | $0.00 | $0.00 | 0 | $0.00 | 1 | $0.00 |
| 4179 | | Expert/ Advocat | | | $0.00 | 1 | $0.00 | $0.00 | 0 | $0.00 | 1 | $0.00 |
| 4179 | 8/30/2005 | Fee | No Denial of FAPE | | $5,727. | 1 | $5,727.87 | $0.00 | 0 | $0.00 | 1 | $5,727.87 |

| Totals | | | | | $5,727.87 | | | | | $0.00 | | $5,727.87 |

| Attorney Charges | | Expert/Advocate Charges | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $5,358.50 | Total Invoiced Expert Charges: | $0.00 |
| Disputed Attorney Fee Amount | $5,727.87 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | ($369.37) | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | Attorney Expenses | |
| Approved Attorney Fees | ($369.37) | Invoiced Attorney Expenses | $369.37 |
| | | Disputed Attorney Expenses | $0.00 |
| Approved Invoice Prior to Prepayments | $0.00 | Approved Expenses | $369.37 |
| Partial Payment: | $0.00 | | |
| Total Invoice Approved | $0.00 | | |