# EXHIBIT 22

**STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA**
**REQUEST FOR MEDIATION/HEARING**

➢ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**

➢ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

____ I REQUEST MEDIATION ____ I REQUEST MEDIATION AND A HEARING _X__ I REQUEST A HEARING

## STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: Shaniqua Young                   DOB: 1/25/92

Address: 2000 Savannah Terrace S.E., Apt. J, Washington, D.C. 20029

Johnson Junior High School          Johnson Junior School
Present School of Attendance:        Home School:
                                     (Neighborhood school where child is registered)

## COMPLAINT IS MADE AGAINST:                    DCPS
                              DCPS and/or D.C. Public Charter School-specify charter school

## INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name: George Marshal & Barbara Young
Address: 2000 Savannah Terrace S.E., Apt. J, Washington, D.C. 20029
Phone: (H) (202) 896-0500 (W) (202) 879-3363        (Fax)

Relationship to Student: _X__ Parent ___ Self ___Legal Guardian ___ Parent Surrogate ___ Public Agency

## PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: Roberta L. Gambale, Esq._ Phone: (W) 202-742-2000 (Fax) 202-742-2098

Address: 1220 L Street, NW, Suite 700, Washington, DC 20005

You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you

Form 101                                                      02/01/2003

represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:  July 5, 2005 _____  July 6, 2005 _____  July 7, 2005 _____

Mediation: _____  _____  _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

        Interpreter
        _Foreign Language _____
        ___ Sign Language _____
        ___ Other _____

Special Communications _____
Special Accommodation for Disability _____
Other _____

**3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:**
(You may attach additional pages to provide more information if needed.)

Describe the nature of the problem:

### Violation of a Settlement Agreement

District of Columbia Public School's ("DCPS") failed to comply with the terms of a Settlement Agreement executed on behalf of Shaniqua Young, DOB: 1/25/92, on or about May 12, 2005. Pursuant to the terms of the agreement, DCPS was supposed to convene a meeting a meeting within thirty (30) calendar days and conduct evaluations by the end of the school year. A meeting has not been held and/or evaluations have not been completed. A meeting should have taken place by June 13, 2005. Parent through counsel provided timely notice of the violation to DCPS.

  DCPS proposed a meeting date of June 20, 2005 at 1:30 pm parent/advocate proposed that the meeting go forward at 2:00 pm on June 20th instead of 1:30 pm due to a prior engagement. The school refused to accommodate the slight change. (See 6/16/05 Correspondence). According to the special education coordinator for Johnson Junior High School, she had to be at another meeting at 2:00 p.m. This certainly would not have left sufficient time to address Shaniqua's needs.

Furthermore, DCPS refused to go forward on any of the proposed alternate dates that were provided by the parent nor would and/or did they propose any alternate dates.

Parent was willing to waive the SEP meeting provided that DCPS agreed to conduct the speech and language, psycho-educational and social history right away and address the need for a clinical at the review meeting but they were unwilling to do this as well.

Parent initially requested a clinical evaluation due to frequent fights and conflicts with peers. The mother describes Shaniqua as being out of control emotionally. As a result of these conflicts, Shaniqua has been unable to focus in class and/or has missed school. This is impact ting her academically.

Due to DCPS's refusal to either do the testing needed and/or convene a meeting at a mutually agreeable time, we are at a standstill for this student. As a result, she has been denied a FAPE.

### Iinappropriate IEP ( 5/20/02)

District of Columbia Public School's ("DCPS") failed to develop an appropriate Individualized Educational Program ("IEP") for Shaniqua Young, DOB: 1/25/92, on or about May 20, 2002. The IEP was inappropriate for reasons to include but not limited to: 1) the present levels of performance information was incomplete in that no information about cognitive functioning was provided and/or the information regarding speech and language functioning, her area of disability, was not complete and/or lacked information about her expressive and/or receptive scores; 2) the IEP lacked a BIP; 3) the single goal provided was not measurable; and/or 4) the

accommodations provided in academic areas were insufficient in light of the impact that Shaniqua's disability in the classroom. (See: 34 C.F.R. Section 300.347; 300.346; 300.300)

According to Shaniqua's program *"comprehension of oral information remains an area of concern"*. Because Shaniqua is unable to take in information as other student's can she needs accommodations in all classes where oral presentation of information is needed. Provisions should have been made to provide Shaniqua with material presented in a variety of ways such as on the board and in handouts in order to accommodate Shaniqua's disability. This was not done in the May 2002 IEP.

