UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| GLORIA SANTAMARIA, for | : | |
| L.A., a minor, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 06-0577(RWR) |
| | : | |
| DISTRICT OF COLUMBIA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

_____

## DEFENDANTS' MOTION TO DISMISS

The Defendants, by counsel, hereby move, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of Plaintiffs' Complaint. Most of those Plaintiffs remaining after the July 3, 2006, voluntary dismissals are not prevailing parties under the Individuals With Disabilities Education Act, 20 U.S.C. §§1400 et seq. And as to all of the remaining Plaintiffs, they have failed to state a claim under either 42 U.S.C. § 1983 or Section 504 of the Rehabilitation Act for which relief may be granted.

The reasons for the motion are set forth in the accompanying memorandum of points and authorities, and an appropriate proposed order is also submitted.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Amy Caspari**
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor North
Washington, D.C. 20001
(202) 724-7794
email: amy.caspari@dc.gov

July 12, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| GLORIA SANTAMARIA, for | : |
| L.A., a minor, et al., | : |
|  | : |
| **Plaintiffs,** | : |
|  | : |
| v. | : Civil Action No. 06-0577(RWR) |
|  | : |
|  | : |
| DISTRICT OF COLUMBIA, et al., | : |
|  | : |
| **Defendants.** | : |

_____

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### PRELIMINARY STATEMENT

On March 29, 2006, 22 named plaintiffs filed a Complaint for reimbursement of attorneys' fees and costs, asserting that they were "prevailing parties" in administrative proceedings pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA")  By Praecipe filed July 3, 2006, the Plaintiffs voluntarily dismissed three of the initial claims, those for L.A., D.A. and P.J.

The complaint (paragraph 2) states that it is being filed pursuant, among others, to IDEA sections 1400-1461; The Rehabilitation Act (Section 504), 29 U.S.C. §794; and 42 U.S.C. § 1983 ("Section 1983").  As shown below, however, Plaintiffs' complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.[1]

---

[1] The claim here by J.M. (see Complaint, Exhibit 14) is precisely the same as that presented for J.M. in Moore v. DC, Civ. No. 06-00576 (D.D.C.) (see March 29, 2006, Complaint, paragraph 4n, Exhibit 33) The Defendants in Moore are requesting dismissal of J.M.'s claim there because of that duplication.

**ARGUMENT**

**I.     Standards for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the
plaintiff bears the burden of establishing that the court has jurisdiction.  See <u>District of
Columbia Retirement Board v. United States,</u> 657 F. Supp. 428, 431 (D.D.C. 1987).
Dismissal pursuant to Rule 12(b)(6) is appropriate when a complainant has failed to set
forth a claim for which he/she is entitled to relief.  See <u>Conley v. Gibson</u>, 355 U.S. 41,
45-46 (1957) (holding complaint should be dismissed pursuant to Fed. R. Civ. P. 12
"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of
his claim which would have entitled him to relief").  Construing the complaint here in the
light most favorable to the plaintiffs, the District is entitled to relief because plaintiffs fail
to set forth a claim for which they are entitled to relief.

Because plaintiffs have attached exhibits to their complaint, the Court may
consider those materials in ruling on a Rule 12(b)(6) motion.  See <u>Messerschmidt v.
United States</u>, 2005 U.S. Dist. LEXIS 3954 (D.D.C. 2005)(the defendant's motion to
dismiss was not converted to motion for summary judgment when attached thereto were
prior court opinions relating to the allegations in the complaint and which were matters of
public record).  See also <u>Abbey v. Modern Africa One, LLC</u>, 2004 U.S. Dist. LEXIS
2392 **25 n. 14(D.D.C. 2004)("in a motion to dismiss, the Court may consider facts
alleged in the pleadings, documents attached as exhibits or incorporated by reference in
the complaint, and matters of which the Court may take judicial notice," citing <u>Baker v.
Henderson</u>, 150 F. Supp. 2d 17, 19 n. 1 (D. D.C. 2001)).

