UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

GLORIA SANTAMARIA          )
Parent and next friend of L.A, a minor   )
                                 )
          Plaintiff          )
                                 )  Civil Action No.: 06-CV-0577(RWR)
    v.                    )
                                 )
DISTRICT OF COLUMBIA, *et al.*,    )
                                 )
          Defendants.       )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THE PLAINTIFFS' MOTION IN OPPOSITION OF THE DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiffs, by and through their attorneys Tilman L. Gerald and Roxanne D. Neloms, of James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of Defendant's Motion To Dismiss, represent unto this Honorable Court as follows:

**INTRODUCTION**

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA) and 42 U.S.C §§ 1983, et. seq., plaintiffs originally sought reimbursement of reasonable attorneys' fees in twenty-two (22) claims, now the Plaintiffs are seeking reimbursement in fourteen (14) claims where the Plaintiff secured some or all the relief sought to establish "prevailing party"status pursuant to 20 U.S.C. 1415, therefore the Plaintiffs hereby abandon both the 42 U.S.C. section 1983 and section 504 of the American with Disability Act arguments.  In March 2006, the Plaintiffs submitted invoices to the Defendant for the remaining fourteen (14) claims regarding reimbursement for reasonable attorneys fees in accordance with

IDEA.  Each of the fourteen (14) cases were submitted in conformity with the November 2004

Guidelines.  The Defendant's self-imposed guidelines detailed the payment method that special

education counsel are to utilize when seeking reimbursement for reasonable attorneys fees.  The

Defendant claimed that after attorneys submitted Hearing Officer's Determination or executed

settlement agreements, that it would attempt to address all invoices within sixty (60) days and if it

failed to acknowledge receipt  the of invoices submitted, then an attorney should consider his/her

invoices denied.  To date, the Defendant has not reimbursed the Plaintiffs nor has the Defendant

provided a reason or basis for denying the Plaintiff's request for reimbursement of reasonable

attorneys fees.  For the reasons that follow, the Plaintiffs respectfully request that this Honorable

Court deny the Defendant's motion.

## A. STANDARD OF REVIEW

A Court will not grant a motion to dismiss for failure to state a claim in accordance with

Federal Rules of Civil Procedure 12(b) "unless it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief."  See *Johnson v. District of*

*Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)).

In this instant, the Court must deny the Defendant's motion to dismiss as the Plaintiffs have stated

a claim upon which relief may be granted.

## B.  PLAINTIFFS ARE PREVAILING PARTIES AND ARE ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES.

The Defendant argues that because the "Hearing Officer concluded that the Defendant met

its burden of proof" and determined that a denial of FAPE had not been shown, that the Plaintiffs

are not prevailing parties pursuant to 20 U.S.C. 1415.  This argument is erroneous as the requirement

to determine a "prevailing party" does not include the determination of whether a denial of FAPE

occurred.  In each of the remaining fourteen (14) claims, the Plaintiffs are prevailing parties and are

entitled to reimbursement for reasonable attorney fees and accordingly this Honorable Court has the

authority to award the Plaintiffs in this matter attorneys' fees  under the 20 U.S.C. §1415(i)(3)[1] of

the IDEA.

Under the IDEA, parents who prevail at the administrative level in securing special education

rights for their children are entitled to seek reimbursement for attorneys' fees.  This statutory right

to seek fees is a well settled principle in special education law.  In *Moore v. District of Columbia*,

907 F.2d 165 (1990), the Court of Appeals for the District of Columbia,  in interpreting the former

controlling statues, the Education of the Handicapped Act ("EHA") and the Handicapped Children's

Protection Act ("HCPA") allowed an independent cause of action for attorneys' fees, held that the

courts may award parents attorney fees upon prevailing in administrative matters.  See *Moore v.*

*District of Columbia*, 907 F.2d 165 (1990).  The IDEIA states that "[T]he court, in its discretion, may

award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child

with a disability." *See Kingsberry v. District of Columbia et al.*, 338 F.Supp.2d 2 (August 9, 2005)

*quoting* 20 U.S.C. § 1415 (i)(3)(B).  "[S]ection 1415(i)(3)(B) also authorizes a parent who prevails

in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal

court." *Kaseman v. District of Columbia*, 329 F.Supp.2d 20, 23 (D.D.C. 2004) (citations omitted).

In each of the remaining fourteen (14) claims, an impartial due process hearing officer

presided over the matter and made a determination pursuant to the merits of each case.  As a result

of the foregoing,  "prevailing party" status is conferred upon each of the Plaintiffs because a change

---

[1] 20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

in the legal relationship occurred between the Plaintiffs and the Defendant.  See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc.  v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).  It is not necessary for the Plaintiffs to obtain all the relief that they initially sought to become a "prevailing party", it is only necessary that a "material alteration of the legal relationship of the parties [occur] to permit an award of attorney's fees."  *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); see *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005).  In each of the following matters, the plaintiffs were prevailing parties as defined by the IDEIA.

