UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| GLORIA SANTAMARIA, for L.A., a minor, et al., | : : : : |
| Plaintiffs, | : : |
| v. | : Civil Action No. 06-0577(RWR) |
| DISTRICT OF COLUMBIA, et al., | : : : |
| Defendants. | : : |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

The Defendants, by counsel, reply herewith to the "Plaintiffs' Opposition to Defendant's Motion to Dismiss", filed August 7, 2006 ("Opposition").

**I.   The Defendants' Arguments Concerning Complaint Claims Under Section 504 of the Rehabilitation Act and 42 U.S.C. §1983 Are Conceded.**

In the July 12, 2006, "Defendants' Motion to Dismiss" ("Motion"), it was argued that the Plaintiffs had failed adequately to plead a claim under either the Rehabilitation Act or Section 1983 of the Civil Rights Act, and that dismissal of all claims under either statute should be dismissed. Motion, pp.7-11.

In their Opposition (p. 1), Plaintiffs state that they "abandon" both their 42 U.S.C. section 1983 and their Rehabilitation Act claims. Therefore, in those respects, the Defendants' Motion to Dismiss should be granted.[1]

---

[1] While the Opposition concedes the inadequacy of the complaint claims under the two statutes cited, the complaint has not been amended to remove those claims. Accordingly, a dismissal order remains necessary to dispose of those portions of the complaint.

1

**II.   Most of the Plaintiffs Have Failed to Show
They Are Prevailing Parties Under IDEIA.[2]**

In their Motion (p.5-6), Defendants pointed out that, but for A.M. (Pl. Ex. 12), none of the claimants had been shown to be a prevailing party entitled to attorneys' fees under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq. ("IDEIA").  More specifically, Defendants pointed out that in virtually all instances, the presiding administrative Hearing Officer ("HO") had concluded that DCPS had met its burden of proof, and/or that a denial of FAPE had not been shown – a necessary predicate for a favorable decision on the merits of a plaintiff's claim.  Indeed, Defendants noted that in three instances (two of which the Plaintiffs have now withdrawn), the HO specifically concluded that *DCPS* was the prevailing party.

**A.   The Plaintiffs' basic contention – that HO conclusions that
DCPS did not deny the claimant FAPE is inconsequential in
determining prevailing party status – is without merit.**

In their Opposition (pp. 2-3), Plaintiffs allege that an HO determination that FAPE was denied is not necessary to determine that they are prevailing parties. Plaintiffs rely on Select Milk Producers, Inc. v. Johanns, 400 F.3d 939, 947 (D.C. Cir. 2005) (quoting Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, (2001)), for the prevailing party standard:

> First, in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant. . . .  Second, a prevailing party is a party in whose favor a judgment is rendered, regardless of the amount of damages awarded. . . .  Third, a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief.

---

[2] Since the commencement of this action, the Plaintiffs have dismissed the claims by eight of the initial plaintiffs herein: L.A., P.J., D.A., J.H, M.T., J.T., J.T., and K.W.

2

Opposition pp. 4-5. Although Plaintiffs correctly point to the prevailing party standard in this jurisdiction, their allegation that FAPE is inconsequential in determining prevailing party status is inconsistent with the governing statutory scheme.

A denial of FAPE necessarily demonstrates that the school failed to meet their IDEIA obligations with respect to the student; contrariwise, where there is no finding of a denial of FAPE, the school has met their obligations. "Congress enacted the IDEA in 1975 to ensure that children with disabilities have available to them a 'free appropriate public education.' 20 U.S.C. 1400 (d)(1)(A)" Alegria v. District of Columbia, 391 F.3d 262, 263 (D.C.Cir. 2004) "Congress' specific intent is evident in the purpose section of the statute:  to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services…." SAIL Public Charter School v. Johnson, 2006 U.S. Dist. Lexis 18997, *2 (D.D.C. 2006), *appeal pending*, SAIL Public Charter School v. Johnson, No. 06- 7081 (D.C. Cir.)  In their hearing requests, Plaintiffs requested findings that DCPS denied them FAPE. Yet in the administrative decisions relied on, the HO stated, "there is no basis to conclude that DCPS denied the student a FAPE." And the ultimate dispositions in these cases showed no change the material relationships between the parties.

