UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                              )
GLORIA SANTAMARIA, et al.,    )
                              )
        Plaintiffs,           )
                              )
    v.                        )    Civil Action No. 06-577 (RWR)
                              )
DISTRICT OF COLUMBIA,         )
                              )
        Defendant.            )
_____)

                    **MEMORANDUM OPINION AND ORDER**

    Plaintiffs, parents and next friends of children enrolled in the District of Columbia Public Schools ("DCPS"), sued the District of Columbia ("the District") under the Individuals with Disabilities Education Act ("IDEA" or "the Act"), 20 U.S.C. §§ 1400 et seq., seeking to recover attorneys' fees as prevailing parties in administrative hearings regarding the District's alleged failure to provide a free and appropriate public education ("FAPE") to plaintiffs' children.  The District has moved to dismiss the claims of eleven plaintiffs, arguing they are not prevailing parties within the meaning of IDEA.  Because plaintiff Tiffanie Little achieved only a de minimis change in the legal relationship between herself and the District, she is not a prevailing party under the Act, and the District's motion to dismiss with respect to her claim will be granted.  Because the remaining plaintiffs achieved a material change in the legal

- 2 -

relationship between themselves and the District in their administrative hearings, they are prevailing parties under the Act and eligible to receive attorneys' fees, and the motion to dismiss their claims will be denied.

BACKGROUND

I.   ADMINISTRATIVE HEARINGS

Plaintiffs individually requested hearings pursuant to the IDEA seeking various forms of relief because of the District's alleged failure to provide their children with a FAPE.

Tiffanie Little, as parent and next friend of student T.B., requested an administrative hearing, alleging that DCPS prepared an individualized education program ("IEP")[1] and a placement for T.B. that were inappropriate.  Little sought a finding that DCPS had denied T.B. a FAPE and an order that DCPS provide compensatory education.  The hearing officer found that "there [was] no reason to conclude that DCPS denied the student [a] FAPE," but did order that "an MDT meeting should be held to

---

[1] An IEP includes, among other things, statements of the child's present level of academic achievement and functional performance, measurable annual goals, a description of the child's progress towards those goals, and prescribed special education and related services or supplementary aids.  See 20 U.S.C. § 1414(d)(1)(A).  An IEP is created by the "IEP team", also known as the multi-disciplinary team ("MDT"), which must include the child's parents, at least one of the child's teachers or special education providers, a representative of the local education agency, and an individual qualified to interpret the student's evaluation results.  See 20 U.S.C. § 1414(d)(1)(B).

- 3 -

ensure that the IEP the mother has is the same as that being implemented." (Compl., Ex. 3 at 11.)

Melissa Boyd, as parent of student P.B., requested an administrative hearing, alleging that DCPS failed to comprehensively assess P.B. for written language expression, failed to provide written notice of its failure to assess, and prepared an inappropriate IEP for P.B. Boyd sought a finding that DCPS denied P.B. a FAPE, requested that DCPS fund an independent written language assessment of P.B., and requested that an MDT meeting be scheduled to incorporate the assessment into P.B.'s IEP. The hearing officer found that DCPS's failure to assess P.B. "was an unintentional oversight, which had been cured by DCPS" and that "DCPS [had] provided this student a free appropriate public education." (Compl., Ex. 4 at 13.) The hearing officer ordered that a "MDT/IEP meeting to review all current evaluations" be held and that "DCPS shall provide compensatory education and develop a Compensatory Education Plan to include all additional[] services in the revised IEP." Id.

Karen Fisher, as parent and next friend of student L.F., requested an administrative hearing, alleging that DCPS failed to timely determine L.F.'s eligibility for special education, failed to develop an appropriate IEP for L.F., failed to appropriately place L.F., failed to conduct evaluations, and failed to timely provide L.F. with special education instruction. Fisher sought a

- 4 -

finding that DCPS had denied L.F. a FAPE due to these failures and requested that DCPS fund evaluations and tutoring, and convene an MDT meeting to revise L.F.'s IEP.  The hearing officer determined that "[b]ased on the record, there is insufficient evidence that DCPS has denied the student [a] FAPE[,]" but did order DCPS to "convene an MDT/Eligibility meeting to determine the student's eligibility for special education."  (Compl., Ex. 6 at 18.)

