**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          :
**GLORIA SANTAMARIA, for**                :
**L.A., a minor, et al.,**                :
                                          :
        **Plaintiffs,**                   :
                                          :
        v.                                :   **Civil Action No. 06-0577(RWR)**
                                          :
**DISTRICT OF COLUMBIA, et al.,**         :
                                          :
        **Defendants.**                   :
_____           :

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' CONSENT MOTION FOR ENLARGEMENT OF TIME TO**
**RESPOND TO COMPLAINT, AND TO ACCEPT ANSWER NUNC PRO TUNC.**

     This action involves twenty two Plaintiffs' claims for the recovery of attorneys'
fees under the Individuals With Disabilities Education Improvement Act of 2004, 20
U.S.C. §§1400 et seq. ("IDEIA").  The claims of nine Plaintiffs have already been settled
or dismissed.  Thus, there are twelve remaining Plaintiffs.

     On February 7, 2007, an Order was issued in the above captioned case denying
the Defendant's Motion to Dismiss the Complaint with respect to all of the Plaintiffs,
except Tiffany Little.   On March 8, 2007, this Court issued an Order to Show Cause why
the case should not be dismissed since the Defendants did not file an answer and
Plaintiffs did not seek an entry of default.

     Defendants' respectfully request that this Court allow them to file the attached
answer _nunc pro tunc_ for the reasons stated below.

## ARGUMENT

Fed. R. Civ. P. 6(b)(2) allows the Court to enlarge time to file an answer after the expiration of the specified period, where the failure to act was a result of excusable neglect. In determining what constitutes "excusable neglect" the Court may consider the danger of prejudice to the other party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay (including the movant's control, or lack thereof, with respect to the delay), and whether or not the movant acted in good faith. Government Relations Inc. v. Howe, Slip Copy, 2007 WL 201264*4 (D.D.C. January 2007). In Lujan v. National Wildlife Federation, 110 S. Ct. 3177, 3192 (1990), the Supreme Court noted that post-deadline extensions may be granted only "for cause shown" and "upon motion." Id.

If this Court allows the Defendants to answer the Complaint today, March 15, 2007, the Defendants answer will be 21 days past due. Defendants seek permission to answer the Complaint at this time because both parties agree that no harm will result from the Defendants' 21-day delay. Further, both parties mistakenly believed a scheduling order was going to be issued by this court as the "next step" in the litigation, and since neither anticipated the filing of a motion to show cause, there is no prejudice to the Plaintiffs. Finally, since this action involves the claims for attorneys' fees, and not the implementation of services under the IDEIA, there will be no harm whatsoever to any child with a disability or DCPS student.

## CONCLUSION

Since leave to file an answer will not harm the Plaintiffs or cause any undue prejudice, and in light of Plaintiffs' consent to this motion, Defendants' respectfully request their plea for leave to file an answer be granted so the Parties can proceed with this litigation as to the remaining 12 Plaintiffs' complaints.

Respectfully submitted,

LINDA SINGER
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
amy.caspari@dc.gov

March 15, 2007