UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA SANTAMARIA<br>Parent and next friend of L.A, a minor<br><br>Plaintiff<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.: 06-CV-0577(RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiffs, by and through counsel, and hereby submits their Motion for Summary Judgment for the reasons that are more specifically set forth in the attached Memorandum of Point and Authorities Submitted in Support of Their Motion for Summary Judgment, filed contemporaneously and incorporate herewith and though set forth in its entirety.

Respectfully Submitted,

\_\_/s/_____
Tilman L. Gerald [# 928796]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
(202)742-2098 (fax)
*Attorney for the Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA SANTAMARIA<br>Parent and next friend of L.A, a minor<br><br>    Plaintiff<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 06-CV-0577(RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF
THE PLAINTIFFS' MOTION FOR SUMMERY JUDGMENT.**

COMES NOW, the Plaintiffs, by and through their attorneys Tilman L. Gerald of James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Motion for Summary Judgment, represent unto this Honorable Court as follows:

**RELEVANT BACKGROUND**

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA), plaintiffs sought reimbursement of reasonable attorneys' fees in twenty-two (22) claims. ***See March 2006 Complaint***. Each of the claims were submitted in conformity with the Defendant's November 2004 Guidelines. ***Id.*** These self-imposed guidelines detailed the payment method that special education counsel are to utilize when seeking reimbursement for reasonable attorneys fees. ***Id.*** The Defendant claimed that after attorneys submitted Hearing Officer's Determination or executed settlement agreements, that it would attempt to address all invoices within sixty (60) days and if it failed to acknowledge receipt the of invoices submitted, then an attorney should consider his/her invoices denied. ***Id.*** On March 30, 2006, counsel for Plaintiff's filed a complaint in the United States District for the District of Columbia

2

seeking reimbursement for reasonable attorney fees. *See Plaintiff's Statement of Material Facts ¶ 1.* By praecipe filed on July 3, 2006 and August 7, 2006, respectively, counsel for Plaintiff voluntarily dismissed eight claims, allowing fourteen (14) claims to remain in suit. *See Plaintiff's Statement of Material Facts ¶ 2*. That the February 7, 2007 Memorandum Opinion and Order this Court determined that of the eleven claims the Defendant's sought to dismiss, Plaintiff's were "prevailing parties" in ten (10) of the cases under the Individuals with Disabilities Education Improvement Act. *See Plaintiff's Statement of Material Facts ¶ 3&4*. After the parties submitted a proposed Joint Rule 16.3(b) Statement, this Honorable Court issued a Scheduling Order. *See Court Docket April 30, 2007.*

## A. <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary

judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50.

Once the movant files a proper summary judgment motion, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 250. For a non-moving party to establish that a genuine issue for trial exists, it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586.

This Court should grant the Plaintiff's Motion for Summary Judgment as there are no material facts that the Defendant can dispute. The Court should apply the *Laffey Matrix* the ten attorney fee cases in which the Court found that the parent prevailed. The Court should find that the Plaintiffs prevailed in the matters of J.M and K.B.

### B. PLAINTIFFS J.M. AND K.B. ARE PREVAILING PARTIES AND ARE ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES.

Plaintiffs J.M. and K.B. prevailed in each of their respective administrative claims and thus are entitled to reimbursement for reasonable attorney fees. ***See Plaintiff's Statement of Material Facts ¶ 23& 28.*** Accordingly this Honorable Court has the authority to award the Plaintiffs in this matter attorneys' fees under the 20 U.S.C. §1415(i)(3)[1] of the IDEA. Under the IDEA, parents who prevail at the administrative level in securing special education rights for their children are entitled to seek reimbursement for attorneys' fees. This statutory right to seek fees is a well settled principle in special education law. In *Moore v. District of Columbia*, 907 F.2d 165 (1990), the Court of Appeals for the District of Columbia held that the courts may award parents attorney fees upon

---

[1] 20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

prevailing in administrative matters.  See *Moore v. District of Columbia*, 907 F.2d 165 (1990).  The IDEIA states that "[T]he court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability."  *See Kingsberry v. District of Columbia et al.*, 338 F.Supp.2d 2 (August 9, 2005) *quoting* 20 U.S.C. § 1415 (i)(3)(B).  "[S]ection 1415(i)(3)(B) also authorizes a parent who prevails in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal court."  *Kaseman v. District of Columbia*, 329 F.Supp.2d 20, 23 (D.D.C. 2004) (citations omitted).

