UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                  :
GLORIA SANTAMARIA, for                            :
L.A., a minor, et al.,                            :
                                                  :
        Plaintiffs,                               :
                                                  :
            v.                                    :    Civil No. 06-0577(RWR)
                                                  :
DISTRICT OF COLUMBIA, et al.,                     :
                                                  :
        Defendants.                               :
_____:


## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I.  BACKGROUND

On March 29, 2006, twenty-two named plaintiffs filed a Complaint for reimbursement of attorneys' fees and costs, asserting that they were "prevailing parties" in administrative proceedings pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq. ("IDEIA") (p. 1).  By a Praecipe filed July 3, 2006, a second filed on August 7, 2006, and a third filed on June 8, 2007, the Plaintiffs voluntarily dismissed 9 of the initial claims: L.A., D.A., P.J., J.H., M.T., J.T., J.T., S.G., and K.W.  By this Court's Order issued on April 24, 2007 (p.15), the claims of T.B. were also dismissed.  Thus, there are 12 remaining claims in this action: P.B., K.B., L.F., M.J., D.K., S.M., J.M., A.M., R.W., S.Y., J.P., and A.P.  Complaint Exhibits 4, 5, 6, 9, 11, 12, 13, 14, 15, 16, 20 and 22.

Furthermore, the complaint (paragraph 2) states that it was filed pursuant to the IDEIA; The Rehabilitation Act (Section 504), 29 U.S.C. §794; and 42 U.S.C. § 1983

("Section 1983"), and 28 U.S.C. §§ 1441 and 1442.   However, in their August 7, 2006, Opposition to Defendants' Motion to Dismiss (p. 1.), Plaintiffs abandoned their claims under 42 U.S.C. 1983 and 29 U.S.C. 794.

Thus, of the remaining claims, Plaintiffs' complaint alleges attorneys' fees and costs that are due and owing for prevailing at the administrative level under IDEIA, 20 U.S.C. §1415 (i)(3)(B)(i):

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs (I) to a prevailing party who is the parent of a child with a disability. . .

Complaint paragraphs 1-4.

In their Complaint for fees, Plaintiffs allege the fee amount requested is reasonable. Id. However, Defendant disputes that the amounts are reasonable because the invoices attached to the Complaint show that 1) various attorneys seeking attorneys' fees for services provided to DCPS students were not licensed to practice law in the District of Columbia, 2) Plaintiffs' hourly rate billed as to each claim exceeds the prevailing market rate in the community, 2) Plaintiffs are in violation of the DCPS guidelines and case law for the properly hourly rates for attorneys' fees, 3) various invoice entries are vague, excessive or too remote in time, and 4) Plaintiffs only enjoyed limited success as to their claims.

## II.  ARGUMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477

U.S. 317, 322 (1986); Diamond v.Atwood, 43 F.3d 1538, 1540 (D.C.Cir.1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986). A "genuine issue" is one that will affect the outcome of the action. Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. Anderson 477 U.S. at 255. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. Id.

**A. Plaintiffs' Counsel Was Not Barred in the District of Columbia at the Time Services Were Rendered.**

**I) Plaintiffs' counsel, Mr. Hill Was Not Barred in the District of Columbia and Cannot Recover Attorneys' Fees.**

Mr. Hill, a member of the James E. Brown & Associates law firm, presented invoices to DCPS during the period of April - July, 2005, for services rendered during 2005. In 2005, Mr. Hill represented four students: K.B., L.F., D.K., J.P. His invoiced work totals $17, 356.50. In Agapito v. District of Columbia 05-1935, (D.D.C. Memorandum Opinion March 7, 2007) (p. 11) (attached as Exhibit 1), Mr. Hill and two other attorneys at the Brown Firm were denied attorneys fees because they were found to be engaged in the unauthorized practice of law during 2005. (Mr. Hill was not a licensed

member of the District of Columbia Bar until February 3, 2006. <u>See</u> Exhibit 2.)  Thus, in

this case, Mr. Hill should be denied fees because his services were also rendered in 2005

– before he was authorized to practice law. [1]

**B. <u>Court Rules require membership in the D.C. Bar as a prerequisite<br>for providing legal services in the District</u>.**

The District of Columbia Court of Appeals "has the inherent and exclusive

authority to define and regulate the practice of law in the District of Columbia**.**" <u>In re</u>

<u>Banks</u>, 805 A.2d 990, 996 (D.C. 2002) (<u>quoting</u> <u>Brookens v. Committee on Unauthorized</u>

<u>Practice of Law</u>, 538 A.2d 1120, 1125 (D.C. 1988), and citing  D.C. Code §_11-2501 et

seq.).  Rule 49(a) of that Court states:

> No person shall engage in the practice of law in the District of Columbia or in
> any manner hold out as authorized or competent to practice law in the District of
> Columbia unless enrolled as an active member of the District of Columbia Bar,
> except as otherwise permitted by these rules. [2]

---

[1] Mr. Juan Fernandez, another Brown Firm attorney also billed $350.00 an hour for services rendered to
A.M. while he was not licensed in the District of Columbia from March 18, 2004, through January 10,
2005, for a total of $1,137.50. These fees should be eliminated for the same reasons as Mr. Hill. <u>See</u>
Exhibit 3 and Complaint Exhibit 12.

