UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA SANTAMARIA, for L.A., a minor, et al., : : : | |
| Plaintiffs, : | |
| v. : | Civil No. 06-0577(RWR) |
| DISTRICT OF COLUMBIA, et al., : : | |
| Defendants. : | |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, by counsel, hereby oppose the Plaintiffs' Motion for Summary Judgment filed on June 8, 2007 ("Motion"). The Defendants' Statement of Material Facts in Genuine Dispute is attached hereto.

Simultaneous herewith, the Defendants are filing their cross-motion for summary judgment herein. For the most part, the content of that motion addresses the issues raised in the Plaintiffs' Motion. To that extent, and to avoid unnecessary duplication, the arguments in the Defendants' cross-motion will not be repeated here, but are incorporated herein by reference. There are, however, certain specific matters raised in the Motion that are addressed below.

1

**ARGUMENT**

1. **The Plaintiffs' statement of material facts cannot support a favorable decision on the record as a matter of law.** [1]

On its face, Plaintiffs' Statement of Material Facts ("Statement") does not meet the requirements of Local Civil Rules 7(h) and 56.1, and summary judgment must be denied for that reason alone. Plaintiffs' Statement only alleges a) a brief procedural history of this case (p.1), b) a statement that as to each remaining claim, Plaintiff was a prevailing party at the administrative level, (p. 1-4) and, c) a statement that as to the remaining claims, the total amount of attorneys fees and costs that Plaintiffs seek under the IDEIA for prevailing in those claims is reasonable (p. 1-4). See Statement. However, Plaintiffs' Statement fails to include and support *any* of the individual requirements for attorneys' fees. See id.

In omitting material facts such as attorney qualifications, attorney billing practices, prevailing market rates in the relevant community, and the applicability of the Laffey Matrix, Plaintiffs' Statement is insufficient as a matter of law to support the Motion. For example, Plaintiffs are seeking reasonable attorneys' fees in this case without even alleging a reasonable hourly rate at all. The D.C. circuit has clearly stated that:

> The record must show the movant's right to [summary judgment] with such clarity as to leave no room for controversy, and must demonstrate that his opponent would not be entitled to [prevail] under any discernible circumstances.

McKinney v Dole, 765 F.2d 1129, 1135 (quoting *Nat'l Ass'n of Gov't Employees v. Campbell*, 593 F.2d 1023, 1027 (D.C.Cir.1978) (quoting *Nyhus v. Travel Management Corp.*, 466 F.2d 440,

---

[1] In the first section of Plaintiffs' Motion, they argue that JM and KB were prevailing parties at the administrative level. Defendants do not dispute that J.M. and K.B. were prevailing parties. However, the correct number of Plaintiffs in this case is unclear from both Plaintiffs' statement of material facts and their Motion (p. 3). Defendants submit there are 12 remaining claims herein: P.B., K.B., L.F., M.J., D.K., S.M., J.M., A.M, R.W., S.Y., J.P., and A.P.

440 (D.C.Cir.1972) (footnote omitted) see also Green v. District of Columbia, 2006 U.S. Dist. LEXIS 25288 (D.D.C. May 2, 2006) *1.  In Plaintiffs' Statement, no such clarity has been attained.

Moreover, the Court ruled that only "facts claimed *and adequately supported* by the moving party may be assumed by the District Court unless controverted by the opposing party." Id.  While Plaintiffs seek "reasonable attorney fees," the reasonableness of such fees is completely unsupported and unsubstantiated.  See Statement, ¶ 5-22.  For example, in paragraph 6, Plaintiffs simply state "Plaintiff Boyd seeks reimbursement of reasonable attorney fees in the amount $6,448.07."  Plaintiffs failed to articulate and support their hourly rates.

"In cases involving attorney fees litigation, the fee applicant must demonstrate the reasonableness of the hourly rates utilized."  See Blum v. Stenson, 465 U.S. at 896 n. 11 (1984); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995), cert. denied, 516 U.S. 1115 (1996); Smith v. District of Columbia, Civ. No. 02-0373 (D.D.C.), Memorandum Opinion issued June 24, 2003, at 8-9.  To do so, he must show at least three elements: (1) the attorney's billing practices; (2) the attorney's skill and/or reputation; and (3) the prevailing market rates in the relevant community.  See Blum, 465 U.S. at 896; See Covington, 57 F.3d 1101 at 1107.  Plaintiffs' statement of material facts does not include any of these three necessary elements which might support Plaintiffs' assertion that requested attorney fees are in fact reasonable.  Citations are made only in reference to attorney time sheets, which simply provide a list of services and the rate billed but no support for the purported reasonableness of amounts sought or collected.  "If the moving party does not meet its burden…the nonmoving party is, without making any showing, entitled to a denial of the

3

motion." McKinney v Dole at 1135. Therefore, Plaintiffs' failure to include these fundamental requirements within their Statement mandates that their motion be denied.

