## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GLORIA SANTAMARIA** ) | |
| **Parent and next friend of L.A, a minor** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Civil Action No.: 06-CV-0577(RWR)** |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiffs, by and through counsel, hereby submits their Reply to the Defendants Opposition to Plaintiffs' Motion for Summary Judgment and Opposition to the Defendants Cross Motion for Summary Judgment for the reasons that are more specifically set forth in the attached Memorandum of Point and Authorities, filed contemporaneously and incorporate herewith and set forth in its entirety.

Respectfully Submitted,


   /s/
Roxanne D. Neloms[# 478157]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
(202)742-2098 (fax)
*Attorney for the Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————
GLORIA SANTAMARIA                              )
Parent and next friend of L.A, a minor         )
                                               )
            Plaintiffs                         )
                                               )    Civil Action No.: 06-CV-0577(RWR)
        v.                                     )
                                               )
DISTRICT OF COLUMBIA, *et al.*,                )
                                               )
            Defendants.                        )
—————————————————————)

**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THE PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT.**

COMES NOW, the Plaintiffs, by and through their attorneys Roxanne D. Neloms of James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Reply to the Defendants' Opposition to the Plaintiff's Motion for Summary Judgment and Opposition to the Defendants' Cross Motion for Summary Judgment, represent unto this Honorable Court as follows:

## I. STANDARD OF REVIEW

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

2

which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50.

Once the movant files a proper summary judgment motion, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 250. For a non-moving party to establish that a genuine issue for trial exists, it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586. For the foregoing reasons set forth in this motion, this Court should grant the Plaintiff's Motion for Summary Judgment and deny the Defendants' Cross Motion for Summary Judgment, as there are no material facts that the Defendant can dispute.

## II. IN ADHERING TO THE LOCAL CIVIL RULES 7(H) AND 56.1 PLAINTIFFS' SUFFICIENTLY SET FORTH ITS STATEMENT OF MATERIAL FACTS THAT INCORPORATED THE APPLICATION OF THE *LAFFEY* MATRIX AND THE REASONABLENESS OF ATTORNEY FEES.

In its opposition and cross motion for summary judgment, the Defendant argues that the Plaintiffs failed to adhere to the Local Civil Rules 7(h) and 56.1 of the Federal Rules of Civil Procedure. More specifically, the Defendants argue that the Plaintiffs failed to allege material facts regarding the attorney qualifications, attorney billing practices, prevailing market rates in the relevant community, and the applicability of the *Laffey* Matrix. "A fact is 'material' and precludes grant of

summary judgment if proof of that fact would have effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. . . ." *See Blacks's Law Dictionary*.  Contrary to the Defendants' argument, the Plaintiffs successfully stated those facts which are material to this matter.  For instance, each material fact stated that each plaintiff achieved "prevailing party" status and included the amount of attorney fees that each plaintiff deemed reasonable all of which contained the application of the *Laffey* Matrix.  ***See Plaintiffs' Statement of Material Facts***; ***see Exhibits 1-16.***  As stated, each material fact as established precludes the Court from granting the Defendants' cross motion for summary judgment.  In the Plaintiffs' Motion for Summary Judgment, the Plaintiffs indicated the Court's use and applicability of the *Laffey* Matrix.  Since the *Laffey* Matrix is intended to be used in cases where 'fee-shifting' exist, the Plaintiffs are to recover 'reasonable attorney's fees because the IDEIA contains a fee-shifting statue.

The Defendants further argue that "in omitting material facts such as attorney qualifications, attorney billing practices, and prevailing market rates in the relevant community. . ."; that the Plaintiffs' Statement of Material Facts are insufficient as well.  This statement is incorrect as this Court has stated that in order "to recover fees based on prevailing market rates, [an] attorney [omit] must show: (1) that customarily reduced rates are charged for noneconomic reasons; (2) information documenting attorney's skill experience and reputation; and (3) evidence of prevailing market rates in relevant community for attorneys of comparable skill, experience and reputation.  See 42 U.S.C.A. § 1988; see also *Covington v. District of Columbia*, 57 F.3d at 1107; see *Watkins v. Vance*, 328 F. Supp. 2d 27 (D.D.C. 2004); and *Abraham v. D.C.*, 338 F. Supp. 2d 113 (D.D.C. 2004).  "The prevailing market rate can be determined by reference to the so-called Laffey matrix".  See *Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C.Cir.1995); *Blackman v. District of Columbia*, 59 F.Supp.2d 37, 43 (D.D.C.1999) (citing *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp.

