# EXHIBIT 7



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## MEMORANDUM

TO:         OGC Special Education Attorneys
            Hearing Officers of the Student Hearing Office

THROUGH:    Veleter M.B. Mazyck
            General Counsel
            D.C. Public Schools

FROM:       Quinne Harris-Lindsey
            DCPS Attorney Advisor

DATE:       January 27, 2005

RE:         Brief in Support of Motion to Disqualify Counsel based on
            DCPS' Interpretation of Rule 49. Unauthorized practice of law

---

### Question

Whether D.C Court of Appeals, Rule 49 and the rules of professional conduct require an attorney representing a parent in administrative due process hearings under the Individuals with Disabilities Act, to be a member of the District of Columbia Bar as a prerequisite to representation.

### Answer

Yes. An attorney who is not a member of the D.C. bar may not appear as parent's counsel at special education due process hearings held before the hearing officers of the D.C Public School's Student Hearing Office.

### Discussion

The Ct. of App Rule 49(a) states "No person shall engage in the practice of law in the District of Columbia or in any manner hold out as authorized or competent to practice law in the District of Columbia unless enrolled as an active member of the District of Columbia Bar, except as otherwise permitted by these Rules."

The Ct. of App. Rule 49(b)(2) defines the "practice of law" as the "provision of professional legal advice or services where there is a client relationship of trust or reliance. One is presumed to be practicing law when engaging in any of the following conduct on behalf of another: . . . . (C) Appearing or acting as an attorney in any tribunal; (D) Preparing any claims, demands or pleadings of any kind, or any written documents containing legal argument or interpretation of law, for filing in any court, administrative agency or other tribunal; (E) Providing advice or counsel as to how any of the activities described in subparagraph (A) through (D) might be done, or whether they were done, in accordance with applicable law; . . . ." An attorney's representation at due process hearings constitutes



EXHIBIT
7

Page 2
RE: Unauthorized Practice of Law

the practice of law as defined in Rule 49; therefore, attorneys must comply with Rule 49 (or one of its exceptions) to practice before the SHO.

Ct. of App Rule 49(c) contains exceptions that would permit a non-DC barred attorney to provide representation to members of the public. Specifically, the rule states "the following activity in the District of Columbia is excepted from the prohibitions of section (a) of this Rule, provided the person is not otherwise engaged in the practice of law or holding out as authorized or competent to practice law in the District of Columbia: ..." In addition, the rule states under subsection (5) that a District of Columbia Practitioner is "Providing legal services to members of the public solely before a department or agency of the District of Columbia government, where:

(A) Such representation is confined to appearances in proceedings before tribunals of that department or agency and other conduct reasonably ancillary to such proceedings;

(B) Such representation is authorized by statute or the department or agency has authorized it by rule and undertaken to regulate it; emphasis added

(C) If the practitioner has an office in the District of Columbia, the practitioner expressly gives prominent notice in all business documents of the practitioner's bar status and that his or her practice is limited consistent with this section (c); and

(D) If the practitioner does not have an office in the District of Columbia, the practitioner expressly gives written notice to clients and other parties with respect to any proceeding before tribunals of that department or agency and any conduct reasonably ancillary to such proceedings of the practitioner's bar status and that his or her practice is limited consistent with this section (c)."

The comment section of this rule speaks directly to this section.

"Section (c)(5) is new. The former rule did not contain an exception for private practice before District of Columbia fora similar to the exception set forth for practice before departments and agencies of the United States. In recognition, however, that the same considerations may exist for allowing persons not authorized as lawyers to represent members of the public before some District of Columbia fora, as exist before some federal agencies, this provision has been added. Like the federal-agency provision, this exception requires satisfaction of all three enumerated conditions."

Since the District of Columbia does not have a statute or department/agency rule authorizing the practice of non-DC barred attorneys in special education due process hearings, such practice is barred by the general prohibition of Rule 49(a). The rule is clear on its face. The DC Board of Education is the entity that regulates the conduct of hearings and the Board has not taken any action to authorize the practice of non-DC attorneys.

Parent's counsel relies on the IDEA as the prevailing authority for non-DC barred attorneys to represent parents during due process hearings. Section 300.509(a) of the IDEA states that "[a]ny party to a hearing conducted ..., or an appeal ..., has the right to – (1) Be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities; ..." Parent's counsel erroneously argues that this statutory provision gives them the right to represent clients before D.C. Hearing Officers. To the contrary, this federal statute does not supplant a state's right to regulate the practice of law within its jurisdiction, and thus does not authorize an attorney to practice in a jurisdiction in which they are not licensed.

The Delaware Supreme Court in In Re: Aarons, 756 A.2d 867 (2000) addressed the issue of whether a parent's group (Parent Information Denver of New Jersey) engaged in the unauthorized practice of law by representing

Page 3
RE:  Unauthorized Practice of Law

parents in due process hearings in Delaware. The Court found that §1415(h)(1) of the IDEA could not be interpreted as granting parents the right to lay representation. In Re: Aarons, 756 A.2d at 872. Because the Court found that Section 1415(h)(1) was ambiguous to the extent it appeared to confer joint authority on non-lawyers to accompany and advise parents, the Court considered the legislative history of the IDEA. Id at 870. The Court noted that Senator Harrison of New Jersey, the original author of the Senate Bill, stated on November 19, 1975 that *"in administrative due process hearings, a party is entitled to the right to counsel and to be advised and accompanied by individuals with special knowledge, training, or skills with respect to the problems of handicapped children."* (emphasis added) Id at 872 (citing S. Conf. Rep. No. 94-355(1975)). The Court in Aarons found that this language "confirms the clear distinction that Congress envisioned between the representation role of counsel and the advisory role of non-lawyers." Id at 872.

Based on the aforementioned statutes and case law, DCPS/OGC believes that all attorneys representing special education clients must be active members in good standing of the District of Columbia Bar. Therefore, DCPS respectfully requests that parent's counsel, who is not an attorney licensed to practice law in the District of Columbia, be disqualified as counsel in this case.