# EXHIBIT 9

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown<br>Domiento C.R. Hill*◊∆<br>Brenda McAllister*◊∆<br>Roberta Gambale<br>Miguel A. Hull<br>Christopher L. West♦◊ | Attorneys at Law<br>1220 L Street, NW<br>Suite 700<br>Washington, DC 20005<br>Telephone: (202) 742-2000<br>Facsimile: (202) 742-2098 | Juan J. Fernandez!<br>Tilman L. Gerald<br>Roxanne D. Neloms<br>John A. Straus<br>Dolores S. McKnight<br>Marshall Lammers° |
| * Admitted in Maryland Only<br>♦ Admitted in New York Only | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only<br>∆ Member of the DC Federal Bar |

April 13th, 2005

<u>Via Facsimile and Hand Delivery</u>
Kelly Evans, Esq.
Executive Director
State Enforcement and Investigations Division for Special Education
District of Columbia Public Schools
825 North Capitol Street, NE Eighth Floor
Washington, DC 20002

Dear Mr. Evans:

On Monday, April 11, 2005, Marshall Lammers, Esq., an associate attorney in this office, appeared for a due process hearing before impartial due process hearing officer Ms. Tonya Butler-Truesdale, in the matter of Travis Talbert, DOB 10/19/89. Mr. Lammers's appearance was governed by District of Columbia Court of Appeals Rule 49(c)(5) and (8). I have personally supervised Mr. Lammers as the aforementioned rule (c)(8) requires and he is eminently qualified to practice under (c)(5). Mr. Lammers is admitted to practice before the bars of the states of Maryland and New Jersey and has an application pending for admission to the bar of the District of Columbia. After the case was called, Ms. Butler-Truesdale refused to allow Mr. Lammers to proceed with the presentation of his case albeit she was well aware that his appearance and his ability to practice were sanctioned by either or both of the aforementioned rules. She proceeded to impose conditions upon his abilty to practice that were well beyond the ambit of any authority granted to her as a Hearing Officer and in addition to those set forth in Rules 49 (c)(5) and (8).

Moreover, the position of a Hearing Officer does not clothe her with any authority, absolute or imagined, to regulate the practice of law in the District of Columbia. That responsibility has not, to my knowledge, been delegated to Ms. Butler-Truesdale, or her brethren, sitting as Hearing Officers in the Office of Student Hearings. Her failure to follow the rules governing the practice of law in the District of Columbia is a legitimate concern and raises a genuine issue with respect to her qualifications to remain sitting as trier of fact. In this instance the decision to prevent Mr. Lammers from going forward with his case has far reaching ramifications particularly since that decision was predicated upon a strained and erroneous interpretation of the applicable rules. To allow her (and others) to continue this practice is to give credence to a practice that is wrought with problems ethically, raises genuine issues with respect to continued qualifications/suitability of those sitting as hearing officers and gives the appearance that this firm is the object of the wrath of this and other

◊ *"Practice is limited solely to matters before the D.C. Public Schools' Office of Student Hearings under D.C. Court …*

° *"Admitted only in Maryland and New Jersey; Supervision by James E. Brown, a member of the D.C. Bar, D.C…*

**EXHIBIT 9**

hearing officers. In the end the student continues to suffer and be without the special education needs he requires. This case involves the District of Columbia Public Schools' continuing violation of a settlement agreement.

The conduct described above runs counter to established precedent, cannot persist and indeed must stop immediately. If there is any reason to believe that an attorney is engaged in the unauthorized practice of law, the appropriate and proper course of action is a referral to the Committee on the Unauthorized Practice of Law, not a unilateral and ill-conceived decision to prevent the hearing from going forward as scheduled. Furthermore, the parent, according to 34 C.F.R. § 99.22 (d) has the right to be "assisted or represented by one or more individuals of his or her own choice, including an attorney." We trust that you can understand and appreciate our concern with this development and that you will provide assurance that this kind of behavior will cease and desist immediately. We have appended hereto copies of opinions governing the practice of law under Rule 49 (c)(5) and (c)(8) for your quick reference and favorable consideration.

If this issue is not resolved by the close of business tomorrow, I will have no alternative but to seek appropriate relief from the courts. If you have any questions regarding this matter, please feel free to contact myself or Tilman Gerald at 202-742-2000.

Very Truly Yours,

JAMES E. BROWN & ASSOCIATES, PLLC

James E. Brown, Esq.

Cc: Robert Spagnoletti, Attorney General
David Smith, Chief Hearing Officer
Tilman Gerald, Esq.

2

◊ "Practice is limited solely to matters before the D.C. Public Schools' Office of Student Hearings under D.C. Court of Appeals Rule 49(c) (5)."

° "Admitted only in Maryland and New Jersey; Supervision by James E. Brown, a member of the D.C. Bar, D.C. Court of Appeals."