# EXHIBIT 10



### DISTRICT OF COLUMBIA PUBLIC SCHOOLS

*State Education Agency*
*State Enforcement & Investigation Division*
*Special Education Programs*
825 N. Capitol Street, N. W.
8ª Floor
Washington, D.C. 20001
(202)442-5693
(202)442-5556  Fax

April 19, 2005

Mr. James E. Brown, Esq.                                           **VIA REGULAR MAIL**
JAMES E. BROWN & ASSOCIATES, PLLC
1220 L. Street, NW
Suite 700
Washington, D. C. 20005

   RE:   Response to letter dated April 13, 2005

Dear Mr. Brown:

   I am in receipt of your letter dated April 13, 2005 regarding Marshall Lammers, an Associate with your law firm. Thank you for bringing this matter to my attention.

   I have conferred with Sheila Hall, Director of Operations for the Student Hearing Office, regarding the situation and I understand that the immediate issue has now been resolved. I have also received a response to your letter from Tonya M. Butler-Truesdale, the Impartial Hearing Officer assigned to preside over the case in question. I have enclosed a copy for your files.

   Given the current posture of the case as explained to me by Ms. Hall, I will not address the specific factual or substantive merits or claims made. However, with respect to the broader questions raised by your letter, I have been aware for sometime of the basic issue presented – whether attorneys who are not licensed in the District of Columbia may practice law and lawfully represent clients in special education administrative hearings set before impartial hearing officers who adjudicate such hearings on behalf of DC Public Schools. You should be aware that I am putting together a set of policy recommendations for executive administration and the Board of Education to squarely address this question by amendment to Title 5 of the DC Code of Municipal Regulations. The goal will be to clarify the rules and eliminate any ambiguity that may now exist as to whether or not such representation constitutes the unauthorized practice of law in so far as representation in special education due process hearings is concerned. This regulatory amendment will be included in a broader package of policy recommendations that will soon be submitted to executive administration for consideration.

*Mr. James E. Brown*
*General Correspondence re Travis T.  v. DC Public Schools*
*April 19, 2005, Page 1*



EXHIBIT 10

For what its worth, as it has always been my personal belief that parents of students with special needs should have the maximum opportunities to be assisted by competent representatives of their choice. However, I have studied the matter carefully and I believe reasonable people can disagree as to whether, and to what extent, the various exceptions specified in the applicable rules adopted by the DC Court of Appeals apply to administrative tribunals in the absence of expressed regulations adopted by the administrative agency to govern such practice. Nevertheless, because I believe that the Board should adopt a policy that affords parents of students with special needs the fullest opportunity for legal representation, I will therefore recommend to the Board that attorneys, such as Mr. Lammers, who are duly licensed to practice law in other jurisdictions, be fully permitted to represent parents in special education administrative proceedings filed with the Student Hearing Office, provided the attorney has met all requirements and regulations promulgated by the DC Court of Appeals governing such representation. Of course, regardless of my personal views, the ultimate policy decisions will rest with the Superintendent and the DC Board of Education.

Given the current status of the situation I will assume that the specific situation has now been resolved. I will therefore take no further action at this time. Of course I will note the issue as further evidence to support the need for regulatory guidance to eliminate any ambiguity and uncertainty that may now exist regarding the question who is authorized to represent parents and students in special education proceedings.

Thank you again for contacting my office regarding this situation. If I can be of any further assistance on this or any other matter please feel free to call upon me. Best regards.

Sincerely,

Kelly Evans,
Executive Director
SEID

Attachment

Cc   Ms. Tonya M. Butler-Truesdale,
     Impartial Hearing Officer

     Ms. Sheila Hall,
     Director of SHO

     Mr. David Smith,
     Designated Chief Hearing Officer