# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEBORAH CLARK,[1]<br>Parent and next friend of<br>A.C., a minor, *et al.*,<br><br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 06-0439 (HHK)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF QUINNE LINDSEY-HARRIS

I, Quinne Lindsey-Harris, do hereby declare and state as follows:

    1.    My name is Quinne Lindsey-Harris. I am the Acting Supervisory Attorney Advisor in the Office of the General Counsel ("OGC") for the District of Columbia Public Schools ("DCPS"). I have held this position since July 5, 2005. Prior to that, I was a Senior Attorney Advisor and Attorney Advisor for three years.

    2.    My job responsibilities include, but are not limited to, oversight and assignment of cases to the attorney advisors at OGC. Specifically, I provide general supervision for all of the Attorney Advisors (12-15) in the Office of the General Counsel which includes, but is not limited to, all matters related to personnel (time and attendance), case management, legal training and special education representation for DCPS. I also train and evaluate the performance of assigned staff; provide for continuing departmental staff training in special education procedures, process and law update; and participate in the Attorney Advisor hiring process.

    3.    As part of my duties as Acting Supervisory Attorney Advisor, I assign and supervise Attorney Advisors representing DCPS in administrative hearings held pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA").

---

[1] Minors lack the legal capacity to bring and maintain the present case; thus, the proper plaintiff is A.C.'s parent, Deborah Clark, not A.C.

4.     DCPS OGC handles hundreds of such proceedings every year.  Prior to supervising these cases, I personally litigated hundreds of them on behalf of DCPS as an Attorney Advisor and Senior Attorney Advisor.  As such, I am highly familiar with IDEIA administrative proceedings in the District of Columbia.

5.     IDEIA administrative due process hearings are not complicated.

6.     In the normal course, legal representation in an IDEIA due process hearing entails (1) the filing of a due process complaint notice (See Attachment A); (2) possible participation in a resolution session; (3) the submission of a notice to the opposing party five days in advance of the hearing which transmits a copy of all documents intended to be introduced as evidence and identifies any witnesses intended to be called for testimony, and (4) a hearing where documents are introduced and testimony is given, at the conclusion of which the matter is taken under advisement by the administrative Hearing Officer.

7.     Hearings are usually only a couple of hours long.

8.     Periodically, motions may be filed, but this is not a usual occurrence.

9.     In the usual course, there is no pre-hearing discovery process, no difficult expert qualifying process, no briefings of intricate statutory or constitutional issues, no pre or post trial briefings, and no lengthy hearings.

10.    As Acting Supervisory Attorney, I am also responsible for the final legal review of attorney fee invoices submitted to DCPS for attorney work on administrative due process hearings pursuant to the IDEIA.  I assumed this responsibility when I became the Acting Supervisory Attorney Advisor.

11.    DCPS has distributed "DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters" to members of the Special Education Bar.  See Attachment B.

12.    DCPS, through me, receives about 135 such fee invoices per month.  From 9/05 to the present (9/12/06), DCPS has received 1,600 invoices. For Fiscal Year 2006, DCPS has paid 1.6 million dollars in individual invoices, and 3.5 million dollars in settlements regarding fee requests.

13.    Because of the broad range of rates billed by attorneys who handle IDEIA cases, I have been reviewing attorney fee rates to ensure that the attorneys with similar experiences are charging similar rates.

2

Case 1:06-cv-00577-RWR    Document 26-2    Filed 08/24/2007    Page 4 of 23
13-Sep-2006 01:37 PM DCPS Office of General Counsel 2024425098                          4/4
Case 1:06-cv-00439-HHK    Document 21    Filed 09/21/2006    Page 4 of 23

14.    Over the past year, while reviewing invoices,[2] I have noted the following
       patterns:

    a.    Attorneys possessing 10 to 20 years of experience, invoice their rate
          within the range of $200.00 to $295.00. For example, Ellen Dalton and
          William Houston bill at $295.00 per hour, Margaret Kohn bills at $270.00
          per hour, and Brian Gruber bills at $220.00 per hour.

    b.    Attorneys possessing 20 years or more in experience invoice their rate
          within the range of $300.00 to $350.00 per hour. For example, Michael
          Eig and Matthew Bogin bill at $350.00 per hour, and James E. Brown also
          bills at $350.00 per hour.