Shaniqua has been denied a free and appropriate public education ("FAPE") and should be entitled to compensatory relief.


## Expired IEP (5/20/02)

District of Columbia Public Schools failed to revise the May 2002 Individualized Educational Program ("IEP") for Shaniqua Young. DOB: 1/25/92 and the IEP expired on or about May 20, 2003. The IEP was not revised despite the fact that there were services recommended for Shaniqua such as instructional assistance in math, counseling and Shaniqua was reported by the Speech Pathologist at the meeting to be performing below level in that area, her area of disability. DCPS, as the public agency, has an obligation to review and revise each disabled student's program at least annually and/or to ensure that a program is in place for each disabled student at the commence of the school year. (See **34 C.F.R. Sections 300.341; 300.342 & 300.343**). As a result, Shaniqua has been denied a FAPE and should be entitled to compensatory relief.

## Failure to implement the IEP and/or provide related services ( 5/29/03 to present)

District of Columbia Public Schools failed to provide Shaniqua Young. DOB: 1/25/92, with related and/or instructional services from May 29, 2003 to present. Services were terminated on or about May 29, 2003, without comprehensive relations as required by 34 C.F.R. Section 300. _. At the meeting, Shaniqua was determined not to be eligible as a Learning Disabled student. However, Shaniqua's disability classification had previously been Speech and Language Impaired. According to the meeting notes: *"Ms Ross, the speech pathologist reported. The child is below standard in some areas"*. The class room teacher also reported areas of concerns in *"lateness, incomplete homework, and lack of friendships"* Services were terminated despite the recommendation of the Multi-disciplinary team that Shaniqua receive services, including counseling 1 x 1 week and/or remediation in math for 1 hour per week. These services were never provided to Shaniqua.


As a result of DCPS's failure to provide services, Shaniqua's academic performance has declined as evidenced by Spring 2004 achievement tests and the most recent progress report and report cards received by the parent in March 2005.

According to the Interim Progress Report, Shaniqua received a grade of F on her Geography Mid-term, and an F in Science. The report also indicates that Shaniqua is performing below average in the academic areas of English and Math and needs improvement and/or additional help. According to Shaniqua's D12/04 Report card, she received a grade of D in English and of F in Math. As a result DCPS's failure to provide services Shaniqua has been denied a FAPE and should be entitled to compensatory relief. (See **34 C.F.R. Sections 300.121; 300.300; 300.304; 300.341**)

### Failure to re-evaluate

District of Columbia Public School's ("DCPS") failed to conduct re-evaluations for Shaniqua Young, DOB: 1/25/92 pursuant to the requirements of the IDEA. DCPS did not appropriately re-evaluate student before terminating services in 2003 as required. (See **34 C.F.R. Sections 300. 534**). Furthermore, DCPS failed to conduct re-evaluations requested by the parent.

On or about February 23, 2005 a written request for re-evaluations was submitted to DCPS requesting that Shaniqua receive comprehensive re-evaluations based upon the parent's concerns and lack of academic progress evidenced by her report cards this school year. To date, DCPS has failed to respond to the parent's request and re-evaluations have not been conducted.

The following evaluations would be appropriate based on past services received and parental/teacher concerns including, but not limited to: 1) psycho-educational evaluation; 2) social history evaluation; 3) speech and language evaluation; 4) clinical evaluation and/or 5) functional behavioral assessment. DCPS has an obligation to re-evaluate the student upon parental request. (See **34 C.F.R. Sections 300.530-536**).

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

- Whether DCPS failed to comply with the 5/12/05 Settlement Agreement?

- Whether the 5/20/02 IEP developed for this student was appropriate and/or conformed to the standards set forth in 34 C.F.R. Section 300.347?

- Whether or not DCPS failed to revise this student's educational program annually and/or as required by the IDEA?

- Whether or not DCPS failed to provide this student with needed and/or recommended educational and/or related services?

- Whether or not DCPS failed to re-evaluate this student pursuant to the requirements of the IDEA?

- Whether DCPS denied the student a FAPE and she should be entitled to compensatory relief?

**Describe relevant facts relating to the problem:**

See facts stated above.