**II.    Dismissal of Most of the Claims Herein is Required.**

    **A.    The complaint exhibits themselves demonstrate that
Plaintiffs were not "prevailing parties" under IDEA.**

IDEA provides, in relevant part, that "[in] any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a *prevailing party* who is the parent of a child with a disability." 20 U.S.C. § 1415 (i)(3)(B)(1)(emphasis added). In this jurisdiction, it is settled that, to be a "prevailing party" entitled to attorneys' fees under IDEA, claimants must demonstrate that they received a favorable decision on the merits of their administrative or judicial action. See, e.g., Alegria v. District of Columbia, U.S. Dist. LEXIS 16898 (D.D.C., Sept. 6, 2002), aff'd, Alegria v. District of Columbia, 391 F.3d 262 (D.C. Cir. 2004). The Circuit Court in Alegria noted that the Supreme Court in Buckhannon Board and Care Home Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598 (2001), held that the term "prevailing party" "did not 'include[ ] a party that has failed to secure a judgment on the merits or a court-ordered consent decree.'" Alegria, 391 F.3d at 265.

With one exception (Complaint, Exhibit 12), the Plaintiffs' complaint exhibits (hereinafter "Pl. Ex.") show that they were *not* "prevailing parties" under IDEA – that they did *not* obtain a favorable decision on their administrative complaint claim that DCPS had denied the student involved the statutorily-required free appropriate public education ("FAPE"). Indeed, in three instances, the administrative hearing officer specifically stated that *DCPS, not the plaintiff here*, was the prevailing party. See Pl. Ex. 17 (HOD, p. 4: "DCPS is the prevailing party in this matter"); Pl. Ex. 21 (HOD, p. 1: "DCPS is the prevailing party"); Pl. Ex. 22 (HOD, p.3: "DCPS is the prevailing party").

Moreover, in 15 instances, the hearing officer concluded that DCPS had met its burden of proof, and that a denial of FAPE had not been shown. See Pl. Ex. 3 (HOD, p. 5: "[b]ased on the record there is no basis to conclude that DCPS denied the student FAPE"); Pl. Ex. 4 (HOD, p. 5: "Petitioner's request to find a denial of FAPE is DENIED"); Pl. Ex. 5 (HOD, no finding of a denial of FAPE); Pl. Ex. 6 (HOD, p. 7: "Based on the record there is insufficient evidence that DCPS has denied the student FAPE and accordingly it is determined that DCPS has met its burden"); Pl. Ex. 7 (HOD, no finding of a denial of FAPE); Pl. Ex. 8 (HOD, p. 5: "There is no finding that DCPS denied J.H. a Free Appropriate Public Education"); Pl. Ex. 9 (HOD, p. 3: "DCPS' failure to convene an MDT meeting to review the O.T. evaluation did not result in a loss of FAPE"); Pl. Ex. 11 (HOD, no finding of a denial of FAPE); Pl. Ex. 13 (HOD, p. 6: "Petitioner's request to determine a denial of FAPE is DENIED"); Pl. Ex. 14 (HOD, p. 3: "There is no finding J.M. was denied a FAPE")[2]; Pl. Ex. 15 (HOD, p. 6: "no finding of a denial of FAPE"); Pl. Ex. 16 (HOD, p. 4: "In this case DCPS has sustained its burden of proof . . . Petitioner's request to find a denial of FAPE is DENIED"); Pl. Ex. 18 (HOD, p. 7: "technical violation does not rise to the level of FAPE"); Pl. Ex. 19 (HOD, p. 6: "there is no finding of a denial of FAPE)"; Pl. Ex. 20 (HOD, p. 4: "without finding the child was denied a FAPE").

But for the administrative proceeding relating to A.M. (Pl. Ex. 12), none of the hearing officer decisions relied on in the Complaint concluded that there was a denial of FAPE – a necessary predicate for a favorable decision on the merits of a plaintiff's claim here – and in three decisions, the hearing officer affirmatively declared DCPS the prevailing party. To that extent, none of the current plaintiffs except A.M. is a

---

[2] See note 1, supra.

"prevailing party" under IDEA, and none is therefore entitled to the attorneys' fees claimed.  Dismissal of those claims is required.

**B.    Plaintiffs fail to sufficiently plead a Rehabilitation Act claim.**

Plaintiffs' Section 504 Rehabilitation Act claim, brought pursuant to 29 U.S.C. § 791 et seq., seeks attorneys fees arising out of IDEA proceedings.  Complaint, ¶ 2. Plaintiffs' Section 504 claim for attorneys fees fails for two reasons: (a) Plaintiffs failed to plead additional facts beyond an IDEA violation, and (b) Plaintiffs' exhibits attached to their complaint demonstrate that there was no predicate violation of FAPE at the administrative level.