**1. Plaintiffs T.B., P.B., L.F., M.J., D.K., A.M., S.M., J.P., A.P., R.W., and S.Y. are "prevailing parties" and are entitled to reimbursement for reasonable attorney fees.**

In each of the aforementioned matters, each Plaintiff alleged that the Defendant had violated one or more provisions of the IDEIA.  Each plaintiff obtained some or all the relief requested in his/her administrative due process hearing request and thus, conferred "prevailing party" status upon each Plaintiff.  In *Select Milk Producers, Inc. V. Johanns*, 400 F. 3d 939 (D.C.Cir 2005), the Court outlined the prongs that a party must satisfy to achieve "prevailing party" status.  Judge Edwards, in *Select Milk*, agreed with the principles of the *Buckhannon* three prong test, which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by

judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting

*Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*,

532 U.S. 598 (2001)). In eleven (11) of the fourteen (14) claims, the Plaintiffs each received some

or all of the relief initially sought in their claim by way of a Hearing Officer's Determination (HOD).

***See Complaint Exhibits 3, 4, 6, 9, 11, 12, 13, 15, 16, 20, & 22.*** It is well established that a Hearing

Officer's Determination is the equivalent of a "judicial imprimatur" as "there is little doubt that

*Buckhannon* applies to the [IDEIA]". See *Abraham v. Dist. of Columbia*, 338 F. Supp.2d 113

(D.D.C 2004).

### 2. Plaintiff J.M.'s Settlement Agreement is considered an "administrative consent decree" thereby resulting in "prevailing party" status.

While the Court indicated that prevailing party status may be obtained through litigation on

the merits, it also indicated that settlement agreements enforced through consent decrees may also

serve as a basis for an award of attorneys' fees. The Defendant argues that because the Hearing

Officer determined that a denial of FAPE had not occurred, that J.M. was not a prevailing party.

However, J.M. demonstrated through a settlement on the record that a change in the legal

relationship occurred. The Defendant offered to settle J.M.'s claim on the record by agreeing to

provide him with some or all of the relief he sought in his administrative due process hearing

request. Thereafter a hearing officer made a finding that the terms of the settlement agreements were

in the best interest of the child and incorporated the terms into an HOD and subsequently became

a final administrative decision. In addition, the HOD "ordered the [Defendant] to undertake or

refrain from some conduct consistent with [IDEIA]." See also *Abraham*, 338 F. Supp.2d 113 (D.D.C

2004);see 20 U.S.C. §1415(g). In *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43

IDELR 108, (2d. Cir. 2005), the Court determined that because a "parties obligations to comply with

the terms of a settlement agreement [have] [omit] been made part of the order of a dismissal by incorporating the terms of settlement in the order" that a settlement of an administrative proceeding on the record is equivalent to an administrative decree on the record.  See *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005).

### 1. K.B. and S.G. are a prevailing parties and are entitled to attorneys fees in accordance with the IDEA.

In both cases,  K.B. and S.G.,  the Hearing Officer issued "Interim Orders" ordering the Defendant to provide the Plaintiffs with the relief sought in the form of an interim order.  In the matter of K.B. the Defendant conceded that convening a meeting was necessary and further proffered that it could convene a meeting within fifteen days.  ***See Complaint Exhibit 5.***  After noting that a previous HOD ordered the Defendant to convene the meeting and that more than forty-seven days had past without the Defendant's intervention, the Hearing Officer issued an "Interim Order" so that he could ensure a meeting would take place by a date certain.  In S.G., the Hearing Officer issued a "***second Interim Order***" , in which she required "the team, not one member of the team, [to] review all current evaluations."  ***See Complaint Exhibit 7***.

In each instance, the Plaintiffs obtained success on significant issues after a hearing on the merits; "prevailing party" status is thereby conferred upon Plaintiff.  It is of no consequence that the Hearing Officer ordered the relief sought in the form of an Interim Order.  See *J.O., on behalf of C.O., and J.O. v. Orange Tp. Bd. Of Educ.*, 287 F.3d 267 (3d Cir. 2002)(holding that where a  party obtains favorable interim relief they may be entitled to prevailing party status as long as the interim relief granted derived from a determination on the merits); see also *K.R. ex rel. M.R. v. Board of Educ. of Brentwood Union Free School Dist.*, 66 F. Supp. 2d 444, 139 Ed. Law Rep. 435(E.D.N.Y

1999)(holding that where only interim relief is obtained in a proceeding to enforce rights under the

Individuals with Disabilities Education Act (IDEA), a plaintiff will be considered a prevailing party

and thus entitled to award of attorney fees if the relief is the result of an assessment of the merits of

the claim); see also *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997)(stating that no automatic

denial of attorneys' fees merely because only interim relief is obtained).

## CONCLUSION

Therefore, upon the above stated argument, Plaintiffs respectfully request that this Court to

deny the Defendant's Motion to Dismiss and make a finding that the Plaintiffs' claims withstand a

12(b) (6) claim.  *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii).

Respectfully Submitted,

_____/s/_____
Tilman L. Gerald
Unified Bar No. 928796
Roxanne D. Neloms
Bar No.  478157
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 2000
(202)742-2000
***Attorneys for Plaintiffs***