In SAIL Public Charter School v. Johnson, the Court held that a student's claim for attorney fees was without merit because the school did not fail to provide FAPE to the student. Id. at * 22.  That same conclusion is appropriate here.

**B. As to T.B., P.B., L.F., M.J., D.K., A.M., S.M., J.P., A.P., R.W. and S.Y., the Plaintiffs have failed to rebut Defendants' argument that they are not prevailing parties.[3]**

In one paragraph at pages 4-5 of their Opposition memorandum, the Plaintiffs, responding to the Defendants' arguments that the information presented with the complaint did not establish "prevailing party" status, simply asserts the contrary:

> In eleven (11) of the fourteen (14) claims, the Plaintiffs each received some or all of the relief initially sought in their claim by way of a Hearing Officer's Determination (HOD).

Opposition, p. 5. However, the Plaintiffs present no information whatsoever to support their assertion concerning the eleven claims said to be proper.

The Defendants submit that it remains clear from the Plaintiffs' own filings with the Court that, to the extent administrative grants of relief have been made, the administrative decisions themselves contain no actions that conveyed prevailing party status. A review of the administrative decisions relied on confirms that such actions as may have been ordered were not substantive, and did not reach the merits of the individual plaintiffs' claims.

**As to T.B.,** in his September 6, 2005, decision, the HO found that, "[b]ased on the record there is no basis to conclude that DCPS denied the student FAPE". See Pl. Ex. 3, HOD p. 5. The HO did find a minor discrepancy between the parent's version of the IEP

---

[3] In their Motion, the Defendants also argued that K.B. and S.G. were not prevailing parties under IDEIA. On further review of the record, the Defendants believe that while the Hearing Officer only granted limited relief based on the merits of these plaintiffs' presentations, that circumstance run to the extent of fee recovery permissible, not to the basic entitlement to *any* fees. Accordingly, the Defendants withdraw their arguments concerning K.B. and S.G.'s prevailing party status. The defendants further withdraw their request for dismissal now of the claim by J.M.

4

and DCPS', and he ordered an MDT meeting to compare and contrast both versions of the IEP to ensure that the parent had the final version. Id.[4]  However, it cannot reasonably be concluded that a meeting simply ordered to compare two versions of an IEP somehow conveys prevailing party status where none of the requested relief was granted.  The nature of this "remedy" was at best procedural in nature, and not an award of relief based on the merits of the claim.

**Concerning S.Y.,** the HO stated that **"**DCPS is the prevailing party**"** because, even after several failed attempts to hold a Student Evaluation Plan (SEP) meeting as agreed to in a settlement agreement, there was a good faith effort by DCPS to meet with the Plaintiffs.  Pl. Ex. 2, HOD p. 4 ("There was a good faith effort by DCPS to comply and there was not a denial of FAPE"). The HO simply avoided more scheduling problems between the parties by using the hearing as a quasi-SEP meeting to schedule evaluations. Pl. Ex. 22, HOD p. 4.

**Relating to P.B.,** the HO found that "DCPS has provided this student a free appropriate public education (FAPE)", and ruled that "Petitioner's request to find a denial of FAPE is DENIED." Pl. Ex. 4, HOD p. 5.  The HO found that an unintentional oversight to evaluate P.B. was cured by DCPS and that all evaluations had been completed.  While the HO ordered an MDT/IEP meeting to review the current evaluations and create an updated IEP, his decision was not a favorable ruling on the merits of the Plaintiff's claim.

**In L.F.,** the HO stated that,

> [b]ased on the record there is insufficient evidence that DCPS has denied the student FAPE and accordingly it is determined that DCPS has met its burden.