Kathy Johnson, as parent and next friend of student M.J., requested an administrative hearing, alleging that DCPS failed to convene an MDT meeting to review and respond to certain independent assessments of M.J. as ordered by another hearing officer and that DCPS failed to implement M.J.'s IEP.  Johnson sought a finding that DCPS had denied M.J. a FAPE due to these failures and requested that DCPS convene an MDT review meeting and implement or fund a compensatory education plan.  The hearing officer acknowledged that DCPS did not convene an MDT meeting, but held that this failure did not result in a denial of a FAPE because the evaluation did not recommend additional services for M.J.  However, the hearing officer did order DCPS to convene an MDT meeting to determine if special education services required by M.J.'s IEP had not been provided.  (See Compl., Ex. 9 at 10-11.)

- 5 -

Pamela King, as parent and next friend of student D.K., requested an administrative hearing, alleging that DCPS failed to conduct a neuropsychological evaluation and failed to develop an appropriate IEP for D.K. King sought a finding that DCPS had denied D.K. a FAPE due to these failures and requested that DCPS fund an independent neuropsychological evaluation, convene an MDT review meeting, revise D.K.'s IEP as necessary and provide compensatory education. The hearing officer found that notes from D.K.'s MDT indicated that a neuropsychological evaluation was recommended and that DCPS had not shown that it conducted the recommended testing. The hearing officer ordered that DCPS conduct the evaluation and convene an MDT meeting to review the evaluation. (See Compl., Ex. 11 at 10-11.)

Lisa Miller, as parent and next friend of student S.M., requested an administrative hearing, alleging that DCPS failed to convene timely a complete team for S.M.'s annual IEP review, failed to convene a meeting at Miller's request, failed to implement S.M.'s IEP and failed to appropriately place S.M. for the 2005 to 2006 school year. Miller sought a finding that DCPS had denied S.M. a FAPE due to these failures and requested that DCPS convene an MDT review meeting with all necessary participants, fund a suitable private placement and provide compensatory education. The hearing officer found that DCPS had not denied S.M. a FAPE. Nonetheless, the hearing officer ordered

- 6 -

DCPS to provide three months of home-schooling to S.M. to serve as a bridge to enable S.M to attend his placement school.  (See Compl., Ex. 13 at 18-19.)

Jeanuel Partridge, as parent and next friend of J.P., requested an administrative hearing, alleging that DCPS failed to complete a vocational assessment and comprehensive evaluation of J.P.  Partridge sought a finding that DCPS had denied J.P. a FAPE due to these failures and requested that DCPS fund the requested evaluations, reconvene an MDT meeting and provide tutoring.  The hearing officer found that DCPS had committed a technical violation of the statute by not conducting the evaluation, but had not denied S.M. a FAPE.  Further, the hearing officer ordered DCPS to conduct the vocational assessment and convene an MDT meeting afterwards.  The hearing officer also noted that DCPS had agreed to do the testing.  (See Compl., Ex. 15 at 19.)

Theresa Brown, as parent and next friend of student A.P., requested an administrative hearing, alleging that DCPS did not provide a FAPE to A.P. because it failed to appropriately place A.P. after she was discharged from her previous placement.  Brown requested that DCPS issue a prior notice of placement for A.P. to the Oaks Treatment Center in Texas.  The hearing officer found that DCPS warranted additional time to locate an appropriate placement with Medicaid reimbursement and had not denied A.P. a FAPE.  However, the hearing officer did order DCPS to convene an

- 7 -

MDT meeting within thirty days of the decision and to place and fund A.P. at the Judge Rotenburg Residential Treatment facility if at the MDT meeting DCPS failed to identify an appropriate placement for A.P.  (See Compl., Ex. 16 at 9-10.)