In the remaining two claims, an impartial due process hearing officer presided over the matter and made a determination on the merits of each case, albeit in the form of an interim order or as an administrative imprimatur.  As a result of the foregoing, "prevailing party" status is conferred upon each of the Plaintiffs because a change in the legal relationship occurred between the Plaintiffs and the Defendant.  See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc.  v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).  It is not necessary for the Plaintiffs to obtain all the relief that they initially sought to become a "prevailing party", it is only necessary that a "material alteration of the legal relationship of the parties [occur] to permit an award of attorney's fees."  *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); see *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005). As originally set forth in Plaintiff's Opposition Motion to the Defendant's Motion to Dismiss, counsel for the Plaintiffs contend that in each of the following matters, the plaintiffs were prevailing parties as defined by the IDEIA.

### 1. Plaintiff J.M.'s Settlement Agreement is considered an "administrative consent decree" thereby resulting in "prevailing party" status.

Courts have indicated that prevailing party status may be obtained through litigation on the merits, it also indicated that settlement agreements enforced through consent decrees may also serve as a basis for an award of attorneys' fees. *See Gross ex rel. Gross v. Perrysburg Exempted Village School Dist.*, 306 F. Supp. 2d 726 (N.D. Ohio 2004) (holding that to "qualify as a 'prevailing party' under IDEA's fee-shifting statute, a plaintiff must obtain at least some relief on the merits; this means that the plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through consent decree). **See Plaintiff's Statement of Material Facts ¶ 28.**

In J.M., counsel for the parent filed a hearing request alleging that the Defendant failed to comply with the June 24th, 2005 Settlement agreement (where the Defendant agreed to convene a MDT meeting within thirty business days to review the speech language assessment, revise the IEP, discuss placement and compensatory education. *Id*. At the October 24, 2005 hearing, the Defendant agreed to convene a MDT meeting on November 1, 2005 to review the speech language, determine whether additional evaluations were necessary and if there were necessary, complete them or fund them, and finally, the Defendant agreed to revise the IEP, and determine placement. *Id.* The hearing officer stated that "based on the hearing record the hearing officer finds it in the best interest of the child to grant relief that may resolve this case, . . . . *Id*. Thus based on the relief obtained by Plaintiff J.M., a settlement on the record equates into a change in the legal relationship. The Defendant's offer to settle J.M.'s claim on the record by agreeing to provide him with some or all of the relief he sought in his administrative due process hearing request. Thereafter a hearing officer made a finding that the terms of the settlement agreements were in the best interest of the child and

incorporated the terms into an HOD and which subsequently became a final administrative decision. In *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005), the Court determined that because a "parties obligations to comply with the terms of a settlement agreement [have] [omit] been made part of the order of a dismissal by incorporating the terms of settlement in the order" that a settlement of an administrative proceeding on the record is equivalent to an administrative decree on the record. See *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005).

### *2. K.B. is a prevailing party and is entitled to attorneys fees in accordance with the IDEA.*

In the case of, K.B., the Hearing Officer issued "Interim Orders" ordering the Defendant to provide the Plaintiffs with the relief sought in the form of an interim order. A party prevails on interim relief pursuant to IDEIA, if that relief was a result of an assessment of the merits of the claim. See *K.R. ex rel. M.R. v. Board of Educ. of Brentwood Union Free School Dist.*, 66 F. Supp. 2d 444, (E.D.N.Y. 1999). In the matter of K.B., counsel for the parent filed a hearing request alleging that the Defendant failed to comply with an April 2005 HOD that required the Defendants to convene a MD meeting. **See Plaintiffs' Statement of Material Facts ¶ 23.** The Defendant conceded that convening a meeting was necessary and further proffered that it could convene a meeting within fifteen days. **See Complaint Exhibit 5.** After noting that a previous HOD ordered the Defendant to convene the meeting and that more than forty-seven days had past without the Defendant's intervention, the Hearing Officer issued an "Interim Order" and gave a verbal directive ordering the meeting to take place by November 24, 2005. **Id.**

In this instance, Plaintiff K.B.'s "interim relief" was obtained through an assessment of the merits, which results in "prevailing party" status being conferred upon Plaintiff. It is of no consequence that the Hearing Officer ordered the relief sought in the form of an Interim Order. See *J.O., on behalf of C.O., and J.O. v. Orange Tp. Bd. Of Educ.*, 287 F.3d 267 (3d Cir. 2002)(holding that where a party obtains favorable interim relief, [they] may be entitled to prevailing party status as long as the interim relief granted derived from a determination on the merits); *Id. at K.R. ex rel. M.R. v. Board of Educ. of Brentwood Union Free School Dist.*, 66 F. Supp. 2d 444, 139 Ed. Law Rep. 435(E.D.N.Y 1999)(holding that where only interim relief is obtained in a proceeding to enforce rights under the Individuals with Disabilities Education Act (IDEA), a plaintiff will be considered a prevailing party and thus entitled to award of attorney fees if the relief is the result of an assessment of the merits of the claim); see also *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997)(stating that no automatic denial of attorneys' fees merely because only interim relief is obtained).