[2] D.C. App. Rule 49(b)(2) defines the "practice of law" as

> . . . the provision of professional legal advice or services where there is a client relationship of
> trust or  reliance.  One is presumed to be engaged in the practice of law when engaging in any of
> the following conduct on behalf of another:
> > (A)  Preparing any legal document . . . ;
> > (B)  Preparing or expressing legal opinions;
> > (C)  Appearing or acting as an attorney in any tribunal;
> > (D)  Preparing any claims, demands or pleadings of any kind, or any
> >       written documents containing legal argument or interpretation of law,
> >        for filing in any court administrative agency or other tribunal;
> > (E)  Providing advice or counsel as to how any of the activities described
> >       in subparagraph (a) through (d) might be done, or whether they were done, in
> >       accordance with applicable law;
> > (F)  Furnishing an attorney or attorneys, or other persons, to render the
> >       services described in subparagraphs (A) through (E) above.

It is undisputed that Mr. Hill was not a member of the District of Columbia Bar during the period in question. <u>See</u> Exhibit 1.  To that extent, their appearance in DCPS administrative hearing proceedings was inconsistent with the prohibition of Rule 49.

In her March 7, 2007, memorandum opinion in <u>Agapito</u> <u>supra</u>, Judge Collyer extensively addressed whether attorneys fees are available for unlicensed lawyers. Exhibit 1 p. 11-14.   She found that attorneys' fees are prohibited for legal services rendered in violation of Rule 49. <u>Id</u> at 14.  Specifically, Mr. Hill was denied attorneys' fees because he was found to be engaged in the unauthorized practice of law in <u>Agapito</u>. <u>Id</u>. at 10-11.  Mr. Hill should also be denied here.  His invoiced work for services before he was barred totals $17, 356.50.   <u>See</u> Exhibit 2.  Since the services regarding these fees were rendered at the time Mr. Hill was not authorized to practice law in the District of Columbia, then these fees should be eliminated, as they were in <u>Agapito</u>.

**II.**    **Even if Plaintiffs are Deemed Barred in the District of Columbia, All Plaintiffs are Not Entitled to the Amounts Claimed.**

   **A.**  **Plaintiffs' invoices show the attorneys erroneously billed at similar rates despite their varied experience levels.**

A summary of the rates billed by the attorneys shows the attorneys' admission date to the District of Columbia Bar and is presented below.  Despite the law in this Circuit—which supports the idea that attorneys with more experience do earn higher hourly rates—the billing rates show that the Brown Firm attorneys bill at the same rates, irrespective of their experience.

| Attorney | Admission to D.C. Bar | Billing Rate | Cases Handled |
|---|---|---|---|
| 1. Juan Fernandez | 3/18/2005 | $350.00 | P.B., A.M. J.M. |
| 2. Miguel Hull | 1/10/2000 | $350.00 | P.B., A.M., J.M. |
| 3. Domiento Hill | 2/3/2006 | $350.00 | K.B., L.F., D.K., J.P. |
| 4. Roxanne Neloms | 7/8/2002 | $350.00, $365.00 | K.B., L.F., D.K., J.P. |
| 5. Christopher West | 5/6/2005 | $350.00, $365.00 | K.B., L.F., A.P. |
| 6. Roberta Gambale | 1/11/2002 | $350.00, $365.00 | M.J., A.M., S.M., R.W., S.Y. |
| 7. James E. Brown | 8/1/1970 | $350.00 | S.M. |

In <u>Davis v. Bolger</u> 512 F. Supp. 61, 65, (D.C.D.C. 1981) the Court notes a clear

distinction between the attorneys' experience and how this should be reflected in billing:

> The Court finds $85.00 per hour to be excessive for work by a relatively young attorney on an issue which, though novel, was not exceedingly complex. In a recent case decided by this Court, an attorney with over eighteen years of experience in civil rights litigation was awarded $85.00 per hour for work performed during the year of 1979, and his associate with five years of experience was awarded $50.00 per hour. <u>Marimont v. Califano</u>, No. 73-1992 (D.D.C. May 10, 1979) p. 3.

In Complaint Exhibit 15, the invoice of Mr. Hill shows that he bills $350.00 for

"draft[ing] and file[ing] letter". Roxanne Neloms also bills $350.00 for her work

"review[ing] letter drafted by Mr. Hill." Ms. Neloms has substantially more experience

than Mr. Hill, but Mr. Hill billed at the same rate. The prevailing market rate in the

community for IDEIA work <u>infra</u> does not support this type of billing.

Further, there is public data that indicates what hourly rates have been for senior

attorneys engaged in IDEIA practice. Courts have ordered varied rates from $285.00 per

hour to $375.00 per hour in 2005 for senior IDEIA attorneys: Karen Alvarez – D.C. Bar

1990 -- $285.00;[3] in 2005, Elizabeth Jester – 1980 graduate of Catholic University

---

[3] <u>Mayen v. District of Columbia</u>, Civ. No. 02-1632 (D.D.C.) (Declaration of Karen Alvarez, filed March 28, 2005).