### 2. **Plaintiffs Fail to Demonstrate Their Rates are Consistent With the Market Rates in the Community**

Plaintiffs are seeking reimbursement for attorneys' fees under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. 1400 et seq., ("IDEIA"). In their Motion, Plaintiffs allege that their invoiced amounts are reasonable. However, Plaintiffs' invoices show that the hourly rates sought for services performed by attorneys, paralegals, law clerks and advocates exceed the prevailing market rate in the District of Columbia for the services provided. Without providing any support that Plaintiffs are entitled to the increased rates, this Court should deny their Motion and reduce their rates accordingly.

"The prevailing party shoulders the burden to provide the Court with sufficient evidence to justify its request." Smith v. Roher, 954 F. Supp. 359, 365 (D.D.C. 1997) (citing In re North, 303 U.S. App. D.C. 443, 8 F.3rd 852 (1993)). A fee applicant must provide specific evidence of the prevailing community rate for work on which an attorney sought a fee, and should provide affidavits reciting precise fees that attorneys with similar qualifications received from fee-paying clients in comparable cases, recent fees awarded by courts or settlements to attorneys of comparable reputation and experience on similar work, and specific evidence of an attorney's usual billing practice during the relevant period. National Assoc. of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1322-1326 (D.C. Cir. 1982).

As stated above, to demonstrate that the rate is reasonable, an attorney must show at least three elements: (1) the attorney's billing practices; (2) the attorney's skill and/or reputation; and (3) the prevailing market rates in the relevant community. Plaintiffs only attempt to show that their rates to be reasonable is the submission of their own affidavits and invoices. Motion

4

exhibits A, B, C, D, and E and Complaint Exhibits 4, 5, 6, 7, 9, 11, 13, 14, 15, 16, 20, and 22.[2] In the affidavits, the attorneys set fourth their work history, hourly billing rates for a particular year, and their admittance dates into various state bars. This information merely touches upon element 2—describing the attorneys' work experience—but does not provide any information regarding their skill or reputation, and leaves elements 1 and 2 unaddressed. Motion p. 8-9.

Even if Plaintiffs attempt to argue that their billing "practices" are demonstrated merely because they listed their billing rate for one billing year (exhibits throughout), simply stating a rate is also not sufficient. See National Ass'n of Concerned Veterans v. Dep't of Commerce, 675 F.2d 1319, 1325-26 (D.C. Cir. 1982):

> An applicant is required to provide specific evidence of the prevailing community rate for the type of work for which he seeks an award. . . .reciting the precise fees that attorneys with similar qualifications have received from fee-paying clients in comparable cases provide prevailing community rate information. . . .
>
> . . . Counsel for applicants should submit specific evidence of his or her actual billing practice during the relevant time period. . . [T]he level of skill necessary to conduct the case and the attorney's reputation . . .
>
> . . . A fee applicant should be required to state the rate at which he actually billed his time in other cases during the period he was performing the services for which he seeks compensation from defendant. . . [and] what on average counsel has in fact received. [Footnotes and citations omitted.]

Plaintiffs have not provided any of the evidence required to make a showing in support of the hourly rates they requested for the attorneys, paralegals, law clerks or advocates at all. Motion p 8-9. They have not even stated the community rate for the type of work performed, fees that other attorneys with comparable experience have collected, or evidence of their billing practices. Id. In fact, four out of the five attorneys' affidavits attached to Plaintiffs' motion proves that the attorneys charged their "low income families" higher rates than the attorneys'

---

[2] There are 12 remaining Plaintiffs. However, only 11 invoices were attached to Plaintiffs' Motion as exhibits. The invoice for Plaintiff AM is missing.