354, (D.D.C.1983), rev'd on other grounds, 746 F.2d 4 (D.C.Cir.1984). Plaintiffs have complied with these requirement as they have submitted detailed itemizations of the time expended in each of the claims and limited those expenditures of billable time to the time that was necessary for completion of said matters. Pursuant to the limitation placed on the attorneys fees that this Honorable Court may award under the mandatory fee cap imposed upon the District of Columbia by Congress, the attorneys' fees and costs that the Plaintiffs request here are more than reasonable. In addition, this Court should find that the Plaintiffs have set forth material facts that are sufficient to withstand a Rule 56 motion and that the reasonableness of such fees were substantially supported by the attached invoices and affidavits affixed hereto.

### A. PLAINTIFFS SUFFICIENTLY DEMONSTRATED THEIR RATES ARE CONSISTENT WITH THE MARKET RATES IN THE COMMUNITY.

The Defendants argue that the Plaintiffs' failed to provide any support as to why the Plaintiffs are entitled to "the increased rates" that exceed the prevailing market rates in the District of Columbia. The Defendants further request that the Court utilize the DCPS attorney guideline as a means to determine the hourly rate. In addition, the Defendants claim that the Plaintiffs lack the required support to justify its request for reimbursement of reasonableness of the claimed fees.

The Defendants are correct in stating that the prevailing party shoulders the burden of providing the Court with sufficient evidence to support its request for reasonable fees. That burden, however is satisfied with the "submission of [invoices] sufficiently detailed to allow a judicial determination of whether the hours claimed are justified. See *Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1323 (D.C. Cir. 1982)("the burden of proceeding then shifts to the party opposing the fee award, who must submit facts and detailed affidavits to show why the applicant's request should be reduces or denied. . . .[A]n opposing party does not meet his burden

merely by asserting broad challenges to the application, it is not enough for an opposing party to state, for example, that the hours claimed are excessive and the rates submitted to high." In each of the remaining claims, the invoices are substantially detailed to support a justification of the hours claimed for time and work expended.

Notwithstanding, the hourly rates set forth, each affidavit is consistent with the market rates in this community for special education cases, which is $350.00 per hour for clients capable of paying reasonable attorneys fees, Plaintiffs submitted the original invoices for fees indicating such hourly fees. However, once the Court indicated that each of the Plaintiffs achieved "prevailing party" status, Plaintiffs submitted invoices reflecting the application of the *Laffey* Matrix. Table One reflects the *Laffey* Matrix rates as determined by the United States Attorney's Office. See Exhibit Table Two reflects the difference between the original invoices and the *Laffey* Matrix invoices.

*Table One*

| Experience | 05-06 |
|---|---|
| 20+ years | $405 |
| 11-19 years | $360 |
| 8-10 years | $290 |
| 4-7 years | $235 |
| 1-3 years | $195 |
| Paralegal/Law clerks | $120 |

*Table Two*

| CLAIM | ORIGINAL INVOICE | *LAFFEY* MATRIX INVOICE |
|---|---|---|
| P.B. | $7,705.87 | $6,448.07 |
| K.B. | $6,149.57 | $5,014.62 |
| L.F. | $11,509.39 | $9,524.94 |

| S.G. | $11,163.18 | $8,057.58 |
|------|------------|-----------|
| M.J. | $6,387.31 | $6,337.01 |
| D.K. | $5,897.53 | $4,805.03 |
| S.M. | $10,099.23 | $10,284.83 |
| J.M. | $5,657.77 | $4,046.42 |
| J.P. | $9,093.31 | $6,689.81 |
| A.P. | $8,205.22 | $8,078.10 |
| R.W. | $4,698.58 | $4,503.70 |
| S.Y. | $4,813.85 | $5,035.75 |