15.    Therefore, DCPS has determined that any billing rate of over $350.00 per
       hour irrespective of the length of experience is excessive and unreasonable,
       and not consistent with the prevailing market rate in the D.C. community,
       given that the administrative hearings are not complicated.

16.    In addition to considering the prevailing market rate, I have also determined
       that in some cases that some attorneys bill at these rates without taking into
       account whether or not the administrative hearing dealt with a complex issue.

17.    In such cases, I reduced the billing rate and sent the attorney a letter
       explaining why DCPS reduced their billing rate. See Attachment C, for
       example letters.

18.    I make this declaration upon personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct. __Executed on
September 13, 2006.__

_(signature)_

Quinne Lindsey-Harris
Acting Supervisory Attorney Advisor

---

[2] I have only considered the invoices submitted to me. I have not yet had the opportunity to review the
retainer agreements that these attorneys have with their clients, nor have I verified how much they charge
their clients, especially in situations where they do not prevail.

3

# Attachment A

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# Due Process Complaint Notice

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Student Name: _____  Birth Date: _____

Address: _____

Home School: _____

Present School of Attendance: _____

       Is this a charter school? _____  (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: _____

Address (if different from the student's above): _____

Phone/Contact Number: _____  Fax Number (if applicable): _____

1

SEID DPCN Rev'd. 7/12/05

**B.**   **Individual Making the Complaint/Request for Due Process Hearing:**

Name: _____

Complete Address: _____

_____

Phone:  (h) _____  (w) _____  (Fax) _____  (e-mail) _____

Relationship to the Student:

☐      Parent                    ☐      Legal Guardian              ☐      Parent Surrogate

☐      Self/Student              ☐      Local Education Agency (LEA)  ☐      Parent Advocate

**C.**   **Legal Representative/Attorney (if applicable):**

Name: _____

Address: _____

_____

Phone: (w) _____  (Fax) _____  (e-mail) _____

Will attorney / legal representative attend the resolution session?   ☐ Yes     ☐ No

**D.**   **Complaint Made Against (check all that apply):**

☐ DCPS    school    (name    of    the    school    if    different    from    page
one)_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

**E.**   **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

☐ I wish to waive the Resolution Session Meeting

**F.**   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

☐          I am requesting mediation as an alternative to the resolution session meeting.

☐          I am requesting mediation and a due process hearing.

2

SEID DPCN  Rev'd. 7/12/05

☐     I am requesting mediation **only** at this time.

**G.**     **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions.  Provide complete details about all the facts supporting your claims.  (You may attach additional pages if needed):

1.     What is the nature of the problem, including the facts relating to the problem, that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

2.     To the extent known to you at this time, how can this problem be resolved?

3.     Issues presented:

**H.**     **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

3

SEID DPCN  Rev'd. 7/12/05

**I.**     <u>**Waiver of Procedural Safeguards**</u>:

☐   I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

**J.**     <u>**Parent Signature and Affirmation**</u>:

I affirm that the information provided on this form is true and correct.

_____
Signature of Parent or Guardian         Date

**K.**     <u>**Signature of Attorney/ Legal Representative**</u>:

_____
Legal Representative / Advocate         Date

**L.**     <u>**Signature of LEA Representative (if hearing requested by LEA)**</u>:

_____
Representative of LEA         Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs  (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

4

SEID DPCN  Rev'd. 7/12/05

# Attachment B



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

**Office of the Superintendent**
**Office of the General Counsel**
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000, fax: 202-442-5097
www.k12.dc.us

February 1, 2005

TO:         MEMBERS OF THE SPECIAL EDUCATION BAR

FROM:     Veleter M. B. Mazyck
             General Counsel

RE:         DCPS GUIDELINES FOR THE PAYMENT OF ATTORNEY FEES IN IDEA MATTERS

The following are the DCPS guidelines for the payment of attorney and expert fees in IDEA matters. When finalized, these guidelines will supersede those issued on November 26, 2002 and April 15, 2003. These guidelines will apply to any invoices received on or after February 1, 2005.

1.    **Submission of Attorney Fee Invoices – What to Submit**

    a)    **Itemized Invoiced for each HOD or SA.** A separate itemized invoice must be submitted for each HOD or SA. Please do not submit multiple HODs with a single combined invoice or it will be returned to you for resubmission.