**State how you would like to see the problem corrected**

1. DCPS shall fund independent assessments for this student, to include: 1) psycho-educational evaluation; 2) social history evaluation; 3) speech and language evaluation; 4) clinical evaluation, as well as, any additional evaluations recommended;

2. DCPS shall schedule an MDT meeting within 15 calendar days of the receipt of the last independent evaluation for the purpose of reviewing the evaluations; revising the student's program; and discussing compensatory education and placement;

3. DCPS shall issue a Notice of Placement to an appropriate program within 5 calendar days of the date of the meeting for a public placement and within 30 days for a private placement;

4. The student shall be entitled to compensatory relief for the time period beginning 5/20/02 through the date of the revised IEP and a plan should be developed providing Shaniqua with 1 hour of service for every hour of service that he should have received;

5. DCPS shall send all notices of meetings through counsel for the parent via facsimile on 202-742-2098, with copies to the parent;

6. A final determination shall be issued pursuant to the timelines set forth in the IDEA.

_____          _____June 16, 2005_____
Signature of Applicant/Parent              Date

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002          FAX: (202) 442-5556**

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                          Revised 02/01/2003

(In the Matter of SY DOB 1/25/92  HOD August 1, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Shaniqua Young | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth:  January 25, 1992 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner, | ) | Hearing Date: July 22, 2005 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| | ) | |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: Johnson JHS | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Counsel for Student:                    Roberta Gambale, Esq.
                                        1220 L Street NW  #700
                                        Washington, DC  20005

Counsel for DCPS:                       Karen Jones Herbert, Esq.
                                        Office of General Counsel
                                        825 North Capitol St. NE
                                        Washington, DC  20002

## JURISDICATION:

A Due Process Hearing was convened on July 22, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed June 17, 2005.  The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of SY DOB 1/25/92 HOD August 1, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (SY 1-11 and DCPS 1) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student was at one time eligible for special education and related services and was exited from services. The student attended Johnson Junior High School (Johnson) during the 2004-05 school year in its general education program.

On May 13, 2005, DCPS and the parent's counsel executed a settlement agreement in which DCPS agreed to convene a student evaluation plan (SEP) meeting within thirty (30) days of the date of the agreement. (SY 6)

The parent's educational advocate, Ms. Michelle Moody, faxed a letter to Johnson with proposed dates for the SEP meeting. Eight days later Ms. Vivian Jennings, the special education coordinator at Johnson, sent a letter of invitation to Ms. Moody, with proposed dates different from those proposed by Ms. Moody. (Ms. Moody's testimony)

Ms. Moody responded to Ms. Jennings that she could not make the dates proposed. As a result Ms. Jennings phoned the parent who agreed to meet on June 20, 2005, at 1:30 p.m. Ms. Jennings faxed a copy of the third invitation notice to Ms. Moody with the date and time agreed to by the parent. (Ms. Jennings' testimony)

On June 16, 2005, Ms. Moody indicated that she could not make the meeting at 1:30 but requested that it be convened at 2:00 p.m. (Ms. Moody's testimony)

This time was inconvenient for Ms. Jennings and she did not agree with the change. (Ms. Jennings' testimony)

On June 16, 2005, parent's counsel sent a letter to Johnson's special education coordinator offering to waive the SEP meeting if DCPS agreed to conduct a speech/language, psycho-educational and social history. On June 17, 2005, parent's counsel filed the current hearing request. (SY 4)

## ISSUE(S):

Did DCPS deny the student FAPE by failing to comply with the settlement agreement by timely convening a SEP meeting?

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

2

(In the Matter of SY DOB 1/25/92 HOD August 1, 2005)

## CONTENTIONS OF THE PARTIES:

DCPS counsel indicated that DCPS is willing to conduct the requested evaluations of the student.

The parent's counsel asserted that several attempts were made to schedule the meeting and DCPS simply refused to cooperative.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

Did DCPS deny the student FAPE by failing to comply with the settlement agreement by timely convening a SEP meeting?   Conclusion:  DCPS sustained its burden of proof. DCPS scheduled the SEP meeting and made several attempts to do so.  After parent's counsel made an offer to waive the SEP meeting counsel immediately filed the hearing request.  The Hearing Officer concludes there was good faith effort by DCPS to comply with the settlement agreement and there was not denial of FAPE.

## ORDER:

1. DCPS is the prevailing party in this matter.
2. DCPS shall, within forty-five (45) calendar days of the issuance of this Order conduct the following evaluations of the student: psycho-educational, speech/language, social history and a clinical psychological if recommended by the psycho-educational or social history.
3. DCPS shall, within fifteen (15) school days of completion of the above listed evaluations, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations and determine if the student is eligible for special education services.
4. If the student is determined to be eligible DCPS shall develop an IEP and discuss and determine placement. DCPS shall issue a prior notice of placement within five (5) business days of the MDT meeting if the recommended placement is public and within thirty (30) calendar days of the meeting if a private placement is recommended.
5. All scheduling is to be arranged through parent's counsel.
6. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, her parent and/or representative(s).