"Section 504 and the EHA [the IDEA predecessor] are different substantive statutes.  While the EHA guarantees a right to a free and appropriate public education, Section 504 simply prevents discrimination on the basis of handicap." Smith v. Robinson, 468 U.S. 992, 1016 (1984).  Generally,  the Rehabilitation Act of 1973 is intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidated Rail Corp. v. Darrone, 465 U.S. 624, 626 (1984).

In order to assert a Section 504 claim in the context of handicapped children seeking IDEA benefits, the D.C. Circuit has held that "[s]omething more than a mere failure to provide the 'free appropriate education' required by [IDEA] must be shown." Walker v. District of Columbia, 969 F. Supp. 794, 797 (D.D.C. 2001) (citing Lunceford v. D.C. Bd. of Educ., 745 F.2d 1577, 1580 (D.C. Cir. 1984)).  A plaintiff must show bad faith or gross misjudgment on the part of a defendant. Walker, 969 F. Supp. at 797.

Furthermore, the Supreme Court has held that a plaintiff cannot recover attorneys' fees under Section 504 for IDEA violations. In <u>Smith v. Robinson</u>, 468 U.S. 992, 1019 (1984), the Court stated:

> [T]here is no doubt that the remedies, rights, and procedures Congress set out in the EHA are the ones it intended to apply to a handicapped child's claim to a free appropriate public education. We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of [29 U.S.C. §794].

See also <u>Doe v. Maher</u>, 793 F.2d 1470, 1494 (9th Cir.), <u>cert. granted</u>, 479 U.S. 1084, <u>aff'd as modified</u>, 484 U.S. 305(1986) (IDEA "provides the sole remedy for handicapped children who have been denied their right to a free appropriate public education") (citing <u>Smith v. Robinson</u>, 468 U.S. at 1019; <u>Atascadero State Hospital v. Scanlon</u>, 473 U.S. 234 (1985)); <u>Alexopulos v. Riles</u>, 784 F.2d 1408 (9th Cir. 1986); <u>Swift v. The Rapides Parish Public School System</u>, 812 F. Supp. 666, 667 n.1 (W.D.La.), <u>aff'd</u>, 12 F.3d 209 (5th Cir. 1993) ("relief under Section 504 is not available for [IDEA] violations").

Accordingly, to the extent IDEA itself provides for attorneys' fees for prevailing parties (and since the plaintiffs advanced no Section 504 assertions in the administrative proceedings), any claims for attorneys' fees herein based on Section 504 of the Rehabilitation Act must be dismissed.[3]

---

[3] See also <u>George v. District of Columbia</u>, Civ. No. 03-1656 (D.D.C., June 8, 2004), Memorandum at 5 n. 1:

> Plaintiffs claim entitlement to fees under both 20 U.S.C. §1415(i)(B)(3) and 29 U.S.C. §794a(b) (Section 505 of the Rehabilitation Act). . . . Presumably, plaintiffs invoke section 505 in the hope that an award made under that provision would not be subject to the [District of Columbia Appropriations Act $4,000] fee cap. Plaintiffs did not prevail on Section 504 grounds, however, and, even if it were otherwise appropriate for me to classify this fee award as one under Section 505, such an action would clearly circumvent Congress' intent in imposing the fee cap.

C.    **The Complaint fails to state a Section 1983 claim**.

1.    **The Complaint's allegations are patently deficient**.

To sufficiently plead a Section 1983 claim based upon a violation of the IDEA, plaintiffs must satisfy a four-part test: (1) that the defendant violated IDEA, (2) that "exceptional circumstances" exist, such that the conduct of the defendant causing the IDEA violation was "persistently egregious and prevented or frustrated [plaintiff] from securing equitable relief under the IDEA, (3) that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations, and (4) that normal remedies offered under the IDEA – specifically, compensatory education – are inadequate to compensate plaintiff for the harm that he or she allegedly has suffered." R.S. v. District of Columbia, 292 F. Supp. 2d 23, 29 (D.D.C. 2003)(citing Walker v. District of Columbia, 157 F. Supp. 2d 10, 11 (D.D.C. 2001)).