---

[4]  The District's version of the student's IEP contained the PLOP (Present Levels of Performance) and the parents' version did not contain the PLOP.  "…[b]ut for the PLOP, the IEPs were identical."

5

> However, since all review[sic] are now available, it is necessary to convene an MDT/Eligibility meeting to determine the student's eligibility for special education.

Pl. Ex. 6, HOD p. 7. While Plaintiffs apparently believe they are prevailing parties since a meeting to review the records and determine L.F.'s eligibility for services was ordered, this decision did not settle the merits of any claims made by the Plaintiff.

**As to M.J.,** the HO stated that

> DCPS' failure to convene an MDT meeting …did not result in a loss of FAPE since the O.T. evaluation did not recommend O.T. services. However, because there was a direct conflict in the testimony by both parties, on when the student began to receive his special education services, this hearing officer is ordering the reconvening of an MDT meeting to review with the special education teachers the starting date of provision [sic] of 15 hours of special education services. If there is a shortfall of services than DCPS shall provide compensatory education to the student for the missed specialized instruction.

Pl. Ex. 9, HOD p. 3. Here, Plaintiffs allege they are prevailing parties. However, whether compensatory education is owed is to be determined at a future date. There is no ordered change in the relationship of the parties at this point.

**Concerning S.M**., the HO found that "Eastern Senior High was an appropriate placement" and concluded that "Petitioner's request to determine a denial of FAPE is DENIED." Pl. Ex. 13, HOD p. 6. While the HO ordered three months of home schooling "as a reasonable alternative to develop a bridge", which could allow this student to overcome his fears of attending Eastern (Pl. Ex. 13, HOD p. 6) he stated that, "[u]nder this set of circumstances, DCPS has not denied this student a free and appropriate legal education." Id. Plaintiffs may believe this gratuitous relief created prevailing party status. However, it was not fashioned because of a denial of FAPE, and while Plaintiffs specifically asked for a finding that FAPE had been denied, their request was denied.

**With respect to J.P.,** paragraph 5 of the HOD states:

> With regard to the merits the parent contends that DCPS failed to complete a Vocational Assessment, Level III, that the parties had agreed to at an MDT meeting held on February 2, 2005 and subsequently incorporated into a HOD issued February 4, 2005. The record is clear that no such assessment was conducted. However, there was also no evidence that even with the failure to conduct the assessment, that the student has been denied educational benefit. As such, the failure to conduct the evaluation is a technical violation of the IDEIA, but there is insufficient evidence to establish that such constitutes a denial of FAPE. Even so, based on the record, it appears reasonable for the evaluation to be completed as soon as possible, since the DCPS agreed to it.

Pl. Ex. 15, HOD, p. 6. Here, DCPS had already agreed to the assessments at a previous meeting. Therefore, there was no ordered change in the relationship of the parties.

**Relating to A.P.,** the HO stated,

> [t]his case involves allegations that DCPS failed to provide an appropriate residential placement for [A.P.]. In this case, DCPS has sustained its burden of proof . . . Petitioner's request to find a denial of FAPE is DENIED.

Pl. Ex. 16, HOD p. 4. Since A.P. had been discharged from her last residential placement because of her behavior, DCPS was responsible to find her another placement. DCPS argued that the delay in finding an appropriate educational placement was unavoidable because the Medicaid portion of payment for a private placement required additional time. DCPS was allowed additional time to properly place the student, and the relief granted was the petitioner's request for a placement meeting to discuss placement options. "Under this set of circumstance[s], DCPS has not denied this student a free appropriate public education (FAPE)." Pl. Ex. 16, HOD p. 4. While Plaintiffs appear to contend that they are prevailing parties, this was a procedural remedy and not a remedy on the merits.