Terry Johnson, as parent and next friend of student R.W., requested an administrative hearing, alleging that DCPS failed to develop an appropriate IEP for R.W., failed to provide compensatory education despite previous denials of a FAPE, failed to appropriately place R.W., and failed to conduct a psychiatric evaluation and functional behavioral assessment.  Johnson sought a finding that through these failures DCPS had denied R.W. a FAPE, and requested that DCPS amend R.W.'s IEP, provide compensatory counseling and instructional services, conduct a psychiatric evaluation or functional behavior assessment, and convene an MDT meeting to review the results.  The hearing officer did not find that R.W. had been denied a FAPE, but ordered DCPS to fund and conduct the psychiatric evaluation and to convene an MDT meeting afterwards.  (See Compl., Ex. 20 at 13-14.)

George Marshal and Barbara Young, as parents and next friends of S.Y., requested an administrative hearing, alleging that DCPS failed to provide a FAPE to S.Y. by failing to reconvene an MDT meeting and conduct certain evaluations as required by a previous settlement agreement, and by failing to

- 8 -

develop, revise, and implement an appropriate IEP.  Marshal and Young sought to have DCPS fund various independent assessments of S.Y., reconvene an MDT meeting to review the assessments, identify an appropriate placement based on the assessments, and provide compensatory education.  The hearing officer found that S.Y. had not been denied a FAPE and that "there was good faith effort by DCPS to comply with the settlement agreement."  (See Compl., Ex. 22 at 10.)  The hearing officer stated that "DCPS is the prevailing party in the matter[,]" but ordered DCPS to conduct the evaluations within forty-five days and reconvene an MDT meeting to review the evaluations.  (Id.)

II.  CURRENT LAWSUIT

Plaintiffs filed this action seeking full reimbursement of attorneys' fees under IDEA as prevailing parties in the above administrative hearings.[2]  The District seeks to dismiss the claims for attorneys' fees of a number of plaintiffs, arguing that absent a finding that the District denied a FAPE to the students, a plaintiff cannot be a prevailing party.[3]  In the

---

[2] The complaint also alleges claims under the Rehabilitation Act and 42 U.S.C. § 1983.  However, several plaintiffs voluntarily dismissed all of their claims, and the remaining plaintiffs abandoned their claims under the Rehabilitation Act and § 1983.  (See Mem. of Points & Auths. in Supp. of Pl.'s Mot. in Opp'n to Def.'s Mot. to Dismiss at 1.)

[3] The District originally sought to dismiss the claims of most of the plaintiffs.  However, in the memorandum accompanying its motion, the District states that in the administrative proceeding for William Marrow, as parent and next friend of

- 9 -

alternative, the District argues that any relief granted plaintiffs was de minimis and did not establish them as prevailing parties.  Plaintiffs counter largely with just the bare assertion that "[e]ach plaintiff obtained some or all the relief requested in his/her administrative due process hearing request [which] conferred 'prevailing party' status upon each Plaintiff."  (Mem. of Points & Auths. in Supp. of Pl.'s Mot. in Opp'n to Def.'s Mot. to Dismiss at 4.)

## DISCUSSION

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, a court must accept all the allegations in a plaintiff's complaint as true and construe them in the light most favorable to the plaintiff.  Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1027 (D.C. Cir. 1997).  "Dismissal under Rule 12(b)(6) is proper when, taking the material allegations of the complaint as admitted, and construing them in plaintiff's favor, the court finds that the plaintiff has failed to allege all the material elements of his cause of action."  Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001) (internal citations omitted).  Stated

---

student A.M., the hearing officer found that the District had denied A.M. a FAPE. (See Mem. of Points & Auths. in Supp. of Mot. to Dismiss at 6.)  In addition, the District concedes that Marrow is a prevailing party entitled to attorneys' fees.  (See id. at 6-7.)  Therefore, the District's motion to dismiss this plaintiff's claim will be denied.