### C. <u>PLAINTIFFS' HOURLY RATES ARE CONSISTENT WITH THE RATES PREVAILING IN THE COMMUNITY</u> .

Reasonable fees are determined by multiplying the number of reasonable hours by the reasonable rates per hour, in order to arrive at the lodestar figure. *Hensley v. Eckerhard*, 461 U.S. 424 (1983); *Blum v. Stevenson*, 465 U.S. 866 (1984). Applicable hourly rates are those market rates applicable in the community. *Id. at Hensley*, 461 U.S. 424. Counsel for the Plaintiffs hourly rates are set forth in an affidavit, attached to this motion and are consistent with the market rates in this community for special education cases. Counsel for the Plaintiffs are also required to exercised "billing judgment" and have documented the time expended. The attached affidavits and invoices of fees and cost contained information specific work for which reimbursement is sought. In addition

the fees sought are customary fees that are charged for like work. In support of the reasonable fee requested, counsel for the Plaintiffs have attached notarized affidavits and invoices for fees and costs, which are reasonable in terms of time expended and rates sought in each the thirteen (13) matters.

### D. PLAINTIFF'S ATTORNEY TIME AND EXPENSES ARE REASONABLE AND WERE NECESSARY TO OBTAIN SUCCESSFUL RESULTS.

The amount of time expended in each of the thirteen (13) matters are reasonable in light of the fact that this action was initiated on behalf of the student's and their parents. Thus, the time expended at the administrative level was necessary for success. ***See attached Exhibits A-E; see also exhibits 4, 5, 6, 7, 9, 11, 13, 14, 15, 16, 20, 22***. The fees and costs sought include reasonable attorney time, billed at reasonable rates and expenses include copying, facsimile and postage charges. *Id.* The time and expenses of the attorneys involved were not excessive and were necessary to obtain favorable outcomes at the administrative level. *Id.* Plaintiffs have provided defendants with detailed invoices and have met their evidentiary burden. *See Nat'l Ass'n of Concerned Veterans*, 675 F.2d 1319 (D.C. Cir. 1992)("the burden of proceeding then shifts to the party opposing the fee award, who must submit facts and detailed affidavits to show why the applicant's request should be reduces or denied. . . .[A]n opposing party does not meet his burden merely by asserting broad challenges to the application, it is not enough for an opposing party to state , for example, that the hours claimed are excessive and the rates submitted to high."

### E. CASES INVOLVING DOMIENTO HILL BE HELD IN ABEYANCE UNTIL A FINAL DECISION IS ISSUED IN *AGAPITO v. DISTRICT OF COLUMBIA*.

Counsel for Plaintiffs respectfully request that this Court hold in abeyance any decision with respect to the following claim: D.K. In *Agapito v. District Columbia*, counsel for Plaintiffs sought reasonable reimbursement for reasonable attorney fees in fifty-four (54) cases. *Agapito v. District*

*of Columbia*, Civil Action No. 05-1935 (RMC)(not final). The Defendant in an August 4, 2005, over the signature of Erika L. Pierson, acting General Counsel for Defendant DCPS, claimed that the invoices were being denied "...due to the unauthorized practice of law by the attorneys involved. . . .[and] [t]he District of Columbia Public Schools will not pay attorney fees for attorneys who are not are not licensed to practice law in the District of Columbia..." More specifically, the Defendant argued that Domiento Hill and Christopher West were not licensed to practice in the District of Columbia.  Notwithstanding, 1) that counsel's practice had been sanctioned by the District of Columbia Bar; 2)that up to the issuance of letter, the Defendant had always reimbursed counsel for reasonable attorney fees without regard to status in the District of Columbia;3) that the District of Columbia Bar did not find that Domiento Hill has engaged in the unauthorized practice of law, Judge Rosemary Coyller found that counsel for Plaintiff engaged in the unauthorized practice of law. *See Agapito v. District of Columbia*, Civil Action No. 05-1935 (RMC)(not final).

Because counsel is awaiting a final decision in this matter, Counsel for the Plaintiff respect that a final decision regarding D.K. be held in abeyance until such time as a final decision is rendered.

## CONCLUSION

Therefore, upon the above stated argument, Plaintiffs respectfully request that this Court to grant the Plaintiffs Motion for Summary Judgment and award the reimbursement of reasonable attorney fees.  *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii).

Respectfully Submitted,

_____/s/_____
Tilman L. Gerald
Unified Bar No. 928796
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
*Attorney for Plaintiffs*