School of Law -- $300.00;[4] in 2005, Tilman Gerald – 1975 graduate of Howard University School of Law -- $375.00.00;[5] in 2004, Michael Eig – D.C. Bar 1975 – $300.00;[6] and in 2004, Matthew Bogin – D.C. Bar 1975 -- $325.00.[7]   The junior attorneys at the Brown firm are impermissibly seeking rates reserved for the most senior attorneys.

Rates for junior attorneys are substantially lower than those claimed by the Brown firm.  For example, Ms. Haylie Iseman, admitted to the D.C. Bar in 2001, has been awarded $200.00 per hour in 2004-2005.  Goldring v. District of Columbia, Civ. No. 02-1761 (D.D.C. June 26, 2004); Smith v. District of Columbia, Civ. No. 02-0373 (D.D.C. 2005).

Further, the DCPS guideline rates have only been adjusted upward for senior attorneys with at least 20 years experience in this area of law. The Brown Firm attorneys, whose average experience is approximately two-three years, were billing at the same rate or even higher than the senior attorneys who fell within the adjusted rate scale. Accordingly, their fees should be reduced to the amounts within the DCPS guidelines.

**B.  Plaintiffs' Hourly Rates Are Not the Prevailing Rates in the Community.**

To determine a "reasonable hourly rate," the Court must look to the rate "prevailing in the community for similar work." Davis v. Bolger 512 F. Supp. 61, 65

---

[4] Argueta v. District of Columbia, Civ. No. 04-0260 (D.D.C.) (Affidavit of Elizabeth Jester, filed March 22, 2005).

[5] District of Columbia. v. Ramirez, Civ. No. 04-775 (D.D.C.) (Statement of Service of Tilman Gerald, filed July 15, 2005); Kingsberry v. District of Columbia, Civ. No. 03-2378 (D.D.C.) (Declaration of Tilman Gerald, filed February 22, 2005).

[6] Goldring v. District of Columbia, Civ. No. 02-1761 (D.D.C.) (Declaration of Michael Eig dated January 30, 2004).

[7] Goldring v. District of Columbia, Civ. No. 02-1761 (D.D.C.) (Declaration of Michael Eig dated January 30, 2004).

(D.C.D.C. 1981) <u>Citing</u> <u>Copeland v. Marshall</u>, 641 F.2d 880, 892 FN 8, (D.C. Cir. 1980)

(Copeland III ).  Factors to be taken into consideration relevant to this litigation include

the level of experience and reputation of the attorney, the difficulty of the issues

involved, the level of skill necessary, and the undesirability of the case. <u>Id.</u>; <u>Evans v.</u>

<u>Sheraton Park Hotel,</u> 503 F.2d at 187-88. In litigation of the type in this case, it is clear

that DCPS attorney fee guideline rates should apply. The guidelines set hourly rates for

lawyers in the District of Columbia who handle IDEIA matters:

- Lawyers admitted to the bar for less than five years: $135-170
- Lawyers admitted to the bar for five to eight years: $150-225
- Lawyers admitted to the bar for more than eight years: $200-275
- Paralegals and law clerks: $90

<u>See</u> Exhibit 4.

Guidelines for claims submitted before October 1, 2006, also included an hourly

rate provision which provided:

> DCPS will pay an attorney's reasonable hourly rate, taking
> into account the experience of the attorney and the character
> of the services performed. DCPS guidelines, Section 4.

<u>See</u> Exhibit 5.

The DCPS guideline rates are the prevailing market rate in the community for

IDEIA cases.  Even other cities in the District of Columbia area have applied their own

fee schedules in the Washington, D.C. area.  For example, Bethesda, Chevy Chase, and

Silver Spring apply the rates set forth in the Local Rules of the U.S. District Court of

Maryland (appendix B, p.84), which contain the exact same hourly rates for attorneys'

fees in civil rights and discrimination cases as the DCPS rates.  <u>See</u> Exhibit 6.  Other

Courts even applied agency fee guidelines rates in cases where a party prevails against

the agency in civil rights and discrimination cases. For example, in <u>Hampton Courts</u>

Tenants Association v. District of Columbia, 599 A. 2d 1113, 1119 (D.C. App. November 21, 1991), the Court applied the rates set forth in the Equal Access to Justice Act, 28 U.S.C. 2412 (1988), a fee authorization statute similar to IDEIA, as prevailing market rates in the community for the tenants association which prevailed under the Rental Housing Act in the District of Columbia.

DCPS guideline rates should be applied by this Court as the prevailing market rate for the District of Columbia.  Although the claims here fall within the 2005 guideline rates, the 2006 guidelines should apply because they contain specific rates designated for the attorneys' years of practice, thus making it an accurate and fair measure of the proper hourly rates.  (Since the 2005 guidelines generally state the hourly rates, they are less efficient than the updated 2006 guideline rates.)  As to each of the plaintiffs' claims, the information below shows the rates under DCPS guidelines. As to paralegals and law clerks, DCPS guidelines put forth the standard fees sought as $90.00 per hour.  Since the "advocates" listed in the invoices generally perform the same duties as the paralegals, the $90.00 hourly rate should also apply to the advocates.  The appropriate changes are applied below (summaries below use employees' initials as found in Plaintiffs' invoices):

1.      **P.B., Complaint Exhibit 4**

    a.   **Attorneys**

    - J.F.'s hourly rate should be reduced from $350.00 per hour to $135.00 per hour for 4.24 hours of services. Thus, reducing the total amount billed from $1,484.00 to $572.40, in light of J.F.'s skill and expertise having only been sworn into the D.C. bar March, 2005, just five months before he rendered services.