5

normal hourly charges.[3]

"Supporting documentation 'must be of sufficient detail and probative value to enable the court to determine *with a high degree of certainty* that such hours were actually and *reasonably expended...*'." In re Olson, 280 U.S. App. D.C. 205, 884 F.2d 1415, 1428 (1989) (quoting United Slate, Tile & Composition v. G&M Roofing, 732 F.2d 495, 502, n. 2 (6th Cir. 1984)) (emphasis in original).  Here, the Plaintiffs have failed to meet their burden that the requested rates are reasonable.[4]

**3. This Court's Decision in *Agapito v. District of Columbia* Currently Governs the Claims of Attorney Domiento Hill.**

Defendants deem it unnecessary to hold in abeyance the decision with respect to the following claim: DK.[5]  In Agapito v. District of Columbia, Civil Action No. 05-1935 Memorandum Opinion (D.D.C. March 7, 2007) (attached), this Court ruled that Domiento Hill was engaged in the unauthorized practice of law because, like in this case, he performed IDEIA administrative litigation services for James E. Brown & Associates when not licensed to practice in the District of Columbia. [6]  See Memorandum Opinion p. 2.  Further, like in Agapito, the invoices by Mr. Hill were presented to DCPS in or around April - July 2005, for services

---

[3] Exhibit A – Roberta Gamble stated in her affidavit that she billed $350.00 from January 2005 to September 2005, but the invoice shows she billed at $365.00 during this time.
Exhibit B – Miguel Hull stated in affidavit that he billed $290.00 from January 2005 to September 2005, but the invoice shows he billed at $350.00 per hour during this time.
Exhibit D – Roxanne D. Neloms stated in her affidavit that she billed $235.00 from, but the invoice shows she billed at $365.00 per hour during this time.
Exhibit E – Domiento Hill stated in affidavit that he billed $235.00 September 2004 to December 2005, but the invoice shows he billed at $350.00 during this time.
[4] Defendants have set forth in great detail, the prevailing market rate in the community for IDEIA cases in their Motion for Summary Judgment and should be incorporated herein by reference.
[5] In their Motion for Summary Judgment Defendants allege that Mr. Hill's attorneys fees should be denied not only as to DK but as to the claims of K.B., LF, J.B. and A.M. for his services in these matters.
[6] One of the issues raised in Agaptio was whether DCPS' refusal to reimburse the Plaintiffs for attorneys' fees for administrative IDEA proceedings was proper when the particular attorneys providing such services were not members of the D.C. Bar during the period when the services at issue were provided. This portion of Defendants' Motion was granted. All that remains in Agapito is whether the attorneys' fees sought for the remaining claims are reasonable.

6

rendered during 2004 and 2005 – when Mr. Hill was not licensed.  See  Complaint exhibits 5, 6, 11, 12 and 15.

Plaintiffs have proffered no reason to hold this issue in abeyance.  Plaintiffs do not challenge the substance of the Agapito ruling here, or even allege that they are challenging Judge Collyer's ruling on appeal or intend to do so.  See Plaintiffs' Motion, p. 9-10.  Mr. Hill was found in violation of D.C. Court of Appeals Rule 49 and was denied attorneys fees for his services during that time period. [7]  This Court should apply its decision in Agapito and also find here that Mr. Hill is not entitled to fees for the relevant time period.

## CONCLUSION

Plaintiffs' motion for summary judgment falls short of many of the basic evidentiary requirements for such a motion by failing to show 1) that the fee amounts requested were reasonable and 2) that the material facts in this case are not in dispute.  Finally, there is no reason to hold the claims of DK in abeyance since a final decision on whether his attorney was unauthorized to practice law during the relevant time period has been rendered in Agapito.

                                                  Respectfully submitted,

                                                  LINDA SINGER
                                                  Attorney General
                                                  for the District of Columbia

                                                  GEORGE C. VALENTINE
                                                  Deputy Attorney General
                                                  Civil Litigation Division

---

[7] D.C. Ct. App. R. 49 states "No person shall engage in the practice of law in the District of Columbia or in any manner hold [himself] out as authorized or competent to practice law in the District of Columbia unless enrolled as an active member of the District of Columbia Bar. . . "  In Agapito the Court ruled that Mr. Hill did not meet the exception set forth in Rule 49(c)(5)(B), which permits an attorney not licensed in the District to practice before a department or agency of the D.C. government only where "Such representation is authorized by statue, or the department or agency has authorized it by rule and undertaken to regulate it." D.C. Ct. App. R. 49(c)(5)(B).  See Memorandum Opinion p. 6-7.  This Court found that "neither DCPS nor its umbrella agency, the D.C. Board of Education, has 'authorized [such practice] by rule' or 'undertaken to regulate it.'" Id. at 7.

          ***/s/ Edward P. Taptich***
          EDWARD P. TAPTICH [#012914]
          Chief, Equity Section II

          ***/s/ Amy Caspari***
          Amy Caspari [#488968]
          Assistant Attorney General
          441 Fourth Street, N.W.
          Sixth Floor South
          Washington, D.C. 20001
          (202) 724-7794

          amy.caspari@dc.gov

July 13, 2007