As noted above, Plaintiffs' submitted invoices that contained sufficient detail to support that the notion that the hours expended on each task was justified. The Defendants, in its papers, argues that the Plaintiffs have failed to provide evidence that the hourly rages requested are of the type that are prevalent in the community in which they work. The Defendants suggest that DCPS' guideline rates should be applied to determine "prevailing market rates" in the District of Columbia. In suggesting that the DCPS' guideline rates be used, the Defendants argue that counsel for the Plaintiffs billed in error as each attorney's level of experience varied. The Plaintiffs find these suggestions without merit. First, the *Laffey* Matrix takes into account one's level of experience and accordingly assigns a reasonable rate. Second, the DCPS guideline rates are not applicable in this matter. The subject matter of this litigation centers on invoices that DCPS denied and as such the Plaintiffs were within their right to seek reasonable attorneys fees pursuant to IDEIA. Seeking fees pursuant to the IDEIA allows the District Court to award reasonable fees ***within its discretion*** (emphasis added). It has been well settled that the Court has awarded fees in IDEIA matters pursuant to the *Laffey* Matrix. As previously noted, the Plaintiffs wholly rely on the application of the *Laffey*

Matrix as a determinant of reasonable attorney fees. The Plaintiffs believe the burden is met as the Plaintiffs submitted invoices calculated to meet the hourly rates identified in the *Laffey* Matrix.

## B. PLAINTIFFS INVOICES ARE SUFFICIENT
## AND ARE NOT VAGUE AND ARE NOT REMOTE IN TIME

The Defendants have alleged that the Plaintiffs entries as to invoices P.B., M.J., D.K., A.M., S.M., R.W., S.Y., are vague and should be reduced by fifty percent and argue that entries lack sufficient detail, failing to reveal what the Plaintiffs claim they reveal. Additionally, the Defendants argue that in the matters of L.F., D.K., A.M. and J.M., some of the entries are too remote in time. Counsel for Plaintiffs contend that any and all time expended on behalf of the Plaintiffs were expended in a reasonable manner with the intent of providing quality representation. As such, counsel for the Plaintiffs submit that any time considered to be vague and too remote considered not to be reasonable will be determined by this Honorable Court. The invoices that were submitted are sufficiently detailed to allow this Honorable Court to make an independent determination as to the reasonableness of the hours claimed. *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319 (D.C. Cir. 1982).

With respects to the entries for A.M done by the educational advocate, the Plaintiffs submit that billing on behalf of advocates are non compensated fees and thus should be recognized as such. As for the entries in the costs section pertaining to bill review, the Plaintiffs agree that the reductions should be incorporated as suggested by the Defendants.

## C. CASES INVOLVING DOMIENTO HILL BE
## HELD IN ABEYANCE UNTIL A
## FINAL DECISION IS ISSUED IN *AGAPITO v. DISTRICT OF COLUMBIA.*

The Defendant notes that the matters regarding Domiento C.R. Hill should not be held in abeyance as Plaintiffs have offered no reason to do so. Counsel for Plaintiffs believe that the

memorandum opinion decision and show cause issued in *Agapito v. District Columbia*, Civil Action No. 05-1935 (RMC)(not final), seriously interfered with the parent's right to counsel. Thus upon the issuance of a final decision, counsel for the Plaintiffs will appeal said decision the District of Columbia Court of Appeals. As noted in the Plaintiffs' previous motion 1) counsel's practice had been sanctioned by the District of Columbia Bar; 2) until to the issuance of the Erika Pierson letter, the Defendant had always reimbursed counsel (Domiento C.R. Hill) for reasonable attorney fees without regard to his status in the District of Columbia; and 3) the Committee on Unauthorized Practice of Law determined that Domiento C.R. Hill had not engaged in the unauthorized practice of law. Nevertheless, the Plaintiffs believe that until such time as a final decision is rendered, re-litigating the issue of whether Mr. Hills' practice was unauthorized, undermines the notion of judicial economy. However, for purposes of responding to the Defendants' motion for summary judgment, Plaintiffs will attach as exhibits, the documents it submitted the Court in *Agapito v. District of Columbia,* Civil Action 05-1935 (RMC); ***see Exhibits A&B; 1- 17.*** Moreover, counsel for the Plaintiffs believe that the issue concerning Mr. Hill's bar status is untimely since the Defendants failed to raise it in its motion to dismiss.

## <u>CONCLUSION</u>

Therefore, upon the above stated argument, Plaintiffs respectfully request that this Court to grant the Plaintiffs Motion for Summary Judgment and award the reimbursement of reasonable attorney fees subject to the mandatory fee cap. *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii). With respects to the issues raised concerning the unauthorized practice of law, counsel for the Plaintiffs will await further direction from this Honorable Court.

Respectfully Submitted,

_____/s/_____

Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
***Attorney for Plaintiffs***