        *For example, if you have an HOD dated 1/4/04 and another HOD for the same student dated 2/15/04 – you cannot submit one invoice that covers both HODs.*

        Please assign your invoice an **invoice number** for easier tracking.

    b)    **Certification.** All requests for payment submitted to DCPS must include a fully completed, executed copy of the attached certification form in order to be processed. The certification must be signed by attorney submitting the invoice.

    c)    **Copy of HOD or fully executed settlement agreement that establishes the parent as a prevailing party.**

2.    **Guidelines for Invoices**
Please comply with the following guidelines in preparing your invoices. Failure to comply with these guidelines will result in delays in processing your invoices and may result in the invoices either being returned to you for further information or denied:

    a)    Individual attorney, paralegal, and administrative staff's hourly rates must be included.

    b)    Each entry must include a specific description of the services performed, the time increment, hourly rate and total amount billed for that entry. While exhaustive detail or privileged information is not required, billing entries should provide a reasonable level of information instead of simple repetition, for example:

        Prepare and file hearing          .50          $250/hr          $125.00

Request

| Legal Research on issue of Stay Put | 1 | $250/hr | $250.00 |
|---|---|---|---|

c)  The following are *examples* of descriptions that lack specificity to evaluate the reasonableness of services, the relationship to the administrative adjudication, and the hours expended on a given matter, and therefore may be denied:

"Review of Correspondence"
"Research"
"Conference with Client"
"Hearing Preparation"
"Bi-weekly case review"
"Preparation of brief"
"Review of File"

d)  Your invoice must provide a total number of hours and amount owed for each person for whom you are billing *(this can be done at the end of the invoice, or a separate cover letter)*.  For example:

| Attorney XYZ | 5.25hrs | $250/hr | $1,315.50 |
|---|---|---|---|
| Attorney ABC | 2.0hrs | $200/hr | $   400.00 |
| Paralegal DEF | 2.0hrs | $100/hr | $   200.00 |
| Advocate GHI | 4.0hrs | $100/hr | $   400.00 |
| **Total Attorney Fees** | | | **$2,315.50** |

e)  **Out-of-pocket expenses and costs.**
When billing for expenses such as photocopies, provide a statement of the basis for the rate billed (e.g. per-page cost for photocopies).

3.  **Where to Submit Invoices**

a)  For the most expeditious processing, invoices can be submitted electronically, via email to:

**OGCATTORNEYFEE@k12.dc.us**

You may electronically submit invoices and supporting documents in the following formats:  MS Word, MS Excel, ACCESS, PDF, WordPerfect.

**If you do not have the ability to scan your signed certification and/or HOD, you may still submit your invoice electronically, but you must also fax or deliver a signed copy of the certification and the HOD/Settlement Agreement for these invoices.**

b)  Invoices and the accompanying documents can also be mailed or delivered to:

**District of Columbia Public Schools**
**Office of the General Counsel**
**ATTN: Attorney Fee Processing**
**825 North Capitol St., N.E. 9th Floor**
**Washington, D.C. 20002**

4.    **Hourly Rate.** DCPS will pay an attorney's reasonable hourly rate, taking into account the experience of the attorney and the character of the services performed.  Please complete and return the attached, **Attorney Information Sheet** to assure you are credited with the correct hourly rate. Each attorney invoice must include the hourly rate for the attorney and for any other staff member for whom you are billing.

5.    **Reasonable Costs.**  DCPS will pay reasonable attorney "costs" as enumerated in 28 U.S.C. § 1920:

    a)    Fees of the clerk;
    b)    Fees of the Court Reporter
    c)    Fees and disbursements for printing and witnesses;
    d)    Fees for exemplification and copies of papers necessarily obtained for use in the case;
    e)    Docket fees
    f)    Compensation of court appointed experts, interpreters, and a special interpretation services.