3

(In the Matter of SY DOB 1/25/92  HOD August 1, 2005)

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
Hearing Officer
Date: August 1, 2005

Issued:  *8-4-05*

4

(In the Matter of SY DOB 1/25/92 HOD August 1, 2005)

## In the MATTER OF Shaniqua Young V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| SY 1-11 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Witness List | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

5

(In the Matter of SY DOB 1/25/92 HOD August 1, 2005)

## In the MATTER OF Shaniqua Young V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 6/17/05 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 6/22/05 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(In the Matter of SY DOB 1/25/92  HOD August 1, 2005)

# INDEX OF NAMES

## In the MATTER OF Shaniqua Young V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Ms. Vivian Jennings |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| School System's Representative | Karen Jones Herbert, Esq. |
| Parent's Educational Advocate | Ms. Michelle Moody |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(In the Matter of SY   DOB: 1/25/92   HOD: August 1, 2005)

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: August 1, 2005**

Issued: _____

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:              JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:              JAMES E. BROWN
    Federal Tax ID No.:    52-1500760
    D.C. Bar No.:          61622

2.  **Student Information**
    Name:                      Shaniqua Young
    DOB:                       1/25/92
    Date of Determination (HOD/SA):  8/4/05
    Parent/Guardian Name:      Barbara Young & George Marshall
    Parent/Guardian Address:   2000 Savannah Terr., SE, #1, 20020
    Current School:            Johnson JHS
    Home School:               Johnson JHS

3.  **Invoice Information**
    Invoice Number:            05-400
    Date Request Submitted:    8/26/05
    Date(s) Services Rendered: 5/23/05 to 8/11/05
    Amount of Payment Request  $ 4,813.85

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E. Brown_                          August 26, 2005
Signature                                 Date

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Huff, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Shaniqua Young
Barbara Young
2000 Savannah Terrace, SE
Apt# J
Washington DC 20020


August 11, 2005
In Reference To:     Shaniqua Young
                     DOB: 1/25/92
                     School: Johnson JHS

Invoice #10891

        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/23/2005 | MM | Reviewed s/a dated 5/12/05 | 0.33<br>175.00/hr | 57.75 |
| 6/1/2005 | MM | Drafted letter to private school | 0.50<br>175.00/hr | 87.50 |
| 6/3/2005 | MM | Drafted letter to private school | 0.50<br>175.00/hr | 87.50 |
| 6/6/2005 | MM | Drafted letter to private school | 0.50<br>175.00/hr | 87.50 |
| 6/16/2005 | RG | Telephone call from DCPS staff ( sped Coordinator) re: meeting; call to MM; call to parent; review; letters; draft due process hr to address non compliance; | 3.00<br>350.00/hr | 1,050.00 |
|  | MM | Conference with parent | 0.33<br>175.00/hr | 57.75 |
|  | MM | Drafted letter to private school | 0.50<br>175.00/hr | 87.50 |
|  | MM | Drafted letter to private school | 0.50<br>175.00/hr | 87.50 |
| 6/17/2005 | YA | Draft status letter to parent re, Hearing Request | 0.58<br>105.00/hr | 60.90 |