While there is no heightened pleading requirement for a Section 1983 claim alleging municipal liability, "a section 1983 complaint alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom." Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996).  Though the D.C. Circuit has not required a plaintiff to "[p]lead law or match facts to every element of a legal theory [in a 1983 claim]," Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1115 (D.C. Cir. 2000), it still requires that the complaint "include some factual basis for the allegation of a municipal policy or custom." Atchinson, 73 F.3d at 422.  See also R.S. v . District of Columbia, supra.

In Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C., Sept. 21, 2003), the Court, while observing that "the threshold to survive a motion to dismiss under Fed

R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any IDEA-based claims under Section 1983 in the absence of complaint allegations relating to three of the four elements required to show a violation of Section 1983. Slip op at 10.  Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id.

So here, there are no allegations of an improper custom, policy or practice of the District of Columbia – nor any other allegations that satisfy the pleading minima described in Jackson – and Plaintiffs' Section 1983 claim should be dismissed.  See Spilsbury v. District of Columbia, 377 F. Supp. 2d 1, 11 (D.D.C. 2005)(Court refused to entertain Section 1983 fee petition in IDEA matter where plaintiff failed to distinguish his Section 1983 claim by pleading "policy, practice and custom" pursuant to Monell v. Department of Soc. Servs. of the City of New York, 436 U.S. 658 (1978)).

**2.    No denial of an IDEA "right" to attorneys' fees – the quid pro quo for a valid Section 1983 claim – has been shown.**

Section 1983 establishes no independent substantive rights.  To state a claim under Section 1983, a plaintiff must first establish the violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  To the extent the Plaintiffs contend that DCPS' failure to pay their claim for attorneys' fees is somehow a violation of a right under IDEA warranting relief under Section 1983, that position is plainly wrong.

The Supreme Court has held that when determining whether a particular statutory provision gives a right enforceable under Section 1983, "the statute must [inter alia] unambiguously impose a binding obligation…".  Blessing v. Firesone, 520 U.S. 329, 340

10

(1997).  The core IDEA provision relating to attorneys' fees, 20 U.S.C.

§1415(i)(3)(B)(1), provides as follows:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
>    (I)   to a prevailing party who is the parent of a child with a disability . . . .

The "right" thus conveyed is *to petition a court for an award of reasonable attorneys'*

*fees*.

That DCPS has not voluntarily paid fee invoices cannot be a violation of that

statutory "right."  Indeed, it has been held directly that the "right to reasonable attorneys'

fees" under the IDEA is not a right enforceable through Section 1983.  Kaseman v.

District of Columbia, 329 F.Supp. 2d 20, 31 (D.D.C. 2004), rev'd on other grounds, 444

F.3d 637 (D.C. Cir. 2006).  One arguable violation of the IDEA fee provision might

occur if a court were to find plaintiffs are prevailing parties, award attorney fees and

Defendants failed to pay the award of attorney fees thereafter.  But none of these events

has occurred here.

## CONCLUSION

Plaintiffs are not entitled to attorneys' fees under Section 504 of the

Rehabilitation Act of 1973.  Moreover, since the Plaintiffs' entitlement to attorneys' fees

in this case arises under IDEA, and because the complaint does not allege any of the

elements necessary to establish liability under Section 1983 of the Civil Rights Act, the

Court may not award plaintiffs' attorneys' fees under that statute.  Finally, in all instances

but one, the individual plaintiffs are not "prevailing parties" under IDEA, and have no

entitlement to fees even under that statute.

Accordingly, dismissal of the claims as explained herein is respectfully requested.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II


**/s/ Amy Caspari**
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor North
Washington, D.C. 20001
(202) 724-7794
email: amy.caspari@dc.gov

July 12, 2006

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                       |   |                                |
|---------------------------------------|---|--------------------------------|
| **GLORIA SANTAMARIA, for**            | : |                                |
| **L.A., a minor, et al.,**            | : |                                |
|                                       | : |                                |
| **Plaintiffs,**                       | : |                                |
|                                       | : |                                |
| **v.**                                | : | **Civil Action No. 06-0577(RWR)** |
|                                       | : |                                |
|                                       | : |                                |
| **DISTRICT OF COLUMBIA, et al.,**     | : |                                |
|                                       | : |                                |
| **Defendants.**                       | : |                                |
|                                       | : |                                |

_____

## ORDER

Upon consideration of Defendants' Motion to Dismiss the Complaint, any responses thereto, and the record herein, it is

ORDERED, that Defendants' Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED, that the Complaint herein is DISMISSED with prejudice.

_____
United States District Judge