7

**Concerning R.W.**, the HO stated that "[t]here is no finding that R.W. was denied FAPE." Pl. Ex. 20, HOD p. 4.  Since there were technical problems at the hearing, it was continued for another time but in the meantime, the hearing officer ordered a psychiatric assessment and an independent psychiatric assessment and a MDT/IEP meeting to possibly resolve this matter.

As to all of the above students, there were no findings that FAPE had been denied, and the "remedies" ordered were merely procedural- resolutions that did not change the legal relationship between the Plaintiff and the Defendant.  Despite this, Plaintiffs allege they obtained some or all of the relief requested and thus are prevailing parties. (p. 4)  Specifically, they argue (Id.), "It is not necessary for the Plaintiffs to obtain all the relief they originally sought to become a prevailing party, 'it is only necessary that a material alteration of the legal relationship of the parties [occur] to permit an award of attorney fees'" Armstrong v. Vance, 328 F. Supp 2d 50, 57 (D.D.C. 2004) (quoting Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., supra, at 604).  Plaintiffs also cite J.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267 (3d Cir. 2002), for the general proposition that a party may be entitled to prevailing party status as long as the relief is granted on the merits of a claim.  Opposition, p. 6. Notwithstanding these requirements, Plaintiffs fail to show how the relief they received reached the merits of their specific claims or somehow altered the legal relationship of the parties in any meaningful sense.

In J.S. v. Lenape Regional High Sch. Dist. Bd. of Educ., 102 F. Supp. 2d 540 (D.N.J. 2000), the court refused to award attorney fees even though plaintiffs succeeded in obtaining their preferred placement.  The main issue for decision was whether a school

8

district's transfer of a learning-disabled student from one school to another within the same district, where that transfer does not effect a substantive change in the child's Individual Education Plan (IEP), constitutes a "change in educational placement". The court held it did not. So here, as to each Plaintiff, "something" was ordered however, the orders did not rise to any substantive changes in the students services.

In <u>Linda T. v. Rice Lake Area Sch. Dist.,</u> 337 F. Supp. 2d 1135 (D. Wis. 2004), *aff'd,* <u>Linda T. v. Rice Lake Area Sch. Dist.</u>,417 F.3d 704 (7th Cir. 2005), although the student's IEP was significantly revised, plaintiffs lost on a request for placement which the court concluded was the most significant issue to them, and thus, their relief was "de minimis" and did not support an attorney's fee award. <u>Id</u>. at 1136.

> For a plaintiff to successfully claim prevailing party status, he must demonstrate that: (1) he obtained relief on a significant claim in the litigation; (2) such relief effected a material alteration in his legal relationship with the defendant; and (3) the alteration is not merely technical or de minimis in nature. "Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."

<u>Lillbask v. Conn. Dep't of Educ.</u>, 2006 U.S. Dist. LEXIS 24263, *5 (D. Conn. 2006), (quoting <u>Texas State Teachers Ass'n v. Garland Indep. Sch. Dist</u>., 489 U.S. 782, 792 (1989)). Even in the dissenting opinion in <u>Buckhannon</u>, despite arguments whether a formal judgment is proper, the Justices agreed that, "[t]o qualify for fees in any case, we have held, the relief must be real." <u>Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res</u>., <u>supra,</u> at 642, (Ginsburg, R., dissenting) (citing <u>Rhodes v. Stewart</u>,109 S. Ct. 202 (1988) (per curiam)).

With respect to the eleven claimants identified in the Opposition, therefore, their prayer for attorney fees should be denied because in each case the HO found DCPS did

not deny the student's right to FAPE, and the relief ordered did not reach the merits of the individual plaintiffs' claims.

## CONCLUSION

For the reasons set forth herein and in the Defendants' Motion, it is respectfully requested that the claims under the Rehabilitation Act and the Civil Rights Act be dismissed as to all individual Plaintiffs, and that the claims under IDEIA as to T.B., P.B., L.F., M.J., D.K., A.M., S.M., J.P., A.P., R.W. and S.Y., are dismissed in their entirety.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
email: amy.caspari@dc.gov

August 16, 2006