- 10 -

differently, a dismissal for failure to state a claim upon which relief may be granted is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  A court may consider only the facts alleged in the complaint, documents attached to or incorporated by reference into the complaint, and matters about which judicial notice may be taken.  See E.E.O.C. v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997); Islamic Am. Relief Agency v. Unidentified FBI Agents, 394 F. Supp. 2d 34, 43 (D.D.C. 2005).

In passing the IDEA, Congress sought "to ensure that all children with disabilities have available to them a free and appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living."  20 U.S.C. § 1400(d)(1)(A).  Under the Act, a parent may file an administrative complaint and request a due process hearing "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child."  20 U.S.C. § 1415(b)(6)(A); see Kutsushi v. Dist. of Columbia, Civil Action No. 04-2016 (JGP), 2006 WL 785293, at *1 (D.D.C. Mar. 27, 2006).  If the parent is the prevailing party at

- 11 -

the due process hearing, the court may award reasonable attorneys' fees as part of the costs.  See 20 U.S.C. § 1415(i)(3)(B)(i)(I).

In order to be deemed a prevailing party, a plaintiff must demonstrate that a material alteration of the legal relationship between the parties resulted from an enforceable judgment on the merits or from a consent decree.  See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 603 (2001) (interpreting the fee-shifting provision of the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990); Alegria v. Dist. of Columbia, 391 F.3d 262, 263 (D.C. Cir. 2004) (applying Buckhannon to IDEA); Kress v. Dist. of Columbia, Civil Action No. 99-2887, 2006 WL 2634172, at *2 (D.D.C. Sept. 14, 2006).  However, a plaintiff is not a prevailing party "[w]here the plaintiff's success on a legal claim can be characterized as purely technical or de minimis." Tex. State Teachers Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989).

In the context of the IDEA, a mere order that a meeting be held to review a student's IEP where no particular outcome is guaranteed and the timing of the meeting is incidental to plaintiff's claims is de minimis relief.  See Parents of Student W. v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) (stating that an order establishing an IEP meeting changed

- 12 -

the position of the parties "in only the slightest fashion" and that plaintiffs "were not the prevailing parties in any more than a de minimis sense"). However, such a plaintiff is a prevailing party if her lawsuit was prompted by a school district's failure to convene a meeting and the lawsuit secured an order that a meeting be held. See Hall v. Detroit Pub. Schs., 823 F. Supp. 1377, 1382-83 (E.D. Mich. 1993). Further, a plaintiff may be a prevailing party where she secures an order that a school district take into account specific concerns during future IEP meetings. See Lillbask v. Conn. Dept. of Educ., No. 3:97 CV 1202 (PCD), 2006 WL 752872, at *3 (D. Conn. Mar. 17, 2006) (holding that because the district court entered a declaratory judgment that the school district could, and must, if properly raised, consider safety concerns at future IEP meetings, the legal relationship between the parties had been materially altered).

I.  DENIAL OF A FAPE

The District, relying on SAIL Pub. Charter Sch. v. Johnson, Civil Action No. 02-1722 (RMC), 2006 WL 1000337 (D.D.C. Apr. 13, 2006), argues that absent a finding that a FAPE was denied to a student, a plaintiff cannot be a prevailing party in an IDEA case. (See Def.'s Reply in Supp. of Mot. to Dismiss at 3.) The District's argument is contrary to prevailing Supreme Court precedent. "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the

- 13 -

parties in a manner which Congress sought to promote in the fee statute." Tex. State Teachers Assoc., 489 U.S. at 792-93. Moreover, the Supreme Court has explicitly rejected use of the "central issue" test -- which requires the plaintiff to obtain the primary relief sought in the litigation -- for determining prevailing party status of plaintiffs. Id. at 790 (holding that the central issue test was "directly contrary" to prior Supreme Court precedent). Requiring that a plaintiff suing under IDEA achieve a finding that a FAPE had been denied would result in the resurrection of the "central issue" test that the Supreme Court rejected.