- M.H.'s hourly rate should be reduced from $350.00 per hour to $225.00 per hour for 10.01 hours of services. Thus, reducing the total amount billed from $3,503.50 to $2,252.25, in light of M.H.'s skill and expertise having only been sworn into the D.C. bar January, 2000.

**b. Paralegals and law clerks**

- H.R.'s hourly rate should be reduced from $105.00 per hour for 5.4 hours to $90.00, reducing the total amount billed from $567.00 to $486.00.
- A.A.G.'s hourly rate should be reduced from $105.00 per hour for 2.38 hours to $90.00, reducing the total amount billed from $249.90 to $214.20.
- Y.A.'s hourly rate should be reduced from $105.00 per hour for 1.58 hours to $90.00, reducing the total amount billed from $165.90 to $142.20.

**c. Advocates**

- G.M.H.'s hourly rate should be reduced from $175.00 per hour for 7.45 hours to $90.00, reducing the total amount billed from $1,303.75 to $670.50.

**2.    K.B., Complaint Exhibit 5**

**a. Attorneys**

- **D.H. was not licensed to practice law in the District of Columbia, thus his billing ate should be reduced from $350.00 per hour to $0.00 for 9.17 hours totaling a reduction of $3, 209.50**
- R.N.'s hourly rate should be reduced from $365.00 per hour to $170.00 per hour for .33 hours of services. Thus reducing the total amount billed from $120.45 to $56.10, in light of RN's skill and expertise having been sworn into the D.C. bar July, 2002.
- C.W.'s hourly rate should be reduced from $350.00 per hour to $135.00 per hour for 4.5 hours of services. Thus reducing the total amount billed from $1575 to $607.50, in light of C.W.'s skill and expertise having been sworn into the D.C. bar May, 2005.

**b. Paralegals and law clerks**

- W.B.'s hourly rate should be reduced from $110.00 per hour for 1.42 hours to $90.00, reducing the total amount billed from $156.20 to $127.80.
- K.D.'s hourly rate should be reduced from $110.00 per hour for 1.92 hours to $90.00, reducing the total amount billed from $211.20 to $172.80.

**c. Advocates**

- D.D.'s hourly rate should be reduced from $185.00 per hour for 3 hours to $90.00, reducing the total amount billed from $555.00 to $270.00.

3.    **L.F., Complaint Exhibit 6**

   a.  **Attorneys**

- **D.H. billed 16.75 hours at $350.00 per hour totaling $5,866.00, this should be reduced to 0.00 since Mr. Hill was not authorized to practice law in the District of Columbia during July 2005.**
- R.N.'s hourly rate should be reduced from $350.00 per hour to $170.00 per hour for .49 hours of services. Thus reducing the total amount billed from $171.50 to $83.30, in light of RN's skill and expertise having been sworn into the D.C. bar July, 2002.
- C.W.'s hourly rate should be reduced from $365.00 per hour to $135.00 per hour for 4.42 hours of services. Thus reducing the total amount billed from $1,613.20 to $596.70, in light of C.W.'s skill and expertise having been sworn into the D.C. bar May, 2005.

   b.  **Paralegals and law clerks**

- K.D.'s hourly rate should be reduced from $110.00 per hour for 8.43 hours to $90.00, reducing the total amount billed from $927.30 to $758.70.
- M.T.'s hourly rate should be reduced from $110.00 per hour for .17 hours to $90.00, reducing the total amount billed from $18.70 to $15.30.
- B.D.L.'s hourly rate should be reduced from $110.00 per hour for .42 hours to $90.00, reducing the total amount billed from $46.20 to $37.80.
- W.B.'s hourly rate should be reduced from $110.00 per hour for 2.42 hours to $90.00, reducing the total amount billed from 266.20 to $217.80.
- C.M.M.'s hourly rate should be reduced from $110.00 per hour for 1.17 hours to $90.00, reducing the total amount billed from $128.70 to $105.30.

   c.  **Advocates**

- D.D.'s hourly rate should be reduced from $185.00 per hour for 4.83 hours to $90.00, reducing the total amount billed from $893.55 to $434.70.

4.    **M.J., Complaint Exhibit 9**

   a.  **Attorneys**

- R.G.'s hourly rate should be reduced from $365.00 per hour to $170.00 per hour for 10 hours of services. Thus reducing the total amount billed from $3,650.00 to $1,700.00, in light of R.G.'s skill and expertise having been only sworn into the D.C. bar January, 2002.

    **b. Paralegals and law clerks**

- Y.A.'s hourly rate should be reduced from $110.00 per hour for 12.43 hours to $90.00, reducing the total amount billed from $1367.30 to $1,118.7.
- A.A.G.'s hourly rate should be reduced from $110.00 per hour for .25 hours to $90.00, reducing the total amount billed from $27.50 to $22.50.

    **c. Advocates**

- R.B.'s hourly rate should be reduced from $185.00 per hour for 5.87 hours to $90.00, reducing the total amount billed from $1,085.95 to $528.83.

**5.**    **D.K., Complaint Exhibit 11**

    **a. Attorneys**

- **D.H. billed 8 hours of services at $350.00 an hour, totaling $2,800.00 while he was unauthorized to practice law, and this amount should be reduced to $0.00.**
- R.N.'s hourly rate should be reduced from $365.00 per hour to $170.00 per hour for 1.5 hours of services. Thus, reducing the total amount billed from $547.50 to $255.00, in light of RN's skill and expertise having only been sworn into the D.C. bar July, 2002.

    **b. Paralegals and law clerks**

- H.R.'s hourly rate should be reduced from $110.00 per hour for 3.75 hours to $90.00, reducing the total amount billed from $412.50 to $303.75.
- C.M.M.'s hourly rate should be reduced from $110.00 per hour for 3.75 hours to $90.00, reducing the total amount billed from $412.50 to $303.75.

    **c. Advocates**

- K.C.'s hourly rate should be reduced from $175.00 per hour for 9.16 hours to $90.00, reducing the total amount billed from $1,603.00 to $824.40.
- C.G.'s hourly rate should be reduced from $175.00 per hour for .58 hours to $90.00 reducing the total amount billed from $101.50 to $52.20.
- M.M.'s hourly rate should be reduced from $150.00 per hour for 1.91 hours to $90.00 reducing the total amount billed from $286.50 to $171.90.

6. **A.M., Complaint Exhibit 12**

   a. **Attorneys**

   - **J.F. billed $350.00 an hour for services rendered to A.M. while he was not licensed in the District of Columbia from March 18, 2004, through January 10, 2005, for a total of $1,137.50. These fees should be eliminated for the same reasons as Mr. Hill.**
   - M.H.'s hourly rate should be reduced from $350.00 per hour to $225.00 per hour for 5.75 hours of services. Thus, reducing the total amount billed from $2,012.50 to $1,293.75, in light of M.H.'s skill and expertise having only been sworn into the D.C. bar January, 2000.
   - R.G.'s hourly rate should be reduced from $350.00 per hour to $170.00 per hour for 16.51 hours of services. Thus, reducing the total amount billed from $5,778.50 to $2,806.70, in light of R.G.'s skill and expertise having only been sworn into the D.C. bar January, 2002.

   b. **Paralegals and law clerks**

   - Y.A.'s hourly rate should be reduced from $105.00 per hour to $90.00 for 12.86 hours, reducing the total amount billed from $1,350.30 to $1,157.40.

   c. **Advocates**

   - R.B.'s hourly rate should be reduced from $175.00 per hour for 85.71 hours to $90.00, reducing the total amount billed from $14,999.25 to $7,713.90.
   - C.S.'s hourly rate should be reduced from $175.00 per hour for .17 hours to $90.00, reducing the total amount billed from $29.75 to $15.30.

7. **S.M., Complaint Exhibit 13**

   a. **Attorneys**

   - R.G.'s hourly rate should be reduced from $350.00 per hour to $170.00 per hour for 18.81 hours of services. Thus, reducing the total amount billed from $6,583.50 to $3,197.70, in light of R.G.'s skill and expertise having only been sworn into the D.C. bar January, 2002.

    **b.   Paralegals and law clerks**

- Y.A.'s hourly rate should be reduced from $105.00 per hour to $90.00 for 14.57 hours, reducing the total amount billed from $1,529.85 to $1,311.30.
- B.D.L.'s hourly rate should be reduced from $105.00 per hour to $90.00 for 1.5 hours, reducing the total amount billed from $157.50 to $135.00.
- A.A.G.'s hourly rate should be reduced from $105.00 per hour to $90.00 for .25 hours, reducing the total amount billed from $26.25 to $22.50.

    **c.   Advocates**

- R.B.'s hourly rate should be reduced form $175.00 per hour for .33 hours to $90.00, reducing the total amount billed from $57.75 to $29.70.
- M.M.'s hourly rate should be reduced form $150.00 per hour for 9.08 hours to $90.00, reducing the total amount billed from $1,362.00 to $817.20.

**8.    J.M., Complaint Exhibit 14**

    **a.   Attorneys**

- M.H.'s hourly rate should be reduced from $350.00 per hour to $225.00 per hour for 10.75 hours of services. Thus, reducing the total amount billed from $3,762.50 to $2,418.75, in light of M.H.'s skill and expertise having only been sworn into the D.C. bar January, 2000.

    **b.   Paralegals and law clerks**

- H.R.'s hourly rate should be reduced from $105.00 per hour to $90.00 for 3.76 hours, reducing the total amount billed from $394.80 to $338.40.

    **c.   Advocates**

- R.B.'s hourly rate should be reduced from $175.00 per hour for 2.67 hours to $90.00 per hour, reducing the total amount billed from $467.25 to $240.30

**9.    J.P., Complaint Exhibit 15**

    **a.   Attorneys**

- **D.H. billed 15.66 hours at $350.00 totaling $5,481.00 and these fees should be reduced to 0.00 since he was not authorized to practice law at this time.**

- R.N.'s hourly rate should be reduced from $350.00 per hour to $170.00 per hour for 5.24 hours of services, reducing the total amount billed from $1,834.00 to $890.80. This rate properly reflects R.N.'s skill and expertise, given that she was sworn into the D.C. bar in July of 2002.

**b.    Paralegals and law clerks**

- K.D.'s hourly rate should be reduced from $105.00 per hour to $90.00 for 4.67 hours reducing the total amount billed from $490.35 to $420.30.

**c.    Advocates**

- D.D.'s hourly rate should be reduced from $175.00 per hour to $90.00 for 6 hours reducing the total amount billed from $1,050.00 to $540.00.

**10.    A.P., Complaint Exhibit 16**

**a.    Attorneys**

- C.W.'s hourly rate should be reduced from $350.00 per hour to $135.00 per hour for 20.17 hours of services, reducing the total amount billed from $7,059.50 to $2,722.95. This rate properly reflects C.W.'s skill and expertise, given that he was sworn into the D.C. bar in May of 2005.

**b.    Paralegals and law clerks**

- B.D.L.'s hourly rate should be reduced from $105.00 per hour to $90.00 for 7.78 hours, reducing the total amount billed from $816.90 to $700.20
- W.B.'s hourly rate should be reduced from $105.00 per hour to $90.00 for 7.78 hours, reducing the total amount billed from $816.90 to $700.20
- A.A.G.'s hourly rate should be reduced from $105.00 per hour to $90.00 for .79 hours, reducing the total amount billed from $82.95 to $71.11.

**11.    R.W., Complaint Exhibit 20**

**a.    Attorneys**

- R.G.'s hourly rate should be reduced from $350.00 per hour to $170.00 per hour for 11.50 hours of services, reducing the total amount billed from $4,021.50 to $1,955.00. This rate properly reflects R.G.'s skill and expertise, given that she was been sworn into the D.C. bar in January of 2002.

**b.    Paralegals and law clerks**

- Y.A.'s hourly rate should be reduced from $105.00 per hour to $90.00 for 11.83 hours, reducing the total amount billed from $1,242.15 to $1,064.70.

**c.    Advocates**

- M.M.'s hourly rate should be reduced from $185.00 per hour to $90.00 for 9.5 hours, reducing the total amount billed from $1,757.50 to $855.00

**SUPPLEMENTAL INVOICE:**

**a.    Attorneys**

- R.G. arbitrarily increased her hourly rate from $350.00 per hour to $365.00 per hour within the same invoice. She billed 6.84 hours at $365.00 per hour, totaling $2,496.60. The total amount billed should be $1,162.80, respective to the proper amount per hour of $170.00

**b.    Law Clerks and Paralegals.**

- Y.A. increased his hourly billing rate from $105.00 to $110.00 in the same invoice. He billed 2.6 hours at $110.00 dollars per hour, totaling $286.00. This amount should be reduced to $90.00 per hour, reducing the total amount billed to $234.00.

**12.    S.Y., Complaint Exhibit 22**

**a.    Attorneys**

- R.G.'s hourly rate should be reduced from $350.00 per hour to $170.00 per hour for 8.84 hours of services, reducing the total amount billed from $3,094.00 to $1,503.00. This rate properly reflects R.G.'s skill and expertise, given that she was sworn into the D.C. bar in January of 2002.

**b.    Paralegals and law clerks**

- Y.A.'s hourly rate should be reduced from $105.00 per hour to $90.00 for 3.5 hours, reducing the total amount billed from $366.00 to $315.00

**c.    Advocates**

- M.M.'s hourly rate should be reduced from $170.00 per hour to $90.00 for 7.66 hours, reducing the total amount billed from $1,302.20 to $689.40.

See Attachment A.

III.     **Plaintiffs Invoices are Insufficient on Several Regards.**

    A.     **Plaintiffs' Invoices Are Inconsistent With DCPS Fee Guidelines and Rulings by this Court.**

        1. **Plaintiffs' invoices are vague.**

Plaintiffs allege that their detailed invoices support their claims for fees. However, where the invoices for Plaintiffs M.B., M.J., D.K., A.M., S.M., R.W., and S.Y. are vague, those entries should be eliminated.

Section 2 of The DCPS Guidelines for the Payment of Attorney Fees in IDEIA matters outlines the guidelines for invoices. Sub-section (f) states:

> _Each entry must include a specific description of the services performed_, the time increment, in 1/10 hour increments, hourly rate and totally amount billed for that entry. While exhaustive detail or privileged information of the attorney involved is not required, billing entries should provide a reasonable level of information instead of a simple repetition.

Sub-section (g) of the guidelines provides that entries failing to meet these qualifications "may be denied."  Exhibit 4.

In <u>Coleman v. District of Columbia</u>, Civ. No. 03-0126 (D.D.C. May 3, 2007) (p. 13), the Defendants objected to several fee requests that were "impermissibly vague and inadequately detailed."  In the decision reached, that objection was sustained on the grounds that "many of the Fee Listing entries are vague, lacking in detail, and do not reveal what the plaintiffs say they reveal." Accordingly, the court reduced the fee award for such entries by fifty percent. Here, some of the invoice entries are vague and they should be disallowed. <u>Id</u>. For example, the Plaintiffs seek fees for such vague services as "preparation for hearing," "preparation for school visit," and "preparation for telephone conference." In the present case, several of the Plaintiffs seek fees for similarly vague

services, such as "research and case preparation" (e.g., P.B., Complaint Exhibit 4), and

"discussion with parent" (e.g., M.J., Complaint Exhibit 9). While an occasional entry for

a phone call or discussion lacking detailed description may not be absolutely

disqualifying, the Plaintiffs seek fees totaling thousands of dollars. As in <u>Coleman</u>, the

fee award for these vague entries should be reduced by at least fifty percent. <u>Id</u>.

     In total, the invoices include $4,392.02 in charges which bear this deficiency.

Thus, the overall fee request should be reduced by fifty percent of this amount, resulting

in a total reduction of $2,196.01. [8]

1. As to the invoice for P.B., vague entries include fees totaling $637.00.
2. As to the invoice for M.J., vague entries include fees totaling $767.76.
3. As to the invoice for D.K., vague entries include fees totaling $12.00.
4. As to the invoice for A.M., vague entries include fees totaling $310.46.
5. As to the invoice for S.M., vague entries include fees totaling $1,471.60.
6. As to the invoice for R.W., vague entries include fees totaling $31.45.
7. As to the invoice for S.Y., vague entries include fees totaling $1,161.75.
8.

<u>See</u> Attachment A.

**2.     <u>Plaintiffs' invoice entries are too remote in time</u>.**

     Plaintiffs allege that their detailed invoices support their claims for fees.

However, where the invoices for Plaintiffs L.F., D.K., A.M. and J.M. are too remote in

time, those entries should be eliminated.

     In the DCPS attorneys' fees guidelines attorneys are allowed to bill approximately

sixty to ninety days from the time the student agrees to representation to the time the

hearing occurs.  "20 U.S.C. §1415(i)(3)(B)(i) does not contemplate some undefined form

of ongoing representation of students." In <u>Czarniewy v. District of Columbia</u>, Civ. No.

02-1496 (D.D.C. March 3, 2005) (p. 3), the Defendants objected to "a number of charges

---

[8] The proposed hourly rates above in Section II were used to calculate any proposed 50% reductions here.

which predate the administrative hearing by such an extended period of time as to preclude a meaningful relationship with the client." Accordingly, the court reduced the plaintiffs' fee award by the total of these "unjustified remote time entries."[9]

    **a.**  As to the invoice for Plaintiff L.F., entries were billed for approximately 6 months prior to the due process hearing. Considering that the preparation for a hearing deals with gathering records and there was no follow up necessary after the hearing, it is not reasonable that the Plaintiff needed approximately 6 months to prepare for the hearing. Thus, all fees exceeding 90 days (approximately 3 months) prior to the due process hearing are unreasonable and should be eliminated, a total reduction of $9,132.08.

    **b.**  As to the invoice for Plaintiff D.K., entries were billed for approximately 4 months prior to the due process hearing. It is not reasonable that the Plaintiff needed approximately 4 months to prepare for the hearing. Thus, all fees exceeding 90 days (approximately 3 months) prior to the due process hearing are unreasonable and should be eliminated, a total reduction of $740.00.

    **c.**  As to the invoice for Plaintiff A.M., entries were billed for approximately 15 months prior to the due process hearing. It is not reasonable that the Plaintiff needed approximately 15 months to prepare for the hearing. Thus, all fees exceeding 90 days (approximately 3 months) prior to the due process hearing are unreasonable and should be eliminated, a total reduction of $ 8,930.25

---

[9] As to Mr. Hill, since Defendants are seeking an elimination of all of his fees because he was unauthorized to Practice law, and seeking to eliminate all fees that are "too remote in time," then $906.40 in fees overlaps in the two categories and should not be reduced in the "too remote in time" category, if Defendants' Motion is granted as to these fees being reduced because Mr. Hill was unauthorized to practice law. If Defendants' Motion is not granted as to the unauthorized practice of law of Mr. Hill then $906.40 should be reduced under the "too remote in time" category for those reasons.

**d.** As to the invoice for Plaintiff J.M., entries were billed for approximately 4 months prior to the due process hearing. It is not reasonable that the Plaintiff needed approximately 4 months to prepare for the hearing. Thus, all fees exceeding 90 days (approximately 3 months) prior to the due process hearing are unreasonable and should be eliminated, a total reduction of $115.50

See Attachment A.

**3.     Plaintiffs' Invoices Are Incorrect.**

In addition to the aforementioned unreasonable attorneys' fees, the Brown firm has demonstrated inconsistencies throughout its invoices, which must not be overlooked. These errors serve to undermine the credibility of the Firm's invoices as a whole.

With respect to the invoice for A.M. (see Exhibit 12), several fees are excessive, beyond that which a reasonable person would be expected to bill for such tasks. For example, R.B., an advocate, billed $43.75 for "Mapquest directions to Friendship-Edison SE campus for 2/11/04." As Mapquest.com is not a complicated application, a reasonable person could be expected to spend five minutes at the very most looking up directions, even if such time were properly chargeable. R.B., however, claimed to have spent fifteen minutes finding the directions, at $175.00 per hour. This charge should be eliminated.

R.B. also billed .17 hours to leave a voicemail on 4/14/2004 and then the same amount of time to receive a fax on 4/15/2005. A reasonable person can be expected to spend no more than three minutes to complete each of these tasks. Thus, these charges of $29.75 each should be reduced by half. On 5/11/2005, R.B. billed $57.75 for using Mapquest to obtain directions to another school. Again, this charge is considerably higher than a reasonable person should bill for time spent using Mapquest, even if such time were properly chargeable. Thus, this fee should be eliminated. On 3/1/2005, R.B.

once again billed for calling to obtain directions to the same school for which he had already billed for looking up directions on Mapquest. This charge of $43.75 should be eliminated.

Moreover, Plaintiffs allege that their detailed invoices support their claims for costs. However, where the invoices for Plaintiffs P.B., K.B., L.F., M.J., D.K., S.M., J.M., J.P., T.B., R.W., and S.Y list "bill review" as a cost, this is improper and should be eliminated. Complaint Exhibits 4, 5, 6, 9, 11, 12, 13, 14, 15, 16, 20 and 22.

These same invoices contain an entry, in the "costs" section, of $96.88 for "review of the bill and invoice audit." This type of work is not a cost. Therefore, $96.88 should be deducted from the costs of each of these invoices. In total, the invoices include $1,065.68 in inappropriate "bill review" costs. Thus, the overall fee requests should be reduced by this amount.[10] See Attachment A (these amounts were subtracted from the costs column and added to the fees column).

**4.          Plaintiffs only enjoyed a limited success at administrative hearing**.

In this case, the remaining Plaintiffs are prevailing parties.   However, nine of the Plaintiffs did not succeed at administrative hearing on many of their claims.  Where "plaintiff only enjoyed limited success" fees will only be awarded for the hours devoted to the successful claim.  Lopez v. District of Columbia, Civil No. 03-1665, (D.D.C. August 9, 2005) (p. 8). citing Hensely v. Eckerhart, 461 U.S. 424, 434 (1983) Since the Plaintiffs were not awarded all of the relief they sought, their invoices should be reduced

---

[10] One might think that where this amount appears on the invoice does not make a difference. However, the District of Columbia fee cap would apply to fees ordered by this Court, and since this reviewing a bill is a service, this should be listed in the fees section and should be subject to the fee cap along with the other appropriate fees.  See p. 21 below for fee cap details.

proportionately to the amounts at which they prevailed.  See Exhibit 1 and Complaint

Exhibits 4, 6, 9, 11, 13, 16, 20 and 22.

As to the claims of S.M., M.J., and D.K., their exhibits demonstrate overall that

they only enjoyed approximately 75% success on their claims.  As to the claims of J.P.,

A.P., R.W., S.Y., P.B. and L.F., their exhibits only demonstrate that they enjoyed

approximately 50% success in their claims.  These claims should be reduced accordingly.

Complaint Exhibits 4, 6, 9, 11, 13, 14, 15, 16, 20 and 22.

IV.    **Payment of Any Fee Awards is Subject to Statutory Fee Cap**
       **Limitations**.

There has been a statutorily imposed fee cap on attorneys' fees payments in the

District of Columbia's Appropriations Acts since FY-1998.  The fee cap provision for

FY-2005 during which theses claims were litigated states:

> Sec. 327.
> None of the funds contained in this Act may be made available to
> pay—
> (1) the fees of an attorney who represents a party in an action or an
> attorney who defends an action, including an administrative
> proceeding, brought against the District of Columbia Public
> Schools under the Individuals with Disabilities Education Act (20
> U.S.C. 1400 et seq.) in excess of $ 4,000 for that action; or
> (2) the fees of an attorney or firm whom the Chief Financial
> Officer of the District of Columbia determines to have a pecuniary
> interest, either through an attorney, officer or employee of the firm,
> in any special education diagnostic services, schools, or other
> special education service providers.

**District of Columbia Appropriations Act of 2005,** 108 Pub. L. 335; 118 Stat. 1322

(2004).  Enacted on October 18, 2004 for the fiscal year ending September 30, 2005.

The constitutionality of the fee cap was upheld in Calloway v. District of

Columbia, 216 F.3d 1 (D.C. Cir. 2000).  See also Kaseman v. District of Columbia, 444

F.3d 637 (D.C. Cir. 2006) (administrative hearing and suit for attorneys fees are one

action for purposes of IDEA).

## <u>CONCLUSION</u>

Defendants challenge the reasonableness of the attorneys' fees in Plaintiffs'

invoices where 1) the attorneys were not licensed to practice law in the District of

Columbia, 2) the hourly rates requested exceed the prevailing market rate in the

community, 3) the invoiced entries are vague, remote or erroneous, and 4) Plaintiffs only

enjoyed a limited degree of success at administrative hearing.  Accordingly, Defendants'

motion seeking a reduction or denial of such fees should be granted.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

July 13, 2007