    **Out-of-Pocket Expenses.**  DCPS will also reimburse an attorney's out-of pocket expenses that are incidental and necessary expenses incurred in furnishing effective and competent representation and those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.  These expenses must be *reasonable and well-documented*:

    a)    Photo-copying
    b)    Messenger/Express Mail
    c)    Transportation and parking for hearings
    d)    Postage
    e)    Long Distance Telephone calls

6.    **Reasonable Attorney Fees.**  The IDEA provides that DCPS pay reasonable attorney fees and costs. Invoices must be sufficiently detailed to permit an independent determination whether or not the hours claimed are justified. DCPS will pay reasonable time increments for services related to the practice of law, such as:

    a)    Preparing or expressing legal opinions;
    b)    Appearing or acting as an attorney before a hearing officer;
    c)    Preparation of claims, demands, or other written documents containing legal argument;
    d)    Proving legal advice and counsel to a client.

    **Non-Professional Services.**  DCPS will not pay for services of a nonprofessional, non-legal nature at the applicable attorney hourly rate.  Such services may be billed at a lower paralegal or legal assistant rate. *Examples* of nonprofessional services include, but are not limited to:

    a)    Opening Files;
    b)    Transmission of Documents;
    c)    Assembly/preparation of bill;
    d)    File Maintenance.

7.    **Payment of Expert/Advocate Fees**

    •    Consistent with recent judicial decisions and the provisions of 28 U.S.C. §1920 (see Section 5(c) above), DCPS will pay reasonable costs incurred for expert/advocate services in connection with a due process hearing request, where the parent is determined to be a prevailing party.

- The payment of reasonable expert/advocate costs will not be subject to the attorney fee cap when such expert/advocates serve as a witness by providing testimony in a due process hearing, or, in the case of a settlement, were hired for the purposes of providing testimony.

- You must submit a separate itemized invoice from the expert as an attachment to your bill in order to be reimbursed.

- Advocates who do not provide testimony at a due process hearing and are not hired for the purposes of providing testimony are reimbursable as out-of-pocket expenses of the attorney, subject to the fee cap.

8.     **Timeline for Submission of Invoices.**

Pursuant to 5 DCMR §3024.1:
*All requests for attorney's fees by parents who have prevailed against DCPS in actions brought under the IDEA shall be submitted within forty-five (45) days of the issuance of the hearing decision in which the child, parent, or guardian prevailed or execution of a settlement agreement requiring the payment of such fees. Failure to do so may result in delayed processing.*

DCPS will make reasonable efforts to process your invoice within **60 days** of receipt. If you do not receive an acknowledgment that your invoice has been processed within **90 days** of submission, you may consider your invoice as denied.

9.     **Obtaining a Status on Pending Invoices**

- Please allow 60 days from submission of your invoices to receive payment or confirmation of processing.

- In order to find out the status of a pending invoice, please send and email to **OGCATTORNEYFEE@k12.dc.us**. Email is the preferred method of communication; you will receive a response within 48 hours. Please avoid calling the Office for a status; time spent on the phone detracts from time needed to process invoices.

- If you want to confirm that your invoice was received and you are unable to utilize email, please call the main number at (202) 442-5000 – the person answering the phone is able to access our attorney fee log and confirm receipt.

10.     **Payment of Invoices**

- Once your invoices are approved for payment by OGC, you will receive by, either fax or email, a copy of the fee processing sheet and the dispute sheet, if applicable. This sheet will indicate the date your invoice was forwarded to Finance for payment.

- Once your approved invoice is sent to Budget and Finance for payment, please allow 2-3 weeks to receive the payment.

- If you do not receive a check at the end of three weeks, please call the Office of Budget and Finance for a status at 442-5330. The Office of General Counsel does not have access to the payment information.

- To avoid delays in payment, please make sure that an updated Form W9 has been filed with DCPS.

11.    **Dispute of Denial of Payment**

- If you disagree with DCPS' denial of a charge on a specific invoice, you may request that DCPS reconsider its denial and provide additional supporting information within 30 days of receipt of the denial. For example, if a time entry charge was denied because an insufficient description was provided (see Section 2(c) above), you may submit an expanded description of the service provided and request payment. DCPS will provide a final agency response to your dispute within 20 days.

# Attachment C



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000        Fax: 202-442-5098
www.k12.dc.us

August 8, 2006

Ronald Drake, Esquire
5 P Street, S.W.
Washington, D.C.  20024

**VIA FACSIMILE 202-554-3313**

Subject:        **Hourly Rate for Legal Services**

Dear Mr. Drake:

OGC is in the process of reviewing the hourly rates attorneys propose to be paid for administrative matters under the IDEA.  Pursuant to ¶3 of the DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters, dated February 1, 2005, "DCPS will pay an attorney's hourly rate, taking into account the experience of the attorney and the character of the services performed."  The rate paid takes into account the attorney's experience, skill and/or reputation, prevailing market rates in the community for similar services by lawyers, and the complexity of the issues raised in the case.  Your hourly rate of $405.00 per hour is deemed excessive when balanced against the above referenced standard.  A review of the median rates presented to DCPS for payment of fees for these types of cases is approximately $220.00.  In your case, DCPS will pay an hourly rate of $300.00 per hour for the services provided by you.

I understand that you base your billing rate on the Laffey Matrix which is commonly used as evidence of "prevailing market rates" for litigation counsel in the Washington, D.C. area.  However, the determination of "prevailing market rates" for attorney services is not a precise, mechanical task because hourly rates for legal services vary widely, even for similarly experienced counsel.  The term "prevailing market rate" is not a reference to a single rate; rather, it is a term of convenience that is used as a reference to a reasonable hourly rate for an attorney's services in a particular case.  Please note that this action is not taken arbitrarily but upon careful consideration and review of rates previously paid in the area to those attorneys with experience equal to you, who provide identical services to their clients.

I am available to discuss this matter in greater detail, if necessary.  However, please provide any queries in writing to ensure clarity.  We will process your invoices for payment at the rate of $300.00/hour unless you respond in writing on or before Friday, August 11, 2006.  Thank you in advance for your anticipated cooperation.

Sincerely,

Quinne Harris-Lindsey
Acting Supervisory Attorney Advisor

cc:    Abbey Hairston, General Counsel
       file



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000        Fax: 202-442-5098
www.k12.dc.us

August 8, 2006

Olekanma A. Ekekwe, Esquire
Law Office of Olekanma A. Ekekwe
717 D Street, N.W., Suite 314
Washington, D.C. 20004

<u>**VIA FACSIMILE 202-783-1751**</u>

Subject:        **Hourly Rate for Legal Services**

Dear Ms. Ekekwe:

    This office is in receipt of your invoices delivered to this office on March 30, 2006. OGC is in the process of reviewing the hourly rates attorneys propose to be paid for administrative matters under the IDEA. Pursuant to ¶3 of the DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters, dated February 1, 2005, "DCPS will pay an attorney's hourly rate, taking into account the experience of the attorney and the character of the services performed." The rate paid takes into account the attorney's experience, skill and/or reputation, prevailing market rates in the community for similar services by lawyers, and the <u>complexity of the issues raised in the case</u>. Your hourly rate of $250.00 per hour is deemed excessive when balanced against the above referenced standard. A review of the median rates presented to DCPS for payment of fees for these types of cases is approximately $220.00. In your case, DCPS will pay an hourly rate of $200.00 per hour for the services provided by you.

    I understand that you base your billing rate on the Laffey Matrix which is commonly used as evidence of "prevailing market rates" for litigation counsel in the Washington, D.C. area. However, the determination of "prevailing market rates" for attorney services is not a precise, mechanical task because hourly rates for legal services vary widely, even for similarly experienced counsel. The term "prevailing market rate" is not a reference to a single rate; rather, it is a term of convenience that is used as a reference to a reasonable hourly rate for an attorney's services in a particular case. Please note that this action is not taken arbitrarily but upon careful consideration and review of rates previously paid in the area to those attorneys with experience equal to you, who provide identical services to their clients.

    I am available to discuss this matter in greater detail, if necessary. However, please provide any queries in writing to ensure clarity. We will process your invoices for payment at the rate of $200.00/hour unless you respond in writing on or before Friday, August 11, 2006. Thank you in advance for your anticipated cooperation.

Sincerely,

Quinne Harris-Lindsey
Acting Supervisory Attorney Advisor

cc:      Abbey Hairston, General Counsel
         file



**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

August 3, 2006

Carolyn Houck, Esquire
Tyrka & Houck, LLP
1726 Connecticut Avenue, NW, #400
Washington, DC 20009

**By Hand**

**Subject:**    **Hourly Rate for Legal Services**

Dear Ms. Houck:

OGC is in the process of reviewing the hourly rates attorneys propose to be paid for administrative matters under the IDEA. Pursuant to ¶3 of the DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters, dated February 1, 2005, "DCPS will pay an attorney's hourly rate, taking into account the experience of the attorney and the character of the services performed." The rate paid takes into account the attorney's experience, skill and/or reputation, prevailing market rates in the community for similar services by lawyers, and the <u>complexity of the issues raised in the case</u>. Your hourly rate of $340.00 per hour is deemed excessive when balanced against the above referenced standard. A review of the median rates presented to DCPS for payment of fees for these types of cases is approximately $220.00. In your case, DCPS will pay an hourly rate of $250.00 per hour for the services provided by you.

I understand that you base your billing rate on the Laffey Matrix which is commonly used as evidence of "prevailing market rates" for litigation counsel in the Washington, D.C. area. However, the determination of "prevailing market rates" for attorney services is not a precise, mechanical task because hourly rates for legal services vary widely, even for similarly experienced counsel. The term "prevailing market rate" is not a reference to a single rate; rather, it is a term of convenience that is used as a reference to a reasonable hourly rate for an attorney's services in a particular case. Please note that this action is not taken arbitrarily but upon careful consideration and review of rates previously paid in the area to those attorneys with experience equal to you, who provide identical services to their clients.

I am available to discuss this matter in greater detail, if necessary. However, please provide any queries in writing to ensure clarity. We will process your invoices for payment at the rate of $250.00/hour unless your respond in writing on or before Tuesday, August 8, 2006. Thank you in advance for your anticipated cooperation.

Sincerely,

Quinne Harris-Lindsey
Acting Supervisory Attorney Advisor

cc:    Abbey Hairston, General Counsel
       file



**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000        Fax: 202-442-5098
www.k12.dc.us

July 7, 2006

Douglas Tyrka, Esquire
Tyrka & Houck, LLP
1726 Connecticut Avenue, NW, #400
Washington, DC  20009

<u>**VIA FACSIMILE (202) 265-4264**</u>
<u>**& First Class Mail**</u>
Subject:        **Hourly Rate for Legal Services**

Dear Mr. Tyrka:

This will confirm that your attorney fee invoices, which were hand delivered to this office on June 2, 2006. While the revised invoices now conform to the billing requirements, the hourly rate you propose for your services is excessive. Pursuant to ¶3 of the DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters, dated February 1, 2005, DCPS will pay an attorney's hourly rate, taking into account the experience of the attorney and the character of the services performed. The rate paid takes into account the attorney's experience, skill and/or reputation, prevailing market rates in the community for similar services by lawyers, and the complexity of the issues raised in the case. Your hourly rate of $340.00 per hour exceeds the amount that DCPS will pay for administrative cases, i.e., IDEA cases. A review of the median of rates presented to DCPS for payment of fees for these types of cases is approximately $220.00. In your case, DCPS will pay an hourly rate of $250.00 per hour for the services provided by you.

I understand that you base your billing rate on the Laffey Matrix which is commonly used as evidence of "prevailing market rates" for litigation counsel in the Washington, D.C. area. However, the determination of "prevailing market rates" for attorney services is not a precise, mechanical task because hourly rates for legal services vary widely, even for similarly experienced counsel. The term "prevailing market rate" is not a reference to a single rate; rather, it is a term of convenience that is used as a reference to a reasonable hourly rate for an attorney's services in a particular case. Please note that this action is not taken arbitrarily but upon careful consideration and review of rates previously paid in the area to those attorneys with experience equal to you, who provide identical services to their clients.

I am available to discuss this matter in greater detail, if necessary. However, please provide any queries in writing to ensure clarity. I intend to process your invoices for payment at the rate of $250.00/hour unless I hear from you on or before Monday, July 10, 2006. Thank you in advance for your anticipated cooperation.

Sincerely,

Quinne Harris-Lindsey
Acting Supervisory Attorney Advisor

cc:        Abbey Hairston, General Counsel
        file



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000        Fax: 202-442-5098
www.k12.dc.us

July 6, 2006

Anna Forbes Towns, Esquire
313 Hammonton Place
Silver Spring, Maryland  20904

**VIA FACSIMILE 202-318-4755**
**& First Class Mail**

Subject:        **Hourly Rate for Legal Services**

Dear Ms. Towns:

  This will confirm that your attorney fee invoices, which were hand delivered to this office on May 18, 31 and June 15, 2006, respectively, have been received and reviewed. *See attached List of Outstanding* Invoices  Based on our review of your invoices, it was noted that you bill at an hourly rate of $497 for services rendered in IDEA cases.  Please note that this amount is considered excessive and far exceeds a rate that DCPS will pay.  Pursuant to ¶4 of the DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters, dated February 1, 2005, DCPS will pay an attorney's hourly rate, taking into account the experience of the attorney and the character of the services performed.  The rate paid takes into account the attorney's experience, skill and/or reputation, prevailing market rates in the community for similar services by lawyers, and the complexity of the issues raised in the case.  A review of the median of rates presented to DCPS for payment of attorney fees for these types of cases is approximately $220.00.  In your case, DCPS will pay an hourly rate of $220.00 per hour for the services provided by you.

  I understand that you base your billing rate on the Laffey Matrix which is commonly used as evidence of "prevailing market rates" for litigation counsel in the Washington, D.C. area.  However, the determination of "prevailing market rates" for attorney services is not a precise, mechanical task because hourly rates for legal services vary widely, even for similarly experienced counsel.  The term "prevailing market rate" is not a reference to a single rate; rather, it is a term of convenience that is used as a reference to a reasonable hourly rate for an attorney's services in a particular case.  Please note that this action is not taken arbitrarily but upon careful consideration and review of rates previously paid in the area to those attorneys with experience equal to you, who provide identical services to their clients.

DCPS Office of the General Counsel
Page 2 of 2


      I am available to discuss this matter in greater detail, if necessary.  However, please provide any queries in writing to ensure clarity.  I intend to process your invoices for payment at the rate of $220.00/hour unless I hear from you on or before Monday, July 10, 2006.  Thank you in advance for your anticipated cooperation.


                    Sincerely,


                    Quinne Harris-Lindsey
                    Acting Supervisory Attorney Advisor


Attachment

cc:    Abbey Hairston, General Counsel
       file



**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000        Fax: 202-442-5098
www.k12.dc.us

June 21, 2006

Roy Carleton Howell, Esquire
8003 Parkside Lane, N.W.
Washington, D.C. 20012

**VIA FACSIMILE 202-545-0525 & First Class Mail**

**Subject:        Hourly Rate for Legal Services**

Dear Mr. Howell:

      This will confirm that I have reviewed your revised invoices, which were hand delivered to this office on June 16, 2006. While the revised invoices now conform to the billing requirements, the hourly rate you propose for your services is excessive. Pursuant to ¶3 of the DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters, dated February 1, 2005, DCPS will pay an attorney's hourly rate, taking into account the experience of the attorney and the character of the services performed. The rate paid takes into account the attorney's experience, skill and/or reputation, prevailing market rates in the community for similar services by lawyers, and the complexity of the issues raised in the case. Your hourly rate of $400.00 per hour exceeds the amount that DCPS will pay for administrative cases, i.e., IDEA cases. A review of the median of rates presented to DCPS for payment of fees for these type of cases is approximately $220.00. In your case, DCPS will pay an hourly rate of $270.00 per hour for the services provided by you.

      I understand that you base your billing rate on the Laffey Matrix which is commonly used as evidence of "prevailing market rates" for litigation counsel in the Washington, D.C. area. However, the determination of "prevailing market rates" for attorney services is not a precise, mechanical task because hourly rates for legal services vary widely, even for similarly experienced counsel. The term "prevailing market rate" is not a reference to a single rate; rather, it is a term of convenience that is used as a reference to a reasonable hourly rate for an attorney's services in a particular case. Please note that this action is not taken arbitrarily but upon careful consideration and review of rates previously paid in the area to those attorneys with experience equal to you, who provide identical services to their clients.

      I am available to discuss this matter in greater detail, if necessary. However, please provide any queries in writing to ensure clarity. I intend to process your invoices for payment at the rate of $270.00/hour unless I hear from you on or before Monday, June 26, 2006. Thank you in advance for your anticipated cooperation.

                              Sincerely,


                              Quinne Harris-Lindsey
                              Acting Supervisory Attorney Advisor

cc:      Abbey Hairston, General Counsel
         file