Shaniqua Young                                                                              Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/20/2005 | MM | Reviewed hr dated 6/16/05 | 0.33<br>175.00/hr | 57.75 |
| 6/23/2005 | RG | Reviewed dates and deadlines | 0.17<br>350.00/hr | 59.50 |
|  | YA | Draft status letter to parent re, Hearing Date Notice | 0.58<br>105.00/hr | 60.90 |
| 7/13/2005 | YA | Assist attorney to prepare disclosure for tomorrow | 1.50<br>105.00/hr | 157.50 |
|  | RG | Prepare disclosure to DCPS | 1.00<br>350.00/hr | 350.00 |
| 7/20/2005 | MM | File review and developed  monthly case status report | 0.25<br>175.00/hr | 43.75 |
|  | MM | Conference with parent | 0.33<br>175.00/hr | 57.75 |
| 7/21/2005 | RG | Pre-hearing conference with mom and prep for hearing | 2.00<br>350.00/hr | 700.00 |
|  | MM | File review and developed  monthly case status report and develop a report regarding latest meeting, latest parent and school commuication and present status of student and next thing that needs to be done. | 0.42<br>150.00/hr | 63.00 |
|  | MM | Prepared for Due Process Hearing | 1.50<br>150.00/hr | 225.00 |
| 7/22/2005 | RG | Conference with parent both mom and Dad | 0.67<br>300.00/hr | 201.00 |
|  | RG | Appearance to 825 North Capital for due process hearing | 2.00<br>300.00/hr | 600.00 |
|  | MM | Appearance to 825 North Capital for due process hearing | 2.00<br>150.00/hr | 300.00 |
| 8/5/2005 | YA | Drafted letter to parent re, Hearing Officer's Determination enclosed | 0.58<br>95.00/hr | 55.10 |
|  | YA | Tickled deadline and distribute to advocate, attorney, file and administration | 0.25<br>95.00/hr | 23.75 |
|  |  | For professional services rendered | 20.32 | $4,618.90 |

Shaniqua Young                                                                    Page    3

Additional Charges :

| | | Amount |
|---|---|---|
| 6/17/2005 | Postage; HR letter to parent | 0.60 |
| | Copied: HR letter for parent. | 4.00 |
| | Facsimile HR to SHO | 6.00 |
| 6/24/2005 | Postage; letter to parent | 0.37 |
| | Copied: HDN letter for parent. | 1.00 |
| 7/13/2005 | Copied: Disclosure for SHO, OGC, and attorney. | 47.25 |
| 7/15/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 8/4/2005 | Facsimile Received from DCPS | 9.00 |
| 8/5/2005 | Copied: HOD letter for parent. | 0.25 |
| | Postage; letter to parent re: HOD. | 0.60 |
| | Copied: HOD letter for parent, advocate, attorney, and administration. | 9.00 |
| 8/11/2005 | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $194.95 |
| | Total amount of this bill | $4,813.85 |



District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944
Phone- 202-442-5000, Fax- 202-442-5098

| | | | |
|---|---|---|---|
| Attorney Firm | James E. Brown & Associates, PLLC | Dates of Service | 5/23/2005  1  8/11/2005 |
| Student | Shaniqua   Young | OGC Control | 3410 |
| Date Received | 8/26/2005 | HOD Docket Nu | |
| HOD DATE | 8/4/2005 | Attorney Invoice | 05-400 |
| Funding Fiscal Year: | 2005 | | |

1) Application Review

   a) Application complete       Y
   b) Certification Signed       Y
   c) HOD/SA Attached       Y

2) Allocation of invoice

| | Invoiced | Approved |
|---|---|---|
| a) Attorney's Fees | $4,618.90 | $0.00 |
| b) Expert/advocate Fees | $0.00 | $0.00 |
| c) Attorney's Expenses | $194.95 | $0.00 |
| TOTALS | $4,813.85 | $0.00 |

| | |
|---|---|
| Amount Approved Before Partial Payment | $0.00 |
| Partial Payment | $0.00 |
| Total Amount Approved | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

# Attorney Dispute Sheet

| Attorney Firm: | James E. Brown & A | | | HOD Date: | | 8/4/2005 | | | |
|---|---|---|---|---|---|---|---|---|---|
| Student: | Shaniqua   Young | | | Attorney Fee Cap Amount: | | $4,000.00 | | | |

| OGC | Date of Dispute | Dispute Type | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3410 | | Cost | | No Denial of FAPE | $194.95 | 1 | $194.95 | $0.00 | 0 | $0.00 | 1 | $194.95 |
| 3410 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 3410 | | Fee | | No Denial of FAPE | $4,618. | 1 | $4,618.90 | $0.00 | 0 | $0.00 | 1 | $4,618.90 |
| **Totals** | | | | | | | $4,813.85 | | | $0.00 | | $4,813.85 |

| Attorney Charges | | Expert/Advocate Charges | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $4,618.90 | Total Invoiced Expert Charges: | $0.00 |
| Disputed  Attorney Fee Amount | $4,618.90 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | Attorney Expenses | |
| Approved Attorney Fees | $0.00 | Invoiced Attorney Expenses | $194.95 |
| | | Disputed Attorney Expenses | $194.95 |
| Approved Invoice Prior to Prepayments | $0.00 | Approved Expense | $0.00 |
| Partial Payment: | $0.00 | | |
| Total Invoice Approve | $0.00 | | |