In any event, SAIL does not stand for the proposition that absent a finding of denial of a FAPE, a plaintiff could never be a prevailing party. In SAIL, the district court found in favor of the school because after the court had reversed the findings of the hearing officer, the plaintiff had not prevailed on *any of her claims* and was granted no relief at all. See 2006 WL 1000337, at *2, *7 (finding against plaintiff on each of her claims -- that the school had educated plaintiff's child under an inadequate IEP and unreasonably delayed reevaluations -- and entering judgment in favor of the school). Because the plaintiff in SAIL had not prevailed on any claims, she did not qualify as a prevailing party and attorneys' fees were not awarded. Id. at *7.

- 14 -

## II.  MATERIAL ALTERATION OF LEGAL RELATIONSHIP

Plaintiffs Boyd, Fisher, Johnson, King, Miller, Partridge, Brown, Johnson, and Marshal and Young obtained relief -- including DCPS-funded compensatory education and evaluations, and meetings with orders to consider specific information -- that amounts to material alterations in the legal relationship between them and the District, and therefore are prevailing parties. (See Compl., Ex. 4 at 13 (ordering DCPS to convene MDT meeting and provide compensatory education); Compl., Ex. 6 at 19 (ordering DCPS to convene an MDT/Eligibility meeting to ascertain the student's eligibility for special education); Compl., Ex. 9 at 10-11 (ordering DCPS to convene an MDT meeting to determine if special education services had been provided); Compl., Ex. 11 at 10-11 (ordering DCPS to conduct a neuropsychological evaluation and convene an MDT meeting); Compl., Ex. 13 at 18-19 (ordering DCPS to provide three months of home-schooling); Compl., Ex. 15 at 19 (ordering DCPS to conduct a vocational assessment)[4]; Compl., Ex. 16 at 9-10 (ordering DCPS to convene an MDT meeting and place the student at a specific facility if DCPS failed to otherwise place the student after the MDT meeting); Compl., Ex. 20 at 13-14 (ordering DCPS to conduct and fund a psychiatric

---

[4] The fact that DCPS agreed to conduct the assessment does not change plaintiff's status as a prevailing party because plaintiff still obtained a material alteration of the legal relationship between the parties resulting from an enforceable judgment on the merits.

- 15 -

evaluation and to convene an MDT meeting); Compl., Ex. 22 at 10 (ordering DCPS to conduct various evaluations).[5])

Plaintiff Little, however, achieved only a de minimis result and is not a prevailing party. Little secured only an order that DCPS convene an MDT meeting where, if Little did not have one, she could receive a copy of her child's current IEP. (See Compl., Ex. 3 at 11.)

## CONCLUSION AND ORDER

Because plaintiff Little achieved only a de minimis change in the legal relationship between herself and the District, she is not a prevailing party. Accordingly, fee-shifting is not available to her under the statute, and the District's motion to dismiss with respect to her claim will be granted. Because plaintiffs Boyd, Fisher, Johnson, King, Miller, Partridge, Brown, Johnson, and Marshal and Young achieved a material change in the legal relationship between themselves and the District in their administrative hearings, they are prevailing plaintiffs and the

---

[5] It is of no consequence that the hearing officer declared DCPS to be the prevailing party in Marshal and Young's administrative hearing. See Sekyra v. Los Gatos-Saratoga Joint Union High Sch. Dist., No. C04-036575 HRL, 2004 WL 2600138, at *3 (N.D. Cal. Nov. 12, 2004) (holding that a hearing officer's determination does not establish prevailing party status under IDEA).

- 16 -

District's motion to dismiss the claims of those plaintiffs will be denied.  Accordingly, it is hereby

ORDERED that the District's motion [6] is GRANTED in part and DENIED in part.  It is granted as to plaintiff Little.  It is denied as to plaintiffs Boyd, Fisher, Johnson, King, Miller, Partridge, Brown, Johnson, Marshal and Young, and Marrow.

SIGNED this 6th day